## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| HELEN HUDSON, Individually and on Behalf of All Others Similarly Situated,<br><br>        Plaintiff,<br><br>        v.<br><br>GOHEALTH, INC., CLINTON P. JONES, BRANDON M. CRUZ, TRAVIS J. MATTHIESEN, NVX HOLDINGS, INC., CENTERBRIDGE PARTNERS, L.P., CCP III AIV VII HOLDINGS, L.P., CB BLIZZARD CO-INVEST HOLDINGS, L.P., BLIZZARD AGGREGATOR, LLC, CENTERBRIDGE ASSOCIATES III, L.P., CCP III CAYMAN GP LTD., GOLDMAN SACHS & CO. LLC, BOFA SECURITIES, INC. and MORGAN STANLEY & CO. LLC,<br><br>        Defendants. | Case No: 1:20-cv-05593<br><br>Judge: Hon. Sharon Johnson Coleman<br>Magistrate: Hon. Gabriel Fuentes |
| PIETRO PIUMETTI, Individually and on Behalf of All Others Similarly Situated,<br><br>        Plaintiff,<br><br>        v.<br><br>GOHEALTH, INC., CLINTON P. JONES, BRANDON M. CRUZ, TRAVIS J. MATTHIESEN, NVX HOLDINGS, INC., CENTERBRIDGE PARTNERS, L.P., CCP III AIV VII HOLDINGS, L.P., CB BLIZZARD CO-INVEST HOLDINGS, L.P., BLIZZARD AGGREGATOR, LLC, CENTERBRIDGE ASSOCIATES III, L.P., and CCP III CAYMAN GP LTD.,<br><br>        Defendants. | Case No: 1:20-cv-05701<br><br>Judge: Hon. Mary M. Rowland<br>Magistrate: Hon. Jeffrey T. Gilbert |

1

| | |
|---|---|
| CHRISTOPHER STRIANESE, Individually and on Behalf of All Others Similarly Situated,<br><br>     Plaintiff,<br><br>     v.<br><br>GOHEALTH, INC., CLINTON P. JONES, BRANDON M. CRUZ, TRAVIS J. MATTHIESEN, NVX HOLDINGS, INC., CENTERBRIDGE PARTNERS, L.P., CCP III AIV VII HOLDINGS, L.P., CB BLIZZARD CO-INVEST HOLDINGS, L.P., BLIZZARD AGGREGATOR, LLC, CENTERBRIDGE ASSOCIATES III, L.P., CCP III CAYMAN GP LTD., GOLDMAN SACHS & CO. LLC, BOFA SECURITIES, INC. and MORGAN STANLEY & CO. LLC,<br><br>     Defendants. | Case No: 1:20-cv-05765<br><br>Judge: Hon. Andrea Wood<br>Magistrate: Hon. Maria Valdez |

**MEMORANDUM OF LAW IN SUPPORT OF MOTION OF MARC LESSEM AND GARRETT LESSEM FOR: (1) CONSOLIDATION OF RELATED ACTIONS; (2) APPOINTMENT AS LEAD PLAINTIFFS; AND (3) APPROVAL OF LEAD PLAINTIFFS' SELECTION OF COUNSEL**

Movants Marc Lessem and Garrett Lessem ("Movants") respectfully submit this memorandum of law in support of their motion for an Order, pursuant to Section 27 of the Securities Act of 1933 ("Securities Act"), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"):

(a)    consolidating the related actions;

(b)    appointing the Movants as Lead Plaintiffs for the Class of all purchasers of Class A common stock of GoHealth, Inc. ("GoHealth" or the "Company") pursuant and/or traceable to the registration statement issued in connection with GoHealth's July 2020 initial public offering (the "IPO" or "Offering"); and

2

(c)     approving Movants' selection of The Rosen Law Firm P.A. ("Rosen Law") as Lead Counsel for the Class, and the law firm of Wolf Haldenstein Adler Freeman & Herz LLC ("Wolf Haldenstein") as Liaison Counsel for the Class.

