# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| HELEN HUDSON, Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>GOHEALTH, INC., CLINTON P. JONES, BRANDON M. CRUZ, TRAVIS J. MATTHIESEN, NVX HOLDINGS, INC., CENTERBRIDGE PARTNERS, L.P., CCP III AIV VII HOLDINGS, L.P., CB BLIZZARD CO-INVEST HOLDINGS, L.P., BLIZZARD AGGREGATOR, LLC, CENTERBRIDGE ASSOCIATES III, L.P., CCP III CAYMAN GP LTD., GOLDMAN SACHS & CO. LLC, BOFA SECURITIES, INC., and MORGAN STANLEY & CO. LLC,<br><br>Defendants. | Case No. 1:20-cv-05593<br><br>Judge Sharon Johnson Coleman |
| PIETRO PIUMETTI, Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>GOHEALTH, INC., CLINTON P. JONES, BRANDON M. CRUZ, TRAVIS J. MATTHIESEN, NVX HOLDINGS, INC., CENTERBRIDGE PARTNERS, L.P., CCP III AIV VII HOLDINGS, L.P., CB BLIZZARD CO-INVEST HOLDINGS, L.P., BLIZZARD AGGREGATOR, LLC, CENTERBRIDGE ASSOCIATES III, L.P., and CCP III CAYMAN GP LTD.,<br><br>Defendants. | Case No. 1:20-cv-05701<br><br>Judge Mary M. Rowland |

[caption continues on following page]

|  |  |
|---|---|
| CHRISTOPHER STRIANESE, Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>GOHEALTH, INC., CLINTON P. JONES, BRANDON M. CRUZ, TRAVIS J. MATTHIESEN, NVX HOLDINGS, INC., CENTERBRIDGE PARTNERS, L.P., CCP III AIV VII HOLDINGS, L.P., CB BLIZZARD CO-INVEST HOLDINGS, L.P., BLIZZARD AGGREGATOR, LLC, CENTERBRIDGE ASSOCIATES III, L.P., CCP III CAYMAN GP LTD., GOLDMAN SACHS & CO. LLC, BOFA SECURITIES, INC., and MORGAN STANLEY & CO. LLC,<br><br>Defendants. | Case No. 1:20-cv-05765<br><br>Judge Andrea R. Wood |

**MEMORANDUM OF LAW IN SUPPORT OF MOTION OF SPENCER TROTTER FOR CONSOLIDATION OF RELATED ACTIONS, APPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL OF COUNSEL**

Spencer Trotter ("Trotter" or "Movant") submits this memorandum of law in support of his motion pursuant to the Federal Rules of Civil Procedure and the Private Securities Litigation Reform Act of 1995, 15 U.S.C. § 77z-1, *et seq*. (the "PSLRA") for an Order: (1) consolidating the above-captioned actions; (2) appointing Movant as Lead Plaintiff under 15 U.S.C. § 77z-1(a)(3)(B); (3) approving Movant's selection of Glancy Prongay & Murray LLP as Lead Counsel and Miller Law LLC as Liaison Counsel pursuant to 15 U.S.C. § 77z-1(a)(3)(B)(v); and (4) granting such other relief as the Court may deem to be just and proper (the "Motion").

## I.     PRELIMINARY STATEMENT

This is a class action on behalf of those who purchased or otherwise acquired GoHealth, Inc. ("GoHealth" or the "Company") Class A common stock pursuant and/or traceable to the registration statement ("Registration Statement") issued in connection with GoHealth's July 2020 initial public offering (the "IPO").

Pursuant to the PSLRA, the person with the largest financial interest in the relief sought by the class who satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure is presumed to be the "most adequate plaintiff" – the plaintiff most capable of adequately representing the interests of class members. The PSLRA provides that the Court shall appoint the most adequate plaintiff as lead plaintiff.

Movant believes that he is the "most adequate plaintiff" as defined by the PSLRA and should be appointed as lead plaintiff based on his financial losses suffered as a result of defendants' wrongful conduct as alleged in this action. In addition, for purposes of this motion, Movant satisfies the relevant requirements of Rule 23 of the Federal Rules of Civil Procedure, as his claims are typical of other class members' claims and he is committed to fairly and adequately representing the interests of the class. Thus, pursuant to the PSLRA's lead plaintiff provision,

1

Movant respectfully submits that he is presumptively the most adequate plaintiff and should be appointed as lead plaintiff for the class.

Additionally, Movant's selection of Glancy Prongay & Murray LLP as lead counsel and Miller Law LLC as Liaison Counsel for the Class should be approved because the firms have substantial expertise in securities class actions, and the experience and resources to efficiently prosecute this action.

