UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF ILLINOIS

EASTERN DIVISION

| | |
|---|---|
| HELEN HUDSON, Individually and on Behalf of All Others Similarly Situated, <br><br> Plaintiff, <br><br> vs. <br><br> GOHEALTH, INC., et al., <br><br> Defendants. | Case No.  1:20-cv-05593 <br><br> <u>CLASS ACTION</u> <br><br> Judge Sharon Johnson Coleman |
| PIETRO PIUMETTI, Individually and on Behalf of All Others Similarly Situated, <br><br> Plaintiff, <br><br> vs. <br><br> GOHEALTH, INC., et al., <br><br> Defendants. | Case No. 1:20-cv-05701 <br><br> <u>CLASS ACTION</u> <br><br> Judge Mary M. Rowland |

[Caption continued on following page.]

MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR CONSOLIDATION OF
RELATED ACTIONS, APPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL OF
LEAD PLAINTIFF'S SELECTION OF LEAD COUNSEL

4833-1283-3234.v1

CHRISTOPHER STRIANESE, Individually  )   Case No.  1:20-cv-05765
and on Behalf of All Others Similarly Situated, )
                        )   CLASS ACTION
               Plaintiff,   )
                        )   Judge Andrea R. Wood
      vs.                 )
                        )
GOHEALTH, INC., et al.,      )
                        )
           Defendants.  )
                        )

4833-1283-3234.v1

## I. INTRODUCTION

Three related securities class action lawsuits brought on behalf of purchasers of GoHealth, Inc. ("GoHealth" or the "Company") Class A common stock pursuant and/or traceable to the registration statement issued in connection with GoHealth's July 2020 initial public offering (the "IPO") are pending in this district: *Hudson v. GoHealth, Inc.*, No. 1:20-cv-05593 (filed September 21, 2020); *Piumetti v. GoHealth, Inc.*, No. 1:20-cv-05701 (filed September 25, 2020); and *Strianese v. GoHealth, Inc.*, No. 1:20-cv-05765 (filed September 28, 2020) (the "Related Actions"). The Private Securities Litigation Reform Act of 1995 ("PSLRA") requires district courts to resolve consolidation before appointing a lead plaintiff in securities cases. *See* 15 U.S.C. §77z-1(a)(3)(B)(ii). Here, the Related Actions should be consolidated because they are based on the same core set of facts and assert identical claims against nearly identical defendants on behalf of a class of investors that purchased GoHealth securities issued in connection with the IPO. *See* Fed. R. Civ. P. 42(a); §III.A., *infra*.

As soon as practicable after consolidating the Related Actions, the Court "shall appoint the most adequate plaintiff as lead plaintiff for the consolidated actions." 15 U.S.C. §77z-1(a)(3)(B)(ii). The lead plaintiff is the "member or members of the purported plaintiff class that the court determines to be most capable of adequately representing the interests of class members." 15 U.S.C. §77z-1(a)(3)(B)(i). Here, Sudhakara R. Murikinati, Jerry Nixon, Benjamin Sandmann, and Jeff S. Turnipseed (collectively, "Movants") should be appointed lead plaintiff because they filed a timely motion, have a significant financial interest in the outcome of this litigation, and will typically and adequately represent the class's interests. *See* 15 U.S.C. §77z-1(a)(3)(B)(iii). In addition, the Movants' selection of Robbins Geller Rudman & Dowd LLP to serve as lead counsel is reasonable and should be approved. *See* 15 U.S.C. §77z-1 (a)(3)(B)(v).

- 1 -

4833-1283-3234.v1

## II.    FACTUAL BACKGROUND

Based in Chicago, Illinois, GoHealth provides an end-to-end health insurance marketplace that purportedly specializes in matching consumers with Medicare Advantage plans.  On June 19, 2020, GoHealth filed with the U.S Securities and Exchange Commission ("SEC") a registration statement for the IPO on Form S-1, which, after two amendments, was declared effective on July 14, 2020 (the "Registration Statement").  On July 16, 2020, GoHealth filed with the SEC a prospectus for the IPO on Form 424B4, which incorporated and formed part of the Registration Statement.  The Registration Statement was used to sell to the investing public 43.5 million shares of GoHealth Class A common stock at $21 per share, for total gross proceeds of $913.5 million.

As the complaints allege, the Registration Statement for the IPO was negligently prepared and, as a result, contained untrue statements of material fact, omitted material facts necessary to make the statements contained therein not misleading, and failed to make necessary disclosures required under the rules and regulations governing its preparation.  Specifically, the Registration Statement failed to disclose that at the time of the IPO: (i) the Medicare insurance industry was undergoing a period of elevated churn, which had begun in the first half of 2020; (ii) GoHealth suffered from a higher risk of customer churn as a result of its unique business model and limited carrier base; (iii) GoHealth suffered from degradations in customer persistency and retention as a result of elevated industry churn, vulnerabilities that arose from the Company's concentrated carrier business model, and GoHealth's efforts to expand into new geographies, develop new carrier partnerships and worsening product mix; (iv) GoHealth had entered into materially less favorable revenue sharing arrangements with its external sales agents; and (v) these adverse financial and operational trends were internally projected by GoHealth to continue and worsen following the IPO.

