# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| HELEN HUDSON, Individually and on Behalf of All Others Similarly Situated,<br><br>        Plaintiff,<br><br>vs.<br><br>GOHEALTH, INC., CLINTON P. JONES, BRANDON M. CRUZ, TRAVIS J. MATTHIESEN, NVX HOLDINGS, INC., CENTERBRIDGE PARTNERS, L.P., CCP III AIV VII HOLDINGS, L.P., CB BLIZZARD CO-INVEST HOLDINGS, L.P., BLIZZARD AGGREGATOR, LLC, CENTERBRIDGE ASSOCIATES III, L.P., CCP III CAYMAN GP LTD., GOLDMAN SACHS & CO. LLC, BOFA SECURITIES, INC. and MORGAN STANLEY & CO. LLC,<br><br>        Defendants. | Case No. 1:20-cv-05593<br><br>CLASS ACTION<br><br>Honorable Sharon Johnson Coleman |
| PIETRO PIUMETTI, Individually and On Behalf of All Others Similarly Situated,<br><br>        Plaintiff,<br><br>v.<br><br>GOHEALTH, INC., CLINTON P. JONES, BRANDON M. CRUZ, TRAVIS J. MATTHIESEN, NVX HOLDINGS, INC., CENTERBRIDGE PARTNERS, L.P., CCP III AIV VII HOLDINGS, L.P., CB BLIZZARD CO-INVEST HOLDINGS, L.P., BLIZZARD AGGREGATOR, LLC, CENTERBRIDGE ASSOCIATES III, L.P., and CCP III CAYMAN GP LTD.,<br><br>        Defendants. | Case No. 1:20-cv-05701<br><br>CLASS ACTION<br><br>Honorable Mary M. Rowland |

[Caption Continued On Next Page.]

| | |
|---|---|
| CHRISTOPHER STRIANESE, individually and on behalf of all others similarly situated,<br><br>       Plaintiff,<br><br>v.<br><br>GOHEALTH, INC., CLINTON P. JONES, BRANDON M. CRUZ, TRAVIS J. MATTHIESEN, NVX HOLDINGS, INC., CENTERBRIDGE PARTNERS, L.P., CCP III AIV VII HOLDINGS, L.P., CB BLIZZARD CO-INVEST HOLDINGS, L.P., BLIZZARD AGGREGATOR, LLC, CENTERBRIDGE ASSOCIATES III, L.P., CCP III CAYMAN GP LTD., GOLDMAN SACHS & CO. LLC, BOFA SECURITIES, INC. and MORGAN STANLEY & CO. LLC,<br><br>       Defendants. | Case No. 1:20-cv-05765<br><br>CLASS ACTION<br><br>Honorable Andrea R. Wood |

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT
OF THE MOTION OF THE GOHEALTH INVESTOR GROUP
FOR CONSOLIDATION OF THE ACTIONS, FOR APPOINTMENT
AS LEAD PLAINTIFF, AND APPROVAL OF SELECTION OF COUNSEL**

**TABLE OF CONTENTS**

PRELIMINARY STATEMENT ....................................................................................................1

STATEMENT OF FACTS ...........................................................................................................2

ARGUMENT.................................................................................................................................3

    I.      CONSOLIDATION OF THE RELATED ACTIONS IS APPROPRIATE............5

    II.    APPOINTMENT OF MOVANT AS LEAD PLAINTIFF IS APPROPRIATE. ....6

        A.      The Procedure Required by the PSLRA .......................................................6

            1.     Movant Is Willing to Serve as Class Representative .......................................7

            2.     Movant Has the Requisite Financial Interest in the Relief Sought by the Class ...................................................................................................................7

        B.      Movant Satisfies the Requirements of Federal Rule of Civil Procedure 23(a) ...........................................................................................................8

            1.     Movant's Claims Are Typical of the Claims of All Class Members................9

            2.     Movant Will Adequately Represent the Class.................................................10

    III.   APPROVAL OF MOVANT'S CHOICE OF COUNSEL IS APPROPRIATE ....11

CONCLUSION.............................................................................................................................12

## TABLE OF AUTHORITIES

**Cases**

*Chandler v. Ulta Beauty, Inc.*,
No. 18-cv-1577, 2018 U.S. Dist. LEXIS 107340 (N.D. Ill. June 26, 2018).................7, 10

