# EXHIBIT E

# LEVI&KORSINSKY LLP

New York          55 Broadway
                  10th Floor
                  New York, NY 10006
                  T. 212-363-7500
                  F. 212-363-7171


Washington, D.C.  1101 30th Street NW
                  Suite 115
                  Washington, D.C. 20007
                  T. 202-524-4290
                  F. 202-333-2121

Connecticut       1111 Summer Street
                  Suite 401
                  Stamford, CT 06905
                  T. 203-992-4523

California         *Los Angeles*
                  445 South Figueroa Street
                  31st Floor
                  Los Angeles, CA 90071
                  T. 213-985-7290

                  *San Francisco*
                  388 Market Street
                  Suite 1300
                  San Francisco, CA 94111
                  T. 415-373-1671
                  F. 415-484-1294

## LEVI&KORSINSKY LLP

NEW YORK I WASHINGTON, D.C. I CONNECTICUT I CALIFORNIA

# ABOUT THE FIRM

Levi & Korsinsky, LLP is a national law firm with decades of combined experience litigating complex securities, class, and consumer actions in state and federal courts throughout the country. Our main office is located in New York City and we also maintain offices in Connecticut, California, and Washington, D.C.

We represent the interests of aggrieved shareholders in class action and derivative litigation through the vigorous prosecution of corporations that have committed securities fraud and boards of directors who have breached their fiduciary duties. We have served as Lead and Co-Lead Counsel in many precedent–setting litigations, recovered millions of dollars for shareholders via securities fraud lawsuits, and obtained fair value, multi-billion-dollar settlements in merger transactions.

We also represent clients in high-stakes consumer class actions against some of the largest corporations in America. Our legal team has a long and successful track record of litigating high-stakes, resource-intensive cases and consistently achieving results for our clients.

Our attorneys are highly skilled and experienced in the field of securities class action litigation. They bring a vast breadth of knowledge and skill to the table and, as a result, are frequently appointed Lead Counsel in complex shareholder and consumer litigations in various jurisdictions. We are able to allocate substantial resources to each case, reviewing public documents, interviewing witnesses, and consulting with experts concerning issues particular to each case. Our attorneys are supported by exceptionally qualified professionals including financial experts, investigators, and administrative staff, as well as cutting-edge technology and e-discovery systems. Consequently, we are able to quickly mobilize and produce excellent litigation results.  Our ability to try cases, and win them, results in substantially better recoveries than our peers.

We do not shy away from uphill battles – indeed, we routinely take on complex and challenging cases, and we prosecute them with integrity, determination, and professionalism.

*"...a model for how [the] great legal profession should conduct itself."*

Justice Timothy S. Driscoll in *Grossman v. State Bancorp, Inc.*,
Index No. 600469/2011 (N.Y. Sup. Ct. Nassau Cnty. Nov. 29, 2011)

# LEVI&KORSINSKY LLP

NEW YORK I WASHINGTON, D.C. I CONNECTICUT I CALIFORNIA

## PRACTICE AREAS

## Securities Fraud Class Actions

According to Lex Machina's second annual Securities Litigation Report, Levi & Korsinsky was named the Top Securities Firm for the period of January 2017 and June 30, 2018, with 266 lawsuits filed during that period. Law360.com dubbed the Firm one of the "busiest securities firms" in what is "on track to be one of the busiest [years] for federal securities litigation." Our firm has been appointed Lead Counsel in a significant number of class actions filed in both federal and state courts across the country.

In *Scheller v. Nutanix Inc.,* 19-cv-01651-WHO (N.D. Cal. Jul. 10, 2019) defendants' motion to dismiss was denied, and the case is now in discovery.

In *In re Tesla Inc. Securities Litigation,* 18-cv-04865-EMC (N.D. Cal), the firm is sole Lead Counsel representing the class of Tesla investors who were injured as a result of Elon Musk's "funding secured" tweet of August 7, 2018. The case has survived defendants' motion to dismiss and is now in discovery. It is set for trial in March 2022. Damages are estimated as exceeding $2 billion.

In *In re U.S. Steel Consolidated Cases*, 17-559-CB (W.D. Pa.) the firm is sole Lead Counsel representing U.S. Steel investors who were harmed by U.S. Steel's misrepresentations regarding the maintenance of its manufacturing facilities. Defendants' motion to dismiss has been denied and the class of investors certified by the District Court. The class action case is now in discovery. Damages are estimated as exceeding $1 billion.

In *Ford v. TD Ameritrade Holding Corporation*, 14-cv-396 (D. Neb.), the Firm was appointed Lead Counsel representing customers harmed by securities fraud scheme that has netted TD Ameritrade well over a billion dollars at their expense since the beginning of the class period at the cost of the execution quality of their orders. After defeating a motion to dismiss, we achieved certification of the class using cutting edge data analysis techniques to precisely measure damages incurred by the millions of class members.

In *Rougier v. Applied Optoelectronics, Inc.,* 17-cv-2399 (S.D. Tex.) the Firm is sole Lead Counsel and has prevailed on a Motion to Dismiss and Motion for Class Certification. The court granted preliminary approval of the proposed settlement on August 25, 2020.

In *In re Avon Products Inc. Securities Litigation*, 1:19-cv-01420-MKV (S.D.N.Y.) the Firm is Lead Counsel and prevailed on a motion to dismiss. A preliminary settlement in this class action case is pending.

In *In re Restoration Robotics, Inc. Sec. Litig.*, 5:18-cv-03712-EJD (N.D. Cal. 2018), the Firm is sole Lead Counsel and has prevailed on a Motion to Dismiss. The class action is in the early stages of discovery and shareholders stand to recover damages in connection with an Initial Public Offering.

In *Stein v. U.S. Xpress Enterprises, Inc., et al.*, 1:19-cv-98-HSM (E.D. Tenn. Jul. 18, 2020) the Firm is Co-Lead Counsel and has prevailed on a Motion to Dismiss. The class action is in the early stages of discovery and shareholders stand to recover damages in connection with an Initial Public Offering.

We have also been appointed Lead or Co-Lead Counsel in the following securities class actions:

- *Snyder v. Baozun Inc.,* 1:19-cv-11290-ALC (S.D.N.Y. Sept. 8, 2020)
- *In re eHealth Inc. Sec. Litig.*, 20-cv-02395-JST (N.D.Cal. Jun. 24, 2020)
- *Mehdi v. Karyopharm Therapeutics Inc.*, 19-cv-11972-NMG (D. Mass. Apr. 29, 2020)
- *Brown v. Opera Ltd.*, 20-cv-00674-JGK (S.D.N.Y. Apr. 17, 2020)
- *In re Dropbox Sec. Litig.*, 19-cv—06348-BLF (N.D.Cal. Jan. 16, 2020)

# LEVI&KORSINSKY LLP

NEW YORK I WASHINGTON, D.C. I CONNECTICUT I CALIFORNIA

- *Chen v. Yunji Inc.*, 19-cv-6403-LDH-SMG (E.D.N.Y. Feb. 3, 2020)
- *Zhang v. Valaris plc*, 19-cv-7816-NRB (S.D.N.Y. Dec. 23, 2019)
- *In re Sundial Growers Inc. Sec. Litig.*, 19-cv-08913-ALC (S.D.N.Y. Dec. 20, 2019)
- *Costanzo v. DXC Technology Co.*, 19-cv-05794-BLF (N.D.Cal. Nov. 20, 2019)
- *Ferraro Family Foundation, Inc. et al., v. Corcept Therapeutics Incorporated,* 19-cv-1372-LHK (N.D.Cal. Oct. 7, 2019)
- *Roberts v. Bloom Energy Corp.*, 19-cv-02935-HSG (N.D.Cal. Sept. 3, 2019)
- *Luo v. Sogou Inc.*, 1:19-cv-00230-JPO (S.D.N.Y. Apr. 2, 2019)
- *Jakobsen v. Aphria Inc.*, 18-cv-11376-GBD (S.D.N.Y. Mar. 27, 2019)
- *Chew v. MoneyGram International, Inc.*, 1:18-cv-07537 (E.D. Ill. Feb. 12, 2019)
- *Johnson v. Costco Wholesale Corp.*, 18-cv-01611-TSZ (W.D.Wash. Jan. 30, 2019)
- *Tung v. Dycom Industries, Inc.*, 9:18-cv-81448-RLR (S.D. Fla. Jan. 11, 2019)
- *Guyer v. MGT Capital Investments, Inc.*, 1:18-cv-09228-LAP (S.D.N.Y. Jan. 9, 2019)
- *In re Adient plc Sec. Litig.,* 1:18-CV-09116 (S.D.N.Y. Dec. 21, 2018)
- *In re Tesla Inc. Sec. Litig.*, 3:18-cv-04865-EMC (N.D. Cal. Nov. 27, 2018)
- *In re Helios and Matheson Analytics, Inc. Sec. Litig.,* 1:18-cv-06965-JGK (S.D.N.Y. Nov. 16, 2018)
- *In re Prothena Corp. plc Sec. Litig.,* 1:18-cv-06425 (S.D.N.Y. Oct. 31, 2018)
- *Pierrelouis v. Gogo Inc.*, 18-cv-04473 (N.D. Ill. Oct. 10, 2018)
- *Balestra v. Cloud With Me Ltd.*, 2:18-cv-00804-LPL (W.D. Pa. Oct. 18, 2018)
- *Pierrelouis v. Gogo Inc.,* 1:18-cv-04473 (N.D. Ill. Oct. 10, 2018)
- *In re Restoration Robotics, Inc. Sec. Litig.*, 5:18-cv-03712-EJD (N.D. Cal. Oct. 2, 2018)
- *Richmond v. Mercury Systems, Inc.*, 1:18-cv-11434-IT (D. Mass. Sept. 27, 2018)
- *Balestra v. Giga Watt, Inc.*, 2:18-cv-00103-SMJ (E.D. Wash. June 28, 2018)
- *Chandler v. Ulta Beauty, Inc.*, 1:18-cv-01577 (N.D. Ill. June 26, 2018)
- *In re Longfin Corp. Sec. Litig.*, 1:18-cv-2933 (S.D.N.Y. June 25, 2018)
- *Chahal v. Credit Suisse Group AG*, 1:18-cv-02268-AT (S.D.N.Y. June 21, 2018)
- *In re Bitconnect Sec. Litig.*, 9:18-cv-80086-DMM (S.D. Fla. June 19, 2018)
- *In re Aqua Metals Sec. Litig.*, 4:17-cv-07142-HSG (N.D. Cal. May 23, 2018)
- *Davy v. Paragon Coin, Inc.*, 4:18-cv-00671-JSW (N.D. Cal. May 10, 2018)
- *Rensel v. Centra Tech, Inc.*, 17-cv-24500-JLK (S.D. Fla. Apr. 11, 2018)
- *Cullinan v. Cemtrex, Inc.* 2:17-cv-01067 (E.D.N.Y. Mar. 3, 2018)
- *Emerson v. Genocea Biosciences, Inc.*, 1:17-cv-12137 (D. Mass. Feb. 2, 2018)
- *In re Navient Corporation Sec. Litig.*, 1:17-cv-08373-RBK-AMD (D.N.J. Feb. 2, 2018)
- *Huang v. Depomed, Inc.*, 3:17-cv-04830-JST (N.D. Cal. Dec. 8, 2017)
- *In re Regulus Therapeutics Inc. Sec. Litig.,* 3:17-cv-00182-BTM-RBB (D. Mass. Oct. 26, 2017)
- *Murphy III v. JBS S.A.,* 1:17-cv-03084-ILG-RER (E.D.N.Y. Oct. 10, 2017)
- *Goldsmith v. Weibo Corporation*, 2:17-cv-04728-SRC-CLW (D.N.J. Sept. 28, 2017)
- *Hinshaw v. Neurotrope, Inc.,* 1:17-cv-03718-LGS (S.D.N.Y. Aug. 10, 2017)

LEVI&KORSINSKY LLP
NEW YORK I WASHINGTON, D.C. I CONNECTICUT I CALIFORNIA

- *Ohren v. Amyris, Inc.,* 3:17-cv-002210-WHO (N.D. Cal. Aug. 8, 2017)
- *Beezley v. Fenix Parts, Inc.,* 2:17-cv-00233 (D.N.J. June 28, 2017)
- *M & M Hart Living Trust v. Global Eagle Entertainment, Inc.,* 2:17-cv-01479 (C.D. Cal. June 26, 2017)
- *Maurer v. Argos Therapeutics, Inc.,* 1:17-cv-00216 (M.D.N.C. June 23, 2017)
- *Ruedelstei v. U.S. Concrete, Inc.,* 4:17-cv-266 (N.D. Tex. June 22, 2017)
- *In re Aratana Therapeutics, Inc. Sec. Litig.,* 1:17-cv-880 (S.D.N.Y. June 6, 2017)
- *In re Insys Therapeutics, Inc.,* 1:17-cv-1954 (S.D.N.Y. May 31, 2017)
- *Clevlen v. Anthera Pharmaceuticals, Inc.,* 3:17-cv-00715 (N.D. Cal. May 18, 2017)
- *In re Agile Therapeutics, Inc. Sec. Litig.*, 3:17-cv-00119-AET-LHG (D.N.J. May 15, 2017)
- *Roper v. SITO Mobile Ltd.,* 2:17-cv-01106-ES-MAH (D.N.J. May 8, 2017)
- *In re Illumina, Inc. Sec. Litig.*, 3:16-cv-03044-L-KSC (S.D. Cal. Mar. 30, 2017)
- *Michael Gregory v ProNAi,* 1:16-cv-08703-PAE (Mass. Sup. Ct. Feb. 1, 2017)
- *In re PTC Therapeutics, Inc.,* 2:16-cv-01224-KM-MAH (D.N.J. Nov. 14, 2016)
- *Wilbush v. Ambac Financial Group, Inc.,* Civ. No. 1:16-cv-05076 RMB (S.D.N.Y. Oct. 11, 2016)
- *The TransEnterix Investor Group v. TransEnterix, Inc.*, 5:16-cv-00313-D (E.D.N.C. Aug. 30, 2016)
- *Gormley v. magicJack VocalTec Ltd.*, 1:16-cv-01869-VM (S.D.N.Y. July 12, 2016)
- *Azar v. Blount Int'l Inc.,* Civ. No. 3:16-cv-00483-SI (D. Or. July 1, 2016)
- *Plumley v. Sempra Energy*, 3:16-cv-00512-BEN-RBB (S.D. Cal. June 6, 2016)
- *Francisco v. Abengoa, S.A.,* 1:15-cv-06279-ER (S.D.N.Y. May 24, 2016)
- *Harrington v. Tetraphase Pharmaceuticals, Inc.,* Civ. No. 1:16-cv-10133-LTS (D. Mass. May 13, 2016)
- *De Vito v. Liquid Holdings Group, Inc.*, 2:15-cv-06969-KM-JBC (D.N.J. Apr. 7, 2016)
- *In re OvaScience Inc. Stockholder Litig.,* C.A. No. 15-3087-BLS2 (Mass. Super. Ct. Apr. 2, 2016)
- *Ford v. Natural Health Trends Corp.,* 2:16-cv-00255-TJH-AFM (C.D. Cal. Mar. 29, 2016)
- *Levin v. Resource Capital Corp.,* 1:15-cv-07081-LLS (S.D.N.Y. Nov. 24, 2015)
- *Martin v. Altisource Residential Corp.,* 1:15-cv-00024 (D.V.I. Oct. 7, 2015)
- *Paggos v. Resonant, Inc.,* 2:15-cv-01970 SJO (VBKx) (C.D. Cal. Aug. 7, 2015)
- *Fragala v. 500.com Ltd.,* 2:15-cv-01463-MMM (C.D. Cal. July 7, 2015)
- *Stevens v. Quiksilver Inc.*, 8:15-cv-00516-JVS-JCGx. (C.D. Cal. June 26, 2015)
- *In re Ocean Power Technologies, Inc. Sec. Litig.*, 14-3799 (FLW) (LHG) (D.N.J. Mar. 17, 2015)
- *In re Energy Recovery Inc. Sec. Litig.*, 3:15-cv-00265 (N.D. Cal. Jan. 20, 2015)
- *Klein v. TD Ameritrade Holding Corp.*, 3:14-cv-05738 (D. Neb. Dec. 2, 2014)
- *In re China Commercial Credit Sec. Litig.,* 1:15-cv-00557 (ALC) (D.N.J. Oct. 31, 2014)
- *In re Violin Memory, Inc. Sec. Litig.,* 4:13-cv-05486-YGR (N.D. Cal. Feb. 26, 2014)
- *Berry v. Kior, Inc.*, 4:13-cv-02443 (S.D. Tex. Nov. 25, 2013)
- *In re OCZ Technology Group, Inc. Sec. Litig.*, 3:12-cv-05265-RS (N.D. Cal. Jan. 4, 2013)
- *In re Digital Domain Media Group, Inc. Sec. Litig.*, 12-CIV-14333 (JEM) (S.D. Fla. Sept. 20, 2012)

LEVI&KORSINSKY LLP

NEW YORK I WASHINGTON, D.C. I CONNECTICUT I CALIFORNIA

# Derivative, Corporate Governance & Executive Compensation

We protect shareholders by enforcing the obligations of corporate fiduciaries. We are a leader in achieving important corporate governance reforms for the benefit of shareholders. Our efforts include the prosecution of derivative actions in courts around the country, making pre-litigation demands on corporate boards to investigate misconduct and taking remedial action for the benefit of shareholders. In situations where a company's board responds to a demand by commencing its own investigation, we frequently work with the board's counsel to assist with and monitor the investigation, ensuring that the investigation is thorough and conducted in an appropriate manner.

We also have successfully prosecuted derivative and class action cases to hold corporate executives and board members accountable for various abuses and to help preserve corporate assets through long-lasting and meaningful corporate governance changes, thus ensuring that prior misconduct does not reoccur. We have extensive experience challenging executive compensation, recapturing assets for the benefit of companies and their shareholders. In addition, we have secured corporate governance changes to ensure that executive compensation is consistent with shareholder-approved compensation plans, company performance, and federal securities laws.

In *In re Google Inc. Class C Shareholder Litigation*, C.A. No. 7469-CS (Del. Ch.), we challenged a stock recapitalization transaction to create a new class of nonvoting shares and strengthen the corporate control of the Google founders. We helped achieve an agreement that provided an adjustment payment to existing shareholders harmed by the transaction as well as providing enhanced board scrutiny of the Google founders' ability to transfer stock. Ultimately, Google's shareholders received payments of $522 million and total net benefits estimated as exceeding $3 billion.

In *In re Activision, Inc. Shareholder Derivative Litigation*, No. 06-cv-04771-MRP (JTLX) (C.D. Cal.), we were Co-Lead Counsel and challenged executive compensation related to the dating of options. This effort resulted in the recovery of more than $24 million in excessive compensation and expenses, as well as the implementation of substantial corporate governance changes.

In *Pfeiffer v. Toll* (Toll Brothers Derivative Litigation)**,** C.A. No. 4140-VCL (Del. Ch.), we prevailed in defeating defendants' motion to dismiss in a case seeking disgorgement of profits that company insiders reaped through a pattern of insider-trading. After extensive discovery, we secured a settlement returning $16.25 million in cash to the company, including a significant contribution from the individuals who traded on inside information.

In *Rux v. Meyer*, C.A. No. 11577-CB (Del. Ch.), we challenged the re-purchase by Sirius XM of its stock from its controlling stockholder, Liberty Media, at an inflated, above-market price. After defeating a motion to dismiss and discovery, we obtained a settlement where SiriusXM recovered $8.25 million, a substantial percentage of its over-payment.

In *In re EZCorp Inc. Consulting Agreement Derivative Litig.*, C.A. 9962-VCL, (Del. Ch.), we challenged lucrative consulting agreements between EZCorp and its controlling stockholders. After surviving multiple motions to dismiss, we obtained a settlement where EZCorp was repaid $6.5 million it had paid in consulting fees, or approximately 33% of the total at issue and the consulting agreements were discontinued.

In *Scherer v. Lu*, (Diodes Incorporated), No. 13-358-GMS, 2014 U.S. Dist. LEXIS 196440 (D. Del.), we secured the cancellation of $4.9 million worth of stock options granted to the company's CEO in violation of a shareholder-approved plan, and obtained additional disclosures to enable shareholders to cast a fully-informed vote on the adoption of a new compensation plan at the company's annual meeting.

# LEVI&KORSINSKY LLP

NEW YORK I WASHINGTON, D.C. I CONNECTICUT I CALIFORNIA

In **MacCormack v. Groupon, Inc.**, C.A. No. 13-940-GMS (D. Del. ), we caused the cancellation of $2.3 million worth of restricted stock units granted to a company executive in violation of a shareholder-approved plan, as well as the adoption of enhanced corporate governance procedures designed to ensure that the board of directors complies with the terms of the plan; we also obtained additional material disclosures to shareholders in connection with a shareholder vote on amendments to the plan.

In **Edwards v. Benson**, (Headwaters Incorporated)**,** (D. Utah ), we caused the cancellation of $3.2 million worth of stock appreciation rights granted to the company's CEO in violation of a shareholder-approved plan and the adoption of enhanced corporate governance procedures designed to ensure that the board of directors complies with the terms of the plan.

In **Pfeiffer v. Begley**, (DeVry, Inc.)**,** (Cir. Ct. DuPage Cty., Ill.), we secured the cancellation of $2.1 million worth of stock options granted to the company's CEO in 2008-2012 in violation of a shareholder-approved incentive plan.

In **Basch v. Healy** (D. Del. ), we obtained a cash payment to the company to compensate for equity awards issued to officers in violation of the company's compensation plan and caused significant changes in the company's compensation policies and procedures designed to ensure that future compensation decisions are made consistent with the company's plans, charters and policies. We also impacted the board's creation of a new compensation plan and obtained additional disclosures to stockholders concerning the board's administration of the company's plan and the excess compensation.

In **Kleba v. Dees**, C.A. 3-1-13 (Tenn. Cir. Ct. Knox Cty.), we recovered approximately $9 million in excess compensation given to insiders and the cancellation of millions of shares of stock options issued in violation of a shareholder-approved compensation plan. In addition, we obtained the adoption of formal corporate governance procedures designed to ensure that future compensation decisions are made independently and consistent with the plan.

In **Lopez v. Nudelman**, (CTI BioPharma Corp.), 14-2-18941-9 SEA (Wash. Super. Ct. King Cnty.), we recovered approximately $3.5 million in excess compensation given to directors and obtained the adoption of a cap on director compensation, as well as other formal corporate governance procedures designed to implement best practices with regard to director and executive compensation.

In **In re i2 Technologies, Inc. Shareholder Litigation**, C.A. No. 4003-CC (Del. Ch.), as Counsel for the Lead Plaintiff, we challenged the fairness of certain asset sales made by the company and secured a $4 million recovery.

In **In re Corinthian Colleges, Inc. Shareholder Derivative Litigation**, 8:06cv777-AHS (C.D. Cal.), we were Co-Lead Counsel and achieved a $2 million benefit for the company, resulting in the re-pricing of executive stock options and the establishment of extensive corporate governance changes.

In **Pfeiffer v. Alpert (Beazer Homes Derivative Litigation)**, C.A. No. 10-cv-1063-PD (D. Del.), we successfully challenged certain aspects of the company's executive compensation structure, ultimately forcing the company to improve its compensation practices.

In **In re Cincinnati Bell, Inc., Derivative Litigation**, Case No. A1105305 (Ohio, Hamilton Cty.), we achieved significant corporate governance changes and enhancements related to the company's compensation policies and practices in order to better align executive compensation with company performance. Reforms included the formation of an entirely independent compensation committee with staggered terms and term limits for service.

In **Woodford v. Mizel (M.D.C. Holdings, Inc.)**, 1:2011cv00879 (D. Del.), we challenged excessive executive compensation, ultimately obtaining millions of dollars in reductions of that compensation, as well as corporate governance enhancements designed to implement best practices with regard to executive compensation and increased shareholder input.

LEVI&KORSINSKY LLP

NEW YORK I WASHINGTON, D.C. I CONNECTICUT I CALIFORNIA

# Mergers & Acquisitions

We have achieved an impressive record in obtaining injunctive relief for shareholders and are one of the premier law firms engaged in mergers & acquisitions and takeover litigation, where we strive to maximize shareholder value. In these cases, we regularly fight to obtain settlements that enable the submission of competing buyout bid proposals, thereby increasing consideration for shareholders.

We have litigated landmark cases that have altered the landscape of mergers & acquisitions law and resulted in multi-million dollar awards to aggrieved shareholders.

In *In re Schuff International, Inc. Stockholders Litigation*, Case No. 10323-VCZ, we served as Co-Lead Counsel for the plaintiff class in achieving the largest recovery as a percentage of the underlying transaction consideration in Delaware Chancery Court merger class action history, obtaining an aggregate recovery of more than $22 million -- a gross increase from $31.50 to $67.45 in total consideration per share (a 114% increase) for tendering stockholders.

In *In re CNX Gas Corp. Shareholder Litigation*, 4 A.3d 397 (Del. Ch. 2010), as Plaintiffs' Executive Committee Counsel, we obtained a landmark ruling from the Delaware Chancery Court that set forth a unified standard for assessing the rights of shareholders in the context of freeze-out transactions and ultimately led to a common fund recovery of over $42.7 million for the company's shareholders.

In *Chen v. Howard-Anderson*, C.A. No 5878-VCL (Del. Ch. 2010), we represented shareholders in challenging the merger between Occam Networks, Inc. and Calix, Inc., obtaining a preliminary injunction against the merger after showing that the proxy statement by which the shareholders were solicited to vote for the merger was materially false and misleading. Post-closing, we took the case to trial and recovered an additional $35 million for the shareholders.

In *In re Sauer-Danfoss Stockholder Litig.*, C.A. No. 8396 (Del. Ch.), as one of plaintiffs' co-lead counsel, we recovered a $10 million common fund settlement in connection with a controlling stockholder merger transaction.

In *In re Yongye International, Inc. Shareholders' Litigation*, Consolidated Case No.: A-12-670468-B (District Court, Clark County, Nevada), as one of plaintiffs' co-lead counsel, we recovered a $6 million common fund settlement in connection with a management-led buyout of minority stockholders in a China-based company incorporated under Nevada law.

In *In re Great Wolf Resorts, Inc. Shareholder Litigation*, C.A. No. 7328-VCN (Del. Ch. 2012), we achieved tremendous results for shareholders, including partial responsibility for a $93 million (57%) increase in merger consideration and the waiver of several "don't-ask-don't-waive" standstill agreements that were restricting certain potential bidders from making a topping bid for the company.

In *In re Talecris Biotherapeutics Holdings Shareholder Litigation*, C.A. No. 5614-VCL (Del. Ch. 2010), we served as counsel for one of the Lead Plaintiffs, achieving a settlement that increased the merger consideration to Talecris shareholders by an additional 500,000 shares of the acquiring company's stock and providing shareholders with appraisal rights.

In *In re Minerva Group LP v. Mod-Pac Corp.*, Index No. 800621/2013 (N.Y. Sup. Ct. Erie Cty. 2013), we obtained a settlement in which defendants increased the price of an insider buyout from $8.40 to $9.25 per share, representing a recovery of $2.4 million for shareholders.

In *Stephen J. Dannis v. J.D. Nichols*, C.A. No. 13-CI-00452 (Ky. Cir. Ct. Jefferson Cty. 2014), as Co-Lead Counsel, we obtained a 23% increase in the merger consideration (from $7.50 to $9.25 per unit) for shareholders of NTS Realty Holdings Limited Partnership. The total benefit of $7.4 million was achieved after two years of hard-fought litigation, challenging the fairness of the going-private, squeeze-out merger by NTS's controlling unitholder and Chairman, Defendant Jack Nichols. The unitholders bringing the action

7

LEVI&KORSINSKY LLP

NEW YORK I WASHINGTON, D.C. I CONNECTICUT I CALIFORNIA

alleged that Nichols' proposed transaction grossly undervalued NTS's units. The 23% increase in consideration was a remarkable result given that on October 18, 2013, the Special Committee appointed by the Board of Directors had terminated the existing merger agreement with Nichols. Through counsel's tenacious efforts the transaction was resurrected and improved.

In *Dias v. Purches*, C.A. No. 7199-VCG (Del. Ch. 2012), Vice Chancellor Sam Glasscock, III of the Delaware Chancery Court partially granted shareholders' motion for preliminary injunction and ordered that defendants correct a material misrepresentation in the proxy statement related to the acquisition of Parlux Fragrances, Inc. by Perfumania Holding, Inc.

In *Forgo v. Health Grades, Inc.*, C.A. No. 5716-VCS (Del. Ch. 2010), as Co-Lead Counsel, our attorneys established that defendants had likely breached their fiduciary duties to Health Grades' shareholders by failing to maximize value as required under *Revlon, Inc. v. MacAndrews & Forbes Holdings, Inc.*, 506 A.2d 173 (Del. 1986). We secured an agreement with defendants to take numerous steps to seek a superior offer for the company, including making key modifications to the merger agreement, creating an independent committee to evaluate potential offers, extending the tender offer period, and issuing a "Fort Howard" release affirmatively stating that the company would participate in good faith discussions with any party making a bona fide acquisition proposal.

In *In re Pamrapo Bancorp Shareholder Litigation*, Docket C-89-09 (N.J. Ch. Hudson Cty. 2011) & HUD-L-3608-12 (N.J. Law Div. Hudson Cty. 2015), we defeated defendants' motion to dismiss shareholders' class action claims for money damages arising from the sale of Pamrapo Bancorp to BCB Bancorp at an allegedly unfair price through an unfair process. We then survived a motion for summary judgment, ultimately securing a settlement recovering $1.95 million for the Class plus the Class's legal fees and expenses up to $1 million (representing an increase in consideration of 15-23% for the members of the Class). The case.

In *In re Complete Genomics, Inc. Shareholder Litigation*, C.A. No. 7888-VCL (Del. Ch. 2012), we obtained preliminary injunctions of corporate merger and acquisition transactions, and Plaintiffs successfully enjoined a "don't-ask-don't-waive" standstill agreement.

In *In re Integrated Silicon Solution, Inc. Stockholder Litigation*, Lead Case No. 115CV279142 (Super. Ct. Santa Clara, CA 2015), we won an injunction requiring corrective disclosures concerning "don't-ask-don't-waive" standstill agreements and certain financial advisor conflicts of interests, and contributed to the integrity of a post-agreement bidding contest that led to an increase in consideration from $19.25 to $23 per share, a bump of almost 25 percent.

In *In re Bluegreen Corp. Shareholder Litigation*, Case No. 502011CA018111 (Cir. Ct. for Palm Beach Cty., FL), as Co-Lead Counsel, we achieved a common fund recovery of $36.5 million for minority shareholders in connection with a management-led buyout, increasing gross consideration to shareholders in connection with the transaction by 25% after three years of intense litigation.

# Consumer Litigation

Levi & Korsinsky works hard to protect consumers by holding corporations accountable for defective products, false and misleading advertising, unfair or deceptive business practices, antitrust violations, and privacy right violations.

Our litigation and class action expertise combined with our in-depth understanding of federal and state laws enable us to fight for consumers who have been aggrieved by deceptive and unfair business practices and who purchased defective products, including automobiles, appliances, electronic goods, and other consumer products. The Firm also represents consumers in cases involving data breaches and privacy right violations. The Firm's attorneys have received a number of leadership appointments in consumer class action cases, including multidistrict litigation ("MDL"). Recently, Law.com identified the Firm as one of the top firms with MDL leadership appointments in the article titled, "There Are New Faces Leading MDLs. And They Aren't All Men" (July 6, 2020). Representative settled and ongoing cases include:

In **NV Security, Inc. v. Fluke Networks**, Case No. CV05-4217 GW (SSx) (C.D. Cal. 2005), we negotiated a settlement on behalf of purchasers of Test Set telephones in an action alleging that the Test Sets contained a defective 3-volt battery. We benefited the consumer class by obtaining the following relief: free repair of the 3-volt battery, reimbursement for certain prior repair, an advisory concerning the 3-volt battery on the outside of packages of new Test Sets, an agreement that defendants would cease to market and/or sell certain Test Sets, and a 42-month warranty on the 3-volt battery contained in certain devices sold in the future.

**In Re: Apple Inc. Device Performance Litig.**, Case No. 5:18-md-02827-EJD (N.D. Cal.): Plaintiffs' Executive Committee Counsel in proposed nationwide class action alleging that Apple purposefully throttled iPhone; Apple has agreed to pay up to $500 million in cash (proposed settlement pending).

**In Re: Intel Corp. CPU Marketing, Sales Practices and Products Liability Litig.**, Case No. 3:18-md-02828 (D. Or.): Co-Lead Interim Class Counsel in proposed nationwide class action alleging that Intel manufactured and sold defective central processing units that allowed unauthorized access to consumer stored confidential information.

**In Re: ZF-TRW Airbag Control Units Products Liability Litig.**, Case No. 2:19-ml-02905-JAK-FFM (C.D. Cal.): Plaintiffs' Steering Committee Counsel in proposed nationwide class action alleging that defendant auto manufacturers sold vehicles with defective airbags.

**In Re: EpiPen (Epinephrine Injection, USP) Marketing, Sales Practices and Antitrust Litig.**, Case No. 17-md-02785 (D. Kan.): Plaintiffs' Executive Committee Counsel in action alleging that Mylan and Pfizer violated antitrust laws and committed other violations relating to the sale of EpiPens. Nationwide class and multi-state classes certified.

**Sung, et al. v. Schurman Retail Group**, Case No. 17-cv-02760-LB (N.D. Cal.): Co-Lead Class Counsel in nationwide class action alleging unauthorized disclosure of employee financial information; obtained final approval of nationwide class action settlement providing credit monitoring and identity theft restoration services through 2022 and cash payments of up to $400.

**Scott, et al. v. JPMorgan Chase Bank, N.A.**, Case No. 1:17-cv-00249 (D.D.C.): Co-Lead Class Counsel in nationwide class action settlement of claims alleging improper fees deducted from payments awarded to jurors; 100% direct refund of improper fees collected.

**In Re: Citrix Data Breach Litig.**, Case No. 19-cv-61350-RKA (S.D. Fla.): Interim Class Counsel in action alleging company failed to implement reasonable security measures to protect employee financial information; common fund settlement of $2.25 million pending.

# LEVI&KORSINSKY LLP

NEW YORK I WASHINGTON, D.C. I CONNECTICUT I CALIFORNIA

**NV Security, Inc. v. Fluke Networks**, Case No. CV05-4217 GW (SSx) (C.D. Cal. 2005): Settlement on behalf of purchasers of Test Set telephones in an action alleging that the Test Sets contained a defective 3-volt battery; benefits included free repair of the 3-volt battery, reimbursement for certain prior repair, an advisory concerning the 3-volt battery on the outside of packages of new Test Sets, an agreement that defendants would cease to market and/or sell certain Test Sets, and a 42-month warranty on the 3-volt battery contained in certain devices sold in the future.

**Bustos v. Vonage America, Inc.**, Case No. 06 Civ. 2308 (HAA) (D.N.J. 2006): Common fund settlement of $1.75 million on behalf of class members who purchased Vonage Fax Service in an action alleging that Vonage made false and misleading statements in the marketing, advertising, and sale of Vonage Fax Service by failing to inform consumers that the protocol defendant used for the Vonage Fax Service was unreliable and unsuitable for facsimile communications.

**Masterson v. Canon U.S.A.**, Case No. BC340740 (Cal. Super. Ct. L.A. Cty. 2006): Settlement providing refunds to Cannon SD camera purchasers for certain broken LCD repair charges and important changes to the product warranty.

