In re WorldCom, Inc. Securities Litigation, Not Reported in F.Supp.2d (2004)

2004 WL 1097786, Fed. Sec. L. Rep. P 92,828

KeyCite Yellow Flag - Negative Treatment

Distinguished by In re Global Crossing, Ltd. Securities Litigation, S.D.N.Y., August 5, 2005

2004 WL 1097786
United States District Court,
S.D. New York.

In re WORLDCOM, INC.
SECURITIES LITIGATION
ALAMEDA COUNTY EMPLOYEES'
RETIREMENT ASSOCIATION, et al., Plaintiffs,
v.
Bernard J. EBBERS, et al., Defendants.

No. MASTER FILE, 02
Civ.3288(DLC), 03 Civ.0890.
|
May 18, 2004.

**Attorneys and Law Firms**

William S. Lerach, John J. Stoia, Jr., Darren J. Robbins, Spencer Burkholz, Michael J. Dowd, Randall Baron, Thomas E. Egler, Milberg Weiss Bershad Hynes & Lerach LLP, [1] San Diego, CA, Melvyn I. Weiss, Steven G. Schulman, Sol Schreiber, Milberg Weiss Bershad Hynes & Lerach LLP, New York, NY, Patrick J. Coughlin, Randi D. Bandman, Azra Z. Mehdi, Milberg Weiss Bershad Hynes & Lerach LLP, San Francisco, CA, for Plaintiffs.

[1]       Since this motion was briefed, the plaintiffs' law firm has dissolved. The plaintiffs are now represented by Lerach Coughlin Stoia & Robbins LLP.

Jay B. Kasner, Susan L. Saltzstein, Steven J. Kolleeny, Skadden Arps Slate Meagher & Flom LLP, New York, NY, for Defendants Bank of America Corp., Deutsche Bank AG, Goldman Sachs Group, Inc., J.P. Morgan Chase & Co, and Lehman Brothers Holdings Inc.

Martin London, Richard A. Rosen, Brad S. Karp, Eric S. Goldstein, Walter Rieman, Joyce S. Huang, Paul Weiss Rifkind Wharton & Garrison LLP, New York, NY, Peter K. Vigeland, Wilmer Cutler & Pickering, New York, NY, for Defendants Citigroup Inc. and Citigroup Global Markets Inc. f/k/a Salomon Smith Barney Inc.

*OPINION AND ORDER*

COTE, J.

 **\*1**  This Document Relates to:
Certain defendants known as the Holding Company Defendants [2] have moved to dismiss the claim against them in the Second Amended Complaint filed in *Alameda County Employees' Retirement Ass'n v. Ebbers,* 03 Civ. 0890(DLC) ( "Alameda Action") brought under Section 15 of the Securities Act of 1933 ("Securities Act"). [3] For the following reasons, their motion is granted.

[2]       The Holding Company Defendants are: Bank of America Corp., Deutsche Bank AG, Goldman Sachs Group, Inc., J.P. Morgan Chase & Co., Lehman Brothers Holdings Inc., and Citigroup, Inc. In addition to the Holding Company Defendants, the Second Amended Complaint alleges that the Credit Suisse Group is liable as well under Section 15.

[3]       While the Alameda Action was brought by 16 plaintiffs, on April 12, 2004, this Court granted a motion to dismiss filed by four of the plaintiffs on the condition that these plaintiffs join the class action in the consolidated securities litigation.

*Background*
On March 12, 2004, the motion of the Holding Company Defendants to dismiss the claim against them brought under Section 11 of the Securities Act ("Section 11") in the Amended Complaint in the Alameda Action was granted. *In re WorldCom, Inc. Sec. Litig.,* 308 F.Supp.2d 338 (S.D.N.Y.2004) ("March 12 Opinion"). Familiarity with the March 12 Opinion is assumed. The March 12 Opinion granted the plaintiffs in the Alameda Action (the "Alameda Plaintiffs") leave to amend their complaint *"one* additional time to assert claims against one or more of the Holding Company Defendants." *Id.* at \*6 (emphasis in original). A March 12 Scheduling Order ("March 12 Order") required the plaintiffs to file any amended complaint by March 26. [4]

[4]       The March 12 Order also stated that if a motion to dismiss claims in the Alameda Action as amended against the Holding Company Defendants were

In re WorldCom, Inc. Securities Litigation, Not Reported in F.Supp.2d (2004)

2004 WL 1097786, Fed. Sec. L. Rep. P 92,828

denied, plaintiffs in other Individual Actions filed by the Milberg Weiss law firm would be permitted to amend their complaints in order to assert identical claims against the Holding Company Defendants. The March 12 Order also permitted plaintiffs in other Individual Actions filed by Milberg Weiss to amend their pleadings by March 26 to state a claim against a Holding Company Defendant already named in their complaint in a manner different from the complaint to be filed by the Alameda Plaintiffs. No such alternative amendments have been filed with the Court.

The Amended Complaint in the Alameda Action contained a potpourri of theories to state a claim under Section 11 against each of the Holding Company Defendants "as an underwriter" for either the 2000 or 2001 bond offering by WorldCom, Inc. ("WorldCom"). It claimed that each of these defendants was liable under Section 11 "through" the acts of a subsidiary that directly underwrote the offerings.

The Second Amended Complaint reasserts claims previously dismissed with prejudice [5] and pleads for the first time a claim against each of the Holding Company Defendants under Section 15 of the Securities Act ("Section 15"). [6] The sole allegations in support of the Section 15 claim parallel the following allegation against CitiGroup, Inc.

[5]    Claims based on the 1998 bond offering have been dismissed with prejudice as barred by the statute of limitations. *SeeIn re WorldCom, Inc. Sec. Litig.,* 308 F.Supp.2d 214, 229–31 (S.D.N.Y.2004); *In re WorldCom, Inc. Sec. Litig.,* 294 F.Supp.2d 431, 444 (S.D.N.Y.2003). In addition, to the extent that the Second Amended Complaint reasserts a Section 12 claim based on the December 2000 private placement, this claim has been dismissed. *In re WorldCom, Inc. Sec. Litig.,* 308 F.Supp.2d at 232–33;*In re WorldCom, Inc. Sec. Litig.,* 294 F.Supp.2d at 453–56. The Second Amended Complaint also re-pleads claims against certain Underwriter Defendants which were dismissed as untimely. *In re WorldCom, Inc. Sec. Litig.,* 308 F.Supp.2d at 231–32;*In re WorldCom, Inc. Sec. Litig.,* 294 F.Supp.2d at 448–49.

[6]    The March 12 Opinion stated that to the extent the Alameda Plaintiffs argued that the Holding Company Defendants were liable as control

persons, the Amended Complaint did not plead a Section 15 claim. *In re WorldCom, Inc. Sec. Litig.,* 308 F.Supp.2d at 345. The March 12 Opinion observed that it was unnecessary to address the various obstacles to the pleading of a Section 15 claim identified by the Holding Company Defendants until a Section 15 claim was actually asserted.

Defendant *CitiGroup, Inc.* is a large integrated financial services institution that *through controlled subsidiaries and divisions* (such as defendant Salomon Smith Barney, Inc. (collectively "CitiGroup")) provides commercial and investment banking services, commercial loans to corporate entities, and *acts as underwriter* [7] in the sale of corporate securities. CitiGroup was an underwriter of the WorldCom Bonds sold in 8/98, [8] 5/00 and 5/01. Defendant Salomon Smith Barney, Inc., is liable under § 11 of the 1933 Act and *defendant CitiGroup, Inc. is liable under § 15 of the 1933 Act as a control person to subsidiary Salomon Smith Barney, Inc.*

[7]    The allegation that a CitiGroup, Inc. "acts as an underwriter" through the activities of its controlled subsidiaries fails as a matter of law to state a Section 11 claim. *In re WorldCom, Inc. Sec. Litig.,* 308 F.Supp.2d at 344.

[8]    As stated previously, the 1998 bond offering claims have been dismissed with prejudice.

(Emphasis supplied.) The Section 15 claim adds little to this allegation. It states that

> This claim is brought pursuant to § 15 of the 1933 Act against [the Holding Company Defendants]. [The Holding Company Defendants] *controlled each of their respective subsidiaries and affiliates.* These defendants' subsidiaries and affiliates are liable under § 11 and/or § 12 of the 1933 Act and [the Holding Company Defendants] are liable jointly and severally with and to the same extent as their respective subsidiaries and affiliates.

In re WorldCom, Inc. Securities Litigation, Not Reported in F.Supp.2d (2004)

2004 WL 1097786, Fed. Sec. L. Rep. P 92,828

**\*2** (Emphasis supplied.)

*Discussion*

Section 15 attaches liability to "[e]very person who, by or through stock ownership, agency, or otherwise, ... controls any person liable" under Sections 11 or 12 of the Securities Act. 15 U.S.C. § 77*o*. To state a violation of Section 15, a plaintiff must plead (1) an underlying primary violation of Sections 11 or 12 by the controlled person; and (2) the defendant's control over the primary violator. *In re WorldCom, Inc. Sec. Litig.,* 294 F.Supp.2d 392, 409 (S.D.N.Y.2003). The statute provides a defense for those who "had no knowledge of or reasonable ground to believe in the existence of the facts by reason of which the liability of the controlled person is alleged to exist." 15 U.S.C. § 77*o*.

Control is defined as "the power to direct or cause the direction of the management and policies of a person, whether through the ownership of voting securities by contract, or otherwise ." 17 C.F.R. § 230.405. [9] *SeeSEC v. First Jersey Sec., Inc .,* 101 F.3d 1450, 1473 (2d Cir.1996)(adopting this standard for claim under Section 20(a)). To establish a prima facie case at trial of control person liability, a plaintiff must show "that the controlling person was in some meaningful sense a culpable participant in the primary violation." *Boguslavsky v. Kaplan,* 159 F.3d 717, 720 (2d Cir.1998) (Section 20(a)) (citation omitted); *seeIn re WorldCom, Inc. Sec. Litig.,* 294 F.Supp.2d at 414–15.

[9]      Examination of control person liability under the Section 15 is governed by the same analysis as that used for control person liability under the Section 20(a) of the Securities Exchange Act of 1934 ("Section 20(a)" and "Exchange Act"). The definition of control in 17 C.F.R. § 230.405, which defines Securities Act terms, is identical to the definition of control in 17 C.F.R. § 240.12b–2, which defines Exchange Act terms.

A Section 15 claim is governed by the pleading standards set forth in Rule 8, Fed.R.Civ.P. The complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Rule 8(a)(2), Fed.R.Civ.P. Pleadings are to give "fair notice" of a claim and "the grounds upon which they rest" in order to enable the opposing party to answer and prepare for trial, and to identify the nature of the case. *Swierkiewicz v. Sorema, N.A.,* 534 U.S. 506, 512 (2002). "The federal rules allow simple pleadings and rely on liberal

discovery rules and summary judgment motions to define disputed facts and issues and to dispose of unmeritorious claims." *Phillip v. Univ. of Rochester,* 316 F.3d 291, 293 (2d Cir.2003) (citation omitted). Because Rule 8 is fashioned in the interest of fair and reasonable notice, not technicality, "extensive pleading of fact[s] is not required." *Wynder v. McMahon,* 360 F.3d 73, 77 (2d Cir.2004) (citation omitted). Indeed, post-*Swierkiewicz* cases have held that conclusory allegations without substantial factual assertions satisfy Rule 8. *SeeToussie v. Powell,* 323 F.3d 178, 185 n. 3 (2d Cir.2003). As previously indicated in this litigation in the context of pleading a Section 20(a) claim, "[a] short, plain statement that gives the defendant fair notice of the claim that the defendant was a control person and the ground on which it rests its assertion that the defendant was a control person is all that is required."*In re WorldCom, Inc. Sec. Litig.,* 294 F.Supp.2d at 415–16.

**\*3** The Alameda Plaintiffs' Second Amended Complaint gives the Holding Company Defendants fair notice of the claim that each of these defendants was a control person for purposes of imposing Section 15 liability on them. The more difficult question is whether it gives them fair notice of the ground on which that assertion rests. Since the pleading identifies the controlled persons as subsidiaries of the Holding Company Defendants, the precise issue is whether the implied assertion that each Holding Company Defendant is the parent of the entity against which a Section 11 claim is pleaded provides fair notice of the ground on which the assertion of control rests. It does not.

The Alameda Plaintiffs have cited no case or authority in support of the proposition that a parent/subsidiary relationship is a sufficient basis from which to infer control. Indeed, it is a well-settled principle of corporate law that a "a parent corporation and its subsidiary are regarded as legally distinct entities." *Carte Blanche (Singapore) Pte., Ltd. v. Diners Club Intern., Inc.,* 2 F.3d 24, 26 (2d Cir.1993). The Alameda Plaintiffs' Second Amended Complaint does not allege any ownership of voting securities or other basis for asserting that the Holding Company Defendants have the power to direct or cause the direction of the management or policies of the defendant subsidiaries. In *Suez Equity Investors, L.P. v. Toronto–Dominion Bank,* 250 F.3d 87 (2d Cir.2001), the allegation that certain corporate affiliates controlled other corporate defendants was insufficient as a matter of law to state a Section 20(a) claim. *Id.* at 102.*See alsoAldridge v. AT & T Cross Corp.,* 284 F.3d 72, 85 (1st Cir.2002) (allegation that defendants were controlling

2004 WL 1097786, Fed. Sec. L. Rep. P 92,828

shareholders was not sufficient to state a Section 20(a) claim). While the plaintiffs have no obligation to plead facts to support an inference of control, they must provide the Holding Company Defendants with fair notice of their theory of control. Their failure to do so at this point must be understood as a concession that they have no basis for an assertion of control. [10]

[10]    It is noteworthy that the Alameda Plaintiffs have already had the benefit of extensive discovery. Fact discovery has been ongoing for a year and is due to close in less than two months. Document discovery was completed last October.

The March 12 Opinion provided the Alameda Plaintiffs with *one* additional opportunity to amend their complaint to assert valid claims against the Holding Company Defendants. They have failed to do so, and thus, the claims against the Holding Company Defendants are dismissed with prejudice.

*Conclusion*

The Holding Company Defendants' motion to dismiss the Section 15 claim against them in the Second Amended Complaint in *Alameda County Employees' Retirement Ass'n v. Ebbers,* 03 Civ. 0890(DLC), is granted. All previously dismissed claims are stricken from the pleading.

SO ORDERED:

**All Citations**

Not Reported in F.Supp.2d, 2004 WL 1097786, Fed. Sec. L. Rep. P 92,828

---

**End of Document**

© 2021 Thomson Reuters. No claim to original U.S. Government Works.