**Starr v. !Hey, Inc., Not Reported in F.Supp.2d (2003)**

2003 WL 21212596, Fed. Sec. L. Rep. P 92,427

2003 WL 21212596
United States District Court,
N.D. Illinois, Eastern Division.

David A. STARR, Plaintiff,

v.

!HEY, INC., a Delaware corporation;
Icontact.Com,Inc., a Delaware corporation;
William G. Christie; Robert A. Bowman;
Richard Ward; Rahul Prakash; Roger Dow;
Telcom-Internet Investors, LLC; Telcom-Online
Investors, LLC; Telcom Ventures, LLC; Harbor
Capital, LLC; and Duncan Mackay, Defendants.

No. 01 C 6087.
|
May 23, 2003.

**Synopsis**

Shareholder brought action under Securities Act and common law alleging that officers of corporation sold him unregistered securities in connection with merger, and, thus, were liable for diminution in value. On defendants' motions to dismiss, the District Court, Hibbler, J., held that: (1) mere diminution in value of corporate assets was insufficient direct harm to give shareholder standing to sue in his own right; (2) burden of demonstrating application of exemption from Securities Act registration requirement rested upon party invoking that exemption; (3) officers and directors of corporate seller were not "sellers"; and (4) shareholder's sweeping and self-serving statement, that defendants were liable as control persons solely by virtue of their shareholder status or directorships, was insufficient to state claim for control person liability.

Motions granted.

West Headnotes (4)

**[1]** **Corporations and Business Organizations** ⬤⟶ Derivative or direct action

As a general principle, a corporate shareholder does not have an individual right of action against third parties for damages to the shareholder resulting indirectly from injury to the corporation; there are certain exceptions to this general rule, such as when the shareholder's injuries are distinct from those of other shareholders, but the mere diminution in the value of corporate assets is insufficient direct harm to give the shareholder standing to sue in his own right, because the corporation alone is the directly injured party.

1 Cases that cite this headnote

**[2]** **Securities Regulation** ⬤⟶ Evidence
**Securities Regulation** ⬤⟶ Evidence

The burden of demonstrating the application of an exemption from the Securities Act registration requirement rests upon the party invoking the exemption. Securities Act of 1933, § 4, as amended, 15 U.S.C.A. § 77d.

**[3]** **Securities Regulation** ⬤⟶ Persons Subject to Regulation or Liability

Officers and directors of a corporate seller are not "sellers," for purposes of the statute governing the sale or delivery after sale of unregistered securities, solely by virtue of their positions within the company; only those who actively solicit the purchase of unregistered securities can be liable under that statute. Securities Act of 1933, § 5 as amended, 15 U.S.C.A. § 77e.

1 Cases that cite this headnote

**[4]** **Securities Regulation** ⬤⟶ Control persons or groups and underwriters dealing with them

Shareholder's sweeping and self-serving statement, that defendants were liable as control persons solely by virtue of their shareholder status or directorships, was insufficient to state claim for control person liability. Securities Act of 1933, § 15, 15 U.S.C.A. § 77o.

6 Cases that cite this headnote

MEMORANDUM OPINION AND ORDER

Starr v. !Hey, Inc., Not Reported in F.Supp.2d (2003)

2003 WL 21212596, Fed. Sec. L. Rep. P 92,427

HIBBLER, J.

 *1 David Starr filed this five-count complaint pursuant to § 12(a)(1) of the 1933 Securities Act, 15 U.S.C. § 77l(a)(1), § 5 and Regulation D of the 1933 Securities Act, 15 U.S.C. § 77e, and principles of common law. According to Starr, the Defendants sold him unregistered securities in connection with the merger of icontact.com, inc. and !hey, inc., and thus are liable for the diminution in its value. Rahul Prakash, Telcom-Internet Investors, Telcom-Online Investors, and Telcom Ventures (Prakash and Telcom Entities) have filed a motion to dismiss all claims against them pursuant to Fed.R.Civ.P. 12(b)(6). Robert Bowman and Harbor Capital filed a similar motion to dismiss. For the reasons stated herein, the Court GRANTS both motions and dimisses with prejudice all counts against Rahul Prakash, Telcom-Internet Investors, Telcom-Online Investors, Telcom Ventures, Robert Bowman, and Harbor Capital.

## I. Factual Background

David Starr was employed by icontact as a software developer and by August 8, 2000, had accumulated 64,883 shares of icontact common stock. Pursuant to a "Stock Option Grant Certificate," Starr exercised an option to purchase additional shares on a cashless basis, and by September 8, 2000, had increased his total shareholding to 102,277. Starr began exercising his options shortly after receiving a mailing from icontact and its CEO, William Christie, notifying him of a proposed merger between icontact and !hey. The merger was approved by a majority of icontact shareholders, and Starr's icontact shares were converted into approximately 110,000 !hey shares. According to Starr, !hey represented to him on August 18, 2000, that his icontact shares were valued at $3.3127 per share, but in October 2000 represented to him that the converted icontact shares were in fact valued at only $0.30 per share.

In the five-count complaint, Starr seeks the difference between the value of shares as represented on August 18, 2000 and during October 2000. Starr alleges in Count I that icontact, !hey, and the individual Board members of icontact and !hey (including Prakash and Bowman) violated Sections 5 & 12(1) of the 1933 Securities Act (the Act) because they sold unregistered securities to him. In Count II, Starr alleges that by reason of their status as controlling persons the individual Board members of icontact (including Prakash and Bowman) as well as other shareholders (including the Telcom

entities and Harbor Capital) had the power to cause icontact and !hey to engage in the sale of unregistered securities and thus are liable for its acts. Count III alleges a breach of fiduciary duty. Count IV alleges a breach of contract because !hey did not redeem his shares at the price promised. Count V alleges that the individual Defendants converted Starr's property by refusing to redeem his shares.

## II. Standard of Review

Motions to dismiss test the sufficiency of the complaint, not the merits of the case. Pickrel v. City of Springfield, Ill., 45 F.3d 1115 (7th Cir.1995). The Court must accept as true all well-pleaded factual allegations and draw all reasonable inferences from them. Id. The Court will dismiss a complaint under Rule 12(b)(6) only if it appears that the plaintiffs can prove no set of facts that would entitle them to relief. Conley v. Gibson, 335 U .S. 41 (1957).

## III. Analysis

A. *Standing*

 *2 [1] At the outset, the Court holds that Starr lacks standing to bring this suit against the moving Defendants. As a general principle, a corporate shareholder does not have an individual right of action against third parties for damages to the shareholder resulting indirectly from injury to the corporation. Flynn v. Merrick, 881 F.2d 446, 449 (7th Cir.1989); Twohy v. First Nat'l Bank of Chicago, 758 F.2d 1185, 1194 (7th Cir.1985). There are certain exceptions to this general rule, such as when the shareholder's injuries are distinct from those of other shareholders. Twohy, 758 F.2d at 1194. But the mere diminution in the value of corporate assets is insufficient direct harm to give the shareholder standing to sue in his own right, because the corporation alone is the directly injured party. Flynn, 881 F.2d at 449. A derivative suit brought on behalf of the corporation is the proper vehicle for an individual shareholder to address the diminution of the value of his stock caused by alleged third-person malfeasance.

The Court agrees with Prakash and the Telcom Entities that Starr's claims, for the most part, are derivative. Counts I, II, and III all allege that the Defendants caused the value of Starr's stocks to be diminished as a result of their actions in the merger of icontact and !hey, and thus are derivative in nature. The language contained within Starr's complaint demonstrates beyond doubt the derivative nature of his suit.

2003 WL 21212596, Fed. Sec. L. Rep. P 92,427

Starr alleges that the "value of [his] converted shares were valued at the equivalent of $ .30 per share of icontact ... substantially below [the] $3.3127" they were previously valued. Starr further alleges that the Defendants' "attempt[ed] to secure certain rights and benefits for themselves alone, *at the expense of minority shareholders."* (emphasis added). By the very allegations of his complaint, Starr demonstrates that his injury is one that results from the diminution of the value of his shares and one that he has in common with other shareholders. Accordingly, Starr lacks standing to assert Counts I, II, and III against the moving Defendants and those counts must be dismissed as to Prakash, Bowman, the Telcom Entities, and Harbor Capital on this ground alone. Even if Starr did have standing to pursue Counts I, II, and III, they would still fail for the reasons stated below.

*B. Count I - Section 12(1) Claim*
Prakash moves to dismiss Count I of Starr's claim, arguing that he was exempt from the disclosure and registration requirements because: (1) the stocks were issued to Starr as part of an employee stock option plan, 15 U.S.C. § 77c(a)(2); (2) the transaction did not involve a public offering, 15 U.S.C. § 77d(2). Bowman moves to dismiss Count I of Starr's claim, arguing that he was not a seller for purposes of Section 12(1), and therefore Starr cannot state a claim against him.

If a security or transaction is exempted under § 77c then a person cannot incur section 12(1) liability pursuant to § 77c. *Donohoe v. Consolidated Operating & Prod. Corp.,* 982 F.2d 1130, 1140 (7th Cir.1992) (observing that § 77e is subject to a number of exceptions and limitations); *see also Associated Randall Bank v. Griffin, Kubik, Stephens & Thompson, Inc.,* 3 F.3d 208, 209 (7th Cir.1993) (discussing exemption from securities regulation of most governmental securities); *American Deposit Corp. v. Schacht,* 84 F.3d 834, 856 (7th Cir.1996) (Flaum, J., dissenting) (observing that Congress recognizes distinct nature of annuities and insurance contracts and exempts them from securities regulation). Section 77c(a)(2) provides that "except as hereinafter expressly provided, the provisions of this subchapter shall not apply to any of the following classes of securities: ... a stock bonus, pension, or profit-sharing plan which meets the requirements under section 401 of Title 26." 15 U.S.C. § 77c(a)(2). Thus, stocks acquired pursuant to an employee stock option plan are generally exempt from the registration requirements of the Act, and therefore if Starr's shares were issued pursuant to such a plan his claim must necessarily fail.

**\*3** Starr argues, however, that § 77c does not apply, pointing to paragraph forty-eight of his complaint, which reads "icontact and !hey failed to file a registration statement for the merger ... and failed to rely on any exemption from registration." Stark argues that his allegation must be taken as true and therefore Prakash's motion must be denied. But paragraph forty-eight contains a bare legal conclusion-that no exemption excuses icontact's and ! hey's failure to register the securities-not a statement of fact, and thus the Court need not accept it as true. *Panaras v. Liquid Carbonic Ind. Corp.,* 74 F.3d 786, 792 (7th Cir.1996). In support of his motion, Prakash invites the Court to dismiss Count I of Starr's complaint against him because Starr's holdings in icontact and !hey were acquired pursuant to a stock option plan, attaching an affidavit of icontact's CEO, William Christie averring that Starr's shares were issued pursuant to such a plan. Starr protests that the Court should not consider the affidavit in ruling on a 12(b)(6) motion and steadfastly denies that he "acquire[d] his securities pursuant to [an Employee Stock Option Plan]." Generally, Starr is correct that the Court may not consider materials outside the pleadings without converting the motion into one for summary judgment, which the Court declines to do. *See Covington v. Illinois Sec. Serv., Inc.,* 269 F.3d 863, 864-65 (7th Cir.2001).

But the exhibits that Starr attaches to his complaint are fair game. *Menominee Indian Tribe of Wisc. v. Thompson,* 11 F.3d 449, 456 (7th Cir.1998). Starr attaches to his complaint a "Stock Option Grant Certificate." It is clear from reading the document that the certificate is part of an employee stock option plan, for it contains a provision alerting Starr that the option is not a guarantee of continued employment rights. Thus, at a minimum, it appears from the face of the complaint that *some* of Starr's shares were acquired through an employee stock option plan, contrary to his assertion in his brief. Nevertheless, the document does not, on its face, demonstrate that it meets the requirements of 26 U.S.C. § 401, as the exemption mandates. Further, merely because some of Starr's shares were acquired through an employee stock option plan does not mean that all of the shares were so acquired. Starr insists in his brief that his initial acquisition of shares was a direct investment in icontact, and thus the exemption listed in § 77c would not apply. At this stage of the litigation, the Court must accept this allegation as true and dismissal on § 77c grounds is thus improper at this time.

**[2]** Prakash also argues that the securities were not issued in a public offering, and thus exempt from the Securities Act registration requirement by 15 U.S.C. § 77d. But nothing

2003 WL 21212596, Fed. Sec. L. Rep. P 92,427

in the complaint (or in Prakash's brief for that matter) demonstrates whether the securities were issued in a public or a private offering. Prakash argues that the burden is on Starr to plead that the securities were involved in a public offering and not on him to prove that they were involved in a private offering. Prakash's argument has no merit. The burden of demonstrating that an exemption applies rests upon the party invoking the exemption, and thus Starr need not plead facts to demonstrate that it does not apply. *SEC v. Ralston Purina Co.,* 346 U.S. 119, 126, 73 S.Ct. 981, 985, 97 L.Ed. 1494 (1953). Starr has not pleaded himself out of Court. Nothing in the amended complaint demonstrates that § 77c or § 77d are applicable, and at this stage of the litigation, the Court takes Starr's well-pleaded allegation that the securities were unregistered as true. However, given the language of the Stock Option Grant Certificate as well as the restrictive legend on the reverse of Starr's stock certificates informing him that they have not been registered, the Court cautions Starr that, should it later be revealed that he knowingly misrepresented material facts (for example, facts that demonstrate the securities were issued pursuant to an employee stock option plan or that they were privately issued, and thus that the § 77c or § 77d exemptions are applicable), the Court will consider sanctions against him.

 **\*4** Despite the fact that § 77c and § 77d provide no grounds to warrant dismissal at this stage of the litigation, Count I must still be dismissed as to both Prakash and Bowman. Liability under Section 12(1) [1] of the Securities Act is limited to those who pass or offer securities. *Pinter v. Dahl,* 486 U.S. 622, 108 S.Ct. 2063, 100 L.Ed.2d 658 (1988). Collateral participants in the sale of securities are not liable as sellers under section 12(1). *Id.* at 650. Instead, liability extends only to those either sell unregistered securities or who actively solicit a purchase motivated in part by a desire to serve his own financial interest or those of the seller. *Id.* at 645-47; *see also Danis v. USN Communications, Inc.,* 73 F.Supp.2d 923, 936 (N.D.Ill.1999); *Wheaten v. Mathews Holmquist & Assoc., Inc.,* No. 94 C 1134, 1996 WL 494245, \*11 (N.D.Ill. Aug.28, 1996); *Endo v. Albertine,* 812 F.Supp. 1479, 1494 (N.D.Ill.1993). In other words, a person who solicits an offer to buy a security, while acting as the agent of the issuer of the security, shares the status of statutory seller. *Pinter,* 486 U.S. 643-45. Thus, in order to be liable under section 12(1), Prakash and Bowman must have either sold the securities to Starr or actively solicited the purchase.

[1]     In his brief, Bowman refers to Section 12(2). But Section 12(2) regulates the use of fraud in the sale

of securities. 15 U.S.C. § 77l(a)(2). Section 12(1) governs the sale of securities in violation of 15 U.S.C. § 77e, which is at issue in this case. 15 U.S.C. § 77l(a)(1).

 **[3]** Starr's complaint alleges that Prakash and Bowman as board members of icontact "solicited Starr, through Christie," and thus are liable under section 12(1) for the sale of an unregistered security. But officers and directors of a corporate seller are not "sellers" for purposes of section 12(1) solely by virtue of their positions within the company. *See Royal American Managers, Inc. v. IRC Holding Corp.,* 885 F.2d 1011, 1017 (2nd Cir.1989). Here, the complaint contains no allegations that demonstrate that Bowman and Prakash did any active solicitation. Indeed the complaint does not allege any contact whatsoever between Starr and Bowman or Prakash. Starr's complaint contains only the conclusory allegation that because icontact CEO Christie solicited his approval of the merger that Bowman and Prakash, as board members, also solicited him. The Court is not convinced. The guidance in *Pinter* is clear: only those who actively solicit the purchase of unregistered securities can be liable under Section 12(1). *Pinter,* 486 U.S. 643-47; *see also Endo,* 812 F.Supp. at 1494. Starr's complaint fails to allege that Bowman and Prakash actively participated in the solicitation or sale of unregistered securities and therefore Count I must be dismissed as to them.

C. *Count II - Controlling Persons Liability*

 **[4]** Count II of the complaint alleges that Prakash, Bowman, the Telcom Entities, and Harbor Capital are liable under 15 U.S.C. § 77*o* as control persons of icontact or !hey. The Act provides, in relevant part, that "[e]very person who, by or through stock ownership, agency, or otherwise ... controls any person liable under sections 77k or 77*l* of this title, shall also be liable jointly and severally with and to the same extent as such controlled person to any person to whom such controlled person is liable...." 15 U.S.C. § 78o. In order to state a claim for control person liability, a plaintiff must allege: (1) a primary violation; (2) that the defendant actually exercised control over the general operations of the primary violator; and (3) that the control person had the power or ability (even if not exercised) to control the specific transaction that is alleged to give rise to liability. *Donohoe v. Consolidated Operating & Prod. Corp.,* 30 F.3d 907, 911-12 (7th Cir.1994); *Harrison v. Dean Witter Reynolds, Inc.,* 974 F.2d 873, 880 (7th Cir.1992). Starr's allegations in this regard consist of but a single paragraph: "By reason of their shareholder status, senior management positions and/or directorships as

Starr v. !Hey, Inc., Not Reported in F.Supp.2d (2003)

2003 WL 21212596, Fed. Sec. L. Rep. P 92,427

alleged above, these individual and corporate defendants had the power to influence, and exercised such power, to cause icontact and !hey to engage in the unlawful acts and conduct complained of herein." Starr self-servingly pleads a bare legal conclusion-that the individual and corporate defendants were control persons. But Starr alleges no facts, other than the Defendants' status as shareholders, senior managers, or directors, to support his conclusion. Courts within this District have consistently held that a plaintiff may not premise control person liability solely upon status within the company. *See, e.g., Donovan v. ABC-NACO, Inc.,* No. 02 C 1951, 2002 WL 1553259, * 6 (N.D.Ill. Jul.15, 2002); *In re Westell Tech ., Inc., Sec. Litig.,* No. 00 C 6735, 2001 WL 1313785, *12 (N.D.Ill. Oct.26, 2001); *Kaufman v. Motorola, Inc.,* No. 95 C 1069, 1999 WL 688780, * 16 (N.D. Ill. Apr. 16 1999); *Whirlpool Fin. Corp. v. GN Holdings, Inc.,* 873 F.Supp. 111, 120 (N.D.Ill.1995); *Feldman v. Motorola, Inc.,* No. 90 C 5887, 1993 WL 497228, *10 (N.D.Ill. Oct.14, 1993); *Craig v. First American Capital Res.,* 740 F.Supp. 530, 537 (N.D.Ill.1990). Instead, courts have required plaintiffs to plead sufficient facts to meet the two-part test announced in *Harrison:* (1) that defendants exercised control over the primary violator; and (2) that defendants exercised control over the operations constituting the specific violation. For example, a plaintiff sufficiently pleaded control person liability where the complaint alleged that the defendant was the majority shareholder (and therefore had control over the directors) and other defendants caused the corporation to disseminate to its minority shareholders information containing false and misleading statements. *Canel v. Lincoln Nat'l Bank,* No. 96 C 6595, 1997 WL 321679, *7 (N.D.Ill. Jun.6, 1997). Another plaintiff successfully avoided dismissal because the complaint alleged that the directors had day-to-day control over the operations of the corporation and the power to control the particular transaction in question. *In re Nanophase Tech. Corp. Sec. Litig.,* No. 98 C 3450, 2000 WL 1154631, *7 (N.D.Ill. Aug.14, 2000). Similarly, a court denied the motion to dismiss of directors who allegedly could have, but had not, prevented the dissemination of misleading information. *In re First Merch. Acceptance Corp. Sec. Litig.,* No. 97 C. 2715, 1998 WL 781118, *12-13 (N.D.Ill. Nov.4, 1998). Here, Starr presents nothing to support his claim that the individual defendants were control persons other than his sweeping and self-serving statement that the defendants should be liable solely by virtue of shareholder status or directorships. Such allegations are insufficient to state a claim for control person liability, and the Defendants' motions to dismiss Count II as to Prakash, Bowman, the Telcom Entities, and Harbor Capital is GRANTED.

D. *Counts III & v. - Common Law Claims*

 **\*5** Starr's common law claims are frivolous at best. First, Starr claims that Prakash, Bowman, the Telcom Entities, and Harbor Capital breached a fiduciary duty they owed him because they failed to disclose to him sufficient information in regards to the merger. Starr's claim is predicated on the assumption that the Defendants had some duty under the Act to disclose to him information about the merger by registering the securities that icontact and ! hey issued to him. At the outset, the Court is hard pressed to see how the Telcom Entities and Harbor Capital, both shareholders in icontact or !hey just as Starr was, would owe him any fiduciary duty whatsoever. But in any event, as noted in the Court's discussion of Counts I and II, none of the individual Defendants had any duty to Starr under the Securities Act. The Defendants' motion to dismiss Count III is GRANTED as to Prakash, Bowman, the Telcom Entities, and Harbor Capital.

In Count V, Starr alleges that the named Defendants converted his shares of ! hey when they refused to redeem his shares. Conversion requires a plaintiff to show that: (1) the defendant wrongfully assumed control over property; (2) his right to immediate possession of the property has been denied by the defendants; and (3) he has made a demand for the property. But the only entity that would be required to redeem Starr's shares of !hey would be !hey itself; Starr has no right to immediate redemption of the shares from the named Defendants. In other words, only !hey was obligated to redeem the shares and so only !hey could conceivably be liable for a refusal to redeem them. Starr could perhaps state a claim for conversion against the moving defendants if he alleged, for example, that Prakash, Bowman, the Telcom Entities, or Harbor Capital had swiped his stock certificates and refused to return them (but that clearly is not what happened). Defendants' motions to dismiss Count V of Starr's complaint is GRANTED as to Prakash, Bowman, the Telcom Entities, and Harbor Capital.

IV. Conclusion

For the foregoing reasons, the motions to dismiss of Prakash, Bowman, the Telcom Entities, and Harbor Capital are GRANTED and the Court dismisses with prejudice all counts against the moving Defendants. Starr's complaint remains pending against the non-moving Defendants, but as this opinion makes clear, Starr is skating on thin ice. Should it later

2003 WL 21212596, Fed. Sec. L. Rep. P 92,427

be revealed that Starr's claims in response to Prakash's § 77c and § 77d are false, and Starr knew them to be false, Starr risks the possibility of Rule 11 sanctions against him.

IT IS SO ORDERED.

**All Citations**

Not Reported in F.Supp.2d, 2003 WL 21212596, Fed. Sec. L. Rep. P 92,427

---

**End of Document**

© 2021 Thomson Reuters. No claim to original U.S. Government Works.