## INTRODUCTION AND BACKGROUND

On September 21, 2020 the first securities fraud class action was commenced against Defendants asserting violations of Sections 11 and 15 of the Securities Act (15 U.S.C. §§77k and 77o) styled as *Hudson v. GoHealth, Inc., et al.*, Case No. 1:20-cv-05593 (N.D. Ill.) ("*Hudson* Action"). That same day, a PSLRA early notice was issued advising class members of the pendency of the action and the deadline for class members to seek lead plaintiff status. *See* Declaration of Carl V. Malmstrom, filed herewith ("Malmstrom Decl."), Ex. 1.

The above-captioned related action styled as *Piumetti v. GoHealth, Inc., et al.*, Case No. 1:20-cv-05701 (N.D. Ill. Sep. 25, 2020) was subsequently filed with this Court against mostly the same defendants, excluding Goldman Sachs & Co. LLC, BofA Securities, Inc. and Morgan Stanley & Co. LLC, asserting substantially similar facts and claims as the *Hudson* Action.

The above-captioned related action styled as *Strianese v. GoHealth, Inc., et al.*, Case No. 1:20-cv-05765 (N.D. Ill. Sep. 28, 2020) was subsequently filed with this Court against the same defendants as the *Hudson* Action and asserting substantially similar facts and claims as the *Hudson* Action.

GoHealth provides an end-to-end health insurance marketplace that purportedly specializes in matching consumers with Medicare Advantage plans. Based in Chicago, Illinois, GoHealth is organized as a holding company, with GoHealth Holdings, LLC ("GHH") as the Company's principal asset, which houses Company operations. GHH was formerly known as Blizzard Parent, LLC, until it was acquired by Defendant Centerbridge Partners, L.P.

("Centerbridge") in September 2019 for $1.1 billion in equity and cash (the "Acquisition"). In connection with the Acquisition, Centerbridge also agreed to pay the Company's selling shareholders up to $275 million worth of additional contingent consideration, to be paid in the form of common and senior preferred earnout units, if the Company achieved certain earnings targets in late 2019 and 2020.

On June 19, 2020 – just nine months after the Acquisition – GoHealth filed with the SEC a registration statement for the IPO on Form S-1, which, after two amendments, was declared effective on July 14, 2020 (the "Registration Statement"). On July 16, 2020, GoHealth filed with the SEC a prospectus for the IPO on Form 424B4, which incorporated and formed part of the Registration Statement. The Registration Statement was used to sell to the investing public 43.5 million shares of GoHealth Class A common stock at $21 per share, for total gross proceeds of $913.5 million. Proceeds from the IPO were used primarily for the purpose of paying Company insiders and Centerbridge and consummating financial obligations which had arisen from the Acquisition.

The Registration Statement for the IPO was negligently prepared and, as a result, contained untrue statements of material fact, omitted material facts necessary to make the statements contained therein not misleading, and failed to make necessary disclosures required under the rules and regulations governing its preparation. Specifically, the Registration Statement failed to disclose that at the time of the IPO: (1) the Medicare insurance industry was undergoing a period of elevated churn, which had begun in the first half of 2020; (2) GoHealth suffered from a higher risk of customer churn as a result of its unique business model and limited carrier base; (3) GoHealth suffered from degradations in customer persistency and retention as a result of elevated industry churn, vulnerabilities that arose from the Company's concentrated

4

carrier business model, and GoHealth's efforts to expand into new geographies, develop new carrier partnerships and worsening product mix; (4) GoHealth had entered into materially less favorable revenue sharing arrangements with its external sales agents; and (5) these adverse financial and operational trends were internally projected by GoHealth to continue and worsen following the IPO.

Shortly after the IPO, the price of GoHealth Class A common stock suffered significant price declines, and by September 15, 2020, GoHealth Class A common stock closed at just $12.53 per share—over 40% below the $21 per share price investors paid for the stock in the IPO less than two months previously.

**ARGUMENT**

## I.     THE RELATED ACTIONS SHOULD BE CONSOLIDATED

Consolidation of related cases is proper where, as here, the actions involve common questions of law and fact such that consolidation would prevent unnecessary cost or delay in adjudication. When actions involving a common question of law or fact are pending before the court, it may order a joint hearing or trial of any or all of the matters at issue in the actions; it may order all the actions consolidated; and it may make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delay. Fed. R. Civ. P. 42(a).

The PSLRA contemplates consolidation where "more than one action on behalf of a class asserting substantially the same claim or claims arising under this chapter has been filed." 15 U.S.C. § 77z-1(a)(3)(A)(ii). As such, the PSLRA does not displace the traditional legal standards for consolidation under Fed. R. Civ. P. 42(a).

All of the above-captioned related actions have been filed in this District alleging substantially similar factual and legal grounds to support allegations of violations of the

Securities Act by the defendants arising from the public dissemination of false and misleading information to investors. Accordingly, the above-captioned cases should be consolidated pursuant to Fed. R. Civ. P. 42(a) for all purposes.

## II.  MOVANTS SHOULD BE APPOINTED LEAD PLAINTIFFS

The PSLRA directs courts to consider any motion to serve as Lead Plaintiff filed by class members in response to a published notice of class action by the later of (i) 90 days after the date of publication, or (ii) as soon as practicable after the Court decides any pending motion to consolidate. 15 U.S.C. § 77z-1(a)(3)(B).

The PSLRA provides a "rebuttable presumption" that the most "adequate plaintiff" to serve as Lead Plaintiff is the "person or group of persons" that:

> (aa) has either filed the complaint or made a motion in response to a notice . . .;
>
> (bb) in the determination of the Court, has the largest financial interest in the relief sought by the class; and
>
> (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 77z-1(a)(3)(B)(iii)(I).

As set forth below, Movants satisfy all three of these criteria and thus are entitled to the presumption that they are the most adequate plaintiffs of the class and, therefore, should be appointed Lead Plaintiffs.

### A.  Movants Are Willing to Serve as Class Representatives

Movants have made a timely motion in response to a PSLRA early notice. *See* Malmstrom Decl., Ex. 1. Additionally, as set forth in their PSLRA certifications, Movants attest that they have reviewed the complaint, adopt the allegations therein, and are willing to serve as

representatives of the class. *See* Malmstrom Decl., Ex. 2. Accordingly, Movants satisfy the first requirement to serve as Lead Plaintiffs for the class.

### B. Movants Have the Largest Financial Interest in the Action

The PSLRA requires a court to adopt the rebuttable presumption that "the most adequate plaintiff . . . is the person or group of persons that . . . has the largest financial interest in the relief sought by the class." 15 U.S.C. § 77z-1(a)(3)(B)(iii). "While the PSLRA does not specify how we should decide which plaintiff group has the 'largest financial interest' in the relief sought, most courts simply determine which potential lead plaintiff has suffered the greatest total losses." *Takara Trust v. Molex*, 229 F.R.D. 577, 579 (N.D. Ill. 2005). Of the *Lax/Olsten*-styled[1] factors in determining the largest financial interest, the financial loss is the most significant factor. *See In re Fuwei Films Sec. Litig.*, 247 F.R.D. 432, 437 (S.D.N.Y. 2008). Indeed, "the best yardstick by which to judge 'largest financial interest' is the amount of loss, period". *In re Bally Total Fitness, Sec. Litig.*, 2005 WL 627960 * 4 (N.D. Ill. Mar. 15, 2005).

During the Class Period, Movants purchased a total of 14,150 shares of GoHealth Class A common stocks and suffered losses of $49,929.75. *See* Malmstrom Decl., Ex. 3. Movants are not aware of any other individual or group that has suffered greater losses in GoHealth securities pursuant to the Offering. Accordingly, Movants satisfy the largest financial interest requirement to be appointed as Lead Plaintiffs for the class.

### C. Movants Satisfy the Requirements of Rule 23 of the Federal Rules of Civil Procedure

The PSLRA further provides that, in addition to possessing the largest financial interest in the outcome of the litigation, the Lead Plaintiffs must "otherwise satisfy the requirements of

---

[1] *Lax v. First Merch. Acceptance Corp.*, 1997 WL 461036 *5 (N.D. Ill. Aug. 11, 1997); *In re Olsten Corp. Secs. Litig.*, 3 F.Supp.2d 286, 295 (E.D.N.Y. 1998).

Rule 23 of the Federal Rules of Civil Procedure." Rule 23(a) provides that a party may serve as a class representative if the following four requirements are satisfied:

> (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.

In making its determination that the Lead Plaintiffs satisfy the requirements of Rule 23, the Court need not raise its inquiry to the level required in ruling on a motion for class certification -- a *prima facie* showing that the Movants satisfy the requirements of Rule 23 is sufficient. At the lead plaintiff stage, "[a] wide-ranging analysis under Rule 23 is not appropriate and should be left for consideration of a motion for class certification. This inquiry, therefore, focuses on the qualities of the class representatives enumerated in [Rule] 23(a)(3) and 23(a)(4), that is, typicality and adequacy." *Mayo v. Apropos Tech., Inc.,* No. 01 C 8406, 2002 WL 193393, at *3 (N.D. Ill. Feb. 7, 2002) (citing *Lax.*, 1997 WL 461036, at *6).

### 1.  Movants' Claims Are Typical

The Rule 23(a) typicality requirement is satisfied when a plaintiff's claims arise from the same event, practice or course of conduct that gives rise to other class members' claims and plaintiff's claims are based on the same legal theory. *See Mayo,* 2002 WL 193393 at *4; *In re Livent, Inc. Noteholders Sec. Litig.*, 210 F.R.D. 512, 516 (S.D.N.Y. 2002) (citations omitted). Rule 23 does not require the lead plaintiff to be identically situated with all class members. *Mayo,* 2002 WL 193393 at *4.

Here, Movants' claims are typical of the claims asserted by the Class. Movants, like all members of the Class, allege that Defendants violated the federal securities laws by disseminating false and misleading statements concerning the business, operations and financial

prospects of GoHealth. Movants, like all of the members of the Class, purchased GoHealth securities at prices artificially inflated by Defendants' misrepresentations and omissions, and were damaged thereby. Movants' interests are closely aligned with other Class members', and Movants' interests are, therefore, typical of the other members of the Class.

### 2. Movants Are Adequate

The adequacy of representation requirement of Rule 23 is satisfied where it is established that a representative party has the ability to represent the claims of the class vigorously, has obtained adequate counsel, and there is no conflict between a movant's claims and those asserted on behalf of the class. *In re Cendant Corp. Litigation*, 264 F.3d 201, 265 (3d Cir. 2001).

Movants have a preexisting relationship. In fact, they are family, as Marc Lessem is Garret Lessem's father. Marc Lessem is a senior executive in sales and marketing and has been investing in the stock market for 35 years. He has a Master of Business Administration and a Bachelor of Science in Business Finance and Marketing. Garrett Lessem works as a senior consultant in a health insurance federation and has been investing in the stock market for over 9 years. He received a bachelor's degree in consumer economics and finance from the University of Illinois at Urbana-Champaign.

Here, Movants have communicated with competent, experienced counsel concerning this case, and have made this motion to be appointed lead plaintiffs. Movants are not aware that any conflict exists between Movants' claims and those asserted on behalf of the Class.

### D. Movants Are Presumptively the Most Adequate Lead Plaintiffs

The presumption in favor of appointing Movants as lead plaintiffs may be rebutted only upon proof "by a purported member of the Plaintiffs' class" that the presumptively most adequate plaintiff:

9

(aa)    will not fairly and adequately protect the interest of the class; or

(bb)    is subject to unique defenses that render such plaintiff incapable of adequately representing the class.

15 U.S.C. § 77z-1(a)(3)(B)(iii)(II).

The presumption that Movants are the most adequate lead plaintiffs is not, therefore, subject to rebuttal. Movants have suffered substantial financial losses and believe they have the largest financial interest in this case of any timely lead plaintiff movant. The ability of Movants to represent the Class fairly and adequately is discussed above. Movants are not aware of any unique defenses defendants could raise against them that would render Movants inadequate to represent the Class. Accordingly, Movants are presumptively the most adequate plaintiffs and should be appointed lead plaintiffs for the Class. *See In re Cendant Corp.*, 264 F.3d at 268.

### III.    MOVANTS' SELECTION OF COUNSEL SHOULD BE APPROVED

The PSLRA vests authority in the Lead Plaintiffs to select and retain lead counsel, subject to the approval of the Court. 15 U.S.C. § 77z-1(a)(3)(B)(v). The Court should only interfere with Lead Plaintiffs' selection when necessary "to protect the interests of the class." 15 U.S.C. § 77z-1(a)(3)(B)(iii)(II)(aa).

Movants have selected Rosen Law as Lead Counsel and Wolf Haldenstein as Liaison Counsel. Both firms are experienced in the area of securities litigation and class actions, and have successfully prosecuted securities litigations and securities fraud class actions on behalf of investors. *See* Malmstrom Decl., Exs. 4 & 5.

As a result of the firms' experience in litigation involving issues similar to those raised in this action, Movants' counsel have the skill and knowledge that will enable these two law firms to prosecute this action effectively and expeditiously. Thus, the Court may be assured that by

10

approving the Movants' selection of Lead Counsel and Liaison Counsel, the members of the class will receive the best legal representation available.

## CONCLUSION

For the foregoing reasons, the Movants respectfully request the Court issue an Order: (a) consolidating the related actions; (b) appointing the Movants as Lead Plaintiffs of the Class; (c) approving Rosen Law as Lead Counsel and Wolf Haldenstein as Liaison Counsel for the Class; and (d) granting such other relief as the Court may deem to be just and proper.

Dated: November 20, 2020                    Respectfully submitted,

**WOLF HALDENSTEIN ADLER FREEMAN & HERZ LLC**

/s/ *Carl V. Malmstrom*
Carl V. Malmstrom
111 W. Jackson Blvd., Suite 1700
Chicago, IL 60604
Tel: (312) 984-0000
Fax: (212) 686-0114
Email: malmstrom@whafh.com

[Proposed] Liaison Counsel for Movants
And the Class

**THE ROSEN LAW FIRM, P.A.**
Phillip Kim
Laurence M. Rosen
275 Madison Avenue, 40th Floor
New York, New York 10016
Tel: (212) 686-1060
Fax: (212) 202-3827
Email: pkim@rosenlegal.com
Email: lrosen@rosenlegal.com

[Proposed] Lead Counsel for Movants
And the Class

11

## CERTIFICATE OF SERVICE BY ELECTRONIC MEANS

I, Carl V. Malmstrom, one of the attorneys for plaintiffs, hereby certify that on November 20, 2020, service of the foregoing ***Memorandum of Law in Support of Motion of Marc Lessem and Garrett Lessem For: (1) Consolidation of Related Actions; (2) Appointment as Lead Plaintiffs; and (3) Approval of Lead Plaintiffs' Selection of Counsel*** was accomplished pursuant to ECF as to Filing Users and I shall comply with LR 5.5 as to any party who is not a Filing User or represented by a Filing User.

/s/ *Carl V. Malmstrom*
Carl V. Malmstrom

12