## II.     FACTUAL BACKGROUND[1]

GoHealth provides an end-to-end health insurance marketplace that specializes in matching consumers with Medicare Advantage plans.

In July 2020, the Company completed its IPO in which it sold 43.5 million shares of Class A commons tock for $21 per share pursuant to the Registration Statement.

On July 23, 2020, executives for eHealth Inc., a competitor of GoHealth, stated during an earnings call that the Medicare brokerage industry had been suffering from elevated churn during the first half of 2020. eHealth's Chief Executive Officer stated that "these dynamics have also led to more shopping and more switching by MA [Medicare Advantage] members."

On August 19, 2020, GoHealth announced its financial results for second quarter 2020, the period immediately prior to the IPO. During a conference call, the Company executives did not provide a direct answer when asked whether GoHealth was suffering from elevated churn at the time of the IPO. They repeatedly stated that churn was within the Company's "expectations" and pointed to a variety of factors that were, and would continue to, negatively impact GoHealth's churn, including: (i) the Company's expansion into new geographies, with lower customer

---

[1] This section has been adapted from the allegations in the complaints in the above-captioned actions.

persistency; (ii) the Company's expansion of business with additional carriers, which presented a learning curve for GoHealth's agents and higher disenrollment rates; and (iii) the Company's changing product mix, such as its expansion of its Medicare Special Needs Plans business, which had a higher churn rate than Medicare Advantage plans."

By September 15, 2020, GoHealth Class A common stock closed at $12.53 per share, or 40% below the IPO price of $21 per share.

The complaints allege that the Registration Statement failed to disclose that at the time of the IPO: (i) the Medicare insurance industry was undergoing a period of elevated churn, which had begun in the first half of 2020; (ii) GoHealth suffered from a higher risk of customer churn as a result of its unique business model and limited carrier base; (iii) GoHealth suffered from degradations in customer persistency and retention as a result of elevated industry churn, vulnerabilities that arose from the Company's concentrated carrier business model, and GoHealth's efforts to expand into new geographies, develop new carrier partnerships and worsening product mix; (iv) GoHealth had entered into materially less favorable revenue sharing agreements with its external sales agents; and (v) these adverse financial and operational trends were internally projected by GoHealth to continue and worsen following the IPO.

## III.     PROCEDURAL HISTORY

On September 21, 2020, Plaintiff, Helen Hudson, commenced a securities class action lawsuit against GoHealth, certain of its officers, investment vehicles, and underwriters to the IPO, captioned *Hudson v. GoHealth, Inc.*, Case No. 1:20-cv-05593 (the "*Hudson* Action").

On September 25, 2020, Plaintiff, Pietro Piumetti, commenced a substantially similar lawsuit against GoHealth, certain of its officers, and investment vehicles, captioned *Piumetti v. GoHealth, Inc.*, Case No. 1:20-cv-05701 (the "*Piumetti* Action").

3

On September 28, 2020, Plaintiff, Christopher Strianese, commenced a substantially similar lawsuit against the same defendants as the *Hudson* Action, captioned *Strianese v. GoHealth, Inc.*, Case No. 1:20-cv-05765 (the "*Strianese* Action" and together with the *Hudson* and *Piumetti* Actions, the "Related Actions").

The Related Actions are all brought on behalf of investors who purchased or otherwise acquired GoHealth Class A common stock pursuant and/or traceable to the Registration Statement issued in connection with the IPO.

## IV.    ARGUMENT

### A.    The Related Actions Should Be Consolidated

Consolidation of related cases is appropriate where, as here, the actions involve common questions of law and fact, and therefore, consolidation would avoid unnecessary cost, delay, and overlap in adjudication. *See* Fed. R. Civ. P. 42(a).

Each of the Related Actions presents similar factual and legal issues, as they all involve the same subject matter and present the same legal issues. Each action alleges violations of the Securities Act, each presents the same or similar theories for recovery, and each is based on the same allegedly wrongful course of conduct. Because these actions arise from the same facts and circumstances and involve the same subject matter, consolidation of these cases under Federal Rule of Civil Procedure 42(a) is appropriate.

### B.    Movant Should be Appointed Lead Plaintiff

The PSLRA provides the procedure for selecting a lead plaintiff in class actions brought under the federal securities laws. The PSLRA directs courts to consider any motion to serve as lead plaintiff filed by class members in response to a published notice of class action by the later of (i) 90 days after the date of publication of the notice; or (ii) as soon as practicable after the Court decides any pending motion to consolidate. 15 U.S.C. § 77z-1(a)(3)(B). The PSLRA provides a

4

"rebuttable presumption" that the "most adequate plaintiff"—*i.e.*, the plaintiff most capable of adequately representing the interests of the Class—is the class member that:

> (aa) has either filed the complaint or made a motion in response to a notice . . . ;

> (bb) in the determination of the Court, has the largest financial interest in the relief sought by the class; and

> (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 77z-1(a)(3)(B)(iii)(I). The presumption in favor of appointing a movant as lead plaintiff may be rebutted only upon proof "by a purported member of the plaintiff class" that the presumptively most adequate plaintiff:

> (aa) will not fairly and adequately protect the interest of the class; or

> (bb) is subject to unique defenses that render such plaintiff incapable of adequately representing the class.

15 U.S.C. § 77z-1(a)(3)(B)(iii)(II).

As set forth below, Movant satisfies all of the PSLRA criteria and has complied with all of the PSLRA's requirements for appointment as lead plaintiff. Movant has, to the best of his knowledge, the largest financial interest in this litigation and meets the relevant requirements of Federal Rule of Civil Procedure 23. In addition, Movant is not aware of any unique defenses Defendants could raise against him that would render him inadequate to represent the Class. Accordingly, Movant respectfully submits that he should be appointed lead plaintiff. *In re Boeing Co. Aircraft Sec. Litig.*, No. 19 Civ. 2394, 2019 WL 6052399, at *2 (N.D. Ill. Nov. 15, 2019); *see also Maiden v. Merge Techs., Inc.*, No. 06 Civ. 349, 2006 WL 3404777, at *4 (E.D. Wis. Nov. 21, 2006) ("Because it has the largest financial interest in this litigation and meets the adequacy and typicality requirements of Rule 23, [movant] is presumptively entitled to lead plaintiff status.").

5

### 1. Movant Filed a Timely Motion

Movant has made a timely motion in response to a PSLRA early notice. On September 21, 2020, pursuant to Section 27 of the PSLRA, notice was published in connection with this action. *See* Motion, Exhibit. A. Therefore, Movant had sixty days (until November 20, 2020) to file a motion to be appointed as lead plaintiff. As a purchaser of GoHealth Class A common stock pursuant and/or traceable to the Registration Statement, Movant is a member of the proposed class and has timely filed a motion for appointment as lead plaintiff within sixty days of the notice, in compliance with the PSLRA. 15 U.S.C. § 77z-1(a)(3)(B)(iii)(I)(aa).

Additionally, as set forth in the attached certification, Movant attests that he has reviewed the complaint, adopts the allegations therein, and is willing to serve as a representative of the class. *See* Motion, Exhibit. B. Accordingly Movant satisfies the first requirement to serve as lead plaintiff for the class.

### 2. Movant Has the Largest Financial Interest

The PSLRA requires a court to adopt the rebuttable presumption that "the most adequate plaintiff . . . is the person or group of persons that . . . has the largest financial interest in the relief sought by the class." 15 U.S.C. § 77z-1(a)(3)(B)(iii). At the time of this filing, Movant believes that he has the largest financial interest among Class members who filed timely applications for appointment as lead plaintiff and are presumed to be the "most adequate plaintiff."

As a result of the revelations of the fraud as described above, Movant suffered a significant financial loss. *See* Motion, Exhibit. C. To the best of his knowledge, Movant is not aware of any other Class member that has filed a motion for appointment as lead plaintiff who claims a larger financial interest. As such, Movant believes he has the "largest financial interest in the relief sought by the Class," and thus satisfies the second PSLRA requirement to be appointed as lead plaintiff for the Class.

3. **Movant Satisfies the Requirements of Rule 23 of the Federal Rules of Civil Procedure**

The PSLRA further provides that in addition to possessing the largest financial interest in the outcome of the litigation, a lead plaintiff must "otherwise satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure." 15 U.S.C. § 77z-1(a)(3)(B)(iii)(I)(cc). Rule 23(a) generally provides that a class action may proceed if the following four requirements are satisfied:

> (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interest of the class.

Fed. R. Civ. P. 23(a).

At this stage of the litigation, however, a movant need only make a "preliminary showing" that he satisfies the typicality and adequacy requirements of Rule 23. *See Chandler v. Ulta Beauty, Inc.*, No. 18 Civ. 1577, 2018 WL 3141763, at *5 (N.D. Ill. June 26, 2018); *In re Groupon Sec. Litig.*, No. 12 Civ. 2450, 2012 WL 3779311, at *3 (N.D. Ill. Aug. 28, 2012) (only a "preliminary showing" of typicality and adequacy is required).

a) **Movant's Claims Are Typical**

The Rule 23(a) typicality requirement is satisfied when a representative plaintiff's claims "arise[] from the same event or practice or course of conduct that gives rise to the claims of other class members and his or her claims are based on the same legal theory." *De La Fuente v. Stokely-Van Cap, Inc.*, 713 F.2d 225, 232 (7th Cir. 1983); *accord Ulta Beauty*, 2018 WL 3141763, at *5.

Movant's claims are typical of the claims asserted by the proposed members of the Class. Like all members of the Class, Movant alleges that Defendants' material misstatements and omissions concerning GoHealth's business, operations, and financial prospects violated the federal securities laws. Movant, like all members of the Class, suffered financial loss as a result of the

7

revelations of the fraud. Accordingly, Movant's interests and claims are "typical" of the interests and claims of the Class.

### b) Movant Is An Adequate Representative

The adequacy requirement is satisfied where the representative plaintiff does not have any conflicts of interest with other class members and the plaintiff and his counsel will vigorously prosecute the case. *See Takara Trust v. Molex Inc.*, 229 F.R.D. 577, 580 (N.D. Ill. 2005).

Movant has demonstrated his adequacy by retaining competent and experienced counsel with the resources and expertise to efficiently prosecute this action, and his financial losses ensure that he has sufficient incentive to provide vigorous advocacy. *See* Motion, Exhibit C. Movant is not aware of any conflict between his claims and those asserted on behalf of the Class. As such, Movant is well-equipped to represent the class.

### C. The Court Should Approve Lead Plaintiff's Choice of Counsel

The PSLRA vests authority in the lead plaintiff to select and retain counsel, subject only to approval of the Court. *See* 15 U.S.C. § 77z-1(a)(3)(B)(v). Thus, the Court should not disturb the lead plaintiff's choice of counsel unless necessary to "protect the interests of the class." 15 U.S.C. § 77z-1(a)(3)(B)(iii)(II)(aa). Here, Movant has selected Glancy Prongay & Murray LLP as Lead Counsel and Miller Law LLC as Liaison Counsel. The firms have successfully prosecuted numerous class actions on behalf of injured investors. As reflected by the firms' résumés, *see* Motion, Exhibits D and E, the Court may be assured that in the event this Motion is granted, the members of the class will receive the highest caliber of legal representation. Accordingly, the Court should approve Movant's selection of counsel.

### V. CONCLUSION

For the foregoing reasons, Spencer Trotter respectfully requests that the Court grant his Motion and enter an Order (1) consolidating the Related Actions; (2) appointing Movant as Lead

Plaintiff; (3) approving Movant's selection of Glancy Prongay & Murray LLP as Lead Counsel and Miller Law LLC as Liaison Counsel for the Class; and (4) granting such other relief as the Court may deem just and proper.

DATED: November 20, 2020                    Respectfully submitted,

                                            By:    /s/ Marvin A. Miller
                                            Marvin A. Miller
                                            **MILLER LAW LLC**
                                            115 S. LaSalle Street, Suite 2910
                                            Chicago, IL 60603
                                            Telephone: (312) 332-3400
                                            mmiller@millerlawllc.com

                                            *Proposed Liaison Counsel for the Class*

                                            Robert V. Prongay
                                            Charles H. Linehan
                                            **GLANCY PRONGAY & MURRAY LLP**
                                            1925 Century Park East, Suite 2100
                                            Los Angeles, CA 90067
                                            Telephone: (310) 201-9150
                                            rprongay@glancylaw.com
                                            clinehan@glancylaw.com

                                            *Counsel for Movant and Proposed Lead Counsel
                                            for the Class*

                                            **LAW OFFICES OF HOWARD G. SMITH**
                                            Howard G. Smith
                                            3070 Bristol Pike, Suite 112
                                            Bensalem PA 19020
                                            Telephone: (215) 638-4847
                                            Facsimile: (215) 638-4867

                                            *Additional Counsel*

9

## CERTIFICATE OF SERVICE

I hereby certify that on November 20, 2020, I caused a true and correct copy of the foregoing *Memorandum of Law in Support of Motion of Spencer Trotter for Consolidation of Related Actions, Appointment as Lead Plaintiff, and Approval of Counsel* to be served on all counsel of record *via* filing electronically on the Court's CM/ECF system.

/s/ *Marvin A. Miller*

10