Shortly after the IPO, the price of GoHealth Class A common stock suffered significant price declines, and by September 15, 2020, GoHealth Class A common stock closed at just $12.53 per

- 2 -

share – over 40% below the $21 per share price investors paid for the stock in the IPO less than two months before.

## III.   ARGUMENT

### A.   The Related Actions Should Be Consolidated

The PSLRA provides that "[i]f more than one action on behalf of a class asserting substantially the same claim or claims arising under this chapter has been filed," the court shall not appoint a lead plaintiff until "after the decision on the motion to consolidate is rendered." 15 U.S.C. §77z-1(a)(3)(B)(ii).   Under Rule 42(a), consolidation is appropriate when actions "involve a common question of law or fact."  Fed. R. Civ. P. 42(a).  The Related Actions present identical factual and legal issues, allege identical claims on behalf of an identical class of GoHealth investors, and name overlapping defendants.  Because the Related Actions pending before this Court are based on the same facts and involve the same subject matter, the same discovery will be relevant to all lawsuits.  Thus, consolidation is appropriate here.

### B.   The Movants Should Be Appointed Lead Plaintiff

The PSLRA establishes the procedure for the appointment of a lead plaintiff in "each private action arising under [the Securities Act of 1933] that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure."  15 U.S.C. §77z-1(a)(1).  First, "[n]ot later than 20 days" after the complaint is filed, a notice must be published "in a widely circulated national business-oriented publication or wire service" advising members of the purported plaintiff class "of the pendency of the action, the claims asserted therein, and the purported class period" and that "not later than 60 days after the date on which the notice is published, any member of the purported class may move the court to serve as lead plaintiff."  15 U.S.C. §77z-1(a)(3)(A)(i).  The statutory notice in the first-filed case was published on September 21, 2020 via *Business Wire*.  Motion, Ex. A.

4833-1283-3234.v1

Next, the PSLRA provides that the Court shall adopt a presumption that the most adequate plaintiff is the person that:

(aa) has either filed the complaint or made a motion in response to a notice . . . ;

(bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and

(cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. §77z-1(a)(3)(B)(iii). The Movants meet these requirements and should therefore be appointed Lead Plaintiff.

### 1. The Motion Is Timely

The September 21st statutory notice published in the first-filed case advised purported class members of the pendency of the action, the claims asserted, the proposed class period, and the right to move the Court to be appointed as lead plaintiff within 60 days, or by November 20, 2020. *See* Motion, Ex. A; 15 U.S.C. §77z-1(a)(3)(A). Because the Movants' motion was timely filed by the statutory deadline, they are eligible for appointment as lead plaintiff.

### 2. The Movants Have the Largest Financial Interest in the Relief Sought by the Class

The Movants purchased 65,632 shares of Class A common stock pursuant and/or traceable to the registration statement issued in connection with Company's IPO and lost approximately $324,226. *See* Motion, Exs. B, C. To the best of their counsel's knowledge, there are no other plaintiffs with a larger financial interest. Therefore, the Movants satisfy the PSLRA's prerequisite of having the largest financial interest.

### 3. The Movants Satisfy the Rule 23 Typicality and Adequacy Requirements

In addition to possessing a significant financial interest, a lead plaintiff must also "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure." 15 U.S.C. §77z-

- 4 -

4833-1283-3234.v1

1(a)(3)(B)(iii)(I)(cc). Rule 23 requires that "the claims or defenses of the representative parties are typical of the claims or defenses of the class; and [that] the representative parties will fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(3)-(4). Only two of the Rule 23 requirements pertain to the lead plaintiff motion: typicality and adequacy. *Mortimer v. Diplomat Pharmacy Inc.*, 2019 WL 3252221, at *4 (N.D. Ill. July 19, 2019). "'[A] plaintiff's claims are typical if they "arise[ ] from the same event or practice or course of conduct that gives rise to the claims of other class members and his or her claims are based on the same legal theory.'"" *Id.* (citation omitted). "'A lead plaintiff meets the adequacy requirement if (1) its claims are not antagonistic or in conflict with those of the class; (2) it has sufficient interest in the outcome of the case to ensure vigorous advocacy; and (3) it is represented by competent, experienced counsel who be able to prosecute the litigation vigorously.'" *Id.* (citation omitted).

The Movants satisfy both requirements. Indeed, the Movants' claims are typical of – if not identical to – the claims of the class as a whole. Like the purported class members, the Movants purchased GoHealth Class A common stock pursuant and/or traceable to the Company's IPO at prices that were allegedly artificially inflated by defendants' misrepresentations, and sustained monetary damages as a result. The Movants are aware of the requirements and responsibilities of being a lead plaintiff in a securities class action and are willing to undertake these responsibilities on behalf of the class. In addition, the Movants have suffered significant losses on their investments in GoHealth and are therefore motivated to diligently pursue the putative class's claims. *See* Motion, Exs. B-C. Moreover, the Movants have no conflict of interest between their claims and those of the putative class and are not subject to any unique defenses.

In addition, the Movants have evidenced their willingness and ability to serve as lead plaintiff in this case as well as their ability to work together to control the litigation. *See* Motion, Ex. D. The Movants respectfully submit herewith a Joint Declaration in support of their lead plaintiff motion

- 5 -

4833-1283-3234.v1

executed after a joint conference call held between the members of the group to discuss, among other things, proposed litigation strategy, protocols to ensure efficient communication, and their commitment to oversee Lead Counsel and this litigation.  Finally, the Movants have selected qualified counsel to represent them and the putative class.  *See* §III.B., *infra*.

Because the Movants filed a timely motion, have a large financial interest in the relief sought by the class, and demonstrated their typicality and adequacy, the Court should adopt the presumption that they are the "most adequate plaintiff."

### B.     The Court Should Approve the Movants' Selection of Counsel

The PSLRA vests authority in the lead plaintiff to select and retain lead counsel, subject to the Court's approval.  *See* 15 U.S.C. §77z-1(a)(3)(B)(v).  The Court should not disturb the lead plaintiff's choice of counsel unless it is necessary to protect the interests of the class.  *In re Cohen*, 586 F.3d 703, 711-12 (9th Cir. 2009); *In re Cavanaugh*, 306 F.3d 726, 732-35 (9th Cir. 2002).  The Movants have selected Robbins Geller as Lead Counsel in this case.

Robbins Geller possesses the experience and resources necessary to successfully prosecute this large and complex action for the benefit of the class.   With more than 200 attorneys in offices nationwide, including within this District, Robbins Geller possesses substantial experience in complex securities litigation.[1]  Courts in this District and throughout the nation have noted Robbins Geller's reputation for excellence, resulting in the appointment of Robbins Geller to lead roles in hundreds of securities class actions and other complex litigations.  *See, e.g.*, *Mortimer*, 2019 WL 3252221, at *2 (appointing Robbins Geller as lead counsel in securities class action case).

---

[1]     For a detailed description of Robbins Geller's track record, resources, and attorneys, please see https://www.rgrdlaw.com.  A hard copy of the Firm's resume is available upon the Court's request, if preferred.

4833-1283-3234.v1

For example, in *Lawrence E. Jaffe Pension Plan v. Household Int'l, Inc.*, No. 1:02-cv-05893 (N.D. Ill.), Robbins Geller, as sole lead counsel, obtained a record-breaking settlement of $1.575 billion after 14 years of litigation, including a 6-week jury trial in 2009 that resulted in a securities fraud verdict in favor of the class. Judge Alonso, who presided over the action, stated that "[Robbins Geller] performed a very high-quality legal work in the context of a thorny case in which the state of the law has been and is in flux. They achieved an exceptionally significant recovery for the class. And the Court agrees . . . that it was, in fact, a spectacular result for the class." *Household*, No. 1:02-cv-05893, ECF No. 2261 at 65 (N.D. Ill. Oct. 20, 2016). Likewise, in *Silverman v. Motorola, Inc.*, 2012 WL 1597388, at *3 (N.D. Ill. May 7, 2012), *aff'd*, 739 F.3d 956 (7th Cir. 2013), Judge Amy J. St. Eve noted "[t]he representation that [Robbins Geller] provided to the class was significant, both in terms of quality and quantity." *Id.* Additionally, Robbins Geller has obtained the largest securities fraud class action recovery in the Fifth, Sixth, Eighth, Tenth, and Eleventh Circuits.[2]

And, while trials in shareholder class actions are rare, Robbins Geller has tried several cases to verdict, most recently a February 2019 trial in *HsingChing Hsu v. Puma Biotechnology, Inc.*, No. 8:15-cv-00865-AG-JCG (C.D. Cal.), where the jury returned a verdict for plaintiff, finding that defendants Puma Biotechnology, Inc. and its CEO committed securities fraud.

Thus, the Court can be assured that by approving the Movants' choice of Robbins Geller as Lead Counsel, the putative class will receive the highest caliber of representation.

---

[2]     *See In re Enron Corp. Sec.*, No. 4:01-cv-03624 (S.D. Tex.) ($7.3 billion recovery is largest securities class action recovery in U.S. history and in the Fifth Circuit); *In re Cardinal Health, Inc. Sec. Litig.*, No. 2:04-cv-00575-ALM (S.D. Ohio) ($600 million recovery is the largest securities class action recovery in the Sixth Circuit); *In re UnitedHealth Group Inc. Sec. Litig.*, No. 0:06-cv-01691-JMR-FLN (D. Minn.) ($925 million recovery is the largest securities class action recovery in the Eighth Circuit); *In re Qwest Commc'ns Int'l, Inc. Sec. Litig.*, No. 1:01-cv-01451-REB-KLM (D. Colo.) ($445 million recovery is the largest securities class action recovery in the Tenth Circuit); *In re HealthSouth Corp. Sec. Litig.*, No. 2:03-cv-01500-KOB-TMP (N.D. Ala.) ($671 million recovery is the largest securities class action recovery in the Eleventh Circuit).

4833-1283-3234.v1

## IV.     CONCLUSION

The Movants have satisfied each of the PSLRA's requirements for appointment as lead plaintiff. As such, the Movants respectfully request that the Court appoint them as Lead Plaintiff and approve their selection of Lead Counsel.

DATED: November 20, 2020

Respectfully Submitted,

ROBBINS GELLER RUDMAN
  & DOWD LLP
DANIELLE S. MYERS
JUAN CARLOS SANCHEZ


                    s/ Danielle S. Myers
                 DANIELLE S. MYERS

655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone:  619/231-1058
619/231-7423 (fax)
dmyers@rgrdlaw.com
jsanchez@rgrdlaw.com

ROBBINS GELLER RUDMAN
  & DOWD LLP
BRIAN E. COCHRAN (IL Bar # 6329016)
200 South Wacker Drive, 31st Floor
Chicago, IL  60606
Telephone:  312/674-4674
312/674-4676 (fax)
bcochran@rgrdlaw.com

[Proposed] Lead Counsel for [Proposed] Lead Counsel

- 8 -

4833-1283-3234.v1

- 9 -

JOHNSON FISTEL, LLP
MICHAEL I. FISTEL, JR.
40 Powder Springs Street
Marietta, GA  30064
Telephone:  470/632-6000
770/200-3101 (fax)
michaelf@johnsonfistel.com

HAGENS BERMAN SOBOL SHAPIRO LLP
REED R. KATHREIN
LUCAS E. GILMORE
715 Hearst Avenue, Suite 202
Berkeley, CA  94710
Telephone:  510/725-3000
510/725-3001 (fax)
reed@hbsslaw.com
lucasg@hbsslaw.com

Additional Counsel for [Proposed] Lead Plaintiff

CERTIFICATE OF SERVICE

I hereby certify under penalty of perjury that on November 20, 2020, I authorized the electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses on the attached Electronic Mail Notice List, and I hereby certify that I caused the mailing of the foregoing via the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List.

s/ DANIELLE S. MYERS
DANIELLE S. MYERS

ROBBINS GELLER RUDMAN
    & DOWD LLP
655 West Broadway, Suite 1900
San Diego, CA 92101-8498
Telephone: 619/231-1058
619/231-7423 (fax)

E-mail: dmyers@rgrdlaw.com

4833-1283-3234.v1

Case: 1:20-cv-05593 Document #: 44 Filed: 11/20/20 Page 13 of 13 PageID #:446

# Mailing Information for a Case 1:20-cv-05593 Hudson v. GoHealth, Inc. et al

## Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **Katrina Carroll**
  kcarroll@carlsonlynch.com

- **Megan Cunniff Church**
  mchurch@mololamken.com,CaseView.ECF@usdoj.gov

- **Chrisopher J. Clark**
  chris.clark@lw.com

- **Brian E. Cochran**
  BCochran@rgrdlaw.com,MBurch@rgrdlaw.com,e_file_sd@rgrdlaw.com

- **Lara A Flath**
  lara.flath@skadden.com,chdocket@skadden.com

- **Marcella Louise Lape**
  marcella.lape@skadden.com,chdocket@skadden.com

- **Carl V. Malmstrom**
  malmstrom@whafh.com

- **Jack Mitchell Mcneily**
  jack.mcneily@lw.com

- **Marvin Alan Miller**
  Mmiller@millerlawllc.com,ajewell@millerlawllc.com,LFanning@millerlawllc.com,drobinson@millerlawlllc.com,JRamirez@millerlawllc.com

- **Michelle A. Reed**
  mreed@akingump.com

- **Susan Leslie Saltzstein , Femal**
  susan.saltzstein@skadden.com

- **Sandeep Savla**
  sandeep.savla@lw.com

- **Matthew W. Walch**
  matthew.walch@lw.com,chicago-litigation-services-9637@ecf.pacerpro.com,chefiling@lw.com,matthew-walch-1973@ecf.pacerpro.com

## Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

- (No manual recipients)