*De La Fuente v. Stokely-Van Camp, Inc.*,
713 F.2d 225 (7th Cir. 1983) ............................................................................8

*Dura Pharm., Inc. v. Broudo*,
544 U.S. 336 (2005).........................................................................................7

*Gunderson v. Klondex Mines Ltd.*,
No. 3:18-cv-00256-LRH-CBC, 2018 U.S. Dist. LEXIS 213995 (D. Nev. Dec. 18, 2018)
...........................................................................................................................10

*In re Groupon Secs. Litig.*,
Master File No. 12 C 2450, 2012 U.S. Dist. LEXIS 123899 (N.D. Ill. Aug. 28, 2012)......8

*Johnson v. Tellabs, Inc.*,
214 F.R.D. 225 (N.D. Ill. 2002)....................................................................2, 9

*Lax v. First Merchants Acceptance Corp.*,
1997 U.S. Dist. LEXIS 11866 (N.D. Ill. Aug. 6, 1997) .....................................8

*Maiden v. Merge Techs., Inc.*,
No. 06-cv-349, 2006 U.S. Dist. LEXIS 85635 (E.D. Wis. Nov. 21, 2006).........................7

*Rosario v. Livaditis*,
963 F.2d 1013 (7th Cir. 1992) .........................................................................8

*Takara Trust v. Molex Inc.*,
229 F.R.D. 577 (N.D. Ill. 2005).....................................................................8, 9

**Rules**

Fed. R. Civ. P. 23 ........................................................................................ passim

Fed. R. Civ. P. 42(a) ...........................................................................................5

**PRELIMINARY STATEMENT**

Presently pending before the Court are the three above-captioned actions (the "Actions")[1] brought on behalf of all persons who purchased or otherwise acquired GoHealth, Inc. ("GoHealth" or the "Company") Class A common stock pursuant and/or traceable to the registration statement issued in connection with GoHealth's July 2020 initial public offering (the "IPO"). Plaintiffs in the Actions allege violations of the Securities Act of 1933 (the "Securities Act") against the Company, Clinton P. Jones, Brandon M. Cruz, Travis J. Matthiesen, NVX Holdings, Inc., Centerbridge Partners, L.P., CCP III AIV VII Holdings, L.P., CB Blizzard Co-Invest Holdings, L.P., Blizzard Aggregator, LLC, Centerbridge Associates III, L.P., CCP III Cayman Gp Ltd., Goldman Sachs & Co. LLC, BofA Securities, Inc. and Morgan Stanley & Co. LLC, (collectively the "Defendants").[2]

Muhammad Zeeshan, Sai Kumar Reddy Edavally, and Benjamin Neenan (collectively, the "GoHealth Investor Group" or "Movant") lost approximately $96,240.46 as a result of the misleading IPO Registration Statement (defined below). Movant respectfully submits this Memorandum of Law in support of its Motion for: (1) consolidation of the related Actions; (2) appointment as lead plaintiff ("Lead Plaintiff") pursuant to the Private Securities Litigation Reform Act of 1995, as amended (the "PSLRA"), 15 U.S.C. § 77z-1; and (3) approval of its selection of Levi & Korsinsky, LLP ("Levi & Korsinsky") and Bragar Eagel & Squire, P.C. ("BES") as Co-Lead Counsel and Pomerantz LLP ("Pomerantz") as Liaison Counsel.

---

[1] The Actions are captioned *Hudson v. GoHealth, Inc., et al.,* 1:20-cv-05593 (Sept. 21, 2020 N.D. Ill.) (the "*Hudson*" Action); *Piumetti v. GoHealth, Inc., et al.,* 1:20-cv-05701 (Sept. 25, 2020 N.D. Ill.) (the "*Piumetti*" Action); and *Strianese v. GoHealth, Inc., et al.,* 1:20-cv-05765 (Sept. 28, 2020 N.D. Ill.) (the "*Strianese*" Action). The *Piumetti* Action does not name Goldman Sachs & Co. LLC, BofA Securities, Inc., or Morgan Stanley & Co., LLC as defendants.

[2] The Actions allege violations under Sections 11 and 15 of the Securities Act.

The PSLRA provides for the Court to appoint as Lead Plaintiff the movant(s) that has the largest financial interest in the litigation who has also made a *prima facie* showing that it is an adequate class representative(s) under Federal Rule of Civil Procedure 23. *See generally Johnson v. Tellabs, Inc.*, 214 F.R.D. 225, 228 (N.D. Ill. 2002). Movant satisfies both requirements.

Movant believes that it has the largest financial interest in the outcome of the case.[3] As such, Movant meets the requirements of the PSLRA for appointment as Lead Plaintiff. Moreover, Movant satisfies the requirements of Rule 23 in that its claims are typical of the claims of the Class, and it will fairly and adequately represent the interests of the Class.[4]

Accordingly, Movant submits that the related cases should be consolidated and it should be appointed Lead Plaintiff. Additionally, Movant respectfully submits that its selection of Levi & Korsinsky and BES as Co-Lead Counsel and Pomerantz as Liaison Counsel is appropriate for approval by this Court to represent the Class.

## STATEMENT OF FACTS

GoHealth provides an end-to-end health insurance marketplace that purportedly specializes in matching consumers with Medicare Advantage plans. ¶ 2.[5]

This securities class action stems from the negligently prepared Registration Statement for the IPO and, as a result, contained untrue statements of material fact, omitted material facts

---

[3] Signed certifications from each member of the GoHealth Investor Group, as required by the PSLRA, as well as charts detailing their losses, are attached to the Declaration of Jeremy A. Lieberman, dated November 20, 2020 ("Lieberman Decl."), as Exhibits A and B, respectively.

[4] The Actions define the "Class" as "purchasers of GoHealth Class A common stock pursuant and/or traceable to the Registration Statement issued in connection with GoHealth's July 2020 IPO." Excluded from the Class are the Defendants, the officers and directors of GoHealth, at all relevant times, members of their immediate families and their legal representatives, heirs, successors or assigns, and any entity in which defendants have or had a controlling interest.

[5] Citations to "¶ " are to paragraphs of the Class Action Complaint (the "Complaint") filed in the *Hudson* Action on September 21, 2020. The facts set forth in the Complaint are incorporated herein by reference.

necessary to make the statements contained therein not misleading, and failed to make necessary disclosures required under the rules and regulations governing its preparation. ¶ 9. Specifically, the Registration Statement failed to disclose that at the time of the IPO: (i) the Medicare insurance industry was undergoing a period of elevated churn, which had begun in the first half of 2020; (ii) GoHealth suffered from a higher risk of customer churn as a result of its unique business model and limited carrier base; (iii) GoHealth suffered from degradations in customer persistency and retention as a result of elevated industry churn, vulnerabilities that arose from the Company's concentrated carrier business model, and GoHealth's efforts to expand into new geographies, develop new carrier partnerships and worsening product mix; (iv) GoHealth had entered into materially less favorable revenue sharing arrangements with its external sales agents; and (v) these adverse financial and operational trends were internally projected by GoHealth to continue and worsen following the IPO. *Id.*

GoHealth is organized as a holding company, with GoHealth Holdings, LLC ("GHH") as the Company's principal asset, which houses Company operations. ¶ 2. GHH was formerly known as Blizzard Parent, LLC ("Blizzard"), until it was acquired by the private equity firm Centerbridge Associates III, L.P., ("Centerbridge") in September 2019 for $1.1 billion in equity and cash (the "Acquisition"). *Id.* In connection with the Acquisition, Centerbridge also agreed to pay the Company's selling shareholders up to $275 million worth of additional contingent consideration if the Company achieved certain earnings targets in late 2019 and 2020. *Id.*

Following the Acquisition, GoHealth reported tremendous growth, purportedly generating $308 million in net revenues from September 13, 2019 through December 31, 2019, compared to just $231 million during the period from January 1, 2019 through September 12, 2019. ¶ 3. Thus,

GoHealth stated that it had generated substantially more revenues in the three-and-a-half months following the Acquisition than in the eight-and-a-half months preceding the Acquisition. *Id.*

GoHealth also represented that its business model was highly profitable and offered the best life time value of commissions ("LTV") from insurance carriers per consumer acquisition cost ("CAC") of any of its peers. ¶ 4.

Although GoHealth generated net losses in 2019, the Company claimed that this was because it was in growth mode and seeking to expand its presence as a dominant force in the Medicare insurance marketplace. ¶ 5. The Company's adjusted earnings before interest, taxes, depreciation and amortization ("EBITDA") increased considerably in the leadup to the IPO and claimed that its adjusted EBITDA had grown by 388% year over year to $170 million during its pro forma 2019 and by 394% year over year to $35 million during the first quarter of 2020. *Id.* Indeed, GoHealth incurred $75 million in contingent consideration liability from the close of the Acquisition through the end of the first quarter of 2020 to be paid out to the Company's prior owners. *Id.*

Unlike many competitors, the Company focused its business on just two insurance carriers, Humana and Anthem. ¶ 6. In the first quarter of 2020, 74% of GoHealth's entire net revenues were derived from just these two carriers. *Id.* GoHealth considers insurance carriers to be its primary customers, rather than consumers, because the carriers are responsible for paying commissions to GoHealth in exchange for GoHealth reliably placing policies in compliance with applicable regulations and carrier-specific requirements. ¶ 7.

On June 19, 2020 – just nine months after the Acquisition – GoHealth filed with the United States Securities and Exchange Commission ("SEC") a registration statement for the IPO on Form S-1, which, after two amendments, was declared effective on July 14, 2020 (the "Registration

Statement"). ¶ 8. On July 16, 2020, GoHealth filed with the SEC a prospectus for the IPO on Form 424B4, which incorporated and formed part of the Registration Statement. *Id.* The Registration Statement was used to sell to the investing public 43.5 million shares of GoHealth Class A common stock at $21 per share, for total gross proceeds of $913.5 million. *Id.* Proceeds from the IPO were used primarily for the purpose of paying Company insiders and Centerbridge and consummating financial obligations which had arisen from the Acquisition. *Id.*

Shortly after the IPO, the price of GoHealth Class A common stock suffered significant price declines, and by September 15, 2020, GoHealth Class A common stock closed at just $12.53 per share – over 40% below the $21 per share price investors paid for the stock in the IPO less than two months previously. ¶ 10.

As a result of Defendants' wrongful acts and omissions, and the precipitous decline in the market value of the Company's stock, Movant and other Class members have suffered significant losses and damages.

## ARGUMENT

### I. CONSOLIDATION OF THE RELATED ACTIONS IS APPROPRIATE.

Pursuant to Federal Rule of Civil Procedure 42(a) and the PSLRA, consolidation is proper when actions involve common questions of law and fact. 15 U.S.C. § 77z-1. The related Actions should be consolidated as they are brought against the same defendants, based on the same subject matter, and allege violations of the Securities Act. Because the related Actions arise from the same facts and circumstances and involve the same subject matter, consolidation under Rule 42(a) is appropriate. *See* FED. R. CIV. P. 42(a).

## II. APPOINTMENT OF MOVANT AS LEAD PLAINTIFF IS APPROPRIATE.

### A. The Procedure Required by the PSLRA

The PSLRA establishes the procedure for appointment of the Lead Plaintiff in "each private action arising under [the Securities Act] that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure." 15 U.S.C. § 77z-1(a). The plaintiff who files the initial action must publish notice to the class within 20 days after filing the action, informing class members of their right to file a motion for appointment of Lead Plaintiff. 15 U.S.C. § 77z-1(a)(3)(A). The PSLRA requires the Court to consider within 90 days all motions filed within 60 days after publication of that notice by any person or group of persons who are members of the proposed class to be appointed Lead Plaintiff. 15 U.S.C. § 77z-1(a)(3)(B). The PSLRA provides a presumption that the most "adequate plaintiff" to serve as Lead Plaintiff is the "person or group of persons" that:

> (aa) has either filed the complaint or made a motion in response to a notice . . . ;
>
> (bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and
>
> (cc) otherwise satisfies the requirements of Federal Rule of Civil Procedure 23.

15 U.S.C. § 77z-1(a)(3)(B)(iii)(I); *In re Boeing Co. Aircraft Sec. Litig.*, 19 CV 2394, 2019 U.S. Dist. LEXIS 198259, at *5 (N.D. Ill. Nov. 15, 2019), *reconsideration denied*, 19 CV 2394, 2020 U.S. Dist. LEXIS 15012 (N.D. Ill. Jan. 28, 2020). The presumption may be rebutted only upon proof by a class member that the presumptively most adequate plaintiff "will not fairly and adequately protect the interests of the class" or "is subject to unique defenses that render such plaintiff incapable of adequately representing the class." 15 U.S.C. § 77z-1(a)(3)(B)(iii)(II).

As set forth below, Movant satisfies the foregoing criteria and is not aware of any unique

defenses to which it is subject. Therefore, Movant is entitled to the presumption that it is the most adequate plaintiff to represent the Class and, as a result, should be appointed Lead Plaintiff in a consolidated action.

### 1. Movant Is Willing to Serve as Class Representative.

On September 21, 2020, counsel in the first-filed action caused a notice (the "Notice") to be published pursuant to Section 27(a)(3)(A) of the Securities Act announcing that a securities class action had been filed against GoHealth and certain other defendants and advising putative class members that they had sixty days from the date of the Notice to file a motion to seek appointment as Lead Plaintiff in the Actions.[6]

Movant has reviewed the complaints filed in the Actions and timely filed the instant Motion pursuant to the Notice.

### 2. Movant Has the Requisite Financial Interest in the Relief Sought by the Class.

According to 15 U.S.C. § 77z-1, the Court shall appoint as Lead Plaintiff the movant or movants with the largest financial loss in the relief sought by the action. As demonstrated herein, Movant has the largest known financial interest in the relief sought by the Class. *See* Loss Chart, Lieberman Decl., Ex. B. The movant who "has the largest financial interest in this litigation and meets the adequacy and typicality requirements of Rule 23 . . . is presumptively entitled to lead plaintiff status." *Maiden v. Merge Techs., Inc.*, No. 06-cv-349, 2006 U.S. Dist. LEXIS 85635, at *13 (E.D. Wis. Nov. 21, 2006) (citation omitted).

Movant purchased GoHealth securities in reliance upon the materially false and misleading statements issued by Defendants and was injured thereby. Movant purchased GoHealth shares pursuant and/or traceable to the misleading Registration Statement and lost $96,240.46. *See* Loss

---

[6] The Notice was published over *Business Wire*, a widely-circulated national business-oriented wire service. *See* Press Release, Lieberman Decl. Ex. C.

Chart, Lieberman Decl. Ex. B. Importantly, pursuant to the Supreme Court's decision in *Dura Pharm., Inc. v. Broudo*, 544 U.S. 336 (2005), only losses incurred as a result of the wrongdoing alleged against the Defendants can be considered when determining largest financial interest. *See Chandler v. Ulta Beauty, Inc.*, No. 18-cv-1577, 2018 U.S. Dist. LEXIS 107340, at *11-12 (N.D. Ill. June 26, 2018) (excluding losses incurred by selling securities prior to corrective disclosures in underlying action). To the best of its knowledge, there are no other applicants who have sought, or are seeking, appointment as Lead Plaintiff that have a larger recoverable financial interest and also satisfy Rule 23.

### B. Movant Satisfies the Requirements of Federal Rule of Civil Procedure 23(a).

According to 15 U.S.C. § 77z-1(a)(3)(B), in addition to possessing the largest financial interest in the outcome of the litigation, the Lead Plaintiff must also "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure." Rule 23(a) provides that a party may serve as a class representative if the following four requirements are satisfied:

> (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class.

FED. R. CIV. P. 23(a).

Of the four prerequisites to class certification outlined in Rule 23, only two – typicality and adequacy – are recognized as appropriate for consideration at this stage. *Takara Trust v. Molex Inc.*, 229 F.R.D. 577, 580 (N.D. Ill. 2005). Furthermore, only a "preliminary showing" of typicality and adequacy is required. *See In re Groupon Sec. Litig.*, No. 12 C 2450, 2012 U.S. Dist. LEXIS 123899, at *9 (N.D. Ill. Aug. 28, 2012). Consequently, in deciding a motion to serve as Lead Plaintiff, the Court should limit its inquiry to the typicality and adequacy prongs of Rule 23(a), and defer examination of the remaining requirements until the Lead Plaintiff moves for class

8

certification. *See Lax v. First Merchants Acceptance Corp.*, 1997 U.S. Dist. LEXIS 11866, at \*20 (N.D. Ill. Aug. 6, 1997).

As detailed below, Movant satisfies both the typicality and adequacy requirements of Rule 23, thereby justifying its appointment as Lead Plaintiff.

### 1. Movant's Claims Are Typical of the Claims of All Class Members.

Under Rule 23(a)(3), typicality exists where "the claims . . . of the representative parties" are "typical of the claims . . . of the class." The typicality requirement of Rule 23(a)(3) is satisfied when the representative plaintiff's claims arise from the same event or course of conduct that gives rise to claims of other class members and the claims are based on the same legal theory. *See Rosario v. Livaditis*, 963 F.2d 1013, 1018 (7th Cir. 1992). The typicality requirement, however, does not demand that the representative party be situated identically to all other members of the Class. *See De La Fuente v. Stokely-Van Camp, Inc.*, 713 F.2d 225, 232-33 (7th Cir. 1983), *overruled on other grounds by Green v. Mansour*, 474 U.S. 64 (1985). Movant plainly meets the typicality requirement of Rule 23 because it: (1) suffered the same injuries as the absent class members; (2) suffered as a result of the same course of conduct by Defendants; and (3) has claims based on the same legal issues. *See Takara Trust*, 229 F.R.D. at 580.

In this case, the typicality requirement is met because the claims of Movant are identical to, and neither compete nor conflict with, the claims of other Class members. Movant, like other members of the Class, purchased GoHealth securities pursuant and/or traceable to the Registration Statement at prices artificially inflated by Defendants' materially false and misleading statements, and was damaged thereby. Thus, the claims of Movant are typical, if not identical, to those of the other members of the Class because Movant suffered losses similar to those of other Class members and its losses result from Defendants' common course of wrongful conduct.

9

Accordingly, Movant satisfies the typicality requirement of Rule 23(a)(3). *See Tellabs*, 214 F.R.D. at 228.

### 2. Movant Will Adequately Represent the Class.

Movant is an adequate class representative. Under Rule 23(a)(4), the representative party must "fairly and adequately protect the interests of the class." The PSLRA directs the Court to limit its inquiry regarding the adequacy of the movant to whether the interests of the movant are clearly aligned with the members of the putative Class and whether there is any evidence of antagonism between the interests of the movant and other members of the Class. 15 U.S.C. § 77z-1(a)(3)(B); *see Takara Trust*, 229 F.R.D. at 580.

Movant's interests are clearly aligned with those of other members of the Class. Not only is there no evidence of antagonism between Movant's interests and those of other Class members, but Movant has a significant and compelling interest in prosecuting a consolidated action based on the large financial losses it suffered as a result of the alleged wrongful conduct. This motivation, combined with Movant's identical interest with the members of the Class, demonstrates that Movant will vigorously pursue the interests of the Class.

Further, as detailed in Movant's Joint Declaration, the members of the GoHealth Investor Group are sophisticated investors with substantial experience investing in capital markets that are committed to managing the related Actions. Lieberman Decl., Ex. D ¶¶ 2-4. They have committed to providing fair and adequate representation, overseeing counsel, and obtaining the largest possible recovery against all culpable parties consistent with good faith and vigorous advocacy. *Id.* ¶¶ 6-13. To ensure this litigation is managed effectively, they have agreed to make themselves available for any appearances, depositions, and other necessary meetings to facilitate the prosecution of the related Actions. *Id.* ¶ 8.

In addition, Movant has retained counsel highly experienced in prosecuting securities class actions, and herewith submits its choice to the Court for approval pursuant to 15 U.S.C. § 77z-1(a)(3)(B)(v). Therefore, Movant will prosecute the Actions vigorously on behalf of the Class.

Accordingly, at this stage of the proceedings, Movant has made the preliminary showing necessary to satisfy the typicality and adequacy requirements of Rule 23 and, therefore, satisfies 15 U.S.C. § 77z-1(a)(3)(B)(iii)(I). In addition, because Movant has sustained the largest amount of losses from Defendants' alleged wrongdoing, it is, therefore, the presumptive Lead Plaintiff in accordance with 15 U.S.C. § 77z-1(a)(3)(B), and its appointment as Lead Plaintiff in a consolidated action is appropriate.

### III. APPROVAL OF MOVANT'S CHOICE OF COUNSEL IS APPROPRIATE.

The PSLRA vests authority in the Lead Plaintiff to select and retain Co-Lead Counsel, subject to Court approval. 15 U.S.C. § 77z-1(a)(3)(B)(v). The Court should interfere with the Lead Plaintiff's selection of counsel only when necessary "to protect the interests of the class." 15 U.S.C. § 77z-1(a)(3)(B)(iii)(II)(aa).

Movant has selected and retained Levi & Korsinsky and BES as the proposed Co-Lead Counsel for the Class and Pomerantz as the proposed Liaison Counsel for the Class. The members of Levi & Korsinsky, BES, and Pomerantz have extensive experience in successfully prosecuting complex securities class actions such as this one and are well-qualified to represent the Class. *See* Lieberman Decl. Ex. E (Firm Résumés of Levi & Korsinsky, BES, and Pomerantz). Moreover, Levi & Korsinsky and BES have been appointed Co-Lead Counsel in similar actions arising under the federal securities laws on behalf of investors. *See, e.g.*, *Gunderson v. Klondex Mines Ltd.,* No. 3:18-cv-00256-LRH-CBC, 2018 U.S. Dist. LEXIS 213995, at *12 (D. Nev. Dec. 18, 2018) (appointing Levi & Korsinsky as Co-Lead Counsel finding "no reason that . . . LK . . . will not

11

fairly and adequately represent the interests of the class"); *Isaacs*, No. 18-cv-04865-EMC, 2018 U.S. Dist. LEXIS 200717, at *8 (appointing Levi & Korsinsky as Co-Lead Counsel) *recons. denied In re Tesla, Inc. Sec. Litig.*, No. 18-cv-04865-EMC, 2018 U.S. Dist. LEXIS 212238; *Chandler*, 2018 U.S. Dist. LEXIS 107340, at *18 (appointing Levi & Korsinsky and noting the firm's "extensive experience . . . in the area of securities law"); *Liebs v. Supreme Indus.*, No. 2:16-cv-08230-CAS(SSx), 2017 U.S. Dist. LEXIS 14961, at *7-8 (C.D. Cal. Jan. 31, 2017) (appointing BES as co-lead counsel and noting "extensive experience and expertise in class action securities litigation"); *Turnofsky v. electroCore, Inc.*, No. 19-18400, 2020 U.S. Dist. LEXIS 72313, at *16 (D. N.J. Apr. 24, 2020 (BES appointed lead counsel, noting "experience litigation securities class actions")

## CONCLUSION

For the foregoing reasons, Movant respectfully requests that this Court: (1) consolidate the Actions; (2) appoint Movant as Lead Plaintiff for the Class in the Actions; and (3) approve its selection of Levi & Korsinsky and BES as Co-Lead Counsel and Pomerantz as Liaison Counsel for the Class.

Dated: November 20, 2020          Respectfully submitted,

**POMERANTZ LLP**

*/s/ Jeremy A. Lieberman*
Jeremy A. Lieberman
600 Third Avenue, 20th Floor
New York, New York 10016
Telephone: (212) 661-1100
Facsimile: (212) 661-8665
jalieberman@pomlaw.com

**POMERANTZ LLP**
Patrick V. Dahlstrom
10 South LaSalle Street, Suite 3505
Chicago, Illinois 60603

12

Telephone: (312) 377-1181
Facsimile: (312) 377-1184
pdahlstrom@pomlaw.com

*Liaison Counsel for Movant and [Proposed]*
*Liaison Counsel for the Class*

**LEVI & KORSINSKY, LLP**
Shannon L. Hopkins
(*pro hac vice* application forthcoming)
1111 Summer Street, Suite 403
Stamford, Connecticut 06905
Telephone: (203) 992-4523
shopkins@zlk.com

**BRAGAR EAGEL & SQUIRE, P.C.**
Melissa A. Fortunato
580 California Street, Suite 1200
San Francisco, California 94014
Telephone: (415) 568-2124
fortunato@bespc.com

*Co-Counsel for Movant and [Proposed] Lead*
*Counsel for the Class*

**BRONSTEIN, GEWIRTZ &
GROSSMAN, LLC**
Peretz Bronstein
(*pro hac vice* application forthcoming)
60 East 42nd Street, Suite 4600
New York, New York 10165
Telephone: (212) 697-6484
Facsimile: (212) 697-7296
peretz@bgandg.com

*Additional Counsel for Muhammad Zeeshan*

13