---

*"The quality of the representation... has been extremely high, not just in terms of the favorable outcome in terms of the substance of the settlement, but in terms of the diligence and the hard work that has gone into producing that outcome."*

The Honorable Joseph F. Bianco, in *Landes v. Sony Mobile Communications*, 17-cv-02264-JFB-SIL (E.D.N.Y. Dec. 1, 2017)

---

# LEVI&KORSINSKY LLP

NEW YORK I WASHINGTON, D.C. I CONNECTICUT I CALIFORNIA

# OUR ATTORNEYS

## *Managing Partners*

### Eduard Korsinsky

For more than 20 years Eduard Korsinsky has represented clients in securities cases, derivative actions, consumer fraud, and complex commercial matters. He has been named a New York "Super Lawyer" by Thomson Reuters and is recognized as one of the country's leading practitioners in class and derivative matters. Mr. Korsinsky also has served as an editor of the American Bar Association's Securities Litigation Section's newsletter and is a member of the American Bar Association's Derivative Suits Subcommittee.

Cases which he has litigated include:

- ***E-Trade Financial Corp. Sec. Litig.***, No. 07-cv-8538 (S.D.N.Y. 2007), $79 million recovery
- ***In re Activision, Inc. S'holder Derivative Litig.***, No. 06-cv-04771-MRP (JTLX)(C.D. Cal. 2006), recovered $24 million in excess compensation
- ***Corinthian Colleges, Inc., S'holder Derivative Litig.***, SACV-06-0777-AHS (C.D. Cal. 2009), obtained re-pricing of executive stock options providing more than $2 million in benefits to the company
- ***Pfeiffer v. Toll,*** C.A. No. 4140-VCL (Del. Ch. 2010), $16.25 million in insider trading profits recovered
- ***In re Net2Phone, Inc. S'holder Litig.***, Case No. 1467-N (Del. Ch. 2005), obtained increase in tender offer price from $1.70 per share to $2.05 per share
- ***In re Pamrapo Bancorp S'holder Litig.***, C-89-09 (N.J. Ch. Hudson Cty. 2011) & HUD-L-3608-12 (N.J. Law Div. Hudson Cty. 2015), obtained supplemental disclosures following the filing of a motion for preliminary injunction, pursued case post-closing, defeated motion for summary judgment, and obtained an increase in consideration of between 15-23% for the members of the Class
- ***In re Google Inc. Class C S'holder Litig.***, C.A. No. 19786 (Del. Ch. 2012), obtained payment ladder indemnifying investors up to $8 billion in losses stemming from trading discounts expected to affect the new stock
- ***Woodford v. M.D.C. Holdings, Inc.***, 1:2011cv00879 (D. Del. 2012), one of a few successful challenges to say on pay voting, recovered millions of dollars in reductions to compensation
- ***i2 Technologies, Inc. S'holder Litig.***, C.A. No. 4003-CC (Del. Ch. 2008), $4 million recovered, challenging fairness of certain asset sales made by the company
- ***Pfeiffer v. Alpert (Beazer Homes)***, C.A. No. 10-cv-1063-PD (D. Del. 2011), obtained substantial revisions to an unlawful executive compensation structure
- ***In re NCS Healthcare, Inc. Sec. Litig.***, C.A. CA 19786, (Del. Ch. 2002), case settled for approximately $100 million
- ***Paraschos v. YBM Magnex Int'l, Inc.***, No. 98-CV-6444 (E.D. Pa.), United States and Canadian cases settled for $85 million Canadian

# LEVI&KORSINSKY LLP

Education

- New York University School of Law, LL.M. Master of Law(s) Taxation (1997)
- Brooklyn Law School, J.D. (1995)
- Brooklyn College, B.S., Accounting, *summa cum laude* (1992)

Admissions

- New York (1996)
- New Jersey (1996)
- United States District Court for the Southern District of New York (1998)
- United States District Court for the Eastern District of New York (1998)
- United States Court of Appeals for the Second Circuit (2006)
- United States Court of Appeals for the Third Circuit (2010)
- United States District Court for the Northern District of New York (2011)
- United States District Court of New Jersey (2012)
- United States Court of Appeals for the Sixth Circuit (2013)

Publications

- Delaware Court Dismisses Compensation Case Against Goldman Sachs, ABA Section of Securities Litigation News & Developments (Nov. 7, 2011)
- SDNY Questions SEC Settlement Practices in Citigroup Settlement, ABA Section of Securities Litigation News & Developments (Nov. 7, 2011)
- New York Court Dismisses Shareholder Suit Against Goldman Sachs, ABA Section of Securities Litigation News & Developments (Oct. 31, 2011)

# LEVI&KORSINSKY LLP

NEW YORK | WASHINGTON, D.C. | CONNECTICUT | CALIFORNIA

## Joseph E. Levi

Joseph E. Levi is a central figure in shaping and managing the Firm's securities litigation practice. Mr. Levi has been lead or co-lead in dozens of cases involving the enforcement of shareholder rights in the context of mergers & acquisitions and securities fraud. In addition to his involvement in class action litigation, he has represented numerous patent holders in enforcing their patent rights in areas including computer hardware, software, communications, and information processing, and has been instrumental in obtaining substantial awards and settlements.

Mr. Levi and the attorneys achieved success on behalf of the former shareholders of Occam Networks, Inc. in litigation challenging the Company's merger with Calix, Inc., obtaining a preliminary injunction against the merger due to material representations and omissions in the proxy statement by which the shareholders were solicited to vote. See **Chen v. Howard-Anderson**, No. 5878-VCL (Del. Ch. Jan. 24, 2011). Vigorous litigation efforts continued to trial, recovering $35 million for the shareholders.

Another victory for Mr. Levi and the attorneys was in litigation challenging the acquisition of Health Grades, Inc. by affiliates of Vestar Capital Partners, L.P., where it was successfully demonstrated to the Delaware Court of Chancery that the defendants had likely breached their fiduciary duties to Health Grades' shareholders by failing to maximize value as required by **Revlon, Inc. v. MacAndrews & Forbes Holdings, Inc.**, 506 A.2d 173 (Del. 1986). See **Weigard v. Hicks**, No. 5732-VCS (Del. Ch. Sept. 3, 2010). This ruling was used to reach a favorable settlement in which defendants agreed to a host of measures designed to increase the likelihood of superior bid. Vice Chancellor Strine "applaud[ed]" the litigation team for their preparation and the extraordinary high-quality of the briefing. He and the attorneys also played a prominent role in the matter of **In re CNX Gas Corp. Shareholders Litigation**, C.A. No. 5377-VCL (Del. Ch. 2010), in which plaintiffs recovered a common fund of over $42.7 million for stockholders.

Education

- Brooklyn Law School, J.D., *magna cum laude* (1995)
- Polytechnic University, B.S., *summa cum laude* (1984); M.S. (1986)

Admissions

- New York (1996)
- New Jersey (1996)
- United States Patent and Trademark Office (1997)
- United States District Court for the Southern District of New York (1997)
- United States District Court for the Eastern District of New York (1997)

*"[The court] appreciated very much the quality of the argument..., the obvious preparation that went into it, and the ability of counsel..."*

Vice Chancellor Sam Glasscock, III in *Dias v. Purches*, C.A. No. 7199-VCG (Del. Ch. Apr. 5, 2012)

# LEVI&KORSINSKY LLP
NEW YORK I WASHINGTON, D.C. I CONNECTICUT I CALIFORNIA

## *Partners*

### Nicholas I. Porritt

Nicholas Porritt prosecutes securities class actions, shareholder class actions, derivative actions, and mergers and acquisitions litigation. He has extensive experience representing plaintiffs and defendants in a wide variety of complex commercial litigation, including civil fraud, breach of contract, and professional malpractice, as well as defending SEC investigations and enforcement actions. Mr. Porritt has helped recover hundreds of millions of dollars on behalf of shareholders. He was one of the Lead Counsel in *In re Google Inc. Class C Shareholder Litigation*, C.A. No. 7469-CS (Del. Ch.) that resulted in a payment of $522 million to shareholders and overall benefit of over $3 billion to Google's minority shareholders. He was one of the lead counsel in *Chen v. Howard-Anderson*, No. 5878-VCL (Del. Ch.) that settled during trial resulting in a $35 million payment to the former shareholders of Occam Networks, Inc., one of the largest quasi-appraisal recoveries for shareholders. Amongst other cases, he is currently lead counsel in *In re Tesla, Inc. Securities Litigation*, No. 3:18-cv-04865-EMC (N.D. Cal.), representing Tesla investors who were harmed by Elon Musk's "funding secured" tweet from August 7, 2018 as well as lead counsel in *Ford v. TD Ameritrade Holding Corp.*, No. 14-cv-396 (D. Neb.), representing TD Ameritrade customers harmed by its improper routing of their orders. Both cases involve over $1 billion in estimated damages.

Some of Mr. Porritt's recent cases include:

- *In re Bridgestone Inv. Corp.*, 789 Fed. App'x 13 (9th Cir. 2019)
- *Zaghian v. Farrell,* 675 Fed. Appx. 718, (9th Cir. 2017)
- *SEC v. Cuban*, 620 F.3d 551 (5th Cir. 2010)
- *Cozzarelli v. Inspire Pharmaceuticals, Inc.*, 549 F.3d 618 (4th Cir. 2008)
- *Teachers' Retirement System of Louisiana v. Hunter*, 477 F.3d 162 (4th Cir. 2007)
- *In re Tesla, Inc. Sec. Litig.*, 2020 WL 1873441 (N.D. Cal. Apr. 15, 2020)
- *In re Navient Corp. Sec. Litig.*, 2019 WL 7288881 (D.N.J. Dec. 30, 2019)
- *In re Clovis Oncology, Inc. Deriv. Litig.*, 2019 WL 4850188 (Del. Ch. Oct. 1, 2019)
- *Martin v. Altisource Residential Corp.*, 2019 WL 2762923 (D.V.I. July 2, 2019)
- *Klein v. TD Ameritrade Holding Corp.*, 327 F.R.D. 283 (D. Neb. 2018)
- *Beezley v. Fenix Parts, Inc.*, 2018 WL 3454490 (N.D. Ill. July 13, 2018)
- *In re PTC Therapeutics Sec. Litig.,* 2017 WL 3705801 (D.N.J. Aug. 28, 2017)
- *Gormley v. magicJack VocalTec Ltd.,* 220 F. Supp. 3d 510 (S.D.N.Y. 2016)
- *Carlton v. Cannon*, 184 F. Supp. 3d 428 (S.D. Tex. 2016)
- *Zola v. TD Ameritrade, Inc.*, 172 F. Supp. 3d 1055 (D. Neb. 2016)
- *In re Energy Recovery Sec. Litig.,* 2016 WL 324150 (N.D. Cal. Jan. 27, 2016)
- *In re EZCorp Inc. Consulting Agreement Deriv. Litig.*, 2016 WL 301245 (Del. Ch. Jan. 25, 2016)
- *In re Violin Memory Sec. Litig.*, 2014 WL 5525946 (N.D. Cal. Oct. 31, 2014)
- *Garnitschnig v. Horovitz*, 48 F. Supp. 3d 820 (D. Md. 2014)

Mr. Porritt was selected by Lawdragon as one of the 500 leading plaintiff lawyers in financial litigation and was selected to the 2020 DC Super Lawyers list published by Thomson Reuters.

# LEVI&KORSINSKY LLP

NEW YORK I WASHINGTON, D.C. I CONNECTICUT I CALIFORNIA

Mr. Porritt speaks frequently on current topics relating to securities laws and derivative actions, including presentations on behalf of the Council for Institutional Investors, Nasdaq, and the Practising Law Institute. He currently serves as co-chair of the American Bar Association Sub-Committee on Derivative Actions.

Before joining the Firm, Mr. Porritt practiced as a partner at Akin Gump Strauss Hauer & Feld LLP and prior to that was a partner at Wilson Sonsini Goodrich & Rosati PC. Mr. Porritt formerly practiced as a Barrister and Solicitor in Wellington, New Zealand and is a Solicitor of the Senior Courts of England & Wales.

Education

- University of Chicago Law School, J.D., With Honors (1996)
- University of Chicago Law School, LL.M. (1993)
- Victoria University of Wellington, LL.B. (Hons.), With First Class Honors, Senior Scholarship (1990)

Admissions

- New York (1997)
- District of Columbia (1998)
- United States District Court for the District of Columbia (1999)
- United States District Court for the Southern District of New York (2004)
- United States Court of Appeals for the Fourth Circuit (2004)
- United States Court of Appeals for the District of Columbia Circuit (2006)
- United States Supreme Court (2006)
- United States District Court for the District of Maryland (2007)
- United States District Court for the Eastern District of New York (2012)
- United States Court of Appeals for the Second Circuit (2014)
- United States Court of Appeals for the Ninth Circuit (2015)
- United States District Court for the District of Colorado (2015)
- United States Court of Appeals for the Tenth Circuit (2016)
- United States Court of Appeals for the Eleventh Circuit (2017)
- United States Court of Appeals for the Eighth Circuit (2019)
- United States Court of Appeals for the Third Circuit (2019)

Publications

- "Current Trends in Securities Litigation: How Companies and Counsel Should Respond," *Inside the Minds Recent Developments in Securities Law* (Aspatore Press 2010)

## Rosemary M. Rivas

The Firm's Consumer Litigation Group is led by Rosemary M. Rivas, who manages the Firm's San Francisco office. She has dedicated her legal career to representing consumers in complex, class action litigation in various areas including defective products and automobiles, data breach and privacy rights, false and misleading advertising, and unfair business practices, among others. Ms. Rivas has been influential in recovering millions of dollars and changes to corporate practices on behalf of consumers. In a highly competitive application process, Judge Charles R. Breyer appointed Ms. Rivas to the Plaintiffs' Steering Committee in *In re: Volkswagen "Clean Diesel" MDL*, Case No. 15-MDL-2672-CRB (JSC), which resulted in unprecedented settlements exceeding $15 billion dollars.

Currently, Ms. Rivas is Co-Lead Counsel in the action titled *Intel Corp. CPU Marketing, Sales Practices and Products Liability Litig.*, Case No. 3:18-md-02828-SI, involving allegations that Intel sold CPUs that were defective and allowed unauthorized access to confidential information. Ms. Rivas is also currently a member of the Plaintiffs' Steering Committee in the action titled *In re: EpiPen (Epinephrine Injection, USP) Marketing, Sales Practices and Antitrust Litig.*, Case No. 2:17-md-02785 (D. Kan.) involving unlawful monopoly claims in the market for epinephrine injection pens.

Ms. Rivas' work has resulted in important monetary and injunctive settlements in a number of class action cases, such as:

- *Sung v. Schuman Fine Papers*, Case No. 17-cv-02760 (N.D. Cal.) (Co-Lead Class Counsel): nationwide class action settlement of claims for unauthorized disclosure of W2s; eligible class members could recover up to $500 and implementation of training and changes to practices for the protection of employee personal and financial information

- *Scott v. JPMorgan Chase Bank, N.A.*, Case No. 1:17-cv-00249 (D.D.C.) (Co-Lead Class Counsel): nationwide class action settlement of claims alleging improper fees to payments awarded to jurors; 100% direct refund of improper fees collected

- *Lilly v. ConAgra Foods*, 743 F.3d 662 (9th Cir. 2014) (Class Counsel): claims that food manufacturer violated food regulations by failing to list total sodium on salt of sunflower seeds product were not preempted by federal law; class action injunctive relief settlement for change in product labels

- *Petersen v. CJ America, Inc.*, Case No. 3:14-cv-02570 (S.D. Cal.) (Co-Lead Class Counsel): nationwide class action involving false advertising claims; $1.5 million common fund and changes to product labeling

- *Lilly v. Jamba Juice*, Case No. 13-cv-02998 (N.D. Cal.) (Co-Lead Class Counsel): class action injunctive relief settlement; change in product labels

- *In re Carrier IQ, Inc., Consumer Privacy Litig.*, Case No. 3:12-md-02330 (N.D. Cal.) (Executive Committee): nationwide class action settlement involving data privacy; $9 million settlement and changes to corporate practices

- *Pappas v. Naked Juice*, Case No. 2:11-cv-08276 (C.D. Cal.) (Co-Lead Class Counsel): nationwide class action settlement for $9 million and changes to the company's testing procedures and product labels

- *Garcia v. Allergan, Inc.*, Case No. 09-cv-7088 PSG (C.D. Cal.) (Co-Lead Class Counsel): nationwide class action settlement of false advertising and unfair business practice claims; $7.75 million settlement and changes to the company's training procedures

LEVI&KORSINSKY LLP

NEW YORK I WASHINGTON, D.C. I CONNECTICUT I CALIFORNIA

- ***Rodriguez v. West Publishing Corp.***, 563 F.3d 948 (9th Cir. 2009): nationwide class action settlement of antitrust claims in bar review market; $49 million and dissolution of allegedly illegal market allocation agreement
- ***Lima v. Gateway***, Case No. SACV-09-1366 (C.D. Cal.) (Co-Lead Class Counsel): nationwide class action involving defective monitor; $195 cash refund for each monitor purchased

She has also been instrumental in obtaining favorable appellate decisions on behalf of consumers in the areas of false advertising, federal preemption, and arbitration, such as:

- ***Lilly v. ConAgra Foods, Inc.***, 743 F.3d 662 (9th Cir. 2014)
- ***In re Sony PS3 "Other OS" Litig.***, 551 Fed. App. 916 (9th Cir. 2014)
- ***Probst v. Superior Court (Health Net of California)***, 2012 Cal. LEXIS 4476 (Ct. Appeal, 1st Dist., May 9, 2012)

Ms. Rivas is a recipient of the 2018 California Lawyer Attorney of the Year (CLAY) Award. The CLAY award was presented to her by the Daily Journal for her work in the Volkswagen litigation. The CLAY awards are given annually to outstanding California practitioners "whose extraordinary work and cases had a major impact on the law."

In 2019 Ms. Rivas was selected as a Super Lawyer. From 2009-2011, Ms. Rivas was selected as a Rising Star by Law & Politics Magazine, which recognizes the best lawyers 40 years old or under or in practice for 10 years or less. In 2015, Bay Area Legal Aid presented her with the Guardian of Justice award, for her work achievements in the law and her role in helping direct cy près funds to ensure equal access to the civil justice system. As a recognized leader in consumer class actions, Ms. Rivas is regularly invited to speak at conferences concerning class action litigation, including the following:

- *Class Action Law Forum 2020 – Review of Key Class Action Decisions*, March 2020 (Western Alliance Bank in collaboration with University of San Diego School of Law)
- *Nationwide Settlement Classes – The Impact of the Hyundai/Kia Litigation*, 2018 (National Consumer Law Center's Consumer Rights Litigation Conference and Class Action Symposium)
- One Class Action Or 50? Choice of Law Considerations as Potential Impediment to Nationwide Class Action Settlements, 2018 (5th Annual Western Regional CLE Program on Class Actions and Mass Torts)
- *The Right Approach to Effective Claims*, 2018 (Beard Group - Class Action Money & Ethics)
- *False Advertising Class Actions: A Practitioner's Guide to Class Certification, Damages and Trial*, 2017 (The Bar Association of San Francisco)
- *Section 17200: The Fertility of Man's Invention*, 2016 (The Bar Association of San Francisco)
- *Food Labeling and False Advertising Class Actions*, 2015 (The Bar Association of San Francisco)
- *Data Privacy Law 101: U.S. Data Privacy and Security Laws 2015* (The Bar Association of San Francisco)
- *Effective Consumer Privacy Enforcement*, 2011 (Berkeley Law and The Samuelson Law, Technology & Public Policy Clinic)
- *Class Actions: New Developments & Approaches for Strategic Response*, 2013 (American Bar Association)

17

## LEVI&KORSINSKY LLP

NEW YORK I WASHINGTON, D.C. I CONNECTICUT I CALIFORNIA

Previously, Ms. Rivas served as a Board Member and Diversity Director of the Barristers Club of the San Francisco Bar Association. Ms. Rivas is fluent in Spanish.

Education

- University of California, Hastings College of Law, J.D. (2000)
- San Francisco State University, B.A., Political Science (1997)

Admissions

- United States Court of Appeals for the Ninth Circuit (2001)
- United States District Court for the Northern District of California (2001)
- United States District Court for the Central District of California (2002)
- United States District Court for the Eastern District of California (2005)
- United States District Court for the Southern District of California (2005)

### Donald J. Enright

During his 24 years as a litigator and trial lawyer, Mr. Enright has handled matters in the fields of securities, commodities, consumer fraud and commercial litigation, with a particular emphasis on shareholder M&A and securities fraud class action litigation. He has been named as one of the leading financial litigators in the nation by Lawdragon, as a Washington, DC "Super Lawyer" by Thomson Reuters, and as one of the city's "Top Lawyers" by *Washingtonian* magazine.

Mr. Enright has shown a track record of achieving victories in federal trials and appeals, including:

- ***Nathenson v. Zonagen, Inc.***, 267 F. 3d 400, 413 (5th Cir. 2001)
- ***SEC v. Butler***, 2005 U.S. Dist. LEXIS 7194 (W.D. Pa. April 18, 2005)
- ***Belizan v. Hershon***, 434 F. 3d 579 (D.C. Cir. 2006)

Most recently, in ***In re Schuff International, Inc. Stockholders Litigation***, Case No. 10323-VCZ, Mr. Enright served as Co-Lead Counsel for the plaintiff class in achieving the largest recovery as a percentage of the underlying transaction consideration in Delaware Chancery Court merger class action history, obtaining an aggregate recovery of more than $22 million -- a gross increase from $31.50 to $67.45 in total consideration per share (a 114% increase) for tendering stockholders.

Similarly, as Co-Lead Counsel in ***In re Bluegreen Corp. Shareholder Litigation***, Case No. 502011CA018111 (Cir. Ct. for Palm Beach Cnty., Fla.), Mr. Enright achieved a $36.5 million common fund settlement in the wake of a majority shareholder buyout, representing a 25% increase in total consideration to the minority stockholders. Also, in ***In re CNX Gas Corp. Shareholders Litigation***, C.A. No. 53377-VCL (Del. Ch. 2010), in which Levi & Korsinsky served upon plaintiffs' Executive Committee, Mr. Enright helped obtain the recovery of a common fund of over $42.7 million for stockholders.

## LEVI&KORSINSKY LLP
NEW YORK I WASHINGTON, D.C. I CONNECTICUT I CALIFORNIA

Mr. Enright has also played a leadership role in numerous securities and shareholder class actions from inception to conclusion. Most recently, he has served as lead counsel in several cryptocurrency-related securities class actions. His leadership has produced multi-million-dollar recoveries in shareholder class actions involving such companies as:

- Allied Irish Banks PLC
- Iridium World Communications, Ltd.
- En Pointe Technologies, Inc.
- PriceSmart, Inc.
- Polk Audio, Inc.
- Meade Instruments Corp.
- Xicor, Inc.
- Streamlogic Corp.
- Interbank Funding Corp.
- Riggs National Corp.
- UTStarcom, Inc.
- Manugistics Group, Inc.

Mr. Enright also has a successful track record of obtaining injunctive relief in connection with shareholder M&A litigation, having won preliminary injunctions or other injunctive relief in the cases of:

- *In re Portec Rail Products, Inc. S'holder Litig.*, G.D. 10-3547 (Ct. Com. Pleas Pa. 2010)
- *In re Craftmade International, Inc. S'holder Litig.*, C.A. No. 6950-VCL (Del. Ch. 2011)
- *Dias v. Purches*, C.A. No. 7199-VCG (Del. Ch. 2012)
- *In re Complete Genomics, Inc. S'holder Litig.*, C.A. No. 7888-VCL (Del. Ch. 2012)
- *In re Integrated Silicon Solution, Inc. Stockholder Litig.*, Lead Case No. 115CV279142 (Sup. Ct. Santa Clara, CA 2015)

Mr. Enright has also demonstrated considerable success in obtaining deal price increases for shareholders in M&A litigation. As Co-Lead Counsel in the matter of *In re Great Wolf Resorts, Inc. Shareholder Litigation*, C.A. No. 7328-VCN (Del. Ch. 2012), Mr. Enright was partially responsible for a $93 million (57%) increase in merger consideration and waiver of several "don't-ask-don't-waive" standstill agreements that were precluding certain potential bidders from making a topping bid for the company.

Similarly, Mr. Enright served as Co-Lead Counsel in the case of *Berger v. Life Sciences Research, Inc.*, No. SOM-C-12006-09 (NJ Sup. Ct. 2009), which caused a significant increase in the transaction price from $7.50 to $8.50 per share, representing additional consideration for shareholders of approximately $11.5 million.

Mr. Enright also served as Co-Lead Counsel in *Minerva Group, LP v. Keane*, Index No. 800621/2013 (NY Sup. Ct. of Erie Cnty.) and obtained a settlement in which Defendants increased the price of an insider buyout from $8.40 to $9.25 per share.

The courts have consistently recognized and praised the quality of Mr. Enright's work. In *In re Interbank Funding Corp. Securities Litigation* (D.D.C. 02-1490)**,** Judge Bates of the United States District Court for the District of Columbia observed that Mr. Enright had "...skillfully, efficiently, and zealously represented the class, and... worked relentlessly throughout the course of the case."

# LEVI&KORSINSKY LLP

NEW YORK I WASHINGTON, D.C. I CONNECTICUT I CALIFORNIA

Similarly, in **Freeland v. Iridium World Communications**, LTD, (D.D.C. 99-1002), Judge Nanette Laughrey stated that Mr. Enright had done "an outstanding job" in connection with the recovery of $43.1 million for the shareholder class.

And, in the matter of **Osieczanek v. Thomas Properties Group**, C.A. No. 9029-VCG (Del. Ch. 2013), Vice Chancellor Sam Glasscock of the Chancery Court of Delaware observed that "it's always a pleasure to have counsel [like Mr. Enright] who are articulate and exuberant in presenting their position," and that Mr. Enright's prosecution of a merger case was "wholesome" and served as "a model of . . . plaintiffs' litigation in the merger arena."

Education

- George Washington University School of Law, J.D. (1996), where he was a Member Editor of The George Washington University Journal of International Law and Economics from 1994 to 1996

- Drew University, B.A., Political Science and Economics, *cum laude* (1993)

Admissions

- Maryland (1996)
- New Jersey (1996)
- United States District Court for the District of Maryland (1997)
- United States District Court for the District of New Jersey (1997)
- District of Columbia (1999)
- United States Court of Appeals for the Fourth Circuit (1999)
- United States Court of Appeals for the Fifth Circuit (1999)
- United States District Court for the District of Columbia (1999)
- United States Court of Appeals for the District of Columbia (2004)
- United States Court of Appeals for the Second Circuit (2005)
- United States Court of Appeals for the Third Circuit (2006)
- United States District Court for the District of Colorado (2017)

Publications

- "SEC Enforcement Actions and Investigations in Private and Public Offerings," Securities: Public and Private Offerings, Second Edition, West Publishing 2007

- "Dura Pharmaceuticals: Loss Causation Redefined or Merely Clarified?" J. Tax'n & Reg. Fin. Inst. September/October 2007, Page 5

LEVI&KORSINSKY LLP

NEW YORK I WASHINGTON, D.C. I CONNECTICUT I CALIFORNIA

## Shannon L. Hopkins

Shannon L. Hopkins manages the Firm's Connecticut office. She was selected in 2013 as a New York "Super Lawyer" by Thomson Reuters. For more than a decade Ms. Hopkins has been prosecuting a wide range of complex class action matters in securities fraud, mergers and acquisitions, and consumer fraud litigation on behalf of individuals and large institutional clients. Ms. Hopkins has played a lead role in numerous shareholder securities fraud and merger and acquisition matters and has been involved in recovering multi-million dollar settlements on behalf of shareholders, including:

- *In re Force Protection, Inc. S'holder Litig.*, C.A. No. A-11-651336-B (D. Nev. 2015), $11 million shareholder recovery

- *Craig Telke v. New Frontier Media, Inc.*, C.A. No. 1:12-cv-02941-JLK (D. Co. 2015), $2.25 million shareholder recovery

- *Shona Investments v. Callisto Pharmaceuticals, Inc.*, C.A. No. 652783/2012 (NY Sup. Ct. 2015), shareholder recovery of $2.5 million and increase in exchange ratio from 0.1700 to 0.1799

- *E-Trade Financial Corp. S'holder Litig.*, No. 07-cv-8538 (S.D.N.Y. 2007), $79 million recovery for the shareholder class

- *In re Cogent, Inc. S'holder Litig.*, C.A. No. 5780-VCP (Del. Ch. 2010), $1.9 million shareholder recovery and corrective disclosures relating to the Merger

- *In re CMS Energy Sec. Litig.*, Civil No. 02 CV 72004 (GCS) (E.D. Mich. Sept. 6, 2007), $200 million recovery

- *In re Sears, Roebuck and Co. Sec. Litig.*, No. 02-cv-07527 (N.D. Ill. Jan. 8, 2007), $200 million recovery

- *In re El Paso Electric Co. Sec. Litig.*, C.A. No. 3:03-cv-00004-DB (W.D. Tex. Sept. 15, 2005), $10 million recovery

- *In re Novastar Fin. Sec. Litig.*, 4:04-cv-00330-ODS (W.D. Mo. Apr. 14, 2009), $7.25 million recovery

The quality of Ms. Hopkin's work has been noted by courts. In *In re Health Grades, Inc. Shareholder Litigation*, C.A. No. 5716-VCS (Del. Ch. 2010), where Ms. Hopkins was significantly involved with the briefing of the preliminary injunction motion, then Vice Chancellor Strine "applaud[ed]" Co-Lead Counsel for their preparation and the extraordinary high-quality of the briefing.

In addition to her legal practice, Ms. Hopkins is a Certified Public Accountant (1998 Massachusetts). Prior to becoming an attorney, Ms. Hopkins was a senior auditor with PricewaterhouseCoopers LLP, where she led audit engagements for large publicly held companies in a variety of industries.

Education

- Suffolk University Law School, J.D., *magna cum laude* (2003), where she served on the Journal for High Technology and as Vice Magister of the Phi Delta Phi International Honors Fraternity

- Bryant University, B.S.B.A., Accounting and Finance, *cum laude* (1995), where she was elected to the Beta Gamma Sigma Honor Society

**LEVI&KORSINSKY LLP**

NEW YORK I WASHINGTON, D.C. I CONNECTICUT I CALIFORNIA

Admissions

- Massachusetts (2003)
- United States District Court for the District of Massachusetts (2004)
- New York (2004)
- United States District Court for the Southern District of New York (2004)
- United States District Court for the Eastern District of New York (2004)
- United States District Court for the District of Colorado (2004)
- United States Court of Appeals for the First Circuit (2008)
- United States Court of Appeals for the Third Circuit (2010)
- Connecticut (2013)

Publications

- "Cybercrime Convention: A Positive Beginning to a Long Road Ahead," 2 J. High Tech. L. 101 (2003)

---

*In appointing the Firm Lead Counsel, the Honorable Gary Allen Feess noted our "significant prior experience in securities litigation and complex class actions."*

*Zaghian v. THQ, Inc.*, 2:12-cv-05227-GAF-JEM (C.D. Cal. Sept. 14, 2012)

---

## Gregory Mark Nespole

Gregory Mark Nespole is a Partner of the Firm, having been previously a member of the management committee of one of the oldest firms in New York, as well as chair of that firm's investor protection practice. He specializes in complex class actions, derivative actions, and transactional litigation representing institutional investors such as public and labor pension funds, labor health and welfare benefit funds, and private institutions. Prior to practicing law, Mr. Nespole was a strategist on an arbitrage desk and an associate in a major international investment bank where he worked on structuring private placements and conducting transactional due diligence.

For over twenty years, Mr. Nespole has played a lead role in numerous shareholder securities fraud and merger and acquisition matters and has been involved in recovering multi-million-dollar settlements on behalf of shareholders, including:

- Served as co-chair of a Madoff Related Litigation Task Force that recovered over several hundred million dollars for wronged investors;
- Obtained a $90 million award on behalf of a publicly listed company against a global bank arising out of fraudulently marketed auction rated securities;
- Successfully obtained multi-million-dollar securities litigation recoveries and/or corporate governance reforms from Cablevision, JP Morgan, American Pharmaceutical Partners, Sepracor, and MBIA, among many others.

## LEVI&KORSINSKY LLP
NEW YORK I WASHINGTON, D.C. I CONNECTICUT I CALIFORNIA

Mr. Nespole's peers have elected him a "Super Lawyer" in the class action field annually since 2009. He is active in his community as a youth sports coach.

Education

- Brooklyn Law School, J.D. (1993)
- Bates College, B.A. (1989)

Admissions

- New York (1994)
- United States District Court for the Southern District of New York (1994)
- United States District Court for the Eastern District of New York (1994)
- United States Court of Appeals for the Second Circuit (1994)
- United States Court of Appeals for the Fourth Circuit (1994)
- United States Court of Appeals for the Fifth Circuit (1994)
- United States District Court for the Northern District of New York (2018)
- United States Court of Appeals for the Eighth Circuit (2019)
- United States Court of Appeals for the Third Circuit (2020)

## Daniel Tepper

Daniel Tepper is a Partner of the Firm with extensive experience in shareholder derivative suits, class actions and complex commercial litigation. Before he joined Levi & Korsinsky, Mr. Tepper was a partner in one of the oldest law firms in New York. He is an active member of the CPLR Committee of the New York State Bar Association and was an early member of its Electronic Discovery Committee. Mr. Tepper was selected as a New York "Super Lawyer" in 2016 – 2019.

Some of the notable matters where Mr. Tepper had a leading role include:

- ***Siegmund v. Bian,*** Case No. 16-62506 (S.D. Fla.), achieving an estimated recovery of $29.93 per share on behalf of a class of public shareholders of Linkwell Corp. who were forced to sell their stock at $0.88 per share.

- ***In re Platinum-Beechwood Litigation,*** Case No. 18-06658 (S.D.N.Y.), achieved dismissal on behalf of an individual investor in Platinum Partners-affiliated investment fund.

- ***Lakatamia Shipping Co. Ltd. v. Nobu Su,*** Index No. 654860/2016 (Sup. Ct., N.Y. Co. 2016), achieved dismissal on suit attempting to domesticate a $40 million UK judgment in New York State.

- ***Zelouf Int'l Corp. v. Zelouf***, 45 Misc.3d 1205(A) (Sup.Ct. N.Y. Co., 2014), representing the plaintiff in an appraisal proceeding triggered by freeze-out merger of closely-held corporation. Achieved a $10 million verdict after eleven day trial, with the Court rejecting a discount for lack of marketability.

- ***Sacher v. Beacon Assocs. Mgmt. Corp.,*** 114 A.D.3d 655 (2d Dep't 2014), affirming denial of defendants' motion to dismiss shareholder derivative suit by Madoff feeder fund against fund's auditor for accounting malpractice.

## LEVI&KORSINSKY LLP

NEW YORK I WASHINGTON, D.C. I CONNECTICUT I CALIFORNIA

- ***In re Belzberg***, 95 A.D.3d 713 (1st Dep't 2012), compelling a non-signatory to arbitrate brokerage agreement dispute arising under doctrine of direct benefits estoppel.
- ***Estate of DeLeo***, Case No. 353758/A (Surrog. Ct., Nassau Co. 2011), achieving a full plaintiff's verdict after a seven day trial which restored a multi-million dollar family business to its rightful owner.
- ***CMIA Partners Equity Ltd. v. O'Neill***, 2010 NY Slip Op 52068(U) (Sup. Ct. N.Y. Co., 2010). Representing the independent directors of a Cayman Islands investment fund, won a dismissal on the pleadings in the first New York state case examining shareholder derivative suits under Cayman Islands law.
- ***Hecht v. Andover Assocs. Mgmt. Corp.,*** 27 Misc 3d 1202(A) (Sup. Ct. Nassau Co., 2010), aff'd, 114 A.D.3d 638 (2d Dep't 2014). Participated in a $213 million global settlement in the first Madoff-related feeder fund in the country to defeat a motion to dismiss.

Education

- New York University School of Law (JD, 2000)
- The University of Texas at Austin (BA with Honors, 1997), National Merit Scholar

Admissions

- Massachusetts (retired)
- New York (2002)
- United States District Court for the Eastern District of New York (2004)
- United States District Court for the Southern District of New York (2010)
- United States District Court for the Western District of New York (2019)

## Elizabeth K. Tripodi

Elizabeth K. Tripodi focuses her practice on shareholder M&A litigation, representing shareholders of public companies impacted by mergers, acquisitions, tender offers, and other change-in-control transactions. Ms. Tripodi has been named as a Washington, DC "Super Lawyer" and was selected as a "Rising Star" by Thomson Reuters for several consecutive years.

Ms. Tripodi has played a lead role in obtaining monetary *recoveries* for shareholders in M&A litigation:

- ***In re Schuff International, Inc. Stockholders Litigation***, Case No. 10323-VCZ, achieving the largest recovery as a percentage of the underlying transaction consideration in Delaware Chancery Court merger class action history, obtaining an aggregate recovery of more than $22 million -- a gross increase from $31.50 to $67.45 in total consideration per share (a 114% increase) for tendering stockholders.
- ***In re Bluegreen Corp. S'holder Litig.,*** Case No. 502011CA018111 (Circuit Ct. for Palm Beach Cty., FL), creation of a $36.5 million common fund settlement in the wake of a majority shareholder buyout, representing a 25% increase in total consideration to the minority stockholders
- ***In re Cybex International S'holder Litig***, Index No. 653794/2012 (N.Y. Sup. Ct. 2014), recovery of $1.8 million common fund, which represented an 8% increase in stockholder consideration in connection with management-led cash-out merger
- ***In re Great Wolf Resorts, Inc. S'holder Litig***, C.A. No. 7328-VCN (Del. Ch. 2012), where there was a

24

## LEVI&KORSINSKY LLP
NEW YORK I WASHINGTON, D.C. I CONNECTICUT I CALIFORNIA

$93 million (57%) increase in merger consideration

- ***Minerva Group, LP v. Keane***, Index No. 800621/2013 (N.Y. Sup. Ct. 2013), settlement in which Defendants increased the price of an insider buyout from $8.40 to $9.25 per share

Ms. Tripodi has played a key role in obtaining injunctive relief while representing shareholders in connection with M&A litigation, including obtaining preliminary injunctions or other injunctive relief in the following actions:

- ***In re Portec Rail Products, Inc. S'holder Litig***, G.D. 10-3547 (Ct. Com. Pleas Pa. 2010)
- ***In re Craftmade International, Inc. S'holder Litig***, C.A. No. 6950-VCL (Del. Ch. 2011)
- ***Dias v. Purches***, C.A. No. 7199-VCG (Del. Ch. 2012)
- ***In re Complete Genomics, Inc. S'holder Litig***, C.A. No. 7888-VCL (Del. Ch. 2012)
- ***In re Integrated Silicon Solution, Inc. Stockholder Litig.***, Lead Case No. 115CV279142 (Sup. Ct. Santa Clara, CA 2015)

Prior to joining Levi & Korsinsky, Ms. Tripodi was a member of the litigation team that served as Lead Counsel in, and was responsible for, the successful prosecution of numerous class actions, including: *Rudolph v. UTStarcom* (stock option backdating litigation obtaining a $9.5 million settlement); *Grecian v. Meade Instruments* (stock option backdating litigation obtaining a $3.5 million settlement).

Education

- American University Washington College of Law, *cum laude* (2006), where she served as Editor in Chief of the Business Law Brief, was a member of the National Environmental Moot Court team, and interned for Environmental Enforcement Section at the Department of Justice
- Davidson College, B.A., Art History (2000)

Admissions

- Virginia (2006)
- District of Columbia (2008)
- United States District Court for the Eastern District of Virginia (2006)
- United States District Court for the District of Columbia (2010)

## Adam M. Apton

Adam M. Apton focuses his practice on investor protection. He represents institutional investors and high net worth individuals in securities fraud, corporate governance, and shareholder rights litigation. Prior to joining the firm, Mr. Apton defended corporate clients against complex mass tort, commercial, and products liability lawsuits. Thomson Reuters has selected Mr. Apton to the Super Lawyers Washington, DC "Rising Stars" list every year since 2016, a distinction given to only the top 2.5% of lawyers.

Mr. Apton's past representations and successes include:

- ***In re Tesla, Inc. Securities Litigation***, No. 3:18-cv-04865-EMC (N.D. Cal.) (lead counsel in class action representing Tesla investors who were harmed by Elon Musk's "funding secured" tweet from August 7, 2018)
- ***In re Navient Corp. Securities Litigation***, 17-8373 (RBK/AMD) (D.N.J.) (lead counsel in class action against leading provider of student loans for alleged false and misleading statements about

# LEVI&KORSINSKY LLP

NEW YORK I WASHINGTON, D.C. I CONNECTICUT I CALIFORNIA

compliance with consumer protection laws)

- ***In re Prothena Corporation Plc Securities Litigation,*** 1:18-cv-06425-ALC (S.D.N.Y.) ($15.75 million settlement fund against international drug company for false statements about development of lead biopharmaceutical product)

- ***Martin v. Altisource Residential Corporation, et al.,*** 15-00024 (AET) (GWC) (D.V.I.) ($15. 5 million settlement fund against residential mortgage company for false statements about compliance with consumer regulations and corporate governance protocols)

- ***Levin v. Resource Capital Corp., et al.,*** 1:15-cv-07081-LLS (S.D.N.Y.) ($9.5 million settlement in class action over fraudulent statements about toxic mezzanine loan assets)

- ***Rux v. Meyer (Sirius XM Holdings Inc.),*** No. 11577 (Del. Ch.) (recovery of $8.25 million against SiriusXM's Board of Directors for engaging in harmful related-party transactions with controlling stockholder, John. C. Malone and Liberty Media Corp.)

Education

- New York Law School, J.D., *cum laude* (2009), where he served as Articles Editor of the *New York Law School Law Review* and interned for the New York State Supreme Court, Commercial Division

- University of Minnesota, B.A., Entrepreneurial Management & Psychology, With Distinction (2006)

Admissions

- New York (2010)
- United States District Court for the Southern District of New York (2010)
- United States District Court for the Eastern District of New York (2010)
- District of Columbia (2013)
- United States Court of Appeals for the Ninth Circuit (2015)
- United States Court of Appeals for the Second Circuit (2016)
- United States Court of Appeals for the Third Circuit (2016)
- California (2017)
- United States District Court for the Northern District of California (2017)
- United States District Court for the Central District of California (2017)
- United States District Court for the Southern District of California (2017)

Publications

- "Pleading Section 11 Liability for Secondary Offerings" *American Bar Association: Practice Points* (Jan. 4, 2017)

- "Second Circuit Rules in Indiana Public Retirement System v. SAIC, Inc." *American Bar Association: Practice Points* (Apr. 4, 2016)

- "Second Circuit Applies Omnicare to Statements of Opinion in Sanofi" *American Bar Association: Practice Points* (Mar. 30, 2016)

- "Second Circuit Rules in Acticon AG v. China North" *American Bar Association: Practice Points*

LEVI&KORSINSKY LLP

NEW YORK I WASHINGTON, D.C. I CONNECTICUT I CALIFORNIA

(Sept. 14, 2015)

# *Of Counsel*

## Andrew E. Lencyk

Andrew E. Lencyk is Of Counsel to the Firm. Prior to joining the Firm, Mr. Lencyk was a partner in an established boutique firm in New York specializing in securities litigation. He was graduated *magna cum laude* from Fordham College, New York, with a B.A. in Economics and History, where he was a member of the College's Honors Program, and was elected to Phi Beta Kappa. Mr. Lencyk received his J.D. from Fordham University School of Law, where he was a member of the Fordham Urban Law Journal. He was named to the 2013, 2014, 2015, 2016, 2017, 2018 and 2019 Super Lawyers ®, New York Metro Edition.

Mr. Lencyk has co-authored the following articles for the Practicing Law Institute's Accountants' Liability Handbooks:

- *Liability in Forecast and Projection Engagements: Impact of Luce v. Edelstein*

- *An Accountant's Duty to Disclose Internal Control Weaknesses*

- *Whistle-blowing: An Accountants' Duty to Disclose A Client's Illegal Acts*

- *Pleading Motions under the Private Securities Litigation Reform Act of 1995*

- *Discovery Issues in Cases Involving Auditors* (co-authored and appeared in the 2002 PLI Handbook on *Accountants' Liability After Enron*.)

In addition, he co-authored the following article for the Association of the Bar of the City of New York, Corporate & Securities Law Updates:

- *Safe Harbor Provisions for Forward-Looking Statements* (co-authored and published by the Association of the Bar of the City of New York, Corporate & Securities Law Updates, Vol. II, May 12, 2000)

Cases in which Mr. Lencyk actively represented plaintiffs include:

- ***Kirkland et al. v. WideOpenWest, Inc.,*** Index No. 653248/2018 (Sup. Ct, NY County) (substantially denying defendants' motion to dismiss Section 11 and 12(a)(2) claims)

- ***In re Community Psychiatric Centers Securities Litigation,*** SA CV-91-533-AHS (Eex) (C.D. Cal.) and *McGann v. Ernst & Young,* SA CV-93-0814-AHS (Eex) (C.D. Cal.)(recovery of $54.5 million against company and its outside auditors)

- ***In re Danskin Securities Litigation,*** Master File No. 92 CIV. 8753 (JSM) (S.D.N.Y.);

- ***In re JWP Securities Litigation,*** Master File No. 92 Civ. 5815 (WCC) (S.D.N.Y.) (class recovery of approximately $36 million)

- ***In re Porta Systems Securities Litigation,*** Master File No. 93 Civ. 1453 (TCP) (E.D.N.Y.);

- ***In re Leslie Fay Cos. Securities Litigation,*** No. 92 Civ. 8036 (S.D.N.Y.)($35 million recovery)

- ***Berke v. Presstek, Inc.,*** Civ. No. 96-347-M (MDL Docket No. 1140) (D.N.H.) ($22 million recovery)

- ***In re Micro Focus Securities Litigation,*** No. C-01-01352-SBA-WDB (N.D. Cal.)

- ***Dusek v. Mattel, Inc., et al.,*** CV99-10864 MRP (C.D. Cal.) ($122 million global settlement)

- ***In re Sonus Networks, Inc. Securities Litigation-II,*** No. 06-CV-10040 (MLW) (D. Mass.)

# LEVI&KORSINSKY LLP

NEW YORK I WASHINGTON, D.C. I CONNECTICUT I CALIFORNIA

- ***In re AIG ERISA Litigation,*** No. 04 Civ. 9387 (JES) (S.D.N.Y.) ($24.2 million recovery)
- ***In re Mutual Funds Investment Litigation,*** MDL No. 1586 (D. Md.)
- ***In re Alger, Columbia, Janus, MFS, One Group, Putnam, Allianz Dresdner,*** MDL No. 15863-JFM - Allianz Dresdner subtrack (D. Md.)
- ***In re Alliance, Franklin/Templeton, Bank of America/Nations Funds and Pilgrim Baxter,*** MDL No. 15862-AMD – Franklin/Templeton subtrack (D. Md.)
- ***In re AIG ERISA Litigation II,*** No. 08 Civ. 5722 (LTS) (S.D.N.Y.) ($40 million recovery); and
- ***Flynn v. Sientra, Inc.,*** CV-15-07548 SJO (RAOx) (C.D. Cal.) ($10.9 million recovery) (co-lead counsel) Court decisions in which Mr. Lencyk played an active role on behalf of plaintiffs include:
- ***Pub. Empls' Ret. Sys. of Miss. v. TreeHouse Foods,*** 2018 U.S. Dist. LEXIS 22717 (N.D. Ill. Feb. 12, 2018) (denying defendants' motion to dismiss in its entirety)
- ***Flynn v. Sientra, Inc.,*** 2016 U.S. Dist. LEXIS 83409 (C.D. Cal. June 9, 2016) (denying in substantial part defendants' motions to dismiss Section 10(b), Section 11 and 12(b)(2) claims), *motion for reconsideration denied*, slip op. (C.D. Cal. Aug 12, 2016)
- ***In re Principal U.S. Property Account ERISA Litigation,*** 274 F.R.D. 649 (S.D. Iowa 2011) (denying defendants' motion to dismiss)
- ***In re AIG ERISA Litigation II,*** No. 08 Civ. 5722(LTS), 2011 U.S. Dist. LEXIS 35717 (S.D.N.Y. May 31, 2011) (denying in substantial part defendants' motions to dismiss), *renewed motion to dismiss denied*, slip op. (S.D.N.Y. June 26, 2014)
- ***In re Mutual Funds Investment Litigation,*** 384 F. Supp. 2d 845 (D. Md. 2005) (denying in substantial part defendants' motions to dismiss), *In re Alger, Columbia, Janus, MFS, One Group, Putnam, Allianz Dresdner*, MDL No. 15863-JFM - Allianz Dresdner subtrack (D. Md. Nov. 3, 2005) (denying in substantial part defendants' motions to dismiss), and *In re Alliance, Franklin/Templeton, Bank of America/Nations Funds and Pilgrim Baxter*, MDL No. 15862-AMD – Franklin/Templeton subtrack (D. Md. June 27, 2008) (same)
- ***In re AIG ERISA Litigation,*** No. 04 Civ. 9387 (JES) (S.D.N.Y. Dec. 12, 2006) (denying defendants' motions to dismiss in their entirety)
- ***Dusek v. Mattel, Inc., et al.,*** CV99-10864 MRP (C.D. Cal. Dec. 17, 2001) (denying defendants' motions to dismiss Section 14(a) complaint in their entirety)
- ***In re Micro Focus Sec. Litig.,*** Case No. C-00-20055 SW (N.D. Cal. Dec. 20, 2000) (denying motion to dismiss Section 11 complaint);
- ***Zuckerman v. FoxMeyer Health Corp.,*** 4 F. Supp.2d 618 (N.D. Tex. 1998) (denying defendants' motion to dismiss in its entirety in one of the first cases decided in the Fifth Circuit under the Private Securities Litigation Reform Act of 1995)
- ***In re U.S. Liquids Securities Litigation,*** Master File No. H-99-2785 (S.D. Tex. Jan. 23, 2001) (denying motion to dismiss Section 11 claims)
- ***Sands Point Partners, L.P., et al. v. Pediatrix Medical Group, Inc., et al.,*** Case No. 99-6181-CIV-Zloch (S.D. Fla. June 6, 2000) (denying defendants' motion to dismiss in its entirety)

- ***Berke v. Presstek, Inc.,*** Civ. No. 96-347-M (MDL Docket No. 1140) (D.N.H. Mar. 30, 1999) (denying defendants' motion to dismiss)

- ***Chalverus v. Pegasystems, Inc.,*** 59 F. Supp. 2d 226 (D. Mass. 1999) (denying defendants' motion to dismiss);

- ***Danis v. USN Communications, Inc.,*** 73 F. Supp. 2d 923 (N.D. Ill. 1999) (denying defendants' motion to dismiss)

- ***In re JWP Inc. Securities Litigation,*** 928 F. Supp. 1239 (S.D.N.Y. 1996) (denying defendants' motion for summary judgment);

- ***In re Danskin Securities Litigation,*** Master File No. 92 CIV. 8753 (JSM) (S.D.N.Y. Feb. 23, 1994) (denying corporate and underwriter defendants' motions to dismiss in all respects)

- ***In re UCAR International Inc., Securities Litigation,*** No. 3:98cv600 (JBA) (D. Conn.) (Case settled during pendency of defendants' motion to dismiss).

Education:

- Fordham University School of Law, J.D. (1992)
- Fordham College, B.A. *magna cum laude*, 1988)

Admissions

- New York (1993)
- Connecticut (1992)
- United States District Court for the Southern District of New York (2004)
- United States District Court for the Eastern District of New York (2004)
- United States Court of Appeals for the Second Circuit (2015)

## Kristina Mentone

Kristina Mentone is Of Counsel at the Firm. She is a seasoned litigator with more than 15 years of experience in complex securities litigation. Ms. Mentone previously represented investors in residential mortgage backed securities, helping to recover several billions of dollars of damages for her clients. She has represented both plaintiffs and defendants in complex class actions and has represented major financial institutions in high-stakes regulatory investigations.

Education

- Fordham University School of Law, J.D., *cum laude*, Order of the Coif (2003)
- New York University, B.A., *cum laude* (1999)

Admissions

- New York (2004)
- United States District Court for the Southern District of New York (2005)
- United States District Court for the Eastern District of New York (2009)

LEVI&KORSINSKY LLP

NEW YORK I WASHINGTON, D.C. I CONNECTICUT I CALIFORNIA

## Sebastian Tornatore

Sebastian Tornatore is Of Counsel in the Connecticut office of Levi & Korsinsky, LLP with a focus on representing individual and institutional plaintiffs in federal securities fraud class actions and related shareholder matters.

Since joining the firm in 2013, Sebastian has assisted in the recovery of millions of dollars for the benefit of shareholder classes, including:

- *In re EndoChoice Holdings, Inc. Sec. Litig.,* C.A. No. 2016-cv-277772 (Fulton Cty. Ga.) ($8.5 million settlement in action stemming from defendant corporation's IPO)

- *Forman v. Meridian Bioscience Inc.,* C.A. No. 1:17-cv-00774 (S.D. Ohio) (settlement of $2.1 million in securities fraud action)

- *In re: Comverge Inc. S'holders Litig.,* C.A. No. 7368 (Del. Ch.) (settlement of $5.9 million in action arising from takeover)

Sebastian is currently litigating a variety of class actions throughout the country, including:

- *Ford v. TD Ameritrade,* C.A. No. 8:14-cv-396 (D. Neb.) (defeated motion to dismiss in best execution case stemming from TD Ameritrade's order routing practices)

- *In re Restoration Robotics, Inc. Sec. Litig.,* C.A. No. 5:18-cv-03712-EJD (N.D. Cal.) (defeated defendants' motion to dismiss in part and litigating an action on behalf of a certified class of investors in defendant company's IPO)

- *Kirkland et al. v. WideOpenWest, Inc.,* Index No. 653248/2018 (Sup. Ct, NY County) (defeated defendants' motion to dismiss in part on behalf of a proposed class of investors in defendant company's IPO)

- *Stein v. U.S. Xpress Enterprises, Inc.,* C.A. No. 1:19-cv-00098 (E.D. Tenn.) (defeated defendants' motion to dismiss in part on behalf of a proposed class of investors in defendant company's IPO)

Prior to joining the firm, Sebastian worked for the Connecticut Judicial System, where he gained significant experience assisting various state judges.

Education

- University of Connecticut School of Law, J.D. (2012)
- Boston College, B.A., Political Science  (2008)

Admissions

- Connecticut (2012)
- Massachusetts (2012)
- New York (2014)
- United States District Court for the District of Connecticut (2014)
- United States District Court for the Southern District of New York (2016)
- United States District Court for the District of Massachusetts (2016)
- United States District Court for the Eastern District of New York (2018)

## LEVI&KORSINSKY LLP
NEW YORK I WASHINGTON, D.C. I CONNECTICUT I CALIFORNIA

# *Associates*

## Stephanie A. Bartone

Stephanie A. Bartone practices in all areas of the firm, with a focus on securities fraud litigation.  Prior to joining the firm, Ms. Bartone worked for the Connecticut Judicial System where she assisted state court judges in civil and family matters. Ms. Bartone also previously worked for a firm specializing in civil litigation and criminal defense at the state and federal level. While attending The University of Connecticut School of Law, Ms. Bartone was the Symposium Editor of the *Connecticut Law Review*.

Education

- The University of Connecticut School of Law, J.D. (2012)
- The University of New Hampshire, B.A. *summa cum laude* (2008) Psychology and Justice Studies

Admissions

- Connecticut (2012)
- Massachusetts (2012)
- United States District Court for the District of Colorado (2013)
- United States District Court for the District of Connecticut (2015)
- United States District Court for the District of Massachusetts (2016)
- United States Court of Appeals for the Third Circuit (2020)

## Jordan A. Cafritz

Jordan Cafritz is an Associate with the Firm's Washington, D.C. office. While attending law school at American University he was an active member of the American University Business Law Review and worked as a Rule 16 attorney in the Criminal Justice Defense Clinic. After graduating from law school, Mr. Cafritz clerked for the Honorable Paul W. Grimm in the U.S. District Court for the District of Maryland.

Education

- American University Washington College of Law, J.D. (2014)
- University of Wisconsin-Madison, B.A., Economics & History (2010)

Admissions

- Maryland (2014)
- District of Columbia (2018)

*"I think you've done a superb job and I really appreciate the way this case was handled."*

The Honorable Ronald B. Rubin in *Teoh v. Ferrantino*, C.A. No. 356627
(Cir. Ct. for Montgomery Cnty., MD 2012)

# LEVI&KORSINSKY LLP
NEW YORK I WASHINGTON, D.C. I CONNECTICUT I CALIFORNIA

## Michael Keating

Michael Keating is an Associate with the Firm's Stamford office focusing on federal securities litigation. Mr. Keating previously interned with the Division of Enforcement for the Securities and Exchange Commission while attending law school.

Education:

- University of Connecticut School of Law, J.D. (2019)
- University of Connecticut, B.A Psychology (2014)

Admissions:

- Connecticut

*Vice Chancellor Sam Glasscock, III said "it's always a pleasure to have counsel who are articulate and exuberant…" and referred to our approach to merger litigation as "wholesome" and "a model of… plaintiffs' litigation in the merger arena."*

*Ocieczanek v. Thomas Properties Group, C.A. No. 9029-VCG (Del. Ch. May 15, 2014)*

## Alexander Krot

Education

- The George Washington University, B.B.A., Finance and International Business (2003)
- American University Washington College of Law, J.D. (2010)
- Georgetown University Law Center, LL.M., Securities and Financial Regulation, With Distinction (2011)
- American University, Kogod School of Business, M.B.A. (2012)

Admissions

- Maryland (2011)
- District of Columbia (2014)
- United States District Court for the District of Colorado (2015)
- United States Court of Appeals for the Tenth Circuit (2016)
- United States District Court for the Eastern District of Wisconsin (2017)
- United States Court of Appeals for the Third Circuit (2018)

*Then Vice Chancellor Leo E. Strine, Jr. praised the Firms' "exceedingly measured and logical" argument*

*Forgo v. Health Grades, Inc., C.A. No. 5716-VCS (Del. Ch. Sept. 3, 2010)*

## LEVI&KORSINSKY LLP

NEW YORK I WASHINGTON, D.C. I CONNECTICUT I CALIFORNIA

### Courtney E. Maccarone

Courtney E. Maccarone focuses her practice on prosecuting consumer class actions. Prior to joining Levi & Korsinsky, Ms. Maccarone was an associate at a boutique firm in New York specializing in class action litigation. While attending Brooklyn Law School, Ms. Maccarone served as the Executive Symposium Editor of the *Brooklyn Journal of International Law* and was a member of the Moot Court Honor Society. Her note, "Crossing Borders: A TRIPS-Like Treaty on Quarantines and Human Rights" was published in the Spring 2011 edition of the *Brooklyn Journal of International Law*.

Ms. Maccarone also gained experience in law school as an intern to the Honorable Martin Glenn of the Southern District of New York Bankruptcy Court and as a law clerk at a New York City-based class action firm. Ms. Maccarone has been recognized as a Super Lawyer "Rising Star" for the New York Metro area for the past seven consecutive years.

Education

- Brooklyn Law School, J.D., *magna cum laude* (2011), where she served as the Executive Symposium Editor of the *Brooklyn Journal of International Law* and was a member of the Moot Court Honor Society
- New York University, B.A., *magna cum laude* (2008)

Admissions

- New Jersey (2011)
- New York (2012)
- United States District Court for the District of New Jersey (2012)
- United States District Court for the Eastern District of New York (2012)
- United States District Court for the Southern District of New York (2012)

Publications

- "Crossing Borders: A TRIPS-Like Treaty on Quarantines and Human Rights," published in the Spring 2011 edition of the *Brooklyn Journal of International Law*

### Rosanne L. Mah

Rosanne L. Mah is an Associate in Levi & Korsinsky, LLP's San Francisco office. She represents consumers in complex class action litigation involving deceptive or misleading practices, false advertising, and data/privacy issues.

Education

- University of San Francisco, School of Law, J.D. (2005)
- University of California at Santa Cruz, B.A., Politics and Environmental Studies (1995)

Admissions

- United States District Court for the Northern District of California (2007)
- United States District Court for the Eastern District of California (2007)
- United States District Court for the Central District of California (2017)

## LEVI&KORSINSKY LLP
NEW YORK I WASHINGTON, D.C. I CONNECTICUT I CALIFORNIA

### Adam C. McCall

Adam C. McCall is an Associate with the Firm. Prior to joining Levi & Korsinsky, Mr. McCall was a Summer Analyst at Moelis & Company and an intern at Fortress Investment Group. While attending the Georgetown University Law Center, he was an extern at the Securities and Exchange Commission's Division of Corporate Finance.

Education

- Georgetown University Law Center, LL.M., Securities and Financial Regulation (2015)
- California Western School of Law, J.D., *cum laude* (2013)
- Santa Clara University, Certificate of Advanced Accounting Proficiency (2010)
- University of Southern California, B.A., Economics (2008)

Admissions

- California (2014)
- United States District Court for the Central District of California (2015)
- United States District Court for the Eastern District of California (2015)
- United States District Court for the Northern District of California (2015)
- United States District Court for the Southern District of California (2015)
- United States Court of Appeals for the Ninth Circuit (2016)
- District of Columbia (2017)

### Melissa Muller

Melissa Muller is an Associate with the Firm's New York Office focusing on federal securities litigation. Ms. Muller previously worked as a paralegal for the New York office while attending law school.

Education

- New York Law School, J.D., Dean's Scholar Award, member of the Dean's Leadership Council (2018)
- John Jay College of Criminal Justice, B.A. (2013), *magna cum laude*

Admissions

- New York (2019)
- United States District Court for the Southern District of New York (2020)

### Zachary Ness

Mr. Ness is an Associate with the Firm in the Washington, D.C. office, where he focuses his practice on financial litigation, including class action litigation relating to corporate governance, securities, cryptocurrencies, and initial coin offerings. During law school, he was an honors intern for the Trading and Markets Division of the U.S. Securities and Exchange Commission, where he practiced in the offices of Trading Practices and Market Supervision. In addition, he was a judicial intern for the Superior Court of the District of Columbia, and a research assistant tasked with examining modern constitutional privacy law issues.

LEVI&KORSINSKY LLP
NEW YORK I WASHINGTON, D.C. I CONNECTICUT I CALIFORNIA

Education

- Georgetown University Law Center, J.D. (2019)
- Rutgers University (New Brunswick) (2016), *summa cum laude*

Admissions

- District of Columbia (2020)

Publications

- "A Fighting Chance: Ensuring Choice of Representation," 31 GEO. J. LEGAL ETHICS 781 (2018)

## Gregory M. Potrepka

Gregory M. Potrepka is an Associate in Levi & Korsinsky's Connecticut office. Mr. Potrepka is an experienced lawyer having litigated cases in State, Federal, and Tribal courts, at both the trial and appellate levels.  While in law school, Mr. Potrepka clerked in the Civil Division of the United States Attorney's Office for the District of Columbia.

Education

- University of Connecticut School of Law, J.D. (2015)
- University of Connecticut Department of Public Policy, M.P.A. (2015)
- University of Connecticut, B.A., Political Science (2010)

Admissions

- Connecticut (2015)
- Mashantucket Pequot Tribal Court (2015)
- United States District Court for the District of Connecticut (2016)
- United States District Court for the Southern District of New York (2018)
- United States District Court for the Eastern District of New York (2018)
- United States Court of Appeals for the Third Circuit (2020)

## Andrew Rocco

Andrew Rocco is an Associate with the Firm in the Connecticut office. As a law student, he interned for the Office of the Attorney General for the State of Connecticut in the Employment Rights Department and served as the Editor-in-Chief of the Quinnipiac Probate Law Journal.

Education

- Quinnipiac University School of Law, J.D., *summa cum laude* (2017)
- Champlain College, B.A., Legal Studies, *summa cum laude* (2014)

Admissions

- Connecticut

## LEVI&KORSINSKY LLP

NEW YORK I WASHINGTON, D.C. I CONNECTICUT I CALIFORNIA

### Brian Stewart

Brian Stewart is an Associate with the Firm practicing in the Washington, D.C. office. Prior to joining the firm, Mr. Stewart was an associate at a small litigation firm in Washington D.C. and a regulatory analyst at the Financial Industry Regulatory Authority (FINRA).  During law school, he interned for the Enforcement Divisions of the SEC and CFPB.

Education

- American University Washington College of Law, J.D. (2012)
- University of Washington, B.S., Economics and Mathematics (2008)

Admissions

- Maryland (2012)
- District of Columbia (2014)

# B|E|S BRAGAR EAGEL & SQUIRE, P.C.

## FIRM RESUME

Bragar Eagel & Squire, P.C. represents clients in complex litigation throughout the country. Our practice focuses on prosecuting stockholder securities class actions, corporate governance actions, and merger actions in federal and state courts. Our attorneys have been appointed as lead counsel or co-lead counsel in hundreds of securities, corporate governance, and merger actions around the country. We also have strong practices in bankruptcy-related litigation, and we are often retained by creditor committees or post-confirmation trustees to litigate D&O and other claims for the benefit of the bankruptcy estate or creditors. We also have a breadth of experience to litigate a full range of commercial disputes.

Our attorneys come from various legal backgrounds and collectively have decades of experience litigating securities class actions, corporate governance matters, merger actions, and consumer rights actions, obtaining well over a billion dollars in recoveries for clients and class members. We litigate cases aggressively, from the initial investigation, through motion practice, discovery, trial and appeals. We are headquartered in New York City and have offices in San Francisco and Los Angeles, California.

## DERIVATIVE, SECURITIES, AND MERGER LITIGATION

The core of our practice is prosecuting securities class actions, corporate governance actions, and merger actions. Our attorneys have represented stockholders in hundreds of securities class actions, individual securities actions, corporate governance actions, and merger actions.

We have an active practice before the Delaware Court of Chancery and have achieved success before the Delaware Supreme Court litigating matters involving stockholder rights, corporate governance, and limited partner rights. We are one of the nation's leading firms litigating complex legal issues under Delaware law applicable to alternative entities, including publicly-traded master limited partnerships and limited liability companies.

In the master limited partnership field, we frequently represent limited partners challenging the fairness of "conflicted" transactions between the publicly-traded partnership and its controlling parent entity. In *In re El Paso Pipeline Partners, L.P., Derivative Litigation*, we successfully tried claims before the Delaware Court of Chancery and obtained the only verdict finding that independent directors of a master limited partnership acted with *subjective* bad faith when approving a conflicted transaction with the parent. 2015 Del. Ch. LEXIS 116 (April 20, 2015).[1]

In *Mesirov v. Enbridge Energy Company, Inc.*, we obtained a very favorable ruling from the Delaware Supreme Court, which clarified the standard applicable to certain conflicted

---

[1] The case was subsequently dismissed on appeal due to plaintiff's loss of standing.

BᴇS BRAGAR EAGEL & SQUIRE, P.C.

transactions between the master limited partnership and its parent. 159 A.3d 242 (Del. March 28, 2017).

## <u>Representative Matters</u>

### Derivative Actions

- ***Mesirov v. Enbridge Energy Company, Inc., et al.***, C.A. No. 11314, Appeal No. 273, (Del. Supreme Court 2016). We prosecuted class and derivative claims on behalf of Enbridge Energy Partners, L.P. ("EEP") against EEP's general partner, parent, and affiliated entities. The claims arose out of a January 2015 "drop down" transaction pursuant to which the general partner sold certain pipeline assets to EEP for $1 billion plus additional consideration in the form of a "special tax allocation". We secured a favorable ruling from the Delaware Supreme Court, reversing in part the Chancery Court's dismissal of the action. The action was dismissed as a result of EEP's merger into Enbridge Inc., which deprived the plaintiff of standing. The EEP Special Committee that negotiated an increase in the merger price valued the derivative claims at $111.2 million and asserted that Enbridge's offer failed to account for this value. Reported decisions: 159 A.3d 242 (Del. March 28, 2017) (reversing order of dismissal); 2018 Del. Ch. LEXIS 294 (Del. Ch. August 29, 2018) (denying in part motion to dismiss third amended complaint).

- ***In re Activision Blizzard, Inc. Stockholder Litigation***, C.A. No. 8885 (Del. Ch. 2013). We were co-lead counsel prosecuting class and derivative claims on behalf of Activision's stockholders arising out of a conflicted transaction unfairly favoring Activision's senior management. The matter settled on the eve of trial for $275 million, by far the largest monetary settlement in the history of the Delaware Court of Chancery and the largest cash derivative settlement in the country. In addition, the settlement provided significant corporate governance benefits to class. Reported decision: 86 A.3d 531 (February 21, 2014) (court compelled foreign national directors of controlling stockholder to respond to discovery).

- ***In re El Paso Pipeline Partners, L.P. Derivative Litigation***, C.A. No. 7141 (Del. Ch. 2011). We prosecuted claims on behalf of El Paso Pipeline Partners, L.P., a public master limited partnership, against its general partner and its sponsor, El Paso Corporation (now merged into Kinder Morgan, Inc.). The claims arose out of the 2010 "drop down" of certain pipeline assets from the general partner to the partnership. After trial, the Court found that the Special Committee that recommended approval of the transaction did not believe that the transaction was in the best interests of the partnership and, therefore, that the general partner breached the partnership agreement by engaging in the transaction. The Court found that the partnership was damaged in the amount of $171 million.[2] Reported decision: 2015 Del. Ch. LEXIS 116 (April 20, 2015) (post-trial memorandum opinion finding that the three independent

---

[2] The case was subsequently dismissed on appeal due to plaintiff's loss of standing.

**B|E|S BRAGAR EAGEL & SQUIRE, P.C.**

directors that approved a conflicted transaction did not believe that the transaction was in the best interests of the partnership).

- ***In re Third Avenue Trust Stockholder & Derivative Litigation***, Cons. C.A. No. 12184 (Del. Ch. 2016). We were co-lead counsel prosecuting claims for breach of fiduciary duty against the Trust's officers and its investment advisor arising out of the collapse of the Third Avenue Focused Credit Fund. The case settled for $25 million.

- ***In re CenturyLink Sales Practices and Securities Litigation: Consolidated Derivative Action***, MDL No. 17-2795 (MJD/KMM), United States District Court for the District of Minnesota. We were appointed sole lead counsel to pursue derivative claims on behalf of CenturyLink against certain of its current and former directors and officers.  The claims arise out of the company's practice of allowing its employees to add services or lines to accounts without customer permission, resulting in millions of dollars in unauthorized charges to CenturyLink customers.

- ***In re Equifax, Inc. Derivative Litigation***, Case No. 1:18-cv-17, United States District Court for the Northern District of Georgia. We represent individual and institutional stockholders prosecuting derivative claims on behalf of Equifax against certain of Equifax's current and former officers and directors for breaches of fiduciary duty arising out of Equifax's 2017 data breach.

- ***In re Align Technology, Inc. Derivative Litigation***, Lead Case No. 5:19-cv-00202-LHK, United States District Court for the Northern District of California.  We represent a stockholder of Align Technology, Inc., the manufacturer of Invisalign® teeth aligners, asserting derivative claims on behalf of the company alleging that certain former directors and officers caused the company to make materially false and misleading statements concerning the company's promotions and their negative effect on gross margins and net revenues. We were appointed co-lead counsel on February 26, 2019.

- ***Baron v. Sanborn, et al.,*** Case No. 3:18-cv-04391-WHA, United States District Court for the Northern District of California. We represent a stockholder of LendingClub Corporation, an on-line marketplace platform that connects borrowers to lenders. The stockholder is bringing derivative claims on behalf of the company against certain current and former directors and officers for arising out of the company's business practice of make false statements to potential borrowers concerning applicable fees and the loan approval process.  The court appointed us co-lead counsel on April 25, 2019.

- ***Meldon v. Thompson, et al.***, Civil Action No.: 18-cv-10166, United States District Court for the District of New Jersey. We represent a stockholder of Freshpet, Inc., a manufacturer of foods for dogs and cats. The stockholder is bringing a derivative action on behalf of the company alleging that certain current and former directors and officers caused the company to make false and misleading statements about the company's business results and prospects.  The claims arise out of the defendants'

B|E|S **BRAGAR EAGLE & SQUIRE, P.C.**

alleged failure to disclose expected decreases in revenues due to manufacturing problems and financial difficulties at the company's primary retail customers.

- ***Walker v. Desisto, et al.,*** Civ. A. No. 17-10738-MLW, United States District Court for the District of Massachusetts. We represent a stockholder of Insulet Corporation bringing derivative claims on behalf of the company against certain of the company's current and former directors and officers for making false and misleading statements concerning market demand for the company's disposable insulin delivery system, "OmniPod." The parties have agreed to a settlement of the matter, which remains subject to the court's approval.

- ***In re Tesla Motors, Inc. Stockholder Litigation***, C.A. No. 12711, Delaware Court of Chancery. We represent institutional asset managers prosecuting direct and derivative claims on behalf of Tesla arising out of Tesla's acquisition of SolarCity Corporation. The class was certified on April 18, 2019 and discovery is ongoing.

- ***Brinckerhoff v. Texas Eastern Products Pipeline Company, L.L.C.***, C.A. No. 2427 (Del. Ch. 2010). We prosecuted claims on behalf of TEPPCO's common unitholders claiming that in a series of transactions orchestrated by TEPPCO's general partner, TEPPCO had been shortchanged by hundreds of millions of dollars. The action was resolved by a merger which benefitted TEPPCO's unitholders by more than $400 million. Reported decision: 2008 Del. Ch. LEXIS 174 (November 25, 2008) (denial in part of motion to dismiss).

- ***Gerber v. Enterprise Products Holdings L.L.C.***, C.A. No. 5989 (Del. Ch. 2013). We served as lead counsel for derivative and class claims arising out of a variety of master limited partnership transactions, alleging that the general partner's approvals of the transactions were done in bad faith and in breach of the implied covenant of good faith and fair dealing. One action was settled by defendants agreeing to a merger that increased the value of the limited partnership units by approximately $400 million. In another action, after the trial court dismissed the complaint, we prevailed before the Delaware Supreme Court to reinstate the claims for breach of implied covenant. The matters settled for $12.4 million for the Master Limited Partnership unitholders. Reported decision: 67 A.3d 400, *overruled in part*, 159 A.3d 242 (Del. June 10, 2013) (reversing order of dismissal).

- ***In re Allegiant Travel Co. Stockholder Derivative Litigation***, Master File No. 3:18-01864, United States District Court for the District of Nevada. We are co-lead counsel representing stockholders in a derivative action asserting claims against Allegiant's current and former officers and directors for breaches of duties owed to the company arising out of the company's failures to maintain the safety of its airplanes.

**Securities Class Actions**

- ***Lefkowitz v. Synacor, Inc.***, Case No. 18-2979, United States District Court for the Southern District of New York. On October 17, 2018, we were appointed sole lead

B|E|S BRAGAR EAGEL & SQUIRE, P.C.

counsel to prosecute claims on behalf of a class of Synacor stockholders alleging that Synacor, Inc. violated federal securities laws by making false and misleading statements and failing to disclose adverse facts concerning a contract with AT&T.

- *Crago v. Charles Schwab & Co., Inc., et al.*, Case No. 3:16 Civ. 3938, United States District Court for the Northern District of California. We are co-lead counsel prosecuting claims seeking to recover damages on behalf of a class of retail brokerage customers arising out of Charles Schwab's alleged omissions regarding its order routing practices. The Court denied Charles Schwab's motion to dismiss on December 5, 2017 and the case has now proceeded into further discovery. Reported decision: 2017 U.S. Dist. LEXIS 215871 (December 5, 2017) (denial of motion to dismiss).

- *In re Supreme Industries, Inc., Securities Litigation*, Case No. 3:17-143, United States District Court for the District of Indiana. We are co-lead counsel prosecuting claims on behalf of a class of stockholders alleging that Supreme Industries violated federal securities laws by making false and misleading representations concerning its order backlog, an indicator of its current and future financial performance.

- *In re BP p.l.c. Securities Litigation*, Case No. 4:10-md-02185, United States District Court for the Southern District of Texas. We represent nine institutional asset managers that purchased BP stock on the London Stock Exchange and are prosecuting claims against BP for violations of English securities laws arising out of BP's false and misleading statements concerning the safety of its offshore oil rigs and operations and false and misleading statements regarding the size of the oil spill.

- *Sudunagunta v. NantKwest, Inc., et al.*, Case No. 2:16 Civ. 1947, United States District Court for the Central District of California. We were co-lead counsel prosecuting a securities class action against NantKwest, a biotechnology company that develops immunotherapeutic agents for various clinical conditions and in which we are co-lead counsel for the plaintiff. The action resulted from NantKwest's false and misleading statements in connection with its initial public offering and failure to disclose errors in its financial filings with the SEC. On May 13, 2019, the Court granted final approval of a settlement that will provide $12 million to the class. Reported decision: 2018 U.S. Dist. LEXIS 137084 (Aug. 13, 2018) (order granting class certification).

- *Xu v. Gridsum Holding Inc., et al.*, Case No. 1:18 Civ. 3655, United States District Court for the Southern District of New York. We are lead counsel prosecuting claims for violations of the federal securities laws arising out of Gridsum's materially false and misleading statements and omissions regarding its financial reporting. The Court appointed us lead counsel on September 17, 2018.

- *Shah v. A10 Networks, Inc., et al.*, No. 3:18 Civ. 1772, United States District Court for the Northern District of California. We are co-lead counsel prosecuting claims on behalf of a class of stockholders arising out of alleged violations of the federal securities laws related to materially false and misleading statements related to a failure to disclose an Audit Committee investigation prompted by A10's internal

**B|E|S** BRAGAR EAGEL & SQUIRE, P.C.

control issues, as well as allegations that improper revenue recognition caused false financial statements. The Court appointed us lead counsel on August 31, 2018.

- *Cullinan v. Cemtrex, Inc., et al.*, Consolidated Case No. 2:17-cv-01067, United States District Court for the Eastern District of New York. We are co-lead counsel prosecuting claims on behalf of a class of stockholders arising out of violations of the federal securities laws related to company insider's improper sales of stock and false and misleading statements concerning the company's business operations. The court appointed us co-lead counsel on March 9, 2018. The Parties negotiated a settlement of the action for a $625,000 cash payment to the Class, which is subject to final approval by the Court.

- *In re Altice USA, Inc. Securities Litigation*, Index No. 711788/2018, Supreme Court of the State of New York, Queens County. We are co-lead counsel prosecuting claims on behalf of a class of stockholders arising out of violations of the federal securities laws related to the company's filing of a false and misleading proxy statement in connection with its June 2017 initial public offering.

- *Vardanian v. Arlo Technologies, Inc., et al.*, Case NO. 19cv342418, Superior Court of the State of California, County of Santa Clara. We represent a class of Arlo Technologies, Inc., stockholders alleging claims for violation of the federal securities laws arising out of the company's Registration Statement and Prospectus issued in connection with its August 2018 initial public offering.

- *Alden v. FAT Brands, Inc., et al.*, Case No. BC716017, Superior Court for the State of California, County of Los Angeles. We represent a class of FAT Brands stockholders alleging claims for violation of federal securities laws arising out of the company's Registration Statement and Offering Circular filed in connection with its initial public offering.

- *Trinad Capital Master Fund, Ltd. v Majesco Entertainment Company, et al.*, C.A. No. 06-05265 (D.N.J. 2006). We represented hedge fund in opt-out securities fraud litigation against officers and directors of public company. The case resolved favorably for client.

**Merger Litigation**

- *True Value Company*, C.A. No. 2018-0257, Delaware Court of Chancery. Co-lead counsel representing stockholder and independent retailer of True Value Company in a challenge to the fairness of a conflicted transaction by which each True Value stockholder would be forced to sell 70% of its shares at par value, ending up as indirect minority members of the Company. The action resulted in additional disclosures by defendants, which the Court found to be material.

- *In re Cornerstone Therapeutics, Inc. Stockholder Litigation*, C.A. No. 8922, Delaware Court of Chancery. Co-lead counsel representing a class of Cornerstone

B|E|S BRAGAR EAGEL & SQUIRE, P.C.

Therapeutics stockholders challenging an acquisition of the company by its controlling stockholder in a "going private" transaction. The matter settled for **$17,881,555** in cash benefits to the class.

- ***Ross and Parker v. Rhône Capital, L.L.C. et al.***, Case No. CACE-16-013220 (Cir. Ct. 17th Jud. Dist., Broward Cty., Fla.). Partners of our firm were counsel in action challenging the acquisition of Elizabeth Arden by Revlon.

- ***In re Allion Healthcare, Inc. Shareholders Litigation***, C.A. No. 5022-CC (Del. Ch.). Partners of our firm co-lead counsel in action challenging a going-private transaction whereby Allion merged with H.I.G. Capital Inc. and a group of Allion stockholders. The action was settled with a $4 million payment to Allion's unaffiliated shareholders and additional disclosures to shareholders.

- ***In re RehabCare Group, Inc., Shareholders Litigation***, C.A. No. 6197-VCL (Del. Ch.). Partners of our firm co-lead counsel in action challenging the acquisition of RehabCare by Kindred Healthcare, Inc. which resulted in a $2.5 million payment to RehabCare shareholders, modification of the merger agreement, and additional disclosures to shareholders.

- ***In re Atheros Communications Shareholder Litigation***, C.A. No. 6124-VCN (Del. Ch.). Partners of our firm co-lead counsel in action challenging the acquisition of Atheros by Qualcomm Incorporated which resulted in the issuance of a preliminary injunction by the Delaware Court of Chancery delaying the shareholder vote and requiring additional disclosures to shareholders.

- ***Maric Capital Master Fund, Ltd. v. PLATO Learning, Inc.***, C.A. No. 5402-VCS (Del. Ch.). Partners of our firm were lead counsel in action challenging the acquisition of PLATO by Thoma Bravo, LLC which resulted in the issuance of a preliminary injunction by the Delaware Court of Chancery requiring additional disclosures to shareholders.

B|E|S BRAGAR EAGEL & SQUIRE, P.C.

### BANKRUPTCY AND INSOLVENCY-RELATED LITIGATION

Our knowledge of bankruptcy law and procedure has helped us carve a niche in this often-overlapping sphere of litigation. We have a particularly strong practice representing clients who have invested in companies undergoing reorganization. Because of our expertise, we have acted as bankruptcy counsel to other firms pursuing claims on behalf of their clients. We are also involved in more traditional aspects of reorganization and bankruptcy proceedings. We are often retained by creditors committee or post-confirmation trustees to pursue claims for the benefit of the estates in question, including litigation arising out of financial misrepresentation and breaches of fiduciary duty by debtors' directors and officers.

<u>Representative Matters</u>

- *Creditor Trust of Energy & Exploration Partners, Inc. v. Apollo Investment Corporation, et al.*, C.A. No. 17-04035 (Bankr. N.D. Tex. 2017). We represented a post-confirmation Creditor Trust asserting claims against Apollo Investment Corporation and affiliated entities for fraudulent conveyance arising out of Debtors' payment of penalty in connection with prepayment of debt. The matter settled favorably for the Creditor Trust.

- *Creditor Trust of Vivaro Corporation v. Catalina* **Acquisitions** *L.LC.*, JAMS Arbitration. We represented a post-confirmation Creditor Trust asserting claims for breach of promissory note. The matter settled favorably for the Creditor Trust.

- *Hebrew Hospital Senior Housing, Inc., Plan Administrator*, C.A. 17-01240 (Bankr. S.D. 2017). We represent a post-confirmation Plan Administrator bringing claims for breach of fiduciary duty against certain former officers and directors of Hebrew Hospital Senior Housing, Inc. ("HHSH"), a bankrupt "continuing care retirement community." The Plan Administer is also asserting claims assigned by current and former residents of HHSH asserting that they did not receive mandated disclosures.

- *Advance Watch* **Company,** *Ltd. Creditor Trust*, C.A. No. 17-7461 (S.D.N.Y. 2017). We represent a post-confirmation Liquidating Trust asserting claims for breach of fiduciary duty against former officers and directors of Advance Watch Company, Ltd.

- *UGHS Senior Living, Inc. Liquidating Trust*, C.A. No. 2017-75532, District Court of State of Texas, Harris County. We represented a post-confirmation Liquidating Trustee asserting claims for breach of fiduciary duty against former officers and directors. The matter settled favorably for the Creditor Trust.

- *In re Solutions Liquidation LLC*, Adv. P. No. 18-50304 (Bankr. Del. 2018). We represent the post-confirmation Liquidating Trust bringing claims for breach of fiduciary duty against the former officers and directors of SDI Solutions LLC.

- *Industrial Enterprises of America*, We are litigating twelve adversary proceedings in the Bankruptcy Court for the District of Delaware and one civil action in the United

www.bespc.com

8

B|E|S BRAGAR EAGEL & SQUIRE, P.C.

States District Court for the District of Colorado. We, along with another firm, represent a trustee in bankruptcy of a company that was the subject of a major fraud for which the two principals were convicted of fraud and jailed. We are pursuing the thirteen actions against one hundred and twenty defendants for a variety of wrongdoings, ranging from orchestrating the fraud and assisting the fraud to constructive fraudulent conveyance and unjust enrichment.

- *In re Pitt Penn Holding Co.*, No. 09-11475 (Bankr. D. Del. 2005). We represented Industrial Enterprises of America, Inc. in twelve different adversary proceedings in the Bankruptcy Court, District of Delaware and one civil action in the United States District Court for the District of Colorado. We, along with another firm, represent a trustee in bankruptcy of a company that was the subject of a major fraud, for which the two principals were convicted and jailed. We have pursued the thirteen actions against one hundred and twenty defendants for a variety of wrongdoings ranging from orchestrating and assisting the fraud to constructive fraudulent conveyance and unjust enrichment.

- *In re Worldcom*, No. 02-13533 (Bankr. S.D.N.Y.). We represented a patent owner in a multimillion dollar claim for patent infringement. The case resolved favorably for client.

- *In re Enron Corp.*, No. 01-16034 (Bankr. S.D.N.Y.). Stockholders filed suit against a corporation that withdrew from a merger agreement with the debtor corporation seeking to enforce the merger agreement. The case was settled for $6 million.

- *In re Universal Automotive Industries, Inc.*, No. 05-27778 (Bankr. D.N.J. 2005). We represented trustee and secured lenders in claims against former officers and directors. The case resolved favorably for plaintiffs.

- *In re Acclaim Entertainment, Inc.*, No. 04-85595 (Bankr. E.D.N.Y. 2004). We represented a trustee in litigation against former officers and directors. The case resolved favorably for trustee.

- *In re Allou Distributors, Inc.*, No. 03-82321 (Bankr. E.D.N.Y.). We represented trustee and secured lenders in claims against former officers and directors. The case resolved favorably for plaintiffs.

- *Arbor Place, L.P. v. Encore Opportunity Fund, L.L.C.*, No. 20436 (Del. Ch. 2003). Investors in a hedge fund sued for misrepresenting the value of the investments. The case resolved favorably for plaintiffs.

**B|E|S BRAGAR EAGEL & SQUIRE, P.C.**

## CONSUMER CLASS ACTIONS

We have extensive experience litigating class actions on behalf of consumers. We have prosecuted claims for damages arising out of data breaches, defective coin-counting machines, and consumer loyalty programs.

- **Sateriale v. R.J. Reynolds Tobacco Co., Inc.**, United States District Court for the Central District of California. We represented a class of California adult smokers who purchased packs of Camel cigarettes and collected Camel Cash, or "C-Notes," as part of the Camel Cash loyalty program. The class asserted claims that Reynolds breached its contract with program members when, on October 1, 2006, Reynolds removed all of the non-tobacco related merchandise from the Camel Cash program, and program members could redeem C-Notes only for cigarettes or coupons for dollars off cigarettes. In 2012, we obtained a victory before the United States Court of Appeals for the Ninth Circuit reversed the district court's dismissal of the complaint. The Ninth Circuit found that the Camel Cash program created a unilateral contract between consumers and Reynolds. Pursuant to a settlement reached in 2016, R.J. Reynolds offered Class Members the opportunity to use C-Notes that they collected and held as of October 1, 2006, to redeem for non-tobacco merchandise. Reported decisions: 697 F.3d 777 (9th Cir. October 15, 2012) (reversing order of dismissal); 2014 U.S. Dist. LEXIS 176858 (order granting class certification); 2014 U.S. Dist. LEXIS 176858 (order denying defendant's motion for summary judgment).

- **Castillo v. Seagate Technology LLC**, United States District Court for the Northern District of California. We represented current and former employees of Seagate and its affiliates, and the employees' spouses, seeking damages arising from Seagate's March 2016 data breach in which Seagate wrongfully disclosed the employees' 2015 Form W-2 tax information in a "phishing" scam. The matter settled in March 2018. Pursuant to the settlement, Seagate agreed to provide Class Members with the option to obtain two years of identity theft protection and to reimburse Class Members for certain economic costs. Reported decision: 2017 U.S. Dist. LEXIS 187428 (order denying in party motion to dismiss).

- **Feinman v. TD Bank**, N.A., Supreme Court of the State of New York, New York County. We were co-class counsel in consumer class action alleging that TD Bank's "Penny Arcade" coin-counting machines under-counted coins deposited by consumers. Class counsel negotiated a $7.5 million settlement in favor of the class.

**B|E|S BRAGAR EAGEL & SQUIRE, P.C.**

## GENERAL COMMERCIAL LITIGATION

Our attorneys handle both plaintiff and defendant work encompassing all aspects of commercial litigation in traditional forums and through alternate dispute resolution. We have recently brought an arbitration against a national brokerage firm, prosecuted a consumer class action involving a marketing promotion, and defended a company and its founder against claims of fraud in connection with the sale of a high-tech start-up. Although frequently involved in trial practice, much of our work is consultative in nature. As such, we act in an advisory capacity or pre-litigation mode where we attempt to solve business disagreements and partnership disputes without commencing a formal action. This often occurs when small businesses undergo a significant change, such as a partnership split or business "divorce," or in the case of a closely held business, a transition of ownership. Additional areas of focus include commercial contract actions and personal service contracts, both in negotiation and in contests questioning the parties' adherence to contract terms. In this regard, we have been involved in several arbitration cases involving major sports teams. We also handle cases involving insurance disputes, including contesting insurance valuations and coverage refusals.

Representative Matters

- ***Dimension Trading Partners, LLC v. Jamie F. Lissette and Hammerstone NV, Inc.***, No. 650284/2013, New York Supreme Court, New York County. We defended a proprietary trader against a claim to collect on promissory note issued in connection with the establishment of trading relationship.

- ***Ator Limited v. Comodo Holdings Limited***, No. 12-03083 (D.N.J.). We represented third-party defendants in a dispute arising out of the sale of a start-up company.

- ***Financials Restructuring Partners v. Premier Bancshares, Inc.***, No. 651283/2013, New York Supreme Court, New York County. We defended former bank holding company against attempt to foreclose upon $6 million in debt securities.

- ***325 Schermerhorn LLC v. Nevins Realty Corp.*** We obtained a victory on summary judgment compelling defendants to pay $3.6 million plus interest representing a returned down payment on four properties because of a transit easement assumedly known to all parties at the time the contracts were executed. Reported decision at 2009 WL 997501.

- ***Bellis v. Tokio Marine Insurance Company***. We procured a $7 million settlement after obtaining a jury verdict on liability based on causation of damage in insurance claim. We also defeated a summary judgment motion reported at 2002 WL 193149 (S.D.N.Y.). The case involved attribution of liability for some priceless Tiffany glass that was damaged while on exhibit in Tokyo. Reported decision at 2004 WL 1637045 (S.D.N.Y.).

B|E|S BRAGAR EAGEL & SQUIRE, P.C.

- ***Paquette v. Twentieth Century Fox.*** Compelled Fox television to grant "created by/inspired by" credits to authors of comic book from which television series was adapted, establishing claim of reverse passing off, *i.e.*, improperly taking credit for someone else's work, under the Lanham Act. Reported decision at 2000 WL 235133 (S.D.N.Y.).

- ***Colton Hartnick Yamin & Sheresky v. Feinberg***, New York Supreme Court, New York County. We successfully reversed the trial court's denial of summary judgment to law firm on impropriety of claim of malpractice. On appeal, the court dismissed the malpractice claim based on lack of facts to establish legal malpractice and punitive damages. Reported decision at 227 A.D.2d 233, 642 N.Y.S.2d 283.

- ***Raycom v. Kerns***, New York Supreme Court, Kings County. We are representing a Singapore-based aircraft part manufacturer in a breach of contract suit against a multi-national corporation.

**B|E|S** BRAGAR EAGEL & SQUIRE, P.C.

## OUR ATTORNEYS



### Raymond A. Bragar

Ray Bragar is a partner of the firm. Ray started the firm in 1983 and practices general litigation with a sub-specialty in real estate and real estate litigation. He has over thirty years of experience practicing in New York State and Federal Courts. He has handled complex trials before juries and judges lasting several weeks and numerous appeals in both the State and Federal Courts. He also has extensive experience working in the nontraditional forum of alternate dispute resolution, including multiple-week trials.

Following graduation, Ray was law clerk to the Hon. Lloyd F. McMahon who was then Chief Judge for the United States District Court for the Southern District of New York. He also previously worked for the firm of Katten Muchin Rosenman LLP (formerly Rosenman & Colin, LLP).

Ray is member of the bar of the State of New York. He is also admitted to practice before the United States Supreme court, as well as in the United States Courts of Appeals for the Second, Fourth, and District of Columbia Circuits, United States District Courts for the Southern, Eastern, and Northern Districts of New York, and the United States Bankruptcy Courts for the Eastern and Southern Districts of New York. He is a member of the New York State Bar Association, where he has been a member of the Civil Practice Law & Rules Committee since 1985.

Ray is a 1972 *cum laude* graduate of the Harvard Law School and is a 1968 *magna cum laude* graduate of Rutgers University.



### Lawrence P. Eagel

Larry Eagel is a partner in the firm and joined in 1994. Larry handles all types of litigation, but he is particularly skilled in the areas of securities and bankruptcy-related litigation, including class actions. Prior to 1994, he was associated with the firm of Proskauer Rose LLP. Larry was also a certified public accountant and worked in the late 1970's as an auditor with Grant Thornton & Co. (formerly Alexander Grant & Co.) in the firm's Washington, D.C. office.

Larry is member of the bars of the State of New York and the State of New Jersey. He is also admitted to practice before the United States Courts of Appeals for the Second and Third Circuits, the United States District Courts for the Southern, Eastern, and Northern Districts of New York, the United States District Court for the District of New Jersey, and the United States Tax Court. He is a member of The Association of the Bar of the City of New York, where he was a member of the Committee on Federal Legislation from 1993 to 1997.

**B|E|S BRAGAR EAGEL & SQUIRE, P.C.**

Larry is a 1983 *cum laude* graduate of the Brooklyn Law School, where he was a Comments Editor of the *Brooklyn Law Review*. He completed his undergraduate work at George Washington University in 1978, where he also earned an M.B.A. in 1980.



### J. Brandon Walker

J. Brandon Walker is a partner in the firm. Before joining the firm in 2015, Brandon was a partner at Kirby McInerney LLP. Brandon has a broad background in securities fraud, corporate governance, and other complex class action and commercial litigation on behalf of shareholders. He has represented public retirement systems, union pension funds, European investment managers, and other institutional and individual investors before federal, state, and appellate courts throughout the country.

Brandon is a member of the bars of the State of New York and the State of South Carolina. He is also admitted to practice before the United States District Court for the Southern District of New York.

Brandon is a 2008 graduate of Wake Forest University School of Law with an MBA from the Wake Forest University Graduate School of Management. He completed his undergraduate work at New York University.

### David J. Stone

David J. Stone is a partner in the firm, having joined in May 2011. David has extensive experience litigating all types of commercial matters, including securities, mortgage-backed securities, and consumer class actions. Prior to joining the firm, David was associated with Greenberg Traurig LLP, Morrison & Foerster LLP, and Cravath Swaine & Moore LLP.

David is a member of the bars of the State of New York and the State of California. He is admitted to practice before the United States Court of Appeals for the Second and Third Circuits, and the United States District Courts for the Southern and Eastern Districts of New York, the Northern and Central Districts of California, and the Southern District of Texas, and the United States Bankruptcy Courts for the Southern and Eastern Districts of New York.

David is a 1994 graduate of the Boston University School of Law, where he was an editor of the Law Review, and a 1988 *cum laude* graduate of Tufts University. Following graduation, David was law clerk to the Hon. Joseph L. Tauro who was then Chief Judge for the United States District Court for the District of Massachusetts.

**B|E|S BRAGAR EAGEL & SQUIRE, P.C.**



### W. Scott Holleman

Scott is a partner of the firm. He has a broad range of experience litigating complex claims involving securities fraud, corporate governance, mergers & acquisitions, antitrust, consumer class actions and other litigation. Scott has represented clients in federal and state courts throughout the nation.

Scott is a 2007 graduate of St. John's University School of Law, and a 2003 graduate of the University of North Carolina.

Scott is a member of the bars of the State of New York and California, and is admitted to practice before the United States Court of Appeal for the Sixth Circuit, United States District Court for the Northern District of California, United States District Court for the Eastern, Northern, and Southern Districts of New York, and the United States District Court for the Eastern District of Wisconsin.



### Melissa A. Fortunato

Melissa is a partner of the firm. She has a broad background in securities fraud, corporate governance, and other complex class action and commercial litigation on behalf of investors. Many of her cases have involved breaches of fiduciary duties by public company boards of directors, and she has represented institutional and individual stockholders in the mediation and settlement of numerous derivative and class actions.

Melissa is a 2013 *magna cum laude* graduate of the Pace University School of Law, where she was a Notes Editor of the Pace Environmental Law Review, and a 2004 *cum laude* graduate of Georgetown University.

Melissa is a member of the bars of the states of New York, New Jersey, Connecticut, and California. She is admitted to practice before the United States Court of Appeals for the Second, Fourth, Seventh and Ninth Circuits, and the United States District Courts for the Eastern, Western, and Southern Districts of New York, the District of New Jersey, and the Northern, Central, and Eastern Districts of California.

**B|E|S** BRAGAR EAGEL & SQUIRE, P.C.



### Jeffrey H. Squire

Jeffrey H. Squire is Of Counsel at the firm. Jeff was previously a partner at Kirby, McInerney & Squire LLP and Of Counsel to Wolf Popper LLP. Jeff, as lead or co-lead counsel, has prosecuted scores of class and derivative actions on behalf of the stockholders of many corporations, including: Adelphia Communications Corporation; AT&T Corporation; Bennett Funding Group; Bisys Group, Inc.; eBay, Inc.; Ford Motor

Company; The Limited Corporation; Morrison Knudsen; Washington Group, Inc.; Waste Management, Inc.; and Woolworth, Inc. In such cases, he has recovered over one billion dollars for stockholders.

Jeff's ability to prosecute sophisticated class actions successfully has often been the subject of judicial recognition:

"You have acted the way lawyers at their best ought to act. And I have had a lot of cases in 15 years now as a judge and I cannot recall a significant case where I felt people were better represented than they are here I would say this has been the best representation that I have ever seen." *In re Waste Management, Inc. Securities Litigation*.

"Nonetheless, in this Court's experience, relatively few cases have involved as high level of risk, as extensive discovery, and, most importantly, as positive a final result for the class members as that obtained in this case." *In re Bisys Securities Litigation.*

Jeff is a 1976 graduate of the University of Pennsylvania Law School and a 1973 *cum laude* graduate of Amherst College. He is member of the bars of the State of New York and State of Pennsylvania (retired). He is also admitted to practice before the United States Courts of

Appeals for the Second, Third, Sixth, and Seventh Circuits, and the United States District Courts for the Southern, Eastern, and Northern Districts of New York, the Northern District of Georgia, the Northern District of California, and the Southern District of Texas.



### Marion Passmore

Marion Passmore is Of Counsel at the firm. Marion has a broad litigation practice, with an extensive background in securities litigation. She has prosecuted numerous securities fraud actions on behalf of institutional and individual investors. Prior to joining the firm, she co-founded a small private practice that specialized in estate planning and probate actions, civil litigation, real property, and served as city attorney for the City of Choteau, Montana.

Marion is a 2003 graduate of the University of San Diego School of Law. She received an M.B.A from the San Diego School of Business in 2004 and was also a member of the Beta Gamma Sigma Honors Society. Marion is a 2000 *cum laude* graduate of the University of Southern California.

**B|E|S BRAGAR EAGEL & SQUIRE, P.C.**

Marion is a member of the bars of the states of California, New York, and Montana. She is admitted to practice in the United States District Courts for the Southern, Northern, and Central Districts of California, the Southern and Eastern Districts of New York, and the District of Montana.



### Alexandra Raymond

Alexandra Raymond is an associate at the firm. Alexandra's practice involves securities, corporate governance and merger litigation. She also has experience in corporate transactional work and finance law.

Alexandra is a 2018 graduate of Boston University School of Law. While in law school, she spent a semester at Bucerius Law School in Hamburg, Germany, studying international and comparative business law. She received a B.A. from New York University in 2014.



### Derek Scherr

Derek Scherr is an associate at the firm. Derek practices commercial litigation involving contract disputes, commercial and residential real estate, partnership disputes, business fraud, and bankruptcy litigation.

Derek is a 2013 graduate of the Benjamin N. Cardozo School of Law. He received a B.A. in history from New York University in 2010.

Derek is a member of the bar of the State of New York.



### Garam Choe

Garam Choe is an associate at the firm. Garam's practice involves securities, corporate governance and merger litigation. Garam is a 2016 graduate of St. John's University School of Law, and a 2011 graduate of Baruch College. Garam is a member of the bar of the State of New York.

### LOCATIONS

| | | |
|---|---|---|
| 580 California Street<br>Suite 1200<br>San Francisco, CA 94104<br>Tel: (415) 568-2124 | 810 Seventh Avenue<br>Suite 620<br>New York, NY 10019<br>Tel: (212)308-5858 | 445 S. Figueroa Street<br>Suite 3100<br>Los Angeles, CA 90071<br>Tel: (213) 612-7222 |

www.bespc.com

17



**History**  Pomerantz LLP is one of the most respected law firms in the United States dedicated to representing investors. The Firm was founded in 1936 by the late Abraham L. Pomerantz, widely regarded as a legal pioneer and "dean" of the plaintiffs' securities bar, who helped secure the right of investors to bring class and derivative actions.

**Leadership**  Today, led by Managing Partner Jeremy A. Lieberman, the Firm maintains the commitments to excellence and integrity passed down by Abe Pomerantz.

**Results**  In 2018, Pomerantz achieved a historic $3 billion settlement for defrauded investors as well as precedent-setting legal rulings, in *In re Petrobras Securities Litigation*. Pomerantz consistently shapes the law, winning landmark decisions that expand and protect investor rights and initiating historic corporate governance reforms.

**Global Expertise**  Jennifer Pafiti, Partner and Head of Client Services, is dually qualified to practice in the United States and United Kingdom. Our Paris office is headed by French lawyer, Nicolas Tatin, Pomerantz's Director-Business Development Consultant for France, Benelux, Monaco and Switzerland. In addition to the Firm's in-house team in the United States and Paris, Pomerantz utilizes an extensive network of prominent law firms in the United Kingdom, Switzerland, and the Middle East, so that we are ready to assist clients, wherever they are situated, in recovering monies lost due to corporate misconduct and securities fraud. Our team of attorneys is collectively fluent in English, Arabic, Mandarin Chinese, Farsi, French, Hebrew, Italian, Portuguese, Romanian, Spanish, and Taiwanese.

**Practice**  Pomerantz protects, expands, and vindicates shareholder rights through our securities litigation services and portfolio monitoring service. The Firm represents some of the largest pension funds, asset managers and institutional investors around the globe, monitoring assets of over $5.6 trillion. Pomerantz's practice includes corporate governance, antitrust, and strategic consumer litigation.

**Recognition**  In 2020 Pomerantz was named Plaintiff Firm of the Year by Benchmark Litigation and ranked among the top plaintiff firms by Chambers USA and The Legal 500. In 2019, Jeremy Lieberman was named Plaintiff Attorney of the Year by Benchmark Litigation, and Pomerantz received Benchmark Litigation's National Case Impact Award for *In re Petrobras Securities Litig*. In 2018, Pomerantz was a Law360 Securities Practice Group of the Year and a finalist for the *National Law Journal*'s Elite Trial Lawyers award; Jeremy Lieberman was named a Law360 Titan of the Plaintiffs' Bar and a Benchmark Litigation Star. Among other accolades, many of our attorneys have been chosen by their peers, year after year, as Super Lawyers® Top-Rated Securities Litigation Attorneys and Rising Stars.

Pomerantz is headquartered in New York City, with offices in
Chicago, Los Angeles and Paris.

# Securities Litigation

## Significant Landmarks

### *In re Petrobras Sec. Litig.*, No. 14-cv-9662 (S.D.N.Y. 2018)

On January 3, 2018, in a significant victory for investors, Pomerantz, as sole Lead Counsel for the class, along with Lead Plaintiff Universities Superannuation Scheme Limited ("USS"), achieved a historic $2.95 billion settlement with Petróleo Brasileiro S.A. ("Petrobras") and its related entity, Petrobras International Finance Company, as well as certain of Petrobras' former executives and directors. On February 2, 2018, Pomerantz and USS reached a $50 million settlement with Petrobras' auditors, PricewaterhouseCoopers Auditores Independentes, bringing the total recovery for Petrobras investors to $3 billion.

This is not only the largest securities class action settlement in a decade but is the largest settlement ever in a securities class action involving a foreign issuer, the fifth-largest securities class action settlement ever achieved in the United States, the largest securities class action settlement achieved by a foreign Lead Plaintiff, and the largest securities class action settlement in history not involving a restatement of financial reports.

The class action, brought on behalf of all purchasers of common and preferred American Depositary Shares ("ADSs") on the New York Stock Exchange, as well as purchasers of certain Petrobras debt, principally alleged that Petrobras and its senior executives engaged in a multi-year, multi-billion-dollar money-laundering and bribery scheme, which was concealed from investors.

In addition to the multi-billion-dollar recovery for defrauded investors, Pomerantz secured precedent-setting decisions when the Second Circuit Court of Appeals squarely rejected defendants' invitation to adopt the heightened ascertainability requirement promulgated by the Third Circuit, which would have required plaintiffs to demonstrate that determining membership in a class is "administratively feasible." The Second Circuit's rejection of this standard is not only a victory for bondholders in securities class actions, but also for plaintiffs in consumer fraud class actions and other class actions where documentation regarding Class membership is not readily attainable. The Second Circuit also refused to adopt a requirement, urged by defendants, that all securities class action plaintiffs seeking class certification prove through direct evidence (i.e., an event study) that the prices of the relevant securities moved in a particular direction in response to new information.

### *Pirnik v. Fiat Chrysler Automobiles N.V. et al.*, No. 1:15-cv-07199-JMF (S.D.N.Y)

In August 2019, Pomerantz, as Lead Counsel, achieved final approval of a $110 million settlement for the Class in this high-profile securities class action. Plaintiffs alleged that Fiat Chrysler concealed from investors that it improperly outfitted its diesel vehicles with "defeat device" software designed to cheat NOx emissions regulations in the U.S. and Europe, and that regulators had accused Fiat Chrysler of violating the emissions regulations. The *Fiat Chrysler* recovery provides the class of investors with as much as 20% of recoverable damages—an excellent result when compared to historical statistics in class action settlements, where typical recoveries for cases of this size are between 1.6% and 3.3%.

In addition to creating precedent-setting case law in successfully defending the various motions to dismiss the *Fiat Chrysler* litigation, Pomerantz also significantly advanced investors' ability to obtain critically important discovery from regulators that are often at the center of securities actions. During the course of the litigation, Pomerantz sought the deposition of a former employee of the National Highway Traffic Safety Administration ("NHTSA"). The United States Department of Transportation ("USDOT"), like most federal agencies, has enacted a set of regulations — known as "Touhy regulations" — governing when its employees may be called by private parties to testify in court. On their face, USDOT's regulations apply to both "current" and "former" employees. In response to Pomerantz's request to depose a former employee of NHSTA that interacted with Fiat Chrysler, NHTSA denied the request, citing the Touhy regulation. Despite the widespread application, and assumed appropriateness, of applying these regulations to former employees throughout the case law, Pomerantz filed an action against USDOT and NHTSA, arguing that the statute pursuant to which the Touhy regulations were enacted speaks only of "employees," which should be interpreted to apply only to current employees. The court granted summary judgment in favor of Pomerantz's clients, holding that "USDOT's Touhy regulations are unlawful to the extent that they apply to former employees." This victory will greatly shift the discovery tools available, so that investor plaintiffs in securities class actions against highly-regulated entities (for example, companies subject to FDA regulations) will now be able to depose former employees of the regulators that interacted with the defendants during the class period to get critical testimony concerning the company's violations and misdeeds.

### *Strougo v. Barclays PLC,* No. 14-cv-5797 (S.D.N.Y.)

Pomerantz, as sole Lead Counsel in this high-profile securities class action, achieved a $27 million settlement for defrauded investors in 2019. Plaintiffs alleged that defendants concealed information and misled investors regarding its management of its "LX" dark pool, a private trading platform where the size and price of the orders are not revealed to other participants. On November 6, 2017, the Second Circuit affirmed former District Court Judge Shira S. Scheindlin's February 2, 2016, Opinion and Order granting plaintiffs' motion for class certification in the case.

The Court of Appeals in *Barclays* held that direct evidence of price impact is not always necessary to demonstrate market efficiency, as required to invoke the *Basic* presumption of reliance, and was not required here. Significantly, when handing down its decision, the Second Circuit cited its own *Petrobras* decision, stating, "We have repeatedly—and recently—declined to adopt a particular test for market efficiency." *Waggoner v. Barclays PLC,* 875 F.3d 79, 94 (2d Cir. 2017).

The court held that defendants seeking to rebut the *Basic* presumption of reliance on an efficient market must do so by a preponderance of the evidence. The court further held that it would be inconsistent with *Halliburton II* to "allow [ ] defendants to rebut the *Basic* presumption by simply producing *some* evidence of market inefficiency, but not demonstrating its inefficiency to the district court." *Id.* at 100. The court rejected defendants' contention that Federal Rule of Evidence 301 applies, and made clear that the *Basic* presumption is a judicially-created doctrine and thus the burden of persuasion properly shifts to defendants. The court thus confirmed that plaintiffs have no burden to show price impact at the class certification stage—a significant victory for investors.

### *In re Yahoo! Inc. Sec. Litig.*, No. 17-cv-00373 (N.D. Cal.)

On September 10, 2018, Pomerantz, as Co-Lead Counsel, achieved final approval of a historic $80 million settlement for the Class in this ground-breaking litigation. The complaint, filed in January 2017, alleged

---

that the internet giant intentionally misled investors about its cybersecurity practices in the wake of massive data breaches in 2013 and 2014 that compromised the personal information of all 3 billion Yahoo customers. Plaintiffs allege that Yahoo violated federal securities laws by failing to disclose the breaches, which caused a subsequent stock price dive. This represents the first significant settlement to date of a securities fraud class action filed in response to a data breach.

As part of due diligence, Pomerantz located critical evidence showing that Yahoo's management had concurrent knowledge of at least one of the data breaches. Importantly, these records showed that Yahoo's Board of Directors, including Defendant CEO Marissa Mayer, had knowledge of and received repeated updates regarding the breach. In its public filings, Yahoo denied that the CEO knew about the breach, and the CEO's knowledge was a key issue in the case.

After receiving Plaintiffs' opposition to the motion to dismiss, but before the federal District Court ruled on the motion, the case settled for $80 million. This early and large settlement reflects the strength of the complaint's allegations.

### *Kaplan v. S.A.C. Capital Advisors, L.P*, No. 12-cv-9350 (S.D.N.Y.)

In May 2017, Pomerantz, as Co-Lead Counsel, achieved final approval of a $135 million recovery for the Class in this securities class action that stemmed from what has been called the most profitable insider trading scheme in U.S. history. After years of vigorous litigation, billionaire Steven A. Cohen's former hedge fund, S.A.C. Capital Advisors LP, agreed to settle the lawsuit by investors in the drug maker Elan Corp, who said they lost money because of insider trading by one of his portfolio managers.

### *In re BP p.l.c. Securities Litigation*, MDL No. 2185 (S.D. Tex.)

Since 2012, Pomerantz has pursued ground-breaking claims on behalf of institutional investors in BP p.l.c. to recover losses in BP's common stock (which trades on the London Stock Exchange) stemming from the 2010 Gulf oil spill. The threshold challenge was how to litigate in U.S. court in the wake of the Supreme Court's 2010 decision in *Morrison v. National Australia Bank*, which barred recovery for losses in foreign-traded securities under the U.S. federal securities laws. In 2013 and 2014, Pomerantz secured a series of significant victories in individual actions pursued on behalf of institutional investors in *In re BP p.l.c. Securities Litigation*, MDL No. 2185 (S.D. Tex.). Pomerantz defeated BP's *forum non conveniens* arguments seeking dismissal of U.S. institutions and, later, foreign institutions, pursuing English common law claims seeking recovery of investment losses stemming in both NYSE-traded ADSs and London Stock Exchange (LSE)-traded common stock. Pomerantz also defeated BP's attempt to extend the Securities Litigation Uniform Standards Act to dismiss these claims. Thanks to these rulings, Pomerantz now leads the only litigation, post-*Morrison*, where U.S. and foreign investors, pursuing foreign claims seeking recovery for losses in foreign-traded stocks, are doing so in a U.S. court.

In July 2017, Pomerantz secured the right of investors in BP p.l.c. to pursue "holder claims." The ruling, by Judge Keith P. Ellison of the U.S. District Court for the Southern District of Texas, is significant, given the dearth of precedent from anywhere in the U.S. that both recognizes the potential viability of a holder claim under some body of non-U.S. federal law and holds that the plaintiffs pursuing one had sufficiently alleged facts giving rise to reliance and other required elements of the underlying legal claims.

---

***In re Comverse Technology, Inc. Sec. Litig.,* No. 06-CV-1825 (E.D.N.Y.)**

In June 2010, Judge Nicholas G. Garaufis of the U.S. District Court for the Eastern District of New York granted final approval of a $225 million settlement proposed by Pomerantz and Lead Plaintiff the Menora Group, with Comverse Technology and certain of Comverse's former officers and directors, after four years of highly contested litigation. The *Comverse* settlement is one of the largest securities class action settlements reached since the passage of the Private Securities Litigation Reform Act ("PSLRA").[1] It is the second-largest recovery in a securities litigation involving the backdating of options, as well as one of the largest recoveries – $60 million – from an individual officer-defendant, Comverse's founder and former CEO, Kobi Alexander.

**Other significant settlements**

Even before the enactment of the PSLRA, Pomerantz represented state agencies in securities class actions, including the Treasurer of the Commonwealth of Pennsylvania (recovered $100 million) against a major investment bank. *In re Salomon Brothers Treasury Litig.*, No. 91-cv-5471 (S.D.N.Y.).

Pomerantz recovered $50 million for the Treasurer of the State of New Jersey and several New Jersey pension funds in an individual action. This was a substantially higher recovery than what our clients would have obtained had they remained in a related federal class action. *Treasurer of State of New Jersey v. AOL Time Warner, Inc.* (N.J. Super. Ct. Law Div., Mercer Cty.).

Pomerantz has litigated numerous cases for the Louisiana School Employees' Retirement System. For example, as Lead Counsel, Pomerantz recovered $74.75 million in a securities fraud class action against Citigroup, its CEO Sanford Weill, and its now infamous telecommunications analyst Jack Grubman. *In re Salomon Analyst AT&T Litig.*, No. 02-cv-6801 (S.D.N.Y.) Also, the Firm played a major role in a complex antitrust and securities class action which settled for over $1 billion. *In re NASDAQ Market-Makers Antitrust Litig.*, MDL No. 1023 (S.D.N.Y.). Pomerantz was a member of the Executive Committee in *In re Transkaryotic Therapies, Inc. Securities Litigation*, C.A. No. 03-10165 (D. Mass.), helping to win a $50 million settlement for the class.

In 2008, together with Co-Counsel, Pomerantz identified a substantial opportunity for recovery of losses in Countrywide mortgage-backed securities ("MBS") for three large New Mexico funds (New Mexico State Investment Council, New Mexico Public Employees' Retirement Association, and New Mexico Educational Retirement Board), which had been overlooked by all of the firms then in their securities litigation pool. We then filed the first non-class lawsuit by a public institution with respect to Countrywide MBS. *See N.M. State Inv. Council v. Countrywide Fin. Corp.,* No. D-0101-CV-2008-02289 (N.M. 1st Dist. Ct.). In Fall 2010, we negotiated for our clients an extremely favorable but confidential settlement.

Over its long history, Pomerantz has achieved significant settlements in numerous cases, a sampling of which is listed below:

- *In re Petrobras Sec. Litig.*, No. 14-cv-9662 (S.D.N.Y. 2018)
  $3 billion settlement of securities class action in which Pomerantz was Lead Counsel.

---

[1] Institutional Shareholder Services, *SCAS Top 100 Settlements Quarterly Report* (Sept. 30, 2010).

- *Pirnik v. Fiat Chrysler Automobiles N.V. et al.*, No. 1:15-cv-07199-JMF (S.D.N.Y)
  $110 million settlement of securities class action in which Pomerantz was Lead Counsel
- *In re Yahoo! Inc. Sec. Litig.,* No. 17-cv-00373 (N.D. Cal. 2018)
  $80 million settlement of securities class action in which Pomerantz was Co-Lead Counsel
- *In re Libor Based Financial Instruments Antitrust Litig.,* 1:11-md-2262
  $31 million partial settlement with three defendants in this multi-district litigation in which Pomerantz represents the Berkshire Bank and the Government Development Bank for Puerto Rico
- *Kaplan v. S.A.C. Capital Advisors, L.P.*, No. 12-cv-9350 (S.D.N.Y. 2017)
  $135 million settlement of class action in which Pomerantz was Co-Lead Counsel.
- *In re Groupon, Inc. Sec. Litig.*, No. 12-cv-02450 (N.D. Ill. 2015)
  $45 million settlement of class action in which Pomerantz was sole Lead Counsel.
- *In re Elan Corp. Sec. Litig.*, No. 05-cv-2860 (S.D.N.Y. 2005)
  $75 million settlement in class action arising out of alleged accounting manipulations.
- *In re Safety-Kleen Corp. Stockholders Litig.*, No. 00-cv-736-17 (D.S.C. 2004)
  $54.5 million in total settlements in class action alleging accounting manipulations by corporate officials and auditors; last settlement reached on eve of trial.
- *Duckworth v. Country Life Ins. Co.*, No. 1998-CH-01046 (Ill. Cir. Ct., Cook Cty. 2000)
  $45 million recovery.
- *Snyder v. Nationwide Ins. Co.*, No. 97/0633 (N.Y. Sup. Ct. Onondaga Cty. 1998)
  Settlement valued at $100 million in derivative case arising from injuries to consumers purchasing life insurance policies.
- *In re National Health Lab., Inc. Sec. Litig.*, No. CV 92-1949 (S.D. Cal. 1995)
  $64 million recovery.
- *In re First Executive Corp. Sec. Litig.*, No. 89-cv-07135 (C.D. Cal. 1994)
  $102 million recovery for the class, exposing a massive securities fraud arising out of the Michael Milken debacle.
- *In re Boardwalk Marketplace Sec. Litig.*, MDL No. 712 (D. Conn. 1994)
  Over $66 million benefit in securities fraud action.
- *In re Telerate, Inc. S'holders Litig.*, C.A. No. 1115 (Del. Ch. 1989)
  $95 million benefit in case alleging violation of fiduciary duty under state law.

Pomerantz has also obtained stellar results for private institutions and Taft-Hartley funds. Below are a few examples:

- *In re Charter Commc'ns, Inc. Sec. Litig.*, No. 02-cv-1186 (E.D. Mo. 2005) (sole Lead Counsel for Lead Plaintiff StoneRidge Investment Partners LLC); $146.25 million class settlement, where Charter also agreed to enact substantive improvements in corporate governance.
- *In re Am. Italian Pasta Sec. Litig.*, No. 05-cv-865 (W.D. Mo. 2008) (sole Lead Counsel for Lead Plaintiff Ironworkers Locals 40, 361 and 417; $28.5 million aggregate settlements).
- *Richardson v. Gray*, No. 116880/1995 (N.Y. Sup. Ct. N.Y. Cty. 1999); and *In re Summit Metals*, No. 98-2870 (Bankr. D. Del. 2004) (two derivative actions where the Firm represented C.C. Partners Ltd. and obtained judgment of contempt against controlling shareholder for having made "extraordinary" payments to himself in violation of a preliminary injunction; persuaded the court to jail him for two years upon his refusal to pay; and, in a related action, won a $43 million judgment after trial and obtained turnover of stock of two companies).

**Shaping the Law**

Not only has Pomerantz established a long track record of obtaining substantial monetary recoveries for our clients; whenever appropriate, we also pursue corporate governance reforms on their behalf. In *In re Chesapeake Shareholders Derivative Litig*ation, No. CJ-2009-3983 (Okla. Dist. Ct., Okla. Cty. 2011), for example, the Firm served as Co-Lead Counsel, representing a public pension client in a derivative case arising from an excessive compensation package granted to Chesapeake's CEO and founder. This was a derivative action, not a class action. Yet it is illustrative of the results that can be obtained by an institutional investor in the corporate governance arena. There we obtained a settlement which called for the repayment of $12.1 million and other consideration by the CEO. The Wall Street Journal (Nov. 3, 2011) characterized the settlement as "a rare concession for the 52-year old executive, who has run the company largely by his own rules since he co-founded it in 1989." The settlement also included comprehensive corporate governance reforms.

The Firm has won many landmark decisions that have enhanced shareholders' rights and improved corporate governance. These include decisions that established that:

- defendants seeking to rebut the *Basic* presumption of reliance on an efficient market must do so by a preponderance of the evidence. *Waggoner v. Barclays PLC*, 875 F.3d 79 (2d Cir. 2017) (*Strougo v. Barclays PLC,* in the court below);
- plaintiffs have no burden to show price impact at the class certification stage. *Waggoner v. Barclays PLC*, 875 F.3d 79 (2d Cir. 2017) (*Strougo v. Barclays PLC,* in the court below);
- the ascertainability doctrine requires only that a class be defined using objective criteria that establish a membership with definite boundaries. *Universities Superannuation Scheme Ltd. v. Petróleo Brasileiro S.A. Petrobras*, 862 F.3d 250 (2d Cir. 2017);
- companies cannot adopt bylaws to regulate the rights of former stockholders. *Strougo v. Hollander*, C.A. No. 9770-CB (Del. Ch. 2015);
- a temporary rise in share price above its purchase price in the aftermath of a corrective disclosure does not eviscerate an investor's claim for damages. *Acticon AG v. China Ne. Petroleum Holdings Ltd.,* 692 F.3d 34 (2d Cir. 2012);
- an MBS holder may bring claims if the MBS price declines even if all payments of principal and interest have been made. Transcript of Proceedings, *N.M. State Inv. Council v. Countrywide Fin. Corp.,* No. D-0101-CV-2008-02289 (N.M. 1st Dist. Ct. Mar. 25, 2009);
- when a court selects a Lead Plaintiff under the Private Securities Litigation Reform Act ("PSLRA"), the standard for calculating the "largest financial interest" must take into account sales as well as purchases. *In re Comverse Tech., Inc. Sec. Litig.*, No. 06-cv-1825, 2007 U.S. Dist. LEXIS 14878 (E.D.N.Y. Mar. 2, 2007);
- a managing underwriter can owe fiduciary duties of loyalty and care to an issuer in connection with a public offering of the issuer stock, even in the absence of any contractual agreement. Professor John C. Coffee, a renowned Columbia University securities law professor, commenting on the ruling, stated: "It's going to change the practice of all underwriting." *EBC I, Inc. v. Goldman Sachs & Co.*, 5 N.Y. 3d 11 (2005);
- purchasers of options have standing to sue under federal securities laws. *In re Green Tree Fin. Corp. Options Litig.*, No. 97-2679, 2002 U.S. Dist. LEXIS 13986 (D. Minn. July 29, 2002);
- shareholders have a right to a jury trial in derivative actions. *Ross v. Bernhard*, 396 U.S. 531 (1970);

- a company may have the obligation to disclose to shareholders its Board's consideration of important corporate transactions, such as the possibility of a spin-off, even before any final decision has been made. *Kronfeld v. Trans World Airlines, Inc.*, 832 F.2d 726 (2d Cir. 1987);
- specific standards for assessing whether mutual fund advisors breach fiduciary duties by charging excessive fees. *Gartenberg v. Merrill Lynch Asset Mgmt., Inc.*, 740 F.2d 190 (2d Cir. 1984);
- investment advisors to mutual funds are fiduciaries who cannot sell their trustee positions for a profit. *Rosenfeld v. Black*, 445 F.2d 1337 (2d Cir. 1971); and
- management directors of mutual funds have a duty to make full disclosure to outside directors "in every area where there was even a possible conflict of interest." *Moses v. Burgin*, 445 F.2d 369 (1st Cir. 1971).

## Comments from the Courts

Throughout its history, courts time and again have acknowledged the Firm's ability to vigorously pursue and successfully litigate actions on behalf of investors.

U.S. District Judge Noel L. Hillman, in approving the *In re Toronto-Dominion Bank Securities Litigation* settlement in October 2019, stated:

> I commend counsel on both sides for their hard work, their very comprehensive and thoughtful submissions during the motion practice aspect of this case. … It's clear to me that this was comprehensive, extensive, thoughtful, meaningful litigation leading up to the settlement. … This settlement appears to have been obtained through the hard work of the Pomerantz firm. … It was through their efforts and not piggybacking on any other work that resulted in this settlement.

In approving the settlement in *Strougo v. Barclays PLC* in June 2019, Judge Victor Marrero of the Southern District of New York wrote:

> Let me thank counsel on both sides for the extraordinary work both sides did in bringing this matter to a reasonable conclusion. As the parties have indicated, the matter was intensely litigated, but it was done in the most extraordinary fashion with cooperation, collaboration, and high levels of professionalism on both sides, so I thank you.

In approving the $3 billion settlement in *In re Petrobras Securities Litigation* in June 2018, Judge Jed S. Rakoff of the Southern District of New York wrote:

> [T]he Court finds that Class Counsel's performance was in many respects exceptional, with the result that, as noted, the class is poised to enjoy a substantially larger per share recovery [65%] than the recovery enjoyed by numerous large and sophisticated plaintiffs who separately settled their claims.

At the hearing for preliminary approval of the settlement in *In re Petrobras Securities Litigation* in February 2018, Judge Rakoff stated:

[T]he lawyers in this case [are] some of the best lawyers in the United States, if not in the world.

Two years earlier, in certifying two Classes in *In re Petrobras Securities Litigation* in February 2016, Judge Rakoff wrote:

[O]n the basis not only of USS's counsel's prior experience but also the Court's observation of its advocacy over the many months since it was appointed Lead Counsel, the Court concludes that Pomerantz, the proposed class counsel, is "qualified, experienced and able to conduct the litigation." ... [T]he Pomerantz firm has both the skill and resources to represent the Classes adequately.

In approving the settlement in *Thorpe v. Walter Investment Management Corp.*, No. 14-cv-20880, 2016 U.S. Dist. LEXIS 144133 (S.D. Fla. Oct. 14, 2016) Judge Ursula Ungaro wrote:

Class Counsel has developed a reputation for zealous advocacy in securities class actions. ... The settlement amount of $24 million is an outstanding result.

At the May 2015 hearing wherein the court approved the settlement in *Courtney v. Avid Technology, Inc.*, No. 13-cv-10686 (D. Mass. May 12, 2015), following oral argument by Jeremy A. Lieberman, Judge William G. Young stated:

This has been very well litigated. It is always a privilege. I don't just say that as a matter of form. And I thank you for the vigorous litigation that I've been permitted to be a part of. [Tr. at 8-9.]

At the January 2012 hearing wherein the court approved the settlement in *In re Chesapeake Energy Corp. Shareholder Derivative Litigation*, No. CJ-2009-3983 (Okla. Dist. Ct., Okla. Cty. Jan. 30, 2012), following oral argument by Marc I. Gross, Judge Daniel L. Owens stated:

Counsel, it's a pleasure, and I mean this and rarely say it. I think I've said it two times in 25 years. It is an extreme pleasure to deal with counsel of such caliber. [Tr. at 48.])

In approving the $225 million settlement in *In re Comverse Technology, Inc. Securities Litigation*, No. 06-CV-1825 (E.D.N.Y.) in June 2010, Judge Nicholas G. Garaufis stated:

As outlined above, the recovery in this case is one of the highest ever achieved in this type of securities action. ... The court also notes that, throughout this litigation, it has been impressed by Lead Counsel's acumen and diligence. The briefing has been thorough, clear, and convincing, and ... Lead Counsel has not taken short cuts or relaxed its efforts at any stage of the litigation.

In approving a $146.25 million settlement in *In re Charter Communications Securities Litigation*, No. 02-CV-1186, 2005 U.S. Dist. LEXIS 14772 (E.D. Mo. June 30, 2005), in which Pomerantz served as sole Lead Counsel, Judge Charles A. Shaw praised the Firm's efforts, citing "the vigor with which Lead Counsel ... investigated claims, briefed the motions to dismiss, and negotiated the settlement." He further stated:

> This Court believes Lead Plaintiff achieved an excellent result in a complex action, where the risk of obtaining a significantly smaller recovery, if any, was substantial.

In approving a $24 million settlement in *In re Force Protection, Inc.,* No. 08 CV 845 (D.S.C. 2011), Judge C. Weston Houk described the Firm as "attorneys of great ability and great reputation" and commended the Firm for having "done an excellent job."

In certifying a class in a securities fraud action against analysts in *DeMarco v. Robertson Stephens Inc.*, 228 F.R.D. 468 (S.D.N.Y. 2005), Judge Gerard D. Lynch stated that Pomerantz had "ably and zealously represented the interests of the class."

Numerous courts have made similar comments:

- Appointing Pomerantz Lead Counsel in *American Italian Pasta Co. Securities Litigation*, No 05-CV-0725 (W.D. Mo.), a class action that involved a massive fraud and restatements spanning several years, the District Court observed that the Firm "has significant experience (and has been extremely effective) litigating securities class actions, employs highly qualified attorneys, and possesses ample resources to effectively manage the class litigation and protect the class's interests."

- In approving the settlement in *In re Wiring Devices Antitrust Litigation*, MDL No. 331 (E.D.N.Y. Sept. 9, 1980), Chief Judge Jack B. Weinstein stated that "Counsel for the plaintiffs I think did an excellent job. ... They are outstanding and skillful. The litigation was and is extremely complex. They assumed a great deal of responsibility. They recovered a very large amount given the possibility of no recovery here which was in my opinion substantial."

- In *Snyder v. Nationwide Insurance Co.*, No. 97/0633, (N.Y. Supreme Court, Onondaga Cty.), a case where Pomerantz served as Co-Lead Counsel, Judge Tormey stated, "It was a pleasure to work with you. This is a good result. You've got some great attorneys working on it."

- In *Steinberg v. Nationwide Mutual Insurance Co.* (E.D.N.Y. 2004), Judge Spatt, granting class certification and appointing the Firm as class counsel, observed: "The Pomerantz firm has a strong reputation as class counsel and has demonstrated its competence to serve as class counsel in this motion for class certification." (224 F.R.D. 67, 766.)

- In *Mercury Savings & Loan*, No. 90-cv-00087 LHM (C.D. Cal. 1993), Judge McLaughlin commended the Firm for the "absolutely extraordinary job in this litigation."

- In *Boardwalk Marketplace Securities Litigation*, MDL No. 712 (D. Conn.), Judge Eginton described the Firm's services as "exemplary," praised it for its "usual fine job of lawyering ...[in] an extremely complex matter," and concluded that the case was "very well-handled and managed." (Tr. at 6, 5/20/92; Tr. at 10, 10/10/92.)

- In *Nodar v. Weksel*, No. 84 Civ. 3870 (S.D.N.Y.), Judge Broderick acknowledged "that the services rendered [by Pomerantz] were excellent services from the point of view of the class represented, [and] the result was an excellent result." (Tr. at 21-22, 12/27/90.)

- In *Klein v. A.G. Becker Paribas, Inc.*, No. 83 Civ. 6456 (S.D.N.Y.), Judge Goettel complimented the Firm for providing "excellent ...absolutely top-drawer representation for the class, particularly in light of the vigorous defense offered by the defense firm." (Tr. at 22, 3/6/87.)

- In *Digital Securities Litigation*, No. 83-3255 (D. Mass.), Judge Young lauded the Firm for its "[v]ery fine lawyering." (Tr. at 13, 9/18/86.)

- In *Shelter Realty Corp. v. Allied Maintenance Corp*., 75 F.R.D. 34, 40 (S.D.N.Y. 1977), Judge Frankel, referring to Pomerantz, said: "Their experience in handling class actions of this nature is known to the court and certainly puts to rest any doubt that the absent class members will receive the quality of representation to which they are entitled."

- In *Rauch v. Bilzerian*, No. 88 Civ. 15624 (N.J. Sup. Ct.), the court, after trial, referred to Pomerantz partners as "exceptionally competent counsel," and as having provided "top drawer, topflight [representation], certainly as good as I've seen in my stay on this court."

# Corporate Governance Litigation

Pomerantz is committed to ensuring that companies adhere to responsible business practices and practice good corporate citizenship. We strongly support policies and procedures designed to give shareholders the ability to oversee the activities of a corporation. We vigorously pursue corporate governance reform, particularly in the area of excess compensation, where it can address the growing disparity between the salaries of executives and the workers of major corporations. We have successfully utilized litigation to bring about corporate governance reform in numerous cases, and always consider whether such reforms are appropriate before any case is settled.

Pomerantz's Corporate Governance Practice Group, led by Partner Gustavo F. Bruckner, enforces shareholder rights and prosecutes actions challenging corporate transactions that arise from an unfair process or result in an unfair price for shareholders.

In September 2017, New Jersey Superior Court Judge Julio Mendez, of Cape May County Chancery Division, approved Pomerantz's settlement in a litigation against Ocean Shore Holding Co. The settlement provided non-pecuniary benefits for a non-opt out class. In so doing, Judge Mendez became the first New Jersey state court judge to formally adopt the Third Circuit's nine-part *Girsh* factors, *Girsh v. Jepson*, 521 F.2d 153 (3d Cir. 1975). There has never before been a published New Jersey state court opinion setting out the factors a court must consider in evaluating whether a class action settlement should be determined to be fair and adequate. After conducting an analysis of each of the nine *Girsh* factors and holding that "class actions settlements involving non-monetary benefits to the class are subject to more exacting scrutiny," Judge Mendez held that the proposed settlement provided a material benefit to the shareholders.

In February 2018, the Maryland Circuit Court, Montgomery County, approved a $17.5 million settlement that plaintiffs achieved as additional consideration on behalf of a class of shareholders of American Capital, Ltd. *In re Am. Capital, Ltd. S'holder Litig.*, C.A. No. 422598-V (2018). The settlement resolved Plaintiffs' claims regarding a forced sale of American Capital.

Pomerantz filed an action challenging the sale of American Capital, a Delaware corporation with its headquarters in Maryland. Among other things, American Capital's board of directors (the "Board") agreed to sell the company at a price below what two other bidders were willing to offer. Worse, the merger price was even below the amount that shareholders would have received in the company's planned phased liquidation, which the company was considering under pressure from Elliott Management, an activist hedge fund and holder of approximate 15% of American Capital stock. Elliott was not originally named as a defendant, but after initial discovery showed the extent of its involvement in the Board's breaches of fiduciary duty, Elliott was added as a defendant in an amended complaint under the theory that Elliott exercised actual control over the Board's decision-making. Elliott moved to dismiss on jurisdictional grounds and additionally challenged its alleged status as a controller of American Capital. In June 2017, minutes before the hearing on defendants' motion to dismiss, a partial settlement was entered into with the members of the Board for $11.5 million. The motion to dismiss hearing proceeded despite the partial settlement, but only as to Elliott. In July 2017, the court denied the motion to dismiss, finding that Elliott, "by virtue solely of its own conduct, … has easily satisfied the transacting business prong of the Maryland long arm statute." The court also found that the "amended complaint in this case sufficiently pleads that Elliott was a controller with respect to" the sale, thus implicating a higher standard of review. Elliott subsequently settled the remaining claims for an additional $6 million. Pomerantz served as Co-Lead Counsel.

In May 2017, the Circuit Court of the State of Oregon approved the settlement achieved by Pomerantz and co-counsel of a derivative action brought by two shareholders of Lithia Motors, Inc. The lawsuit alleged breach of fiduciary duties by the board of directors in approving, without any meaningful review, the Transition Agreement between Lithia Motors and Sidney DeBoer, its founder, controlling shareholder, CEO, and Chairman, who was stepping down as CEO. DeBoer and his son, the current CEO, Bryan DeBoer, negotiated virtually all the material terms of the Agreement, by which the company agreed to pay the senior DeBoer $1,060,000 and a $42,000 car allowance annually for the rest of his life, plus other benefits, in addition to the $200,000 per year that he would receive for continuing to serve as Chairman.

The *Lithia* settlement extracted corporate governance therapeutics that provide substantial benefits to Lithia and its shareholders and redress the wrongdoing alleged by plaintiffs. The board will now be required to have at least five independent directors -- as defined under the New York Stock Exchange rules -- by 2020; a number of other new protocols will be in place to prevent self-dealing by board members. Further, the settlement calls for the Transition Agreement to be reviewed by an independent auditor who will determine whether the annual payments of $1,060,000 for life to Sidney DeBoer are reasonable. Lithia has agreed to accept whatever decision the auditor makes.

In January 2017, the Group received approval of the Delaware Chancery Court for a $5.6 million settlement it achieved on behalf of a class of shareholders of Physicians Formula Holdings Inc. over an ignored merger offer in 2012. *In re Physicians Formula Holdings Inc.*, C.A. No. 7794-VCL (Del. Ch.).

The Group obtained a landmark ruling in *Strougo v. Hollander*, C.A. No. 9770-CB (Del. Ch.), that fee-shifting bylaws adopted after a challenged transaction do not apply to shareholders affected by the transaction. They were also able to obtain a *25% price increase* for members of the class cashed out in the going private transaction.

In *Miller v. Bolduc*, No. SUCV 2015-00807 (Mass. Super. Ct.), the Group caused Implant Sciences to hold its first shareholder annual meeting in five years and put an important compensation grant up for a shareholder vote.

In *Smollar v. Potarazu*, C.A. No. 10287-VCN (Del. Ch.), the Group pursued a derivative action to bring about the appointment of two independent members to the board of directors, retention of an independent auditor, dissemination of financials to shareholders and the holding of first ever in-person annual meeting, among other corporate therapeutics.

In *Hallandale Beach Police Officers & Firefighters' Personnel Retirement Fund vs. Lululemon athletica, Inc.,* C.A. No. 8522-VCP (Del. Ch.), in an issue of first impression in Delaware, the Chancery Court ordered the production of the chairman's 10b5-1 stock trading plan. The court found that a stock trading plan established by the company's chairman, pursuant to which a broker, rather than the chairman himself, would liquidate a portion of the chairman's stock in the company, did not preclude potential liability for insider trading.

In *Strougo v. North State Bancorp*, No. 15 CVS 14696 (N.C. Super. Ct.), the Group caused the Merger Agreement to be amended to provide a "majority of the minority" provision for the holders of North State Bancorp's common stock in connection with the shareholder vote on the merger. As a result of the Action, common shareholders could stop the merger if they did not wish it to go forward.

Pomerantz's commitment to advancing sound corporate governance principles is further demonstrated by the more than 26 years that we have co-sponsored the Abraham L. Pomerantz Lecture Series with Brooklyn Law School. These lectures focus on critical and emerging issues concerning shareholder rights and corporate governance and bring together top academics and litigators.

Our bi-monthly newsletter, *The Pomerantz Monitor*, provides institutional investors updates and insights on current issues in corporate governance.

## Strategic Consumer Litigation

Pomerantz's Strategic Consumer Litigation practice group, led by Partner Jordan Lurie, represents consumers in actions that seek to recover monetary and injunctive relief on behalf of class members while also advocating for important consumer rights. The attorneys in this group have successfully prosecuted claims involving California's Unfair Competition Law, California's Consumers Legal Remedies Act, the Song Beverly Consumer Warranty Act and the Song Beverly Credit Card Act. They have resolved data breach privacy cases and cases involving unlawful recording, illegal background checks, unfair business practices, misleading advertising and other consumer finance related actions. All of these actions also have resulted in significant changes to defendants' business practices.

Pomerantz currently represents consumers in a nationwide class action against Facebook for mistargeting ads. Plaintiff alleges that Facebook programmatically displays a material percentage of ads to users outside the defined target market and displays ads to "serial Likers" outside the defined target audience in order to boost Facebook's revenue. *IntegrityMessageBoards.com v. Facebook, Inc. (N.D. Cal.) Case No. 4:18 -cv-05286 PJH*.

Pomerantz has pioneered litigation to establish claims for public injunctive relief under California's unfair business practices statute. For example, Pomerantz has filed cases seeking to prevent major auto manufacturers from unauthorized access to, and use of, drivers' vehicle data without compensation, and seeking to require the auto companies to share diagnostic data extracted from drivers' vehicles. The Strategic Consumer Litigation practice group also is prosecuting class cases against auto manufacturers for failing to properly identify high-priced parts that must be covered in California under extended emissions warranties.

Other consumer matters handled by Pomerantz's Strategic Consumer Litigation practice group include actions involving cryptocurrency, medical billing, price fixing, and false advertising of various consumer products and services.

# Antitrust Litigation

Pomerantz has earned a reputation for prosecuting complex antitrust and consumer class actions with vigor, innovation, and success. Pomerantz's Antitrust and Consumer Group has recovered billions of dollars for the Firm's business and individual clients and the classes that they represent. Time and again, Pomerantz has protected our free-market system from anticompetitive conduct such as price fixing, monopolization, exclusive territorial division, pernicious pharmaceutical conduct, and false advertising. Pomerantz's advocacy has spanned across diverse product markets, exhibiting the Antitrust and Consumer Group's versatility to prosecute class actions on any terrain.

Pomerantz has served and is currently serving in leadership or Co-Leadership roles in several high-profile multi-district litigation class actions. In December 2018, the Firm achieved a $31 billion partial settlement with three defendants on behalf of a class of U.S. lending institutions that originated, purchased or held loans paying interest rates tied to the U.S. Dollar London Interbank Offered Rate (USD LIBOR). It is alleged that the class suffered damages as a result of collusive manipulation by the LIBOR contributor panel banks that artificially suppressed the USD LIBOR rate during the class period, causing the class members to receive lower interest payments than they would have otherwise received. *In re Libor Based Financial Instruments Antitrust Litig.,* 1:11-md-2262.

Pomerantz represented baseball and hockey fans in a game-changing antitrust class action against Major League Baseball and the National Hockey League, challenging the exclusive territorial division of live television broadcasts, internet streaming, and the resulting geographic blackouts. *See Laumann v. NHL* and *Garber v. MLB* (S.D.N.Y. 2012).

Pomerantz has spearheaded the effort to challenge harmful anticompetitive conduct by pharmaceutical companies—including Pay-for-Delay Agreements—that artificially inflates the price of prescription drugs by keeping generic versions off the market.

Even prior to the 2013 precedential U.S. Supreme Court decision in *Actavis*, Pomerantz litigated and successfully settled the following generic-drug-delay cases:

- *In re Flonase Antitrust Litig.* (E.D. Pa. 2008) ($35 million);
- *In re Toprol XL Antitrust Litig.* (D. Del. 2006) ($11 million); and

- *In re Wellbutrin SR Antitrust Litig.* (E.D. Pa. 2004) ($21.5 million).

Other exemplary victories include Pomerantz's prominent role in *In re NASDAQ Market-Makers Antitrust Litigation* (S.D.N.Y.), which resulted in a settlement in excess of $1 billion for class members, one of the largest antitrust settlements in history. Pomerantz also played prominent roles in *In re Sorbates Direct Purchaser Antitrust Litigation* (N.D. Cal.), which resulted in over an $82 million recovery, and in *In re Methionine Antitrust Litigation* (N.D. Cal.), which resulted in a $107 million recovery. These cases illustrate the resources, expertise, and commitment that Pomerantz's Antitrust Group devotes to prosecuting some of the most egregious anticompetitive conduct.

# A Global Advocate for Asset Managers and Public and Taft-Hartley Pension Funds

Pomerantz represents some of the largest pension funds, asset managers, and institutional investors around the globe, monitoring assets of over $5 trillion, and growing. Utilizing cutting-edge legal strategies and the latest proprietary techniques, Pomerantz protects, expands, and vindicates shareholder rights through our securities litigation services and portfolio monitoring program.

Pomerantz partners routinely advise foreign and domestic institutional investors on how best to evaluate losses to their investment portfolios attributable to financial misconduct and how best to maximize their potential recoveries worldwide. In particular, Pomerantz Partners, Jeremy Lieberman, Jennifer Pafiti, and Marc Gross regularly travel throughout the U.S. and across the globe to meet with clients on these issues and are frequent speakers at investor conferences and educational forums in North America, Europe, and the Middle East.

# Institutional Investor Services

Pomerantz offers a variety of services to institutional investors. Through the Firm's proprietary system, PomTrack®, Pomerantz monitor client portfolios to identify and evaluate potential and pending securities fraud, ERISA and derivative claims, and class action settlements. Monthly customized PomTrack® reports are included with the service.

When a potential securities fraud claim impacting a client is identified, Pomerantz offers to thoroughly analyze the case's merits and provide a written analysis and recommendation. If litigation is warranted, a team of highly skilled attorneys will provide efficient and effective legal representation. The experience and expertise of our attorneys – which have consistently been acknowledged by the courts – allow Pomerantz to vigorously pursue the claims of investors, taking complex cases to trial when warranted.

Pomerantz is committed to ensuring that companies adhere to responsible business practices and practice good corporate citizenship. The Firm strongly support policies and procedures designed to give shareholders the ability to oversee the activities of a corporation. Pomerantz has successfully utilized litigation to bring about corporate governance reform, and always considers whether such reforms are appropriate before any case is settled.

Pomerantz provides clients with insightful and timely commentary on matters essential to effective fund management in our bi-monthly newsletter, *The Pomerantz Monitor* and regularly sponsors conferences and roundtable events around the globe with speakers who are experts in securities litigation and corporate governance matters.

# Attorneys

## Partners

### Jeremy A. Lieberman

Jeremy A. Lieberman is Pomerantz's Managing Partner. He became associated with the Firm in August 2004 and was elevated to Partner in January 2010. In 2020, he won a Distinguished Leader award from the *New York Law Journal* and was named a Leading Lawyer by The Legal 500. Among the client testimonials posted on The Legal 500's website: "Jeremy Lieberman led the case for us with remarkable and unrelenting energy and aggression. He made a number of excellent strategic decisions which boosted our recovery." Jeremy was honored as Benchmark Litigation's 2019 Plaintiff Attorney of the Year. In 2018, Jeremy was honored as a Titan of the Plaintiffs Bar by Law360 and as a Benchmark Litigation Star. The Pomerantz team that Jeremy leads was named a 2018 Securities Practice Group of the Year. Jeremy has been honored as a Super Lawyers® "Top-Rated Securities Litigation Attorney" from 2016 through 2019 – a recognition bestowed on no more than 5% of eligible attorneys in the New York Metro area. The Legal 500, in honoring Pomerantz as a Leading Firm for 2016 and 2017, stated that in New York, "Jeremy Lieberman is super impressive – a formidable adversary for any defense firm."

Jeremy led the litigation of *In re Petrobras Securities Litigation,* a closely-watched securities class action arising from a multi-billion-dollar kickback and bribery scheme involving Brazil's largest oil company, Petróleo Brasileiro S.A. – Petrobras, in which Pomerantz was sole Lead Counsel. The biggest instance of corruption in the history of Brazil ensnared not only Petrobras' former executives but also Brazilian politicians, including former president Lula da Silva and one-third of the Brazilian Congress. In January and February 2018, Jeremy achieved a historic $3 billion settlement for the Class. This is not only the largest securities class action settlement in a decade but is the largest settlement ever in a securities class action involving a foreign issuer, the fifth-largest securities class action settlement ever achieved in the United States, the largest securities class action settlement achieved by a foreign Lead Plaintiff, and the largest securities class action settlement in history not involving a restatement of financial reports.

Jeremy also secured a significant victory for Petrobras investors at the Second Circuit Court of Appeals, when the court rejected the heightened ascertainability requirement for obtaining class certification that had been imposed by the Third Circuit Courts of Appeals. The ruling will have a positive impact on plaintiffs in securities fraud litigation. Indeed, the *Petrobras* litigation was honored in 2019 as a National Impact Case by Benchmark Litigation.

Jeremy was Lead Counsel in *Pirnik v. Fiat Chrysler Automobiles N.V. et al.*, No. 1:15-cv-07199-JMF (S.D.N.Y), in which the Firm recently achieved a $110 million settlement for the class. This high-profile securities class action alleges that Fiat Chrysler concealed from investors that it improperly outfitted its

diesel vehicles with "defeat device" software designed to cheat NOx emissions regulations in the U.S. and Europe, and that regulators had accused Fiat Chrysler of violating the emissions regulations. The *Fiat Chrysler* recovery provides the class of investors with as much as 20% of recoverable damages—an excellent result when compared to historical statistics in class action settlements, where typical recoveries for cases of this size are between 1.6% and 3.3%.

Jeremy recently achieved a critical victory for investors in the securities fraud class action against Perrigo Co. plc when Judge Arleo of the United States District Court for the District of New Jersey certified classes of investors that purchased Perrigo securities on both the New York Stock Exchange and the Tel Aviv Stock Exchange. Pomerantz represents a number of institutional investors that purchased Perrigo securities on both exchanges after an offer by Mylan N.V. to tender Perrigo shares. This is the first time since *Morrison* that a U.S. court has independently analyzed the market of a security traded on a non-U.S. exchange, and found that it met the standards of market efficiency necessary allow for class certification.

In 2019, Jeremy achieved a $27 million settlement for the Class in *Strougo v. Barclays PLC*, a high-profile securities class action in which Pomerantz was Lead Counsel. Plaintiffs alleged that Barclays PLC misled institutional investors about the manipulation of the banking giant's so-called "dark pool" trading systems in order to provide a trading advantage to high-frequency traders over its institutional investor clients. This case turned on the duty of integrity owed by Barclays to its clients. In November 2017, Jeremy achieved precedent-setting victories for investors, when the Second Circuit Court of Appeals held that direct evidence of price impact is not always necessary to demonstrate market efficiency to invoke the presumption of reliance, and that defendants seeking to rebut the presumption of reliance must do so by a preponderance of the evidence rather than merely meeting a burden of production.

Jeremy led the Firm's securities class action litigation against Yahoo! Inc., in which Pomerantz, as Lead Counsel, achieved an $80 million settlement for the Class in 2018. The case involved the biggest data breaches in U.S. history, in which over 3 billion Yahoo accounts were compromised. This was the first significant settlement to date of a securities fraud class action filed in response to a data breach.

In 2018 Jeremy achieved a $3,300,000 settlement for the Class in the Firm's securities class action against Corinthian Colleges, one of the largest for-profit college systems in the country, for alleged misrepresentations about its job placement rates, compliance with applicable regulations, and enrollment statistics. Pomerantz prevailed in the motion to dismiss the proceedings, a particularly noteworthy victory because Chief Judge George King of the Central District of California had dismissed two prior lawsuits against Corinthian with similar allegations. *Erickson v. Corinthian Colleges, Inc.* (C.D. Cal.).

Jeremy led the Firm's litigation team that in 2018 secured a $31 million partial settlement with three defendants in *In re Libor Based Financial Instruments Antitrust Litigation*, a closely watched multi-district litigation, which concerns the London Interbank Offered Rate (LIBOR) rigging scandal.

Jeremy heads the Firm's individual action against pharmaceutical giant Teva Pharmaceutical Industries Ltd., Teva Pharmaceuticals USA, Inc. (together, "Teva"), and certain of Teva's current and former employees and officers relating to alleged anticompetitive practices in Teva's sales of generic drugs. *Clal Insurance Company Ltd. v. Teva Pharmaceutical Industries Ltd.*

Jeremy also serves as Lead Counsel in a number of the most high-profile securities class actions pending in the U.S. courts, such as *In re Mylan N.V. Securities Litigation, In re Perrigo Co. Securities Litigation,* and *In re Fiat Chrysler Automobiles N.V. Securities Litigation.*

In *In re China North East Petroleum Corp. Securities Litigation*, Jeremy achieved a significant victory for shareholders in the United States Court of Appeals for the Second Circuit, whereby the Appeals Court ruled that a temporary rise in share price above its purchase price in the aftermath of a corrective disclosure did not eviscerate an investor's claim for damages. The Second Circuit's decision was deemed "precedential" by the *New York Law Journal* and provides critical guidance for assessing damages in a § 10(b) action.

Jeremy had an integral role in *In re Comverse Technology, Inc. Securities Litigation*, in which he and his partners achieved a historic $225 million settlement on behalf of the Class, which was the second-largest options backdating settlement to date.

Jeremy regularly consults with Pomerantz's international institutional clients, including pension funds, regarding their rights under the U.S. securities laws. Jeremy is working with the Firm's international clients to craft a response to the Supreme Court's ruling in *Morrison v. National Australia Bank, Ltd*., which limited the ability of foreign investors to seek redress under the federal securities laws. Currently, Jeremy is representing several UK and EU pension funds and asset managers in individual actions against BP plc in the United States District Court for the Southern District of Texas.

Jeremy is a frequent lecturer regarding current corporate governance and securities litigation issues. In March 2017, he spoke at the ICGN conference in Washington D.C., regarding recent trends in foreign securities litigation. He has also led discussions regarding U.S. securities class actions in Paris, France.

Jeremy graduated from Fordham University School of Law in 2002. While in law school, he served as a staff member of the *Fordham Urban Law Journal*. Upon graduation, he began his career at a major New York law firm as a litigation associate, where he specialized in complex commercial litigation.

Jeremy is admitted to practice in the State of New York; the U.S. District Courts for the Southern and Eastern Districts of New York, the Southern District of Texas, the District of Colorado, the Eastern District of Michigan and Northern District of Illinois; the U.S. Courts of Appeals for the First, Second, Third, Fourth, Sixth, Ninth, and Tenth Circuits; and the United States Supreme Court.

## Patrick V. Dahlstrom

Patrick Dahlstrom joined Pomerantz as an associate in 1991 and was elevated to Partner in January 1996. He was Co-Managing Partner with Jeremy Lieberman in 2017 and 2018 and is now Senior Partner. Patrick is based in the Firm's Chicago office. He was honored as a Super Lawyers® "Top-Rated Securities Litigation Attorney" in 2018 and 2019.

Patrick, a member of the Firm's Institutional Investor Practice and New Case Groups, has extensive experience litigating cases under the PSLRA. He led *In re Comverse Technology, Inc. Securities Litigation*, No. 06-CV-1825 (E.D.N.Y.), in which the Firm, as Lead Counsel, recovered a $225 million settlement for

the Class – the second-highest ever for a case involving back-dating options, and one of the largest recoveries ever from an individual officer-defendant, the company's founder and former CEO. In *Comverse*, the Firm obtained an important clarification of how courts calculate the "largest financial interest" in connection with the selection of a Lead Plaintiff, in a manner consistent with *Dura Pharmaceuticals, Inc. v. Broudo*, 544 U.S. 336 (2005). Judge Garaufis, in approving the settlement, lauded Pomerantz: "The court also notes that, throughout this litigation, it has been impressed by Lead Counsel's acumen and diligence. The briefing has been thorough, clear, and convincing, and ... Lead Counsel has not taken short cuts or relaxed its efforts at any stage of the litigation."

In *DeMarco v. Robertson Stephens Inc.*, 228 F.R.D. 468 (S.D.N.Y. 2005), Patrick obtained the first class certification in a federal securities case involving fraud by analysts.

Patrick's extensive experience in litigation under the PSLRA has made him an expert not only at making compelling arguments on behalf of Pomerantz' clients for Lead Plaintiff status, but also in discerning weaknesses of competing candidates. *In re American Italian Pasta Co. Securities Litigation* and *Comverse* are the most recent examples of his success in getting our clients appointed sole Lead Plaintiff despite competing motions by numerous impressive institutional clients.

Patrick was a member of the trial team in *In re ICN/Viratek Securities Litigation* (S.D.N.Y. 1997), which, after trial, settled for $14.5 million. Judge Wood praised the trial team: "[P]laintiffs counsel did a superb job here on behalf of the class. ...This was a very hard fought case. You had very able, superb opponents, and they put you to your task. ...The trial work was beautifully done and I believe very efficiently done."

Patrick's speaking engagements include interviews by NBC and the CBC regarding securities class actions, and among others, a presentation at the November 2009 State Association of County Retirement Systems Fall Conference as the featured speaker at the Board Chair/Vice Chair Session entitled: "Cleaning Up After the 100 Year Storm. How trustees can protect assets and recover losses following the burst of the housing and financial bubbles."

Patrick is a 1987 graduate of the Washington College of Law at American University in Washington, D.C., where he was a Dean's Fellow, Editor in Chief of the *Administrative Law Journal*, a member of the Moot Court Board representing Washington College of Law in the New York County Bar Association's Antitrust Moot Court Competition, and a member of the Vietnam Veterans of America Legal Services/Public Interest Law Clinic. Upon graduating, Patrick served as the Pro Se Staff Attorney for the United States District Court for the Eastern District of New York and was a law clerk to the Honorable Joan M. Azrack, United States Magistrate Judge.

Patrick is admitted to practice in New York and Illinois, the United States District Courts for the Southern and Eastern Districts of New York, Northern District of Illinois, Northern District of Indiana, Eastern District of Wisconsin, District of Colorado, Western District of Pennsylvania, the United States Courts of Appeals for the First, Fourth, Sixth, Seventh, Eighth, and Ninth Circuits, and the United States Supreme Court.

**Gustavo F. Bruckner**

Gustavo F. Bruckner heads Pomerantz's Corporate Governance practice group, which enforces shareholder rights and prosecutes litigation challenging corporate actions that harm shareholders.

Under Gustavo's leadership, the Corporate Governance group has achieved numerous noteworthy litigation successes. He has been quoted on corporate governance issues by *The New York Times*, *The Wall Street Journal*, *Bloomberg*, *Law360*, and *Reuters*, and was honored from 2016 through 2019 by Super Lawyers® as a "Top-Rated Securities Litigation Attorney," a recognition bestowed on no more than 5% of eligible attorneys in the New York Metro area. Gustavo regularly appears in state and federal courts across the nation. Gustavo presented at the prestigious Institute for Law and Economic Policy conference.

Gustavo is a fierce advocate of aggressive corporate clawback policies that allow companies to recover damages from officers and directors for reputational and financial harm. Most recently, in *McIntosh vs Keizer*, *et al.*, Docket No. 2018-0386 (Del. Ch.), Pomerantz filed a derivative suit on behalf of Hertz Global Holdings, Inc. shareholders, seeking to compel the Hertz board of directors to claw back millions of dollars in unearned and undeserved payments that the Company made to former officers and directors who significantly damaged Hertz through years of wrongdoing and misconduct. Under pressure from plaintiff's ligation efforts, the Hertz board of directed elected to take unprecedented action and mooted plaintiff's claims, initiating litigation to recover tens of millions of dollars in incentive compensation and more than $200 million in damages from culpable former Hertz executives.

Pomerantz through initiation and prosecution of a shareholder derivative action, forced the Hertz board to seek clawback from former officers and directors of the company, unjustly enriched after causing the Company to file inaccurate and false financial statements leading to a $235 million restatement and $16 million fee to the SEC.

In September 2017, Gustavo's Corporate Governance team achieved a settlement in New Jersey Superior Court that provided non-pecuniary benefits for a non-opt out class. In approving the settlement, Judge Julio Mendez, of Cape May County Chancery Division, became the first New Jersey state court judge to formally adopt the Third Circuit's nine-part *Girsh* factors, *Girsh v. Jepson*, 521 F.2d 153 (3d Cir. 1975). Never before has there been a published New Jersey state court opinion setting out the factors a court must consider in evaluating whether a class action settlement should be determined to be fair and adequate.

Gustavo successfully argued *Strougo v. Hollander*, C.A. No. 9770-CB (Del. Ch. 2015), obtaining a landmark ruling in Delaware that bylaws adopted after shareholders are cashed out do not apply to shareholders affected by the transaction. In the process, Gustavo and the Corporate Governance team beat back a fee-shifting bylaw and were able to obtain a 25% price increase for members of the class cashed out in the "going private" transaction. Shortly thereafter, the Delaware Legislature adopted legislation to ban fee-shifting bylaws.

In *Stein v. DeBoer* (Or. Cir. Ct. 2017), Gustavo and the Corporate Governance group achieved a settlement that provides significant corporate governance therapeutics on behalf of shareholders of Lithia Motors, Inc. The company's board had approved, without meaningful review, the Transition Agreement between the company and Sidney DeBoer, its founder, controlling shareholder, CEO, and Chairman, who was stepping down as CEO. DeBoer and his son, the current CEO, negotiated virtually all the material terms of the Agreement, by which the company agreed to pay the senior DeBoer $1,060,000 and a $42,000 car allowance annually for the rest of his life, plus other benefits, in addition to the $200,000 per year that he would receive for continuing to serve as Chairman.

In *Miller v. Bolduc*, No. SUCV 2015-00807 (Mass. Sup. Ct. 2015), Gustavo and the Corporate Governance group, by initiating litigation, caused Implant Sciences to hold its first shareholder annual meeting in 5 years and to place an important compensation grant up for a shareholder vote.

In *Strougo v. North State Bancorp*, No. 15 CVS 14696 (N.C. Super. Ct. 2015), Gustavo and the Corporate Governance team caused the North State Bancorp merger agreement to be amended to provide a "majority of the minority" provision for common shareholders in connection with the shareholder vote on the merger. As a result of the action, common shareholders had the ability to stop the merger if they did not wish it to go forward.

In *Hallandale Beach Police Officers and Firefighters' Personnel Retirement Fund vs. Lululemon athletica, Inc.*, C.A. No. 8522-VCP (Del. Ch. 2014), in an issue of first impression in Delaware, Gustavo successfully argued for the production of the company chairman's Rule 10b5-1 stock trading plan. The court found that a stock trading plan established by the company's chairman, pursuant to which a broker, rather than the chairman himself, would liquidate a portion of the chairman's stock in the company, did not preclude potential liability for insider trading.

Gustavo was Co-Lead Counsel in *In re Great Wolf Resorts, Inc. Shareholders Litigation*, C.A. No. 7328-VCN (Del. Ch. 2012), obtaining the elimination of stand-still provisions that allowed third parties to bid for Great Wolf Resorts, Inc., resulting in the emergence of a third-party bidder and approximately $94 million (57%) in additional merger consideration for Great Wolf shareholders.

Gustavo received his law degree in 1992 from the Benjamin N. Cardozo School of Law, where he served as an editor of the Moot Court Board and on the Student Council. Upon graduation, he received the award for outstanding student service.

After graduating law school, Gustavo served as Chief-of-Staff to a New York City legislator.

Gustavo is a Mentor and Coach to the NYU Stern School of Business, Berkley Center for Entrepreneurial Studies, New Venture Competition. He was a University Scholar at NYU where he obtained a B.S. in Marketing and International Business in 1988 and an MBA in Finance and International Business in 1989.

Gustavo is a Trustee and former Treasurer of the Beit Rabban Day School, and an arbitrator in the Civil Court of the City of New York.

Gustavo is licensed to practice in New York and New Jersey and is admitted to practice before the United States District Court for the Eastern, Northern, and Southern Districts of New York, the United States District Court for the District of New Jersey, United States Court of Appeals for the Second and Seventh Circuits, and the United States Supreme Court.

## Emma Gilmore

Emma Gilmore, a partner at Pomerantz, is regularly involved in high-profile class-action litigation. In 2020, Emma was named by Benchmark Litigation as one of the "Top 250 Women in Litigation" — an honor bestowed on only seven plaintiffs' lawyers in the U.S. this year. Also in 2020, both the *National Law Journal* and the *New York Law Journal* honored Emma as a "Plaintiffs' Lawyer Trailblazer." Emma

was honored by Law360 in 2018 as an MVP in Securities Litigation, part of an "elite slate of attorneys [who] have distinguished themselves from their peers by securing hard-earned successes in high-stakes litigation, complex global matters and record-breaking deals." Only up to six attorneys nationwide are selected each year as MVPs in Securities Litigation. Emma is the first woman plaintiff attorney to receive this outstanding award since it was initiated in 2011. Emma was also honored in 2018 and 2019 as a Super Lawyer®. She has been recognized by Lawdragon 500 as one of the top Leading Plaintiff Financial Lawyers in both 2019 and 2020.

Emma is regularly invited to speak about recent trends and developments in securities litigation. She was recently selected to serve on the New York City Bar Association's Securities Litigation Committee for a three-year term beginning on August 1, 2019. In that capacity she will have the opportunity to help shape law and public policy by, among other things, drafting reports, commenting and testifying on legislation, and submitting briefs. Emma regularly counsels clients around the world on how to maximize recoveries on their investments.

Emma played a leading role in the Firm's class action case in the Southern District of New York against Brazil's largest oil company, Petrobras, arising from a multi-billion-dollar kickback and bribery scheme, in which the Firm was sole Lead Counsel. In a significant victory for investors, Pomerantz has achieved a historic $3 billion settlement with Petrobras. This is not only the largest securities class action settlement in a decade but is the largest settlement ever in a class action involving a foreign issuer, the fifth-largest class action settlement ever achieved in the United States, and the largest settlement achieved by a foreign lead plaintiff. The biggest instance of corruption in the history of Brazil had ensnared not only Petrobras' former executives but also Brazilian politicians, including former president Lula da Silva and one-third of the Brazilian Congress. Emma was the principal drafter of the complaint. She deposed and defended numerous fact and expert witnesses, including deposing the former CEO of Petrobras, the whistleblower, and the chief accountant. She was also the principal drafter of the appellate brief and played an instrumental role in securing a significant victory for investors in this case at the Second Circuit Court of Appeals, when the Court rejected the heightened ascertainability requirement for obtaining class certification that had been imposed by other circuit courts. She opposed defendants' petition for a writ of certiorari to the Supreme Court. Emma successfully obtained sanctions against a professional objector challenging the integrity of the settlement, both in the District Court and in the Court of Appeals for the Second Circuit.

Emma played a leading role in *Strougo v. Barclays PLC*, a high-profile securities class action that alleged Barclays PLC misled institutional investor clients about the extent of the banking giant's use of so-called "dark pool" trading systems. She drafted the complaint, defeated defendants' efforts to dismiss the action, and contributed to securing an important precedent-setting opinion from the Second Circuit. Emma organized a group of leading evidence experts who filed amicus briefs supporting plaintiffs' position in the Second Circuit.

Together with managing partner Jeremy Lieberman, Emma leads the securities class action litigation against Philip Morris International, arising from the development of its Reduced Risk smoking products.

Emma also plays a leading role in the Firm's class action litigation against Arconic, arising from the deadliest U.K. fire in more than a century.

She also represents Safra Bank in a class action against Samarco Mineração S.A., in connection with the Fundao dam-burst disaster, which is widely regarded as the worst environmental disaster in Brazil's history.

Emma played a leading role in the high-profile class action litigation against Yahoo! Inc., in which the Firm, as Lead Counsel, achieved an $80 million settlement for the Class. The case involved the biggest data breaches in U.S. history, in which over 3 billion Yahoo accounts were compromised.

Among other cases, Emma is part of the team prosecuting securities fraud claims against BP on behalf of many foreign and domestic public and private pension funds arising from the company's 2010 Deepwater Horizon oil spill. *In re BP p.l.c. Sec. Litig.*, No. 10-md-2185 (S.D. Tex.). She helped devise a cutting-edge strategy that established the right of individual foreign investors who purchased foreign-traded shares of a foreign corporation to pursue claims for securities fraud in a U.S. court, thereby overcoming obstacles created by the U.S. Supreme Court's 2010 decision in *Morrison v. National Australia Bank Ltd*.

Emma secured a unanimous decision by a panel of the Ninth Circuit Court of Appeals, benefitting defrauded investors in *Costa Brava Partnership III LP v. ChinaCast Education Corp*. In an issue of first impression, the Ninth Circuit held that imputation of the CEO's scienter to the company was warranted vis-a-vis innocent third parties, despite the fact that the executive acted for his own benefit and to the company's detriment.

She has also devoted a significant amount of time to pro bono matters. She played a critical role in securing a unanimous ruling by the Arkansas Supreme Court striking down as unconstitutional a state law banning cohabiting individuals from adopting children or serving as foster parents. The ruling was a relief for the 1,600-plus children in the state of Arkansas who needed a permanent family. The litigation generated significant publicity, including coverage by the Arkansas Times, the Wall Street Journal, and the New York Times.

Before joining Pomerantz, Emma was a litigation associate with the firms of Skadden, Arps, Slate, Meagher and Flom, LLP, and Sullivan & Cromwell, LLP, where she was involved in commercial and securities matters. She was actively involved in the *WorldCom Securities Litigation,* which settled for $2 billion.

She also served as a law clerk to the Honorable Thomas C. Platt, former U.S. Chief Judge for the Eastern District of New York.

Emma graduated *cum laude* from Brooklyn Law School, where she served as a staff editor for the *Brooklyn Law Review*. She was the recipient of two CALI Excellence for the Future Awards, being the highest scoring student in the subjects of evidence and discovery. She graduated *summa cum laude* from Arizona State University, with a BA in French and a minor in Business.

She serves on the Firm's Anti-Harassment and Discrimination Committee.

Emma is admitted to practice in the United States Supreme Court; the State of New York; the United States District Courts for the Southern and Eastern Districts of New York; and the United States Court of Appeals for the Second and Ninth Circuits.

## Michael Grunfeld

Michael Grunfeld joined Pomerantz in July 2017 as Of Counsel and was elevated to Partner in 2019.

He has played a leading role in some of the Firm's significant class action litigation, including its case against Yahoo! Inc. arising out of the biggest data breaches in U.S. history, in which the Firm, as Lead Counsel, achieved an $80 million settlement on behalf of the Class. This settlement made history as the first substantial shareholder recovery in a securities fraud class action related to a cybersecurity breach. Michael also plays a leading role in many of the Firm's other ongoing class actions.

Michael is an honoree of Benchmark Litigation's 40 & Under Hot List 2020, granted to a few of the "best and brightest law firm partners who stand out in their practices." He was named a 2019 Rising Star by Law360, a prestigious honor awarded to a select few top litigators under 40 years old "whose legal accomplishments transcend their age." Michael was also honored in 2018 and 2019 as a Super Lawyers® Rising Star.

Michael is the co-author of a chapter on damages in securities class actions in the LexisNexis treatise, *Litigating Securities Class Actions*.

Michael served as a clerk for Judge Ronald Gilman of the Sixth Circuit Court of Appeals and as a foreign law clerk for Justice Asher Grunis of the Israeli Supreme Court. Before joining Pomerantz, he was a litigation associate at Shearman & Sterling LLP and Paul, Weiss, Rifkind, Wharton & Garrison LLP.

Michael has extensive experience in securities, complex commercial, and white-collar matters in federal and state courts around the country. In particular, Michael has represented issuers, underwriters, and individuals in securities class actions dealing with a wide variety of industries. He has also represented financial institutions and individuals in cases related to RMBS, securities lending, foreign exchange practices, insider trading, and other financial matters.

Michael graduated from Columbia Law School in 2008, where he was a Harlan Fiske Stone Scholar and Submissions Editor of the Columbia Business Law Review. He graduated from Harvard University with an A.B. in Government, *magna cum laude*, in 2004.

Michael is admitted to practice in the State of New York, the Second, Fourth, and Sixth Circuit Courts of Appeals, and the United States District Courts for the Southern and Eastern Districts of New York and the District of Colorado.

## Jordan L. Lurie

Jordan L. Lurie joined Pomerantz as a partner in the Los Angeles office in December 2018. Jordan heads Pomerantz's Strategic Consumer Litigation practice.

Jordan has litigated shareholder class and derivative actions, complex corporate securities and consumer litigation, and a wide range of fraud and misrepresentation cases brought under state and federal consumer protection statutes involving unfair competition, false advertising, and privacy rights. Among his notable representations, Jordan served as Lead Counsel in the prosecution and successful resolution of major nationwide class actions against Nissan, Ford, Volkswagen, BMW, Toyota, Chrysler and General Motors. He also successfully preserved a multi-million dollar nationwide automotive class action settlement by convincing the then Chief Judge of the Ninth Circuit and his wife, who were also class members and had filed objections to the settlement, to withdraw their objections and endorse the settlement.

Jordan has argued cases in the California Court of Appeals and in the Ninth Circuit that resulted in published opinions establishing class members' rights to intervene and clarifying the standing requirements for an objector to appeal. He also established a Ninth Circuit precedent for obtaining attorneys' fees in a catalyst fee action. Jordan has tried a federal securities fraud class action to verdict. He has been a featured speaker at California Mandatory Continuing Legal Education seminars and is a trained ombudsman and mediator.

Outside of his legal practice, Jordan is an active educator and community leader and has held executive positions in various organizations in the Los Angeles community. Jordan participated in the first Wexner Heritage Foundation leadership program in Los Angeles and the first national cohort of the Board Member Institute for Jewish Nonprofits at the Kellogg School of Management.

Prior to joining Pomerantz, Jordan was the Managing Partner of the Los Angeles office of Weiss & Lurie and Senior Litigator at Capstone Law APC.

Jordan graduated cum laude from Yale University in 1984 with a B.A in Political Science and received his law degree in 1987 from the University of Southern California Law Center, where he served as Notes Editor of the *University of Southern California Law Review*.

Jordan is a member of the State Bar of California and has been admitted to practice before the United States District Courts for the Northern, Southern, Central and Eastern Districts of California, the Eastern and Western Districts of Michigan, and the District of Colorado.

## Jennifer Pafiti

Jennifer Pafiti became associated with the Firm in May 2014 and was elevated to Partner in December 2015. A dual qualified U.K. solicitor and U.S. attorney, she is the Firm's Head of Client Services and also takes an active role in complex securities litigation, representing clients in both class and non-class action securities litigation. In September 2019, Lawdragon recognized Jennifer as a Leading Plaintiff Financial Attorney. Also in 2019, she was honored by Super Lawyers® as a Southern California Rising Star in Securities Litigation, named to Benchmark Litigation's exclusive *40 & Under Hot List* of the best young attorneys in the United States, and in June 2019 was recognized by Los Angeles Magazine as one of Southern California's Top Young Lawyers. In 2018, Jennifer was recognized as a Lawyer of Distinction, an honor bestowed upon less than 10% of attorneys in any given state. She was honored by Super Lawyers® in 2017 as both a Rising Star and one of the Top Women Attorneys in Southern California. In 2016, the *Daily Journal* selected Jennifer for its prestigious "Top 40 Under 40" list of the best young attorneys in California.

Jennifer was an integral member of the Firm's litigation team for *In re Petrobras Securities Litigation,* a case relating to a multi-billion-dollar kickback and bribery scheme at Brazil's largest oil company, Petróleo Brasileiro S.A.- Petrobras, in which the Firm was sole Lead Counsel. She helped secure a significant victory for investors in this case at the Second Circuit Court of Appeals, when the court rejected the heightened ascertainability requirement for obtaining class certification that had been imposed by other Circuit courts such as the Third and Sixth Circuit Courts of Appeals. Working closely with Lead Plaintiff, Universities Superannuation Scheme Limited, she was also instrumental in achieving the historic settlement of $3 billion for Petrobras investors. This is not only the largest securities class action settlement in a decade but is the largest settlement ever in a securities class action involving a foreign issuer, the fifth-largest securities class action settlement ever achieved in the United States, the largest securities class action settlement achieved by a foreign Lead Plaintiff, and the largest securities class action settlement in history not involving a restatement of financial reports.

Jennifer is also involved in the litigations of *Dabe v. Calavo Growers*, *Flynn v. Sientra, Inc., Isensee v. KaloBios, Robb v. FitBit, Inc., Monachelli v. Hortonworks, Inc., Plumley v. Sempra Energy, and Greenberg v. Sunrun, Inc.,* in which the Firm is Lead Counsel.

Jennifer earned a Bachelor of Science degree in Psychology at Thames Valley University in England, prior to studying law. She earned her law degrees at Thames Valley University (G.D.L.) and the Inns of Court School of Law (L.P.C.) in the U.K.

Before studying law in England, Jennifer was a regulated financial advisor and senior mortgage underwriter at a major U.K. financial institution. She holds full CeFA and CeMAP qualifications. After qualifying as a solicitor, Jennifer specialized in private practice civil litigation, which included the representation of clients in high-profile cases in the Royal Courts of Justice. Prior to joining Pomerantz, Jennifer was an associate with Robbins Geller Rudman & Dowd LLP in their San Diego office.

Jennifer regularly travels throughout the U.S. and Europe to advise clients on how best to evaluate losses to their investment portfolios attributable to financial fraud or other misconduct, and how best to maximize their potential recoveries. Jennifer is also a regular speaker at events on securities litigation and fiduciary duty.

Jennifer serves on the Honorary Steering Committee of Equal Rights Advocates ("ERA"), which focuses on specific issues that women face in the legal profession. ERA is an organization that protects and expands economic and educational access and opportunities for women and girls.

Jennifer is a member of the National Association of Pension Fund Attorneys and represents the Firm as a member of the California Association of Public Retirement Systems, the State Association of County Retirement Systems, the National Association of State Treasurers, the National Conference of Employee Retirement Systems, the Texas Association of Public Employee Retirement Systems, and the U.K.'s National Association of Pension Funds.

Jennifer is admitted to practice in England and Wales; the State of California; and the United States District Courts for the Northern, Central and Southern Districts of California. She is based in Los Angeles.

**Joshua B. Silverman**

Joshua B. Silverman is a partner in the Firm's Chicago office. He specializes in individual and class action securities litigation. Josh was Lead Counsel in *In re Groupon, Inc. Securities Litigation,* achieving a $45 million settlement, one of the highest percentage recoveries in the Seventh Circuit. He was also Lead or Co-Lead Counsel in *In re MannKind Corp. Securities Litigation* ($23 million settlement);  *In re AVEO Pharmaceuticals, Inc. Securities Litigation* ($18 million settlement, more than four times larger than the SEC's fair fund recovery in parallel litigation); *New Mexico State Investment Council v. Countrywide Financial Corp.* (very favorable confidential settlement); *New Mexico State Investment Council v. Cheslock Bakker & Associates* (summary judgment award in excess of $30 million); *Sudunagunta v. NantKwest, Inc.* ($12 million settlement); *Bruce v. Suntech Power Holdings Corp.* ($5 million settlement); *In re AgFeed, Inc. Securities Litigation* ($7 million settlement); and *In re Hemispherx BioPharma Securities Litigation* ($2.75 million settlement). Josh also played a key role in the Firm's representation of investors before the United States Supreme Court in *StoneRidge,* and prosecuted many of the Firm's other class cases, including *In re Sealed Air Corp. Securities Litigation* ($20 million settlement).

Josh, together with Managing Partner Jeremy Lieberman, recently achieved a critical victory for investors in the securities fraud class action against Perrigo Co. plc when Judge Arleo of the United States District Court for the District of New Jersey certified classes of investors that purchased Perrigo securities on both the New York Stock Exchange and the Tel Aviv Stock Exchange. Pomerantz represents a number of institutional investors that purchased Perrigo securities on both exchanges after an offer by Mylan N.V. to tender Perrigo shares. This is the first time since *Morrison* that a U.S. court has independently analyzed the market of a security traded on a non-U.S. exchange, and found that it met the standards of market efficiency necessary allow for class certification.

Several of Josh's cases have set important precedent. For example, *In re MannKind* established that investors may support complaints with expert information. *New Mexico v. Countrywide* recognized that investors may show Section 11 damages for asset-backed securities even if there has been no interruption in payment or threat of default. More recently, *NantKwest* was the first Section 11 case in the nation to recognize statistical proof of traceability.

In addition to prosecuting cases, Josh regularly speaks at investor conferences and continuing legal education programs.

Before joining Pomerantz, Josh practiced at McGuireWoods LLP and its Chicago predecessor, Ross & Hardies, where he represented one of the largest independent futures commission merchants in commodities fraud and civil RICO cases. He also spent two years as a securities trader, and continues to actively trade stocks, futures, and options for his own account.

Josh is a 1993 graduate of the University of Michigan, where he received Phi Beta Kappa honors, and a 1996 graduate of the University of Michigan Law School.

Josh is admitted to practice in Illinois, the United States District Court for the Northern District of Illinois, the United States Courts of Appeal for the First, Second, Third, Seventh, Eighth and Ninth Circuits, and the United States Supreme Court.

**Matthew L. Tuccillo**

Matthew L. Tuccillo joined Pomerantz in 2011 and was named a Partner in December 2013. He is responsible, on an ongoing basis, for the Firm's litigation of numerous securities fraud class actions pending nationwide, currently including: *In re Toronto-Dominion Bank Securities Litigation*, 1:17-cv-01735 (D.N.J.) and *Chun v. Fluor Corp., et al.*, No. 3:18-cv-01338-S (N.D. Tex.).

Mr. Tuccillo oversees and is the lead litigator on the Firm's securities fraud lawsuits arising from BP's 2010 Gulf oil spill, pending in Multidistrict Litigation 2185, *In re BP p.l.c. Secs. Litig.*, No. 4:10-md-2185 (S.D. Tex.). He briefed and argued successful oppositions to three rounds of BP's motions to dismiss the claims of roughly 100 institutional investors, drawing the court's praise for the "quality of lawyering," which it called "uniformly excellent." In leading the BP litigation, Mr. Tuccillo has secured some of the Firm's most ground-breaking rulings:

- He successfully argued that foreign and domestic investors had asserted viable "holder claims" seeking to recover investment losses due to their retention of already-owned shares in reliance upon the fraud, which is believed to be the first ruling by a U.S. court sustaining such a theory under English common law.

- He successfully argued against *forum non conveniens* dismissal, obtaining the first ruling after the Supreme Court's decision in *Morrison v. Nat'l Australia Bank Ltd.*, 130 S. Ct. 2869 (2010) to permit foreign investors pursuing foreign law claims to seek recovery for losses on a foreign stock exchange in a U.S. court.

- He successfully argued that the Securities Litigation Uniform Standards Act of 1998 (SLUSA), which extinguishes U.S. state law claims in deference to the U.S. federal securities laws, should not be extended to foreign common law claims being pursued by both domestic and foreign investors.

Mr. Tuccillo also fulfills Pomerantz's roles as MDL 2185 Individual Action Plaintiffs Steering Committee member and sole Liaison with BP and the Court. The Firm's BP clients include 32 public and private pension funds, investment management firms, limited partnerships, and investment trusts from the U.S., Canada, the U.K., France, the Netherlands, and Australia, seeking recovery for losses in BP's common stock (traded on the London Stock Exchange) and American Depository Shares (traded on the NYSE).

As the Firm's lead litigator in *Perez v. Higher One Holdings, Inc., et al.*, No. 14-cv-00755-AWT (D. Conn.), Mr. Tuccillo persuaded the court, after an initial dismissal, to uphold a second amended complaint that pled five separate threads of fraud over a multi-year period by an education funding company and its executives. Among other rulings, court agreed that the company's reported financial and operating results violated Regulation S-K, Item 303, 17 C.F.R. §229.303, for failure to disclose known trends regarding the underlying misconduct and its impacts on reported results – a rare ruling in the absence of any accounting restatement. He negotiated a $7.5 million class-wide settlement that was approved by the court.

As the Firm's lead litigator in *In re KaloBios Pharmaceuticals, Inc. Securities Litigation*, No. 15-cv-05841 (N.D. Cal.), Mr. Tuccillo negotiated two court-approved class-wide settlements worth over $3.25 million

in the aggregate, from a bankrupt pharmaceutical company, its jailed former CEO, and two separate D&O insurers. Significantly, he secured payments of cash and stock directly from the bankrupt company, which also required bankruptcy court approval.

As the Firm's lead litigator in *In re Silvercorp Metals, Inc. Securities Litigation*, No. 1:12-cv-09456 (S.D.N.Y.), Mr. Tuccillo worked closely with mining, accounting, damages, and market efficiency experts to defeat a motion to dismiss and oversee discovery in a securities class action involving a Canadian company with mining operations in China and stock traded on the NYSE. After two mediations, the case was resolved for a $14 million all-cash fund. In granting final approval of the settlement, Judge Rakoff noted that the case was "unusually complex," given the technical nature of mining metrics, the need to compare mining standards in Canada, China, and the U.S., and the volume of Chinese-language evidence requiring translation.

Mr. Tuccillo's prior casework also includes litigation and resolution of complex disputes over roll ups of consulting companies and of commercial real estate interests. At Pomerantz, he was on the multi-firm team that litigated and settled *In re Empire State Realty Trust, Inc. Investor Litig*., No. 650607/2012 (N.Y. Sup. Ct.), representing investors in public and private commercial real estate interests against the long-term lessees/operators, the Malkin family and the Estate of Leona Helmsley, regarding a proposed consolidation, REIT formation, and IPO centered around New York's iconic Empire State Building. These efforts achieved broad relief for the class, including a $55 million cash/securities settlement fund, a restructured deal creating a $100 million tax benefit, expansive remedial disclosures, and important deal protections.

Before joining Pomerantz, Mr. Tuccillo began his career at a large full-service Boston firm, litigating primarily for corporate clients. He also worked at plaintiff-side firms in Boston and Connecticut, litigating securities, consumer, and wage and hour class actions, as well as complex sale of business disputes. He has negotiated numerous multi-million-dollar settlements, through both mediation and direct negotiation. His pro bono work includes securing Social Security benefits for a veteran suffering from non-service-related disabilities.

Mr. Tuccillo has been honored as a 2016 - 2019 Super Lawyers® "Top-Rated Securities Litigation Attorney," a recognition bestowed on 5% of eligible attorneys in the New York Metro area, after a rigorous process overseen by Thompson Reuters. In 2018, he was recognized by *Lawyer Monthly* as its Lawyer of the Year (U.S.A.) in the Federal Tort & Military category, based on a ten-point assessment including significance of legal matters, case value, legal expertise, innovation in client care, activity level, and peer recognition. Also in 2018, he was a New York honoree in both the National Trial Lawyers' Class Action Trial Lawyers Association Top 25 and in America's Top 100 High Stakes Litigators® for New York. Since 2016, he has been a recommended securities litigator by The Legal 500, which evaluates law firms worldwide for cutting edge, innovative work based on client feedback, practitioner interviews, and independent research. Since 2014, he has maintained Martindale-Hubbell's highest-available AV® Preeminent™ peer rating, scoring 5.0 out of 5.0 in Securities Law, Securities Class Actions, and Securities Litigation while being described as a "First class, top flight lawyer, especially in complex litigation."

Mr. Tuccillo graduated from the Georgetown University Law Center in 1999, where he made the Dean's List. He graduated from Wesleyan University in 1995, and among his various volunteer activities, he currently serves as President of the Wesleyan Lawyers Association.

Mr. Tuccillo is a member of the Bars of the Supreme Court of the United States; the State of New York; the State of Connecticut; the Commonwealth of Massachusetts; the Second and Ninth Circuit Courts of Appeals; and the United States District Courts for the Southern and Eastern District of New York, Connecticut, Massachusetts, the Northern District of Illinois, and the Southern District of Texas. He is regularly admitted to practice *pro hac vice* in state and federal courts nationwide.

**Austin P. Van**

Austin P. Van joined Pomerantz in January 2017 as Of Counsel and was elevated to Partner in January 2020. He has experience in a variety of federal and state securities law matters, including disputes involving publicly traded stocks, RMBS and other ABS, securities lending disputes, and breach-of-trust matters arising in the securities law context. Austin is an honoree of Benchmark Litigation's 40 & Under Hot List 2020, granted to a few of the "best and brightest law firm partners who stand out in their practices." He was honored in 2018 and 2019 as a Super Lawyers® Rising Star.

Austin also has experience in complex commercial litigation, including contract disputes, business torts, consumer fraud, and antitrust matters. He has represented investment banks and other financial sector clients, as well as public and private companies in the technology, energy, pharmaceutical, telecommunications and shipping industries, among others. Austin was previously an associate at WilmerHale and at Cravath, Swaine & Moore, both in New York City.

At Pomerantz, Austin, with Pomerantz Managing Partner Jeremy Lieberman, heads the firm's representation of lead plaintiffs in a securities class action against the drug behemoth Mylan, marketer of the EpiPen and a host of generic drugs. The litigation is one of the largest securities class actions pending in the United States. *In re Mylan N.V. Securities Litigation*, No. 1:16-cv-07926 (S.D.N.Y.)

Austin also leads Pomerantz's securities class action against the fortune-500 company TechnipFMC, an oil and gas services provider. Through months of investigation, Austin uncovered the theory on which this case is based, namely, that TechnipFMC significantly overstated its net income in the registration statement issued in connection with its January 2017 merger because the company was using incorrect exchange rates in translating the financial statements of its foreign subsidiaries. The company also misled investors about its compliance with accounting standards. *Prause v. TechnipFMC PLC*, No. 4:17-cv-02368 (S.D.N.Y.)

Austin heads Pomerantz's litigation team in a securities class action against Rockwell Medical, Inc., in which Pomerantz is co-lead counsel. Defendants declined even to move to dismiss the complaint, and the parties have announced their intention to settle the case, on terms highly favorable to the Class. *Too v. Rockwell Medical, Inc.*, No. 1:18-cv-04253 (E.D.N.Y.)

Mr. Van recently served as the lead attorney in two additional securities class actions, *In re Sunrun Inc. Securities Litigation*, No. 3:17-cv-02537 (N.D. Cal.) and *In re Stemline Therapeutics, Inc. Securities Litigation*, No. 1:17-cv-00832, and achieved favorable settlements for lead plaintiffs in both matters (in 2018 and 2019, respectively).

Austin received a J.D. from Yale Law School, where he was an editor of the Yale Law Journal and the Yale Journal of International Law. He has a B.A. from Yale University and an M.Sc. from the London School of Economics.

Austin is admitted to practice law in the State of New York; the United States District Courts for the Southern and Eastern Districts of New York; and the U.S. Court of Appeals for the First Circuit.

**Murielle Steven Walsh**

Murielle Steven Walsh joined the Firm in 1998 and was elevated to Partner in 2007. She was named a 2020 Plaintiffs' Lawyer Trailblazer by the *National Law Journal*, an award created to "honor a handful of individuals from each practice area that are truly agents of change." She was also honored as a 2019 Super Lawyers® "Top-Rated Securities Litigation Attorney," a recognition bestowed on 5% of eligible attorneys in the New York Metro area.

During her career at Pomerantz, Murielle has prosecuted highly successful securities class action and corporate governance cases. She was one of the lead attorneys litigating *In re Livent Noteholders' Securities Litigation*, a securities class action in which she obtained a $36 million judgment against the company's top officers, a ruling which was upheld by the Second Circuit on appeal. Murielle was also part of the team litigating *EBC I v. Goldman Sachs*, where the Firm obtained a landmark ruling from the New York Court of Appeals, that underwriters may owe fiduciary duties to their issuer clients in the context of a firm-commitment underwriting of an initial public offering.

Murielle currently leads the high-profile securities class action against Wynn Resorts Ltd., in which Pomerantz is lead counsel. The litigation arises from the company's concealment of a long-running pattern of sexual misconduct against Wynn employees by billionaire casino mogul Stephen Wynn, the company's founder and former Chief Executive Officer. *Ferris v. Wynn Resorts Ltd*., No. 18-cv-479 (D. Nev.). She also leads the Firm's ground-breaking litigation arising from the popular Pokémon Go game, in which Pomerantz is lead counsel. Pokémon Go is an "augmented reality" game in which players use their smart phones to "catch" Pokémon in real-world surroundings. GPS coordinates provided by defendants to gamers included directing the public to private property without the owners' permission, amounting to an alleged mass nuisance. *In re Pokémon Go Nuisance*, No. 3:16-cv-04300 (N.D. Cal.)

Murielle was co-lead counsel in *Thorpe v. Walter Investment Management Corp.*, No. 14-cv-20880 (S.D. Fla.), a securities fraud class action challenging the defendants' representations that their lending activities were regulatory-compliant, when in fact the company's key subsidiary engaged in rampant violations of federal consumer financial protection laws, subjecting it to various government investigations and a pending enforcement action by the CFPB and FTC. In 2016, the Firm obtained a $24 million settlement on behalf of the class. She is also co-lead counsel in *Robb v. Fitbit Inc.*, No. 16-cv-00151 (N.D. Cal.), a securities class action alleging that the defendants misrepresented that their key product delivered "highly accurate" heart rate readings when in fact their technology did not consistently deliver accurate readings during exercise and its inaccuracy posed serious health risks to users of Fitbit's products. The Firm obtained a $33 million settlement on behalf of the investor class in this action.

In 2018 Murielle, along with then-Senior Partner Jeremy Lieberman, achieved a $3,300,000 settlement for the Class in the Firm's case against Corinthian Colleges, one of the largest for-profit college systems in the country, for alleged misrepresentations about its job placement rates, compliance with applicable regulations, and enrollment statistics. Pomerantz prevailed in the motion to dismiss the proceedings, a particularly noteworthy victory because Chief Judge George King of the Central District of California had dismissed two prior lawsuits against Corinthian with similar allegations. *Erickson v. Corinthian Colleges, Inc.*, No. 2:13-cv-07466 (C.D. Cal.).

Murielle serves as a member and on the Executive Committee of the Board of Trustees of the non-profit organization Court Appointed Special Advocates for Children ("CASA") of Monmouth County. She also serves on the Honorary Steering Committee of Equal Rights Advocates ("ERA"), which focuses on and discusses specific issues that women face in the legal profession. ERA is an organization that protects and expands economic and educational access and opportunities for women and girls. In the past, Murielle served as a member of the editorial board for Class Action Reports, a Solicitor for the Legal Aid Associates Campaign, and has been involved in political asylum work with the Association of the Bar of the City of New York.

Murielle serves on the Firm's Anti-Harassment and Discrimination Committee.

Murielle graduated *cum laude* from New York Law School in 1996, where she was the recipient of the Irving Mariash Scholarship. During law school, Murielle interned with the Kings County District Attorney and worked within the mergers and acquisitions group of Sullivan & Cromwell.

Murielle is admitted to practice in New York, the United States District Court for the Southern District of New York, the United States Court of Appeals for the Second Circuit and the United States Court of Appeals for the Sixth Circuit.

**Tamar A. Weinrib**

Tamar A. Weinrib joined Pomerantz in early 2008. She was Of Counsel to the Firm from 2014 through 2018 and was elevated to Partner in 2019. In 2020, The Legal 500 honored her as a Next Generation Partner. Tamar was named a 2018 Rising Star under 40 years of age by Law360, a prestigious honor awarded to a select few "top litigators and dealmakers practicing at a level usually seen from veteran attorneys." Tamar has been recognized by Super Lawyers® as a New York Metro Rising Star every year from 2014 through 2019.

In 2019, Tamar and Managing Partner Jeremy Lieberman achieved a $27 million settlement for the Class in *Strougo v. Barclays PLC*, a high-profile securities class action in which Pomerantz was Lead Counsel. Plaintiffs alleged that Barclays PLC misled institutional investor clients about the extent of the banking giant's use of so-called "dark pool" trading systems. This case turned on the duty of integrity owed by Barclays to its clients. In November 2016, Tamar and Jeremy achieved precedent-setting victories for investors, when the Second Circuit Court of Appeals held that direct evidence of price impact is not always necessary to demonstrate market efficiency to invoke the presumption of reliance, and that defendants seeking to rebut the presumption of reliance must do so by a preponderance of the evidence rather than merely meeting a burden of production. In 2018, Tamar successfully opposed Defendants' petition to the Supreme Court for a writ of certiorari.

In approving the settlement in *Strougo v. Barclays PLC* in June 2019, Judge Victor Marrero of the Southern District of New York stated:

> Let me thank counsel on both sides for the extraordinary work both sides did in bringing this matter to a reasonable conclusion. As the parties have indicated, the matter was intensely litigated, but it was done in the most extraordinary fashion with cooperation, collaboration, and high levels of professionalism on both sides, so I thank you.

Tamar was the attorney responsible for the litigation of *In re Delcath Systems, Inc. Securities Litigation*, in which Pomerantz achieved a settlement of $8,500,000 for the Class. She successfully argued before the Second Circuit in *In re China North East Petroleum Securities Litigation,* to reverse the district court's dismissal of the defendants on scienter grounds. In addition to her involvement in several other securities matters pending nationwide, Tamar is the Pomerantz attorney responsible for the litigation of *KB Partners I, L.P. v. Pain Therapeutics, Inc.*, a securities fraud case for which Judge Sparks of the Western District of Texas granted final approval for a settlement of up to $8,500,000 for class members.

Before coming to Pomerantz, Tamar had over three years of experience as a litigation associate in the New York office of Clifford Chance US LLP, where she focused on complex commercial litigation. Tamar has successfully tried pro bono cases, including two criminal appeals and a housing dispute filed with the Human Rights Commission.

Tamar graduated from Fordham University School of Law in 2004 and, while there, won awards for successfully competing in and coaching Moot Court competitions.

Tamar is admitted to practice in New York, the United States District Courts for the Southern and Eastern Districts of New York, and the United States Courts of Appeals for the Second, Third, Fourth, and Ninth Circuits.

## Michael J. Wernke

Michael J. Wernke joined Pomerantz as Of Counsel in 2014 and was elevated to Partner in 2015. He was named a 2020 Plaintiffs' Lawyer Trailblazer by the *National Law Journal*, an award created to "honor a handful of individuals from each practice area that are truly agents of change."

Michael, along with Managing Partner Jeremy Lieberman, led the litigation in *Pirnik v. Fiat Chrysler Automobiles N.V. et al.*, No. 1:15-cv-07199-JMF (S.D.N.Y), in which the Firm, as Lead Counsel, recently achieved a $110 million settlement for the class. This high-profile securities class action alleges that Fiat Chrysler concealed from investors that it improperly outfitted its diesel vehicles with "defeat device" software designed to cheat NOx emissions regulations in the U.S. and Europe, and that regulators had accused Fiat Chrysler of violating the emissions regulations. The *Fiat Chrysler* recovery provides the class of investors with as much as 20% of recoverable damages—an excellent result when compared to historical statistics in class action settlements, where typical recoveries for cases of this size are between 1.6% and 3.3%.

In December 2018, Michael, along with Pomerantz Managing Partner Jeremy A. Lieberman, secured a $31 million partial settlement with three defendants in *In re Libor Based Financial Instruments Antitrust Litigation*, a closely watched multi-district litigation, which concerns the LIBOR rigging scandal.

In October 2018, Michael secured a $15 million settlement in *In re Symbol Technologies, Inc. Securities Litigation*, No. 2:05-cv-03923-DRH-AKT (E.D.N.Y.), a securities class action that alleges that, following an accounting fraud by prior management, Symbol's management misled investors about state of its internal controls and the Company's ability to forecast revenues.

He was Lead Counsel in *Thomas v. Magnachip Semiconductor Corp.*, in which he achieved a $23.5 million partial settlement with certain defendants, securing the settlement despite an ongoing investigation by the Securities and Exchange Commission and shareholder derivative actions. He played a leading role in *In re Lumber Liquidators, Inc. Securities Litigation*, in which Pomerantz, as Co-Lead Counsel, achieved a settlement of $26 million in cash and 1,000,000 shares of Lumber Liquidators common stock for the Class. Michael also secured a $7 million settlement (over 30% of the likely recoverable damages) in the securities class action *Todd v. STAAR Surgical Company, et. al.*, No. 14-cv-05263-MWF-RZ (C.D. Cal.), which alleged that STAAR concealed from investors violations of FDA regulations that threatened the approval of STAAR's long awaited new product.

In the securities class action *In re Atossa Genetics, Inc. Securities Litigation*, No. 13-cv-01836-RSM (W.D. Wash.), Michael secured a decision by the Ninth Circuit Court of Appeals that reversed the district court's dismissal of the complaint. The Ninth Circuit held that the CEO's public statements that the company's flagship product had been approved by the FDA were misleading despite the fact that the company's previously filed registration statement stated that that the product did not, at that time, require FDA approval.

Michael is also Lead Counsel in the securities class action *Zwick Partners, LP v. Quorum Health Corp., et al.*, No. 3:16-cv-2475, which alleges that defendants misrepresented to investors the poor prospects of hospitals that the parent company spun-off into a stand-alone company. In defeating the defendants' motions to dismiss the complaint, Michael successfully argued that company from which Quorum was spun-off was a "maker" of the false statements even though all the alleged false statements concerned only Quorum's financials and the class involved only purchasers of Quorum's common stock.

During the nine years prior to coming to Pomerantz, Michael was a litigator with Cahill Gordon & Reindel LLP, with his primary focus in the securities defense arena, where he represented multinational financial institutions and corporations, playing key roles in two of only a handful of securities class actions to go to jury verdict since the passage of the PSLRA.

In 2019, Michael was honored as a Super Lawyers® "Top Rated Securities Litigation Attorney." In 2014 and 2015, he was recognized as a Super Lawyers® New York Metro Rising Star.

Michael received his J.D. from Harvard Law School in 2004. He also holds a B.S. in Mathematics and a B.A. in Political Science from Ohio State University, where he graduated *summa cum laude*.

He serves on the Firm's Anti-Harassment and Discrimination Committee.

Michael is admitted to practice in the State of New York and the United States District Court for the Southern District of New York.

## Senior Counsel

### Marc I. Gross

Marc I. Gross has been with Pomerantz LLP for over four decades, serving as its Managing Partner from 2009 to 2016. During that time frame, Marc led securities lawsuits against SAC Capital (Steven Cohen - insider trading); Chesapeake Energy (Aubrey McClendon - insider bail out); Citibank (analyst Jack Grubman - AT&T research report upgrade to facilitate underwriting role); Charter Communications (Paul Allen - accounting fraud); and numerous others. He also litigated the market efficiency issues in the firm's landmark $3 billion recovery in *Petrobras*.

In 2019, Marc was named one of the Top 100 New York Metro Area Super Lawyers, an elite listing of those who ranked at the top of the Super Lawyers® nomination, research and blue ribbon process. Marc has been honored as a Super Lawyers® Top Rated Securities Litigation Attorney from 2006 through 2009 and from 2013 through 2019.

Marc is the President of the Institute of Law and Economic Policy ("ILEP"), which has organized symposiums each year where leading academics have presented papers on securities law and consumer protection issues. These papers have been cited in over 60 cases, including several in the United States Supreme Court. http://www.ilep.org.

Marc has addressed numerous forums in the United States on shareholder-related issues, including ILEP; Loyola University Chicago School of Law's Institute for Investor Protection Conference; the National Conference on Public Employee Retirement Systems' ("NCPERS") Legislative Conferences; PLI conferences on Current Trends in Securities Law; and a panel entitled *Enhancing Consistency and Predictability in Applying Fraud-on-the-Market Theory*, sponsored by the Duke Law School Center for Judicial Studies.

Marc is also valued by foreign investors for his expertise, having addressed the Tel Aviv Institutional Investors Forum, the National Association of Pension Funds Conference in Edinburgh, and law students at Bar Ilan University in Tel Aviv.

Among other articles, Marc co-authored, with Jeremy Lieberman, *Back to Basic(s): Common Sense Trumps Econometrics*, N.Y.L.J. (Jan. 8, 2018); *Class Certification in a Post-Halliburton II World*, 46 Loyola-Chicago L.J. 485 (2015); and *Loser-Pays - or Whose "Fault" Is It Anyway: A Response to Hensler-Rowe's "Beyond 'It Just Ain't Worth It,'"* 64 L. & Contemp. Probs. 163 (Duke Law School 2001).

Marc is also a Board member of T'ruah, The Rabbinic Call for Human Rights, and graduate of NYU Law '76 and Columbia College '73.

Marc is admitted to practice in New York, the United States District Courts for the Southern and Eastern Districts of New York, the United States Courts of Appeals for the First, Second, Eighth, and Ninth Circuits, and the United States Supreme Court.

Marc serves on the Firm's Anti-Harassment and Discrimination Committee.

## Stanley M. Grossman

Stanley M. Grossman, Senior Counsel, is the former Managing Partner of Pomerantz. He is widely recognized as a leader in the plaintiffs' securities bar. In 2020, he was honored with a Lifetime Achievement by the *New York Law Journal*. Stan was selected by *Super Lawyers*® as an outstanding attorney in the United States for the years 2006 through 2011 and was featured in the *New York Law Journal* article *Top Litigators in Securities Field -- A Who's Who of City's Leading Courtroom Combatants*.

Stan has primarily represented plaintiffs in securities and antitrust class actions, including many of those listed in the Firm biography. *See, e.g., Ross v. Bernhard*, 396 U.S. 531 (1970); *Rosenfeld v. Black*, 445 F.2d 137 (2d Cir. 1971); *Wool v. Tandem Computers, Inc.*, 818 F.2d 1433 (9th Cir. 1987); and *In re Salomon Bros. Treasury Litig.*, 9 F.3d 230 (2d Cir. 1993). In 2008 he appeared before the United States Supreme Court to argue that scheme liability is actionable under Section 10(b) and Rule 10b-5(a) and (c). *See StoneRidge Inv. Partners, LLC v. Sci.-Atlanta, Inc.,* No. 06-43 (2008). Other cases where he was the Lead or Co-Lead Counsel include: *In re Salomon Brothers Treasury Litigation*, No. 91 Civ. 5471 (S.D.N.Y. 1994) ($100 million cash recovery); *In re First Executive Corporation Securities Litigation*, No. CV-89-7135 (C.D. Cal. 1994) ($100 million settlement); and *In re Sorbates Direct Purchaser Antitrust Litigation*, No. C98-4886 (N.D. Cal. 2000) (over $80 million settlement for the class).

In 1992, Senior Judge Milton Pollack of the Southern District of New York appointed Stan to the Executive Committee of counsel charged with allocating to claimants hundreds of millions of dollars obtained in settlements with Drexel Burnham & Co. and Michael Milken.

Many courts have acknowledged the high quality of legal representation provided to investors by Stan. In *Gartenberg v. Merrill Lynch Asset Management, Inc.*, No. 79 Civ. 3123 (S.D.N.Y.), where Stan was lead trial counsel for plaintiff, Judge Pollack noted at the completion of the trial:

> [I] can fairly say, having remained abreast of the law on the factual and legal matters that have been presented, that I know of no case that has been better presented so as to give the Court an opportunity to reach a determination, for which the court thanks you.

Stan was also the lead trial attorney in *Rauch v. Bilzerian* (N.J. Super. Ct.) (directors owed the same duty of loyalty to preferred shareholders as common shareholders in a corporate takeover), where the court described the Pomerantz team as "exceptionally competent counsel."  He headed the six week trial on liability in *Walsh v. Northrop Grumman* (E.D.N.Y.) (a securities and ERISA class action arising from Northrop's takeover of Grumman), after which a substantial settlement was reached.

Stan frequently speaks at law schools and professional organizations. In 2010, he was a panelist on *Securities Law: Primary Liability for Secondary Actors*, sponsored by the Federal Bar Council, and he presented *Silence Is Golden – Until It Is Deadly: The Fiduciary's Duty to Disclose*, at the Institute of American and Talmudic Law. In 2009, Stan was a panelist on a Practicing Law Institute "Hot Topic Briefing" entitled StoneRidge - *Is There Scheme Liability or Not?*

Stan served on former New York State Comptroller Carl McCall's Advisory Committee for the NYSE Task Force on corporate governance. He is a former president of NASCAT. During his tenure at NASCAT, he represented the organization in meetings with the Chairman of the Securities and Exchange Commission and before members of Congress and of the Executive Branch concerning legislation that became the PSLRA.

Stan served for three years on the New York City Bar Association's Committee on Ethics, as well as on the Association's Judiciary Committee. He is actively involved in civic affairs. He headed a task force on behalf of the Association, which, after a wide-ranging investigation, made recommendations for the future of the City University of New York. He serves on the board of the Appleseed Foundation, a national public advocacy group.

Stan is admitted to practice in New York, the United States District Courts for the Southern and Eastern Districts of New York, Central District of California, Eastern District of Wisconsin, District of Arizona, District of Colorado, the United States Courts of Appeals for the First, Second, Third, Ninth and Eleventh Circuits, and the United States Supreme Court.

# Of Counsel

## Brian Calandra

Brian Calandra joined Pomerantz in June 2019 as Of Counsel. He has extensive experience in securities, antitrust, complex commercial, and white-collar matters in federal and state courts nationwide. Brian has represented issuers, underwriters, and individuals in securities class actions involving the financial, telecommunications, real estate, and pharmaceutical industries. He has also represented financial institutions in antitrust class actions concerning foreign exchange; supra-national, sub-sovereign and agency bonds; bonds issued by the government of Mexico; and credit card fees.

Brian has written multiple times on developments in securities law and other topics, including co-authoring an overview of insider trading law and enforcement for *Practical Compliance & Risk Management for the Securities Industry*, co-authoring an analysis of anti-corruption compliance risks posed by sovereign wealth funds for *Risk & Compliance*, and authoring an analysis of the effects of the 2005 Bankruptcy Abuse Prevention and Consumer Protection Act on women in bankruptcy for the *Women's Rights Law Reporter*.

Before joining Pomerantz, Brian was a litigation associate at Shearman & Sterling LLP. Brian graduated from Rutgers School of Law-Newark in 2009, *cum laude*, Order of the Coif. While at Rutgers, Brian was co-editor-in-chief of the *Women's Rights Law Reporter* and received the Justice Henry E. Ackerson Prize for Distinction in Legal Skills and the Carol Russ Memorial Prize for Distinction in Promoting Women's Rights.

Brian is admitted to practice in the State of New York, the State of New Jersey, the United States Supreme Court, the Third Circuit Court of Appeals, and the United States District Courts for the Southern District of New York, Eastern District of New York, Northern District of New York and District of New Jersey.

**Cara David**

Cara David joined Pomerantz in 2019 as Of Counsel.

She focuses her practice on securities fraud litigation. Cara was instrumental in the litigation captioned *Maleeff v. B Communications Ltd. et al.*, No. 1:17-cv-04937 (S.D.N.Y.). Pending court approval, the settlement for that case is expected to net investors approximately 17% of their damages, an excellent result based on analysis of other securities litigation outcomes.

Currently, Cara plays a central role in numerous litigations, protecting investors by bringing claims under Sections 11 and 15 of the Securities Act of 1933 and Sections 10(b), 20(a) and 20A of the Securities and Exchange Act of 1934.

Prior to joining Pomerantz, Cara was an associate at the defense firms Cadwalader, Wickersham & Taft LLP and Schulte Roth & Zabel LLP. She has seen a litigation from the start of the proceedings through trial. Cara also represented defendants in some of the highest-profile securities class actions in the last decade.

Cara was named a Super Lawyers Rising Star from 2017-2019 in Securities Litigation and Business Litigation. At Cadwalader, she was elected to be an associate representative to the firm's governance committee. At Schulte, she was the receipt of the firm's pro bono service award from 2014-2018. In 2019, Cara received the Sanctuary for Families Above & Beyond Pro Bono Achievement Award in recognition of her work briefing and arguing an appeal that resulted in a woman regaining custody of her three children after a lower court had removed them from her home.

Cara graduated from Cardozo School of Law in an accelerated 2 ½ year program. During law school, she served on Law Review and participated in the Mediation Clinic. She was awarded a Dean's Merit Scholarship and named to Order of the Coif.

Cara is a proud graduate of Wellesley College and is very active in alumnae activities. She also serves on the board of the Al D. Rodriguez Liver Foundation.

Cara is admitted to practice in the States of New York, New Jersey, and Connecticut; the United States District Courts for the Southern District of New York, Eastern District of New York, and District of New Jersey; and the U.S. Courts of Appeals for the Second and Third Circuits.

**J. Alexander Hood II**

J. Alexander Hood II joined Pomerantz in June 2015 and was elevated to Of Counsel to the Firm in 2019. Alex leads the Firm's case origination team, identifying and investigating potential violations of the federal securities laws. He was honored in 2019 as a Super Lawyers® Rising Star.

Alex played a key role in securing Pomerantz's appointment as Lead Counsel in actions against Yahoo! Inc., Fiat Chrysler Automobiles N.V., Wynn Resorts Limited, Mylan N.V., The Western Union Company, Perrigo Company plc, Blue Apron Holdings, Inc., AT&T Inc., and Allergan plc, among others.

Alex also assists Pomerantz clients with respect to evaluating and pursuing recovery in foreign jurisdictions, including matters in the Netherlands, Germany, the UK, Australia, Denmark, and elsewhere.

Prior to joining Pomerantz, Alex practiced at Alston & Bird LLP and Bernstein Litowitz Berger & Grossmann LLP, where he was involved in commercial, financial services, corporate governance and securities matters.

Alex graduated from Boston University School of Law (J.D.) and from the University of Oregon School of Law (LL.M.). During law school, he served as a member of the Boston University Review of Banking & Financial Law and participated in the Thomas Tang Moot Court Competition. In addition, Alex clerked for the American Civil Liberties Union of Tennessee and, as a legal extern, worked on the Center for Biological Diversity's Clean Water Act suit against BP in connection with the Deepwater Horizon oil spill.

Alex is admitted to practice in the State of New York and the United States District Courts for the Southern, Eastern and Northern Districts of New York, the District of Colorado, the Eastern District of Michigan, the Northern District of Illinois, and the Southern District of Texas.

### Louis C. Ludwig

Louis C. Ludwig joined Pomerantz in April 2012 and was elevated to Of Counsel in 2019. He has been honored as a 2016 and 2017 Super Lawyers® "Rising Star" and as a 2018 and 2019 Super Lawyers® "Top-Rated Securities Litigation Attorney."

Louis focuses his practice on securities fraud litigation, and has served as a member of the litigation team in multiple actions that concluded in successful settlements for the Class, including *Satterfield v. Lime Energy Co.*, (N.D. Ill.); *Blitz v. AgFeed Industries, Inc.* (M.D. Tenn.); *Frater v. Hemispherx Biopharma, Inc.* (E.D. Pa.); *Bruce v. Suntech Power Holdings Co.* (N.D. Cal.); *In re: Groupon, Inc. Securities Litigation* (N.D. Ill.); *Flynn v. Sientra, Inc.* (C.D. Cal.); *Thomas v. MagnaChip Semiconductor Corp.* (N.D. Cal.); *In re: AVEO Pharmaceuticals, Inc. Securities Litigation* (N.D. Cal.); and *In re: Akorn, Inc. Securities Litigation* (N.D. Ill.).

Louis graduated from Rutgers University School of Law in 2007, where he was a Dean's Law Scholarship Recipient. He served as a law clerk to the Honorable Arthur Bergman, Superior Court of New Jersey. Prior to joining Pomerantz, Louis specialized in litigating consumer protection class actions at Bock & Hatch LLC in Chicago, Illinois.

Louis is admitted to practice in New Jersey, Illinois, the United States Courts of Appeal for the Seventh and Ninth Circuits, and the United States District Courts for the District of New Jersey and the Northern District of Illinois.

### Lesley Portnoy

Lesley Portnoy joined Pomerantz as Of Counsel in January 2020, bringing to the Firm more than a decade of experience representing investors and consumers in recovering losses caused by corporate fraud and wrongdoing. Lesley is based in Los Angeles.

Lesley has assisted in the recovery of billions of dollars on behalf of aggrieved investors, including the victims of the Bernard M. Madoff bankruptcy. Courts throughout the United States have appointed him as Lead Counsel to represent investors in securities fraud class actions.

As co-Lead Counsel with Pomerantz in *In re Yahoo! Inc. Sec. Litig.*, a high-profile class action litigation against Yahoo! Inc., Lesley helped achieve an $80 million settlement for the Class in 2018. The case involved the biggest data breaches in U.S. history, in which over 3 billion Yahoo accounts were compromised.

Other securities fraud cases that Lesley successfully litigated include *Parmelee v. Santander Consumer USA Holdings Inc.*; *In re Fifth Street Asset Management, Inc. Sec. Litig.*; *In re ITT Educational Services, Inc. Sec. Litig.*; *In re Penn West Petroleum Ltd. Sec. Litig.*; *Elkin v. Walter Investment Management Corp.*; *In re CytRx Corporation Sec. Litig.*; *Carter v. United Development Funding IV*; and *In re Akorn, Inc. Sec. Litig.*

Lesley received his B.A. in 2004 from the University of Pennsylvania. In 2009, he simultaneously received his JD magna cum laude from New York Law School and his Masters of Business Administration from City University of New York. At New York Law School, Lesley was on the Dean's List-High Honors and an Articles Editor for the New York Law School Law Review.

Lesley is admitted to practice in New York and California, and is admitted to practice before the United States Court of Appeals for the Second Circuit, and the United States District Courts for the Southern and Eastern Districts of New York, the Central, Northern, and Southern Districts of California and the Northern District of Texas.

## Brenda Szydlo

Brenda Szydlo joined Pomerantz in January 2016 as Of Counsel. She brings to the Firm extensive experience in complex civil litigation in federal and state court on behalf of plaintiffs and defendants, with a particular focus on securities and financial fraud litigation, litigation against pharmaceutical corporations, accountants' liability, and commercial litigation.

Brenda played a leading role in the Firm's securities class action case in the Southern District of New York against Brazil's largest oil company, Petrobras, arising from a multi-billion-dollar kickback and bribery scheme, in which the Firm, as sole Lead Counsel, achieved a precedent-setting legal ruling and a historic $3 billion settlement for the Class. This is not only the largest securities class action settlement in a decade but is the largest settlement ever in a securities class action involving a foreign issuer, the fifth-largest securities class action settlement ever achieved in the United States, the largest securities class action settlement achieved by a foreign Lead Plaintiff, and the largest securities class action settlement in history not involving a restatement of financial reports.

Brenda has represented investors in additional class and private actions that have resulted in significant recoveries, such as *In re Pfizer, Inc. Securities Litigation*, where the recovery was $486 million, and *In re Refco, Inc. Securities Litigation*, where the recovery was in excess of $407 million. She has also represented investors in opt-out securities actions, such as investors opting out of *In re Bank of America Corp. Securities, Derivative & ERISA Litigation* in order to pursue their own securities action.

Prior to joining Pomerantz, Brenda served as Senior Counsel in a prominent plaintiff advocacy firm, where she represented clients in securities and financial fraud litigation, and litigation against pharmaceutical corporations and accounting firms. Brenda also served as Counsel in the litigation department of one of the largest premier law firms in the world, where her practice focused on defending individuals and corporation in securities litigation and enforcement, accountants' liability actions, and commercial litigation.

Brenda is a graduate of St. John's University School of Law, where she was a St. Thomas More Scholar and member of the Law Review. She received a B.A. in economics from Binghamton University.

Brenda is admitted to practice in the State of New York; United States District Courts for the Southern and Eastern Districts of New York; the U.S. Courts of Appeals for the Second and Ninth Circuits; and the United States Supreme Court.

## Nicolas Tatin

French lawyer Nicolas Tatin joined Pomerantz in April 2017 as Of Counsel. He heads the Firm's Paris office and serves as its Director-Business Development Consultant for France, Benelux, Monaco and Switzerland. Nicolas advises institutional investors in the European Union on how best to evaluate losses to their investment portfolios attributable to financial misconduct, and how best to maximize their potential recoveries in U.S. and international securities litigations.

Nicolas was previously a financial lawyer at ERAFP, France's €24bn pension and retirement fund for civil servants, where he provided legal advice on the selection of management companies and the implementation of mandates entrusted to them by ERAFP.

Nicolas began his career at Natixis Asset Management, before joining BNP Paribas Investment Partners, where he developed expertise in the legal structuring of investment funds and acquired a global and cross-functional approach to the asset management industry.

Nicolas graduated in International law and received an MBA from IAE Paris, the Sorbonne Graduate Business School.

## Associates

### Samuel J. Adams

Samuel J. Adams focuses his practice on corporate governance litigation.

Mr. Adams was previously an associate at Robbins Geller Rudman & Dowd LLP, where he focused his practice on securities fraud litigation and other complex matters. He has been recognized as a Super Lawyers® "Rising Star" for the New York Metro area for every year from 2015 through 2019.

Sam is a 2009 graduate of the University of Louisville Louis D. Brandeis School of Law. While in law school, he was a member of the National Health Law Moot Court Team. He also participated in the Louis D. Brandeis American Inn of Court.

Sam is admitted to practice in New York, the United States District Courts for the Southern, Northern, and Eastern Districts of New York, and the United States District Court for the Eastern District of Wisconsin.

## Ari Y. Basser

Ari Y. Basser focuses his practice on strategic consumer litigation.

Prior to joining Pomerantz, Ari was an associate at major litigation law firms in Los Angeles. Ari also worked as a Law Clerk in the Economic Crimes Unit of the Santa Clara County Office of the District Attorney. Ari has litigated antitrust violations, product defect matters, and a variety of fraud and misrepresentation cases brought under state and federal consumer protection statutes involving unfair competition and false advertising. He has also been deputized in private attorneys general enforcement actions to recover civil penalties from corporations, on behalf of the State of California, for violations of the Labor Code.

Ari is a contributing author to the Competition Law Journal, the official publication of the Antitrust, UCL, and Privacy Section of the State Bar of California, where he has examined trends in antitrust litigation and the regulatory authority of the Federal Trade Commission.

Ari received dual degrees in Economics and Psychology from the University of California, San Diego in 2004. He earned his Juris Doctor in 2010 from Santa Clara University School of Law.

Ari is a member of the State Bar of California and has been admitted to practice before the United States District Courts for the Northern, Southern, Central and Eastern Districts of California.

## Daryoush Behbood

Daryoush joined Pomerantz as an Associate in 2019. He focuses his practice on corporate governance litigation.

Daryoush earned his Bachelor of Business Administration in Marketing from the University of Texas at Austin in 2012. There, he honed and developed his understanding of complex business matters and procedure.

In 2015, Daryoush graduated with honors from the University of Texas School of Law. While in law school, he was a member of the 2L and 3L Interscholastic Mock Trial Teams as well as the Board of Advocates. As a member of Texas Law's rigorous Advocacy Program, Daryoush developed the trial and litigation skills necessary to handle even the most complex and demanding of cases. During his final year, Daryoush won the Lone Star Classic National Mock Trial Championship and was one of only ten graduates from Texas Law's class of 2015 to be inducted into the Order of Barristers, an organization recognizing a select few graduating law students who demonstrated outstanding ability in the preparation and presentation of mock trial and moot appellate argument.

Following graduation, Daryoush clerked for the Fourteenth Court of Appeals, where he helped the Justices of the Court research and analyze complex criminal and civil cases.

Prior to joining Pomerantz, Daryoush was an associate at law firms in Texas and New York, where his practice included commercial and business litigation in both state and federal courts.

Daryoush is admitted to practice in New York, Texas, New Jersey, and Washington D.C.

**Jessica N. Dell**

Jessica Dell focuses her practice on securities fraud litigation.

She has worked on dozens of cases at Pomerantz, including the Firm's securities fraud lawsuits arising from BP's 2010 Gulf oil spill, pending in Multidistrict Litigation. Jessica has expertise in managing discovery and a nose for investigating complex fraud across many sectors, including pharmaceuticals, medical devices, and data security. True to her roots in public interest law, she has also worked in complex pro bono class action litigation at Pomerantz.

Jessica graduated from CUNY School of Law in 2005. She was the recipient of an Everett fellowship for her work at Human Rights Watch. She also interned at the Urban Justice Center and National Advocates for Pregnant Women. While in the CUNY clinical program, she represented survivors of domestic violence facing deportation and successfully petitioned under the Violence Against Women Act. She also successfully petitioned for the release of survivors incarcerated as drug mules in Central America. After Hurricane Katrina, Jessica traveled to Louisiana to aid emergency efforts to reunite families and restore legal process for persons lost in the prison system weeks after the flood.

Jessica is a member of the New York City and State Bar Associations and the National Lawyers Guild.

**Eric D. Gottlieb**

Eric D. Gottlieb focuses his practice on securities fraud litigation.

Together with partner Murielle J. Steven Walsh, Eric leads several of the Firm's complex securities class action litigation matters, including (i) *Ferris v. Wynn Resorts Ltd.*, No. 18-cv-479 (D. Nev.); (ii) *In re Blue Apron Holdings Inc. Securities Litigation*, No. 17-4846 (E.D.N.Y.); (iii) *In re Ascena Retail Group, Inc., Securities Litigation*, No. 19-cv-13529 (D. N.J.); and (iv) *Costas v. Ormat Technologies, Inc.*, No. 18-cv-00271 (D. Nev.). Eric also plays a key role in prosecuting *In re Allergan plc Securities Litigation*, No. 18-12089 (S.D.N.Y.), among other actions.

Before joining Pomerantz, Eric was an associate at Labaton Sucharow LLP, where his practice involved litigating complex securities fraud and consumer protection cases. During his career, Eric has played key roles in litigating securities fraud class actions and other matters that resulted in total recoveries exceeding $375 million.

Eric received a J.D. from the Benjamin N. Cardozo School of Law, where he was a member of the Guardianship Clinic. Eric previously served as a judicial intern in the New York State Supreme Court for

the Honorable Edward Lehner (Retired), and as an intern for the Nassau County District Attorney's office. Eric graduated from Emory University with a B.A. in History.

Eric is admitted to practice law in New York, the United States District Court for the Southern District of New York, and the United States Court of Appeals for the Tenth Circuit.

## Omar Jafri

Omar Jafri's practice focuses on securities fraud litigation. Omar played an integral role in *In re Juno Therapeutics, Inc. Securities Litigation*, in which the Firm, as Lead Counsel, achieved a $24 million settlement for the Class in 2018. Omar also played an integral role where Pomerantz was Lead or Co-Lead Counsel in *In re Aveo Pharmaceuticals, Inc. Securities Litigation* ($18 million settlement, which was more than four times larger than the SEC's fair fund recovery in its parallel litigation); *Sudunagunta v. NantKwest, Inc.* ($12 million settlement); and *Thomas v. MagnaChip Semiconductor Corp. Securities Litigation* ($6.2 million settlement with majority shareholder, Avenue Capital). Omar currently plays a key role in the Firm's representation of investors in connection with several complex cases that involve billions of dollars in damages.

During the last several years, Omar has litigated major disputes on behalf of institutional investors arising out of the credit crisis, including disputes relating to Collateralized Debt Obligations, Residential Mortgage-Backed Securities, Credit Default Swaps and other complex financial investments. He also has provided pro bono representation to several individuals charged with first-degree murder and attempted murder in the State and Federal courts of Illinois.

Before joining Pomerantz LLP, Omar was a law clerk to Judge William S. Duffey, Jr. of the United States District Court for the Northern District of Georgia. He was also an associate at Jenner & Block LLP's Chicago Office, where he represented clients in a wide variety of matters, including securities litigation, complex commercial litigation, white collar criminal defense, and internal investigations.

Omar graduated, *magna cum laude* and *Order of the Coif*, from the University of Illinois College of Law, where he was a Harno Scholar and a recipient of the Rickert Award for Excellence in Advocacy. He received his B.A. from the University of Texas at Austin, where he was on the Dean's Honor List and the University Honors List.

Omar is admitted to practice in Illinois, the United States District Courts for the Northern District of Illinois and the Northern District of Indiana, and the United States Court of Appeals for the Ninth Circuit.

## James M. LoPiano

James M. LoPiano focuses his practice on securities litigation.

Prior to joining Pomerantz, James served as a Fellow at Lincoln Square Legal Services, Inc., a non-profit law firm run by faculty of Fordham University School of Law.

James earned his J.D. in 2018 from Fordham University School of Law, where he was awarded the Archibald R. Murray Public Service Award, *cum laude*, and merit-based scholarship. While in law school,

James served as Senior Notes and Articles Editor of the *Fordham Intellectual Property, Media and Entertainment Law Journal*. James also completed a legal internship at Lincoln Square Legal Services, Inc.'s *Samuelson-Glushko Intellectual Property and Information Law Clinic*, where he counseled clients and worked on matters related to Freedom of Information Act litigation, trademarks, and copyrights. As part of his internship, James was granted temporary permission to appear before the United States Patent and Trademark Office for trademark-related matters. Additionally, James completed both a legal externship and legal internship with the Authors Guild. James also served as a judicial intern to the Honorable Stephen A. Bucaria in the Nassau County Supreme Court, Commercial Division, of the State of New York, where he drafted legal memoranda on summary judgment motions, including one novel issue pertaining to whether certain service fees charged by online travel companies were commingled with county taxes.

James earned his B.A. from Stony Brook University, where he double-majored in English and Cinema and Cultural Studies, completed the English Honors Program, and was inducted into the Stony Brook University chapter of the International English Honors Society. Additionally, James earned the university's Thomas Rogers Award, given to one undergraduate student each year for the best analytical paper in an English course.

James has authored several publications over the course of his legal career, including "Public Fora Purpose: Analyzing Viewpoint Discrimination on the President's Twitter Account," Note, 28 FORDHAM INTELL. PROP. MEDIA & ENT. L.J. 511 (2018); "Lessons Abroad: How *Access Copyright v. York University* Helped End Canada's Educational Pirating Regime," Legal Watch, Authors Guild Fall 2017/Winter 2018 Bulletin; and "International News: Proposal for New EU Copyright Directive and India High Court's Educational Photocopy Decision," Legal Watch, Authors Guild Summer 2017 Bulletin.

James is admitted to practice in the State of New York and the United States District Court for the Southern District of New York.

### Veronica V. Montenegro

Veronica V. Montenegro focuses her practice on securities fraud litigation.

Prior to joining Pomerantz, Veronica served for seven years as an Assistant Attorney General in the Investor Protection Bureau in the Office of the New York State Attorney General. Veronica represented the Office in some of its most high-profile financial fraud prosecutions. She worked on a case against a Madoff feeder-fund manager which resulted in the return of millions of dollars to defrauded investors. She was a member of the Residential Mortgage Backed Securities (RMBS) Working Group, comprised of State and Federal prosecutors tasked with investigating and prosecuting mortgage securities fraud, which has resulted in billions of dollars in recoveries. In recognition of her work in the RMBS Working Group, Veronica was awarded the Louis Lefkowitz Award for Exceptional Service. Veronica also worked on cases involving insider trading, auction rate securities and foreign exchange execution.

Veronica graduated from Fordham University School of Law in 2008. During law school, she served as a member of the Fordham International Law Journal and in Fordham's Moot Court Board. Additionally, she served as a judicial extern to the Honorable Ronald L. Ellis, Magistrate Judge for the Southern

District of New York. Veronica graduated from New York University's College of Arts and Science in 2004, *cum laude*, with a double major in Political Science and Latin American Studies.

Veronica is admitted to practice in the States of New York and New Jersey and the United States District Court for the Southern District of New York.

**Thomas H. Przybylowski**

Thomas H. Przybylowski focuses his practice on securities fraud litigation.

Prior to joining Pomerantz, Tom was an associate at Schulte Roth & Zabel LLP, where his practice focused on commercial and securities litigation, and regulatory investigations.

Tom earned his J.D. in 2017 from the Georgetown University Law Center. While in law school, Tom served as a Notes Editor for the *Georgetown Journal of Legal Ethics* and authored the publication "A Man of Genius Makes No Mistakes: Judicial Civility and the Ethics of the Opinion," Note, 29 Geo. J. Legal Ethics 1257 (2016). Tom earned his B.A. from Lafayette College in 2014, where he double-majored in English and Philosophy.

Tom is admitted to practice in the State of New York.

**Jared M. Schneider**

Jared M. Schneider focuses his practice on securities fraud litigation.

Before joining Pomerantz LLP, Jared was a law clerk to the Honorable Charles R. Norgle of the United States District Court for the Northern District of Illinois. Jared was also an associate at Higgins & Burke, P.C., where he represented family offices and high net worth individuals in matters involving securities fraud and other types of financial-services misconduct. During law school, Jared worked with FINRA's Department of Enforcement in prosecuting members for violations of securities laws and regulations.

Jared earned his Juris Doctor *cum laude* from the John Marshall Law School and is a member of the National Order of Scribes. While in law school, Jared was a member of the American Bar Association National Appellate Advocacy Competition, and the Irving R. Kaufman Memorial Securities Law Moot Court Competition. Jared was also a staff editor for the *John Marshall Law Review*, an Associate Justice of the Moot Court Executive Board, and served as a teaching assistant in the School's appellate-advocacy program. Jared received his B.S. from the Kelley School of Business at Indiana University.

Jared is admitted to practice in Illinois, the United States District Courts for the Northern District of Illinois and the Northern District of Indiana.

**Terrence W. Scudieri, Jr.**

Terrence W. Scudieri, Jr. focuses his practice on securities fraud litigation.

Prior to joining Pomerantz, Terrence served as a law clerk to the Honorable Timothy C. Stanceu, Chief Judge for the U.S. Court of International Trade.

Terrence earned his J.D. *cum laude* in 2019 from Georgetown University Law Center, where he was awarded the Joyce Chiang Memorial Award for demonstrable commitment to public service and was recognized as a Dean's *Pro Bono Publico* Honoree with Exceptional Distinction. He also holds a Graduate Certificate in Refugees and Humanitarian Emergencies from Georgetown's Edmund A. Walsh School of Foreign Service Institute for the Study of International Migration.

At Georgetown, Terrence served as Online Strategy Editor and Steering Committee Chairperson of the *American Criminal Law Review* and was a featured online contributor to the *American Criminal Law Review Online*. He also served as an advocate and legal writing coach on the Georgetown Barristers' Council Appellate Advocacy Division and was a semifinalist in the November 2017 William E. Leahy Moot Court Competition. Terrence was also recognized with a CALI Excellence for the Future Award for superior scholarly achievement in Advanced Issues in International Human Rights Law.

During law school, Terrence prepared for a career in complex federal litigation, working as a full-time law clerk at The Employment Law Group, P.C. in Washington, D.C. and at Melehy & Associates LLC in Silver Spring, Maryland. Dedicated to his interest in public interest work, Terrence spent his academic breaks working at the D.C. Affordable Law Firm, the American Bar Association's Commission on Immigration, and in the Office of Civil Rights in the Civil Litigation Division of the Arizona Attorney General's Office.

During his final year of law school, Terrence served as a judicial intern to the Honorable Royce C. Lamberth of the U.S. District Court for the District of Columbia.

Terrence also holds a Master of Arts from The University of Chicago School of Social Service Administration and a Bachelor of Arts with high honors from the University of Illinois at Urbana-Champaign. Before law school, Terrence worked as a clinical social worker at the Department of Veterans Affairs in Chicago and at the Center for Court Innovation in New York.

Terrence is admitted to practice in New York and in the United States Court of International Trade.

**Villi Shteyn**

Villi Shteyn focuses his practice on securities fraud litigation.

Before joining Pomerantz, Villi was employed by a boutique patent firm, where he worked on patent validity issues in the wake of the landmark *Alice* decision, in which the court ruled that an abstract idea does not become eligible for a patent simply by being implemented on a generic computer. He also helped construct international patent maintenance tools for clients and assisted in pursuing injunctive relief for a patent-holder client against a large tech company.

Villi graduated from The University of Chicago Law School (J.D., 2017). In 2014, he graduated *summa cum laude* from Baruch College with a Bachelor of Science in Public Affairs.

Villi is admitted to practice in the State of New York.

**Jennifer Banner Sobers**

Jennifer Banner Sobers focuses her practice on securities fraud litigation.

In 2020, both the *New York Law Journal* and Law360 honored Jennifer with Rising Star awards. In 2019, after a rigorous nomination and vetting process, Jennifer was honored as a member of the National Black Lawyers Top 100, an elite network of the top 100 African American attorneys from each state.

Jennifer played an integral role on the team litigating *In re Petrobras Securities Litigation,* in the Southern District of New York*,* a securities class action arising from a multi-billion-dollar kickback and bribery scheme involving Brazil's largest oil company, Petróleo Brasileiro S.A. - Petrobras. The Firm, as sole Lead Counsel, achieved a historic $3 billion settlement on behalf of investors in Petrobras securities. Among Jennifer' contributions to the team's success were: managing the entire third-party discovery in the United States, which resulted in the discovery of key documents and witnesses; deposing several underwriter bank witnesses; drafting portions of Plaintiffs' amended complaints that withstood motions to dismiss the claims and Plaintiffs' successful opposition to Defendants' appeal in the Second Circuit, which resulted in precedential rulings, including the Court rejecting the heightened ascertainability requirement for obtaining class certification that had been imposed by other circuit courts; and second chaired argument in the Second Circuit that successfully led to the Court upholding the award of sanctions against a professional objector challenging the integrity of the settlement.

Jennifer played a leading role in *In re Toronto-Dominion Bank Securities Litigation*, an action in the District of New Jersey alleging a multi-year fraud arising from underlying retail banking misconduct by one of Canada's largest banks that was revealed by investigative news reports. Jennifer undertook significant work drafting the briefing to oppose Defendants' motion to dismiss the claims, which the Court denied. She oversaw the discovery in the action, which included, among other things, heading the complicated process of obtaining documents in Canada and being a principal drafter of the motion to partially lift the PSLRA stay in order to obtain discovery. Jennifer successfully presented oral argument which led to the Court approval of a $13.25 million class-wide settlement.

U.S. District Judge Noel L. Hillman, in approving the *Toronto-Dominion Bank* settlement, stated, "I commend counsel on both sides for their hard work, their very comprehensive and thoughtful submissions during the motion practice aspect of this case. I paused on it because it was a hard case. I paused on it because the lawyering was so good. So, I appreciate from both sides your efforts." He added, "It's clear to me that this was comprehensive, extensive, thoughtful, meaningful litigation leading up to the settlement." Singling out Pomerantz's role as lead counsel, the judge also said, "This settlement appears to have been obtained through the hard work of the Pomerantz firm… It was through their efforts and not piggybacking on any other work that resulted in this settlement."

Jennifer is a key member of the litigation teams of other nationwide securities class action cases, including: *In re BP p.l.c Securities Litigation*, the MDL pending in the Southern District of Texas, which are

securities fraud lawsuits on behalf of institutional investors in BP p.l.c. to recover losses in BP's common stock (which trades on the London Stock Exchange), arising from BP's 2010 Gulf oil spill and for which the team has successfully opposed several motions to dismiss the claims and for which Jennifer drafts discovery motions; *In re KaloBios Pharmaceuticals Inc. Securities Litigation,* an action in the Northern District of California, which successfully secured settlements from the bankrupt company and its jailed CEO worth over $3.25 million for the Class that were approved by the Court as well as the bankruptcy court; *Perez v. Higher One Holdings, Inc.,* an action in the District of Connecticut, for which Jennifer was one of the principal drafters of the successful opposition to Defendants' motion to dismiss, and which secured a court-approved $7.5 million class-wide settlement for the Class; *Edwards v. McDermott Int'l, Inc.* pending in the Southern District of Texas; and *Chun v. Fluor Corp.* pending in the Northern District of Texas.

Prior to joining Pomerantz, Jennifer was an associate with a prominent law firm in New York where her practice focused on complex commercial litigation, including securities law and accountants' liability. An advocate of pro bono representation, Jennifer earned the Empire State Counsel honorary designation from the New York State Bar Association and received an award from New York Lawyers for the Public Interest for her pro bono work.

Jennifer received her B.A. from Harvard University (with honors), where she was on the Dean's List, a Ron Brown Scholar, and a recipient of the Harvard College Scholarship. She received her J.D. from University of Virginia School of Law where she was a participant in the Lile Moot Court Competition and was recognized for her pro bono service.

She is a member of the Securities Litigation Committee of the Federal Bar Council, the New York City Bar Association, and the Association of Arbitrators.

Jennifer is admitted to practice in New York, the United States District Court for the Southern and Eastern Districts of New York, and the United States Courts of Appeals for the Second and Ninth Circuits.

## Heather Volik

Heather Volik focuses her practice on securities fraud litigation.

Prior to joining Pomerantz in 2019, Heather investigated financial crime as a Vice President and Senior Legal Counsel in the U.S. and Global Legal departments at HSBC. There, she focused on criminal and regulatory actions by the DOJ, FINRA, CFTC and SEC for actions by HSBC's employees and customers within the financial marketplace. Heather was the U.S. Legal Representative for HSBC during the U.S. site visits for the Monitor review under the 2012 Deferred Prosecution Agreement.

Prior to joining HSBC, Heather was a litigation associate at Sullivan & Cromwell LLP, where she worked on complex, high-profile class actions, derivative actions and government investigations.

Heather, active within the pro bono community, is a recipient of the 2010 and 2011 Legal Aid Society's *Pro Bono Publico* Awards. She also received the Safe Passage Attorney of the Week award for her work assisting an immigrant family receive legal status.

Heather clerked for the Honorable Charles C. Chambers, U.S. District Judge in the Southern District of West Virginia.  The matters focused on challenges to the coal industry under the federal clean air and water laws, complex civil litigation and criminal trials.

Heather attended New York Law School, and graduated *magna cum laude*.  She was an Articles Editor for the *New York Law School Law Review* and received the Professor Lung-Chu Chen Award for Excellence in the Field of Human Rights award. She graduated from the University of Pittsburgh with a B.A in writing.

Heather is the author of *Driving Down the Wrong Road: The Fifth Circuit's Definition of Unauthorized Use of A Motor Vehicle as a Crime of Violence in the Immigration Context*, 39 ST. MARY'S L. J. 149 (2007) and co-author of *Immigrant Workers Project*, 52 N.Y.L. SCH. L. REV. 561 (2006).

Heather is currently an elected member of the Kings County Democratic Committee.

## Staff Attorneys

### Átila de Carvalho Beatrice Condini

Átila de Carvalho Beatrice Condini, an international attorney at Pomerantz, focuses on class action securities litigation.

Átila brings to Pomerantz his 13 years' expertise in complex Brazilian federal legal, procedural, and regulatory issues. He is a member of Pomerantz's team for three securities class actions against Brazilian companies: *In re Petrobras Sec. Litig*., *Manidhar Kukkadapu, et al. v. Embraer, et al*., and *Banco Safra S.A. - Cayman Islands Branch* v. *Samarco Mineração S.A.* et al.

Átila is a partner (on leave) at the law firm, Condini & Tescari Advogados, in São Paolo, Brazil, where he was responsible for the tax and litigation divisions. Before that, he was an associate and senior associate at two other major Brazilian law firms in São Paolo. During that period, he successfully worked on cases that became benchmarks in the Brazilian legal scenario. In one of them, he prepared a brief in the Extraordinary Appeal nº 559.937, whose thesis was accepted by the Brazilian Supreme Court, reducing the social contribution taxes (PIS / COFINS-Importação) levied on imports. In another case, he defended an advanced interpretation about D&O responsibilities, which was also accepted by the Brazilian Supreme Court in the Extraordinary Appeal nº 562.276.

Átila has also been attentive to social causes, not only practicing pro bono, but also in the human rights field. For example, Átila conducted a legal research project that ultimately resulted in the human rights group, Tortura Nunca Mais, being able to help fund and support the creation of a free virtual library focused on keeping alive Brazilian recent history for future generations. In 2006, Átila received a Bachelor of Laws degree from Pontifical University Catholic of São Paulo ("PUC/SP"). In 2008, he received a specialized law degree in taxation from PUC/SP.

**Jay Douglas Dean**

Jay Dean focuses on class action securities litigation. He has been a commercial litigator for more than 30 years.

Jay has been practicing with Pomerantz since 2008, including as an associate from 2009-2014, interrupted by a year of private practice in 2014-2015. More recently, he was part of the Pomerantz teams prosecuting the successful *Petrobras* and *Yahoo* actions. Prior to joining Pomerantz, he served as an Assistant Corporation Counsel in the Office of the Corporation Counsel of the City of New York, most recently in its Pensions Division. While at Pomerantz, in the Corporation Counsel's office and previously in large New York City firms, Jay has taken leading roles in trials, motions and appeals.

Jay graduated in 1988 from Yale Law School, where he was Senior Editor of the *Yale Journal of International Law*.

Jay is admitted to practice in New York State, the United States District Courts for the Southern and Eastern Districts of New York, and the United States Court of Appeals for the Second Circuit.
Jay has also earned the right to use the Chartered Financial Analyst designation.

**Timor Lahav**

Timor Lahav focuses his practice on securities fraud litigation.

Timor participated in the Firm's securities class action case against Brazil's largest oil company, Petrobras, arising from a multi-billion-dollar kickback and bribery scheme, in which the Firm, as sole Lead Counsel, achieved a historic $3 billion settlement for the Class, as well as precedent-setting legal rulings. Timor also participated in the firm's landmark litigation against Yahoo! Inc., for the massive security breach that compromised 1.5 billion users' personal information.

Timor received his LL.B. from Tel Aviv University School of Law in Israel, following which he clerked at one of Israel's largest law firms. He was an associate at a law firm in Jerusalem, where, among other responsibilities, he drafted motions and appeals, including to the Israeli Supreme Court, on various civil matters.

He received his LL.M. from Benjamin N. Cardozo School of Law in New York. There, Timor received the Uriel Caroline Bauer Scholarship, awarded to exceptional Israeli law graduates.

Timor brings to Pomerantz several years' experience as an attorney in New York, including examining local SOX anti-corruption compliance policies in correlation with the Foreign Corrupt Practices Act; and analysis of transactions in connection with DOJ litigation and SEC enforcement actions.

Timor was a Captain in the Israeli Defense Forces. He is a native Hebrew speaker and is fluent in Russian.

He is admitted to practice in New York and Israel.

**Laura M. Perrone**

Laura M. Perrone focuses on class action securities litigation.

Prior to joining Pomerantz, Laura worked on securities class action cases at Labaton Sucharow. Preceding that experience, she represented plaintiffs at her own securities law firm, the Law Offices of Laura M. Perrone, PLLC.

At Pomerantz, Laura participated in the Firm's securities class action case against Brazil's largest oil company, Petrobras, arising from a multi-billion-dollar kickback and bribery scheme, in which the Firm, as sole Lead Counsel, achieved a historic $3 billion settlement for the Class, as well as precedent-setting legal rulings.

Laura has also represented bondholders against Citigroup for its disastrous investments in residential mortgage backed securities, shareholders against Barclays PLC for misrepresentations about its dark pool trading system known as Barclays LX, and shareholders against Fiat Chrysler Automobiles for misrepresentations about its recalls and its diesel emissions defeat devices.

Laura graduated from the Benjamin N. Cardozo School of Law, where she was on the editorial staff of Cardozo's Arts and Entertainment Law Journal and was the recipient of the Jacob Burns Merit Scholarship.

Laura is admitted to practice in the New York State Courts, the United States District Courts for the Southern and Eastern Districts of New York, and the United States Courts of Appeals for the Second Circuit.

**Samir Sidi**

Samir Sidi focuses his practice on securities fraud litigation.

Samir participated in the Firm's securities class action case against Brazil's largest oil company, Petrobras, arising from a multi-billion-dollar kickback and bribery scheme, in which the Firm, as sole Lead Counsel, achieved a historic $3 billion settlement for the Class, as well as precedent-setting legal rulings.

Previously, Samir represented plaintiffs in disputes related to a variety of financial investments, including the Federal Home Loan Bank of Seattle and the FDIC in their multi-billion-dollar actions against securities dealers to rescind the purchase of certificates backed by residential mortgage loans. He also represented institutional investors in a securities fraud action against Vivendi Universal (*In re Vivendi Universal, S.A. Sec. Litig.*, 02 Civ. 5571 (S.D.N.Y.)), where in January 2010 the jury returned a verdict that at the time had an estimated value of up to $9 billion.

Samir also served as a judicial intern for the Administrative Office of the Federal Judiciary – Office of Legislative Affairs in Washington, D.C.

Samir received his LL.L. from the University of Ottawa, and his LL.M. in Banking & Financial Law from the Boston University School of Law.

Samir is admitted to practice in New York State.

**Allison Tierney**

Allison Tierney focuses her practice on securities fraud litigation.

Allison brings to Pomerantz her 10 years' expertise in large-scale securities class action litigation. She participated in the Firm's securities class action case against Brazil's largest oil company, Petrobras, arising from a multi-billion-dollar kickback and bribery scheme, in which the Firm, as sole Lead Counsel, achieved a historic $3 billion settlement for the Class, as well as precedent-setting legal rulings.

Prior to joining Pomerantz, Allison worked on securities class action cases at several top New York law firms, representing institutional investors. She has represented plaintiffs in disputes related to antitrust violations, corporate financial malfeasance, and residential mortgage-backed securities fraud.

Allison earned her law degree from Hofstra University School of Law, where she served as notes and comments editor for the *Cyberlaw Journal*. She received her B.A. in Psychology from Boston University, where she graduated magna cum laude.

Allison is conversant in Spanish and is currently studying to become fluent.

Allison is admitted to practice in New York State.