**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

|  |  |  |
|---|---|---|
| | ) | |
| | ) | |
| | ) | |
| **In re GOHEALTH, INC. SECURITIES** | ) | **Case No. 1:20-cv-5593** |
| **LITIGATION** | ) | |
| | ) | |
| | ) | **Judge:  Sharon Johnson Coleman** |
| | ) | |
| | ) | |
| | ) | |
| | ) | |

**GOHEALTH AND UNDERWRITER DEFENDANTS' MEMORANDUM OF LAW IN
<u>OPPOSITION TO LEAD PLAINTIFFS' MOTION TO STRIKE</u>**

**TABLE OF CONTENTS**

**Page**

I.  INTRODUCTION ..................................................................................................................1

II. ARGUMENT......................................................................................................................2

    A. Materials Properly Considered on a Motion to Dismiss.........................................2

    B. The 2020 10-K is Central to Plaintiffs' Claims .....................................................4

    C. The 2020 10-K is Properly Subject to Judicial Notice ..........................................6

III. CONCLUSION....................................................................................................................9

## TABLE OF AUTHORITIES

**Page(s)**

### CASES

*City of Royal Oak Ret. Sys. v. Juniper Networks, Inc.*,
    880 F. Supp. 2d 1045 (N.D. Cal. 2012) ...................................................................................6

*City of Sterling Heights Gen. Emps.' Ret. Sys. v. Hospira, Inc.*,
    No. 11 C 8332, 2013 WL 566805 (N.D. Ill. Feb. 13, 2013).......................................................2

*Cmty. Bank of Trenton v. Schnuck Markets, Inc.*,
    887 F.3d 803 (7th Cir. 2018) ...................................................................................................4

*Cumis Ins. Soc., Inc. v. Peters*,
    983 F.Supp. 787 (N.D. Ill. 1997) ..........................................................................................3, 4

*Fannon v. Guidant Corp.*,
    583 F.3d 995 (7th Cir. 2009) ...................................................................................................7

*Garden City Emps.' Ret. Sys. v. Anixter Int'l, Inc.*,
    2011 WL 1303387 (N.D. Ill. Mar. 31, 2011).................................................................. *passim*

*In re Guidant Corp. Sec. Litig.*,
    536 F. Supp. 2d 913 (S.D. Ind. 2008).......................................................................................7

*Hecker v. Deere & Co.*,
    556 F.3d 575 (7th Cir. 2009) ..........................................................................................3, 4, 5

*Hernandez v. Midland Credit Mgmt., Inc.*,
    2006 WL 695451 (N.D. Ill. March 14, 2006)..........................................................................3, 6

*Ind. Ins. Co. v. Westfield Ins. Co.*,
    No. 10C2660, 2010 WL 3404971 (N.D. Ill. Aug. 26, 2010)......................................................3

*Sharbaugh v. First Amend. Title Ins. Co.*,
    2007 WL 3307019 (N.D. Ill. Nov. 2, 2007) .........................................................................3, 6

*In re Shopko Sec. Litig.*,
    2002 WL 32003318 ...................................................................................................................4

*Tellabs, Inc. v. Makor Issues & Rights, Ltd.*,
    551 U.S. 308 (2007)..................................................................................................................2

*Tierney v. Vahle*,
    304 F.3d 734 (7th Cir. 2002) ...................................................................................................2

**RULES**

Fed. R. Civ. P. 10......................................................................................................................2

Fed. R. Civ. P. 12(b)(6)............................................................................................................2

Fed. R. Evid. 201 .............................................................................................................3, 6, 7

**TREATISES**

5B C. Wright & A. Miller, Federal Practice and Procedure § 1357 (3d Ed. 2004 and Supp. 2007)
............................................................................................................................................2

iii

Defendants GoHealth, Inc. ("GoHealth" or the "Company"), Clinton P. Jones, Brandon M. Cruz, Travis J. Matthiesen, NVX Holdings, Inc., Goldman Sachs & Co LLC, BofA Securities, Inc., and Morgan Stanley & Co. LLC (collectively, the "GoHealth and Underwriter Defendants"[1]) submit this memorandum of law in opposition to Lead Plaintiffs' Sudhakara R. Murikinati, Jerry Nixon, Benjamin Sandmann, and Jeff S. Turnipseed's (collectively, the "Plaintiffs") Motion to Strike (Dkt. No. 85) (the "Motion to Strike") Exhibit B (Dkt. No. 74-2) (the "2020 10-K") to the GoHealth and Underwriter Defendants' memorandum in support of their motion to dismiss (Dkt. No. 73) (the "Motion to Dismiss") the Consolidated Class Action Complaint (Dkt. No. 66) (the "Complaint," cited herein as "¶ ___") and any related references and assertions based on the 2020 10-K.

## I.      INTRODUCTION

GoHealth's actions and performance in 2020 are at the heart of Plaintiffs' Complaint. Plaintiffs allege that GoHealth secretly yet radically revised its business model in 2020, treating 2020 as an "investment year" that it knew, but failed to disclose, would negatively impact GoHealth's key financial metrics for 2020. Notwithstanding the centrality of 2020 to Plaintiffs' allegations and their own reliance on GoHealth's 2020 quarterly filings with the U.S. Securities and Exchange Commission ("SEC"), Plaintiffs seek to strike GoHealth's 2020 10-K—the annual filing reporting GoHealth's overall 2020 performance—and all assertions and references to the 2020 10-K in the Motion to Dismiss. Although the Complaint should be dismissed for all of the reasons stated in the Motion to Dismiss and related briefing regardless of whether the 2020 10-K is considered by the Court, the Court may properly consider the 2020 10-K at this stage.

---

[1] Together with Centerbridge Partners, L.P., CCP III AIV VII Holdings, L.P., CB Blizzard Co-Invest Holdings, L.P., Blizzard Aggregator, LLC, Centerbridge Associates III, L.P., CCP III Cayman GP Ltd., the GoHealth and Underwriter Defendants are referred to herein collectively as "Defendants."

1

Accordingly, Plaintiffs' attempt to improperly narrow the scope of information that the Court should consider in evaluating whether the Complaint adequately pleads actionable violations of the federal securities laws should be denied.

## II.      ARGUMENT

### A.      Materials Properly Considered on a Motion to Dismiss

A court considering a motion to dismiss in an action under the federal securities laws "must consider 'the complaint in its entirety, as well as other sources courts ordinarily examine when ruling on Rule 12(b)(6) motions to dismiss, in particular, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice.'"  *Garden City Emps.' Ret. Sys. v. Anixter Int'l, Inc.*, No. 09-cv-5641, 2011 WL 1303387, at *8 (N.D. Ill. Mar. 31, 2011) (quoting *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007) (citing 5B C. Wright & A. Miller, Federal Practice and Procedure § 1357 (3d Ed. 2004 and Supp. 2007))). "[D]ocuments that are critical to [a] complaint and referred to in it" as well as "information that is subject to proper judicial notice" are two exceptions to the general rule that courts should only look to the four corners of a complaint when assessing a motion to dismiss. *City of Sterling Heights Gen. Emps.' Ret. Sys. v. Hospira, Inc.*, 2013 WL 566805, at *10 (N.D. Ill. Feb. 13, 2013) (internal quotations omitted).

The former exception stems from Fed. R. Civ. P. 10 and the concern that "were it not for the exception, the plaintiff could evade dismissal under Rule 12(b)(6) simply by failing to attach to his complaint a document that proved that his claim had no merit." *Tierney v. Vahle*, 304 F.3d 734, 738 (7th Cir. 2002).  Thus, where material is referenced in, and central to the allegations of a complaint, courts may consider such material in evaluating a motion under Fed. R. Civ. P. 12(b)(6) in order to address the risk of strategic evasion. *Id*.  The Seventh Circuit "has been relatively

2

liberal in its approach to the [reference and centrality] rule[s] articulated in *Tierney* and other cases." *Hecker v. Deere & Co.*, 556 F.3d 575, 582 (7th Cir. 2009).

As to the latter exception, "[a] fact is judicially noticeable and properly considered on a motion to dismiss if it meets the requirements of Fed. R. Evid. 201." *Anixter Int'l, Inc.*, 2011 WL 1303387, at *12. Facts meet the requirements of Fed. R. Evid. 201 if they are both "not subject to reasonable dispute and either 1) 'generally known within the territorial jurisdiction of the trial court' or 2) 'capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned.'" *Id*. at *8 (quoting Fed. R. Evid. 201(b)). It is well established that public materials filed with the SEC and not subject to dispute fit these criteria. *See id*. at *12 ("Courts have concluded that judicial notice may be taken of the contents of public record disclosure documents filed with the SEC if the facts sought to be noticed are not subject to dispute."). In particular, courts within the Seventh Circuit routinely take judicial notice of Form 10-K filings. *See*, *e.g.*, *Hernandez v. Midland Credit Mgmt., Inc.*, No. 04 C 7844, 2006 WL 695451, at *4 (N.D. Ill. March 14, 2006) (taking judicial notice of a Form 10–K); *Sharbaugh v. First Amend. Title Ins. Co.*, No. 07 C 2628, 2007 WL 3307019, at *3 (N.D. Ill. Nov. 2, 2007) (same).

Here, the 2020 10-K fits both of these exceptions. The 2020 10-K, which discloses the details of GoHealth's 2020 performance, is not only at the heart of this case, but is also the type of SEC filing of which courts routinely take judicial notice. The Motion to Strike and Plaintiffs' alternative request to convert the Motion to Dismiss into a motion for summary judgment should be denied. *See, e.g., Ind. Ins. Co. v. Westfield Ins. Co.*, No. 10C2660, 2010 WL 3404971, at *3 (N.D. Ill. Aug. 26, 2010) ("Motions to strike [] are disfavored and will usually be denied") (quoting *Cumis Ins. Soc., Inc. v. Peters*, 983 F. Supp. 787, 798 (N.D. Ill. 1997); *Anixter Int'l Inc.*, 2011 WL

3

1303387, at *16 ("The Court may take judicial notice of SEC filings without converting a motion to dismiss to a motion for summary judgment.").

### B. The 2020 10-K is Central to Plaintiffs' Claims

Plaintiffs argue that the 2020 10-K is not central to Plaintiffs' claims because "Plaintiffs' claims are based on false statements and omissions in the Registration Statement" and thus "the 2020 10-K could not be the source of those statements or omissions." Motion to Strike at 5-6. Plaintiffs' view is improperly restrictive. The centrality requirement does not require (and Plaintiffs cite no authority suggesting as much) that the document at issue be the source of the alleged misstatements and omissions in a federal securities law claim. Instead, courts consider centrality from the perspective of whether the material in question speaks to the key issues in the case. *See, e.g.*, *Cmty. Bank of Trenton v. Schnuck Markets, Inc.*, 887 F.3d 803, 809 n. 2 (7th Cir. 2018) ("A court deciding a motion to dismiss under Rule 12(b)(6) may consider documents that are attached to a complaint or that are central to the complaint, even if not physically attached to it."); *Deere & Co.*, 556 F.3d at 583 (holding a trust agreement to be central because it "throws light on the relationship between [a third party trust company] and [defendant]).[2]

Here, because the Complaint turns on allegations of misstatements and omissions concerning GoHealth's full-year 2020 strategy and performance, the 2020 10-K is sufficiently

---

[2] Plaintiffs' cited cases do not direct otherwise. For example, *Fryman v. Atlas Fin. Holdings, Inc.* held only that documents including the purportedly materially false statements were central to the complaint, *not* that documents not containing the purportedly materially false statements could not be central. 462 F. Supp. 3d 888, 894-95 (N.D. Ill. 2020). Additionally, *In re Shopko Sec. Litig.* is both non-persuasive and non-binding on this Court. No. 01 C 1034, 2002 WL 32003318 (E.D. Wis. Nov. 5, 2002). Indeed, this court, in *Anixter Int'l, Inc.*, 2011 WL 1303387 (N.D. Ill. Mar. 31, 2011), was presented with *Shopko* but did not even address it. 2011 WL 1303387 (N.D. Ill. Mar. 31, 2011). The facts of *Shopko* are also inapposite. There, defendants submitted newspaper articles, press releases, and SEC filings as evidence of whether defendants violated Rule 10b–5 and, with respect to the SEC filings, as evidence of the truth of disclosures contained therein. *Shopko*, 2002 WL 32003318, at *1. In contrast, Defendants make no such request with respect to the 2020 10-K.

4

central to the Complaint. Plaintiffs' claims rest on the dual allegations that (1) 2020 was an "investment year" for GoHealth in which the Company radically revised its business plan and (2) that investment year negatively impacted GoHealth's financial metrics in 2020, including GoHealth's LTV. *See*, *e.g.*, ¶¶ 18; 22; 91; 95; 99; 100 (c)-(d); 103; 105 (c)-(d).

The fact that the 2020 10-K was filed after the Complaint does not negate the Court's ability to consider it. Plaintiffs' allegations expressly relate to 2020 as a whole, not simply to events that pre-date the filing of the initial complaint in September 2020. *See id*; *see also* ¶ 22, 124 (allegations concerning statements Defendants made in December 2020); ¶¶ 25, 126 (allegations concerning the movement of GoHealth's stock price in December 2020). If Plaintiffs had wished to cabin their allegations to the first three quarters of 2020, they could have done so. Instead, Plaintiffs chose to file allegations concerning the *entirety* of 2020, and they cite no authority—nor are Defendants aware of any—suggesting that an SEC disclosure central to these allegations somehow loses centrality simply because it was filed after the Complaint was.

Plaintiffs also argue that the 2020 10-K should not be considered because it was not referenced in the Complaint itself. Here, too, they are wrong. Plaintiffs referenced numerous SEC filings ¶¶ 9-13 (addressing 1Q results); ¶¶ 117-120 (addressing 2Q results); ¶¶ 121-123 (addressing 3Q results), and all of these results were incorporated into the 2020 10-K. Indeed, the 2020 10-K reflects the 1Q-3Q results Plaintiffs rely upon plus the 4Q results necessary to capture the full year 2020 performance about which Plaintiffs make their claims. Distilled to its core, Plaintiffs' argument is that the Court should view only selective SEC filings, and not the comprehensive filing that gives a full-year picture and directly contradicts their allegations.

Moreover, contrary to Plaintiffs' contention, explicit reference is not required. *See Deere & Co.*, 556 F.3d at 583 (affirming trial court's consideration of securities prospectuses in

5

connection with a motion to dismiss under this exception noting that while "[t]he Complaint did not mention the prospectuses, [they] were publicly available documents and thus relevant to the question of disclosure."). Indeed, courts considering claims premised on insider trading events routinely consider Forms 4 even where those documents are not explicitly referenced in the complaint, because insider trading data is only disclosed to the market through Forms 4. *See*, *e.g.*, *Atlas Fin. Holdings, Inc.*, 462 F. Supp. 3d at 895; *Anixter Int'l, Inc.*, 2011 WL 1303387, at *10; *City of Royal Oak Ret. Sys. v. Juniper Networks, Inc.*, 880 F. Supp. 2d 1045, 1059 (N.D. Cal. 2012). The same reasoning applies here. As stated, Plaintiffs' claims rely expressly on 2020 financial results which are only conveyed to the market in their complete form through GoHealth's 2020 10-K, and the Complaint explicitly references GoHealth's prior 1Q, 2Q, and 3Q financial results, ¶¶ 9-13 (addressing 1Q results); ¶¶ 117-120 (addressing 2Q results); ¶¶ 121-123 (addressing 3Q results), results which are incorporated into the 2020 10-K.

### C. The 2020 10-K is Properly Subject to Judicial Notice

The 2020 10-K is independently subject to judicial notice under Fed. R. Evid. 201. As an initial matter, Plaintiffs do not (and cannot) challenge that SEC filings are generally subject to judicial notice. *See Anixter Int'l, Inc.* 2011 WL 1303387, at *11 ("[I]t is clear that because they are public documents, "[j]udicial notice may be taken of publicly filed [Securities and Exchange Commission ("SEC")] documents") (internal citation omitted); *see also Midland Credit Mgmt., Inc.*, 2006 WL 695451, at *4 (taking judicial notice of a Form 10–K); *Sharbaugh*, 2007 WL 3307019, at *3 (same). Instead, Plaintiffs argue only that *this* particular Form 10-K does not qualify for judicial notice because "it is the subject of clear dispute." Motion to Strike at 7. However, the so-called dispute Plaintiffs identify—their argument that "Defendants use the 2020 10-K to make fact-based arguments . . . to justify granting their Motion to Dismiss"—is insufficient and misunderstands the nature of the "in dispute" inquiry. *Id*. at 2.

In assessing whether a document is in dispute, courts look to whether there is a reasonable dispute as to the accuracy and authenticity of the document in question. Whether or not the parties dispute the significance of the document is irrelevant. The court in *Anixter Int'l, Inc.* addressed this precise issue. In that case, defendants cited to SEC-filed Forms 4 in support of their motion to dismiss and plaintiffs objected to the court taking judicial notice of those forms on the basis that defendants misstated their significance. The court disagreed with plaintiffs, holding that plaintiffs' argument that "[d]efendants use the documents to make extrinsic factual assertions to support competing inferences" was beside the point, and that while the inferences to be drawn from the Forms 4 may be "disputed, the authenticity and accuracy of the Forms 4 themselves is not." *Anixter Int'l, Inc.*, 2011 WL 1303387, at *12. In other words, Plaintiffs' contention that "on a motion to dismiss, courts cannot judicially notice any fact that contradicts an inference alleged in a plaintiff's complaint … of course is not the law." *Id.*; *see also In re Guidant Corp. Sec. Litig.*, 536 F. Supp. 2d 913, 922 (S.D. Ind. 2008), *aff'd sub nom. Fannon v. Guidant Corp.*, 583 F.3d 995 (7th Cir. 2009) ("Plaintiffs have not demonstrated a reasonable dispute regarding the assertions made by Defendants which are supported by citation to [the document in question].").

Likewise, Plaintiffs' throwaway assertion that the 2020 10-K "cannot be assumed accurate because GoHealth personnel reported it" should not be credited. Motion to Strike at 7. First, if Plaintiffs could defeat judicial notice by baldly claiming the document in question "cannot be assumed accurate," that loophole would swallow the entirety of Fed. R. Evid. 201. Second, Plaintiffs conceded in their opposition that "Plaintiffs do not challenge GoHealth's financial results." Plaintiffs' Memorandum of Law in Opposition to the Motion to Dismiss (Dkt. 83) at 22. Thus, Plaintiffs have admitted to the Court that they do not dispute the very facts in the 2020 10-K upon which Defendants rely. *See* Motion to Dismiss at 10, 21, 32.

Moreover, Plaintiffs' argument is belied by *their own reliance on other GoHealth reported financials*. As noted above, in their Complaint, Plaintiffs explicitly relied on GoHealth's 1Q, 2Q, and 3Q 2020 financials. *See* ¶¶ 9-13 (addressing 1Q results); ¶¶ 117-120 (addressing 2Q results); ¶¶ 121-123 (addressing 3Q results). Plaintiffs cannot have it both ways. They cannot claim now that GoHealth's 10-K filing must be inaccurate because it was reported by GoHealth personnel when GoHealth's same-year 10-Q filings—which were also reported by GoHealth personnel and which are incorporated into the 2020 10-K—are sufficiently reliable and accurate to cite in the Complaint. *See Anixter Int'l, Inc.*, 2011 WL 1303387, at *12 ("The fact that Plaintiffs apparently relied on the Forms 4 from within the class period as the source of their allegations regarding Individual Defendants' allegedly-improper insider trades is further evidence that the Forms 4 from outside the class period are accurate and trustworthy.").

Finally, Plaintiffs appear to suggest that the 2020 10-K cannot be judicially noticed because Defendants only reference LTV figures when Plaintiffs' Complaint "focuses not on LTV, but a key financial ratio: LTV/CAC." Motion to Strike at 8. That argument is both inaccurate and irrelevant. To begin, the Complaint is rife with allegations about LTV alone. Indeed, one of the Complaint's headings reads in bold-face text: "**By the Time of the IPO, GoHealth Planned to Change Its Business Model, Negatively Impacting Customer Churn and the Company's LTV.**" Compl. at 30 (emphasis in original); *see also supra* at 5 (citing allegations from the Complaint addressing LTV alone). Moreover, even if Plaintiffs had a credible argument concerning the substantive merit of Defendants' use of the 2020 10-K, that argument would speak only to the weight the Court should apply to the 2020 10-K, not whether it qualifies for judicial notice in the first place. *See Anixter Int'l Inc.*, 2011 WL 1303387, at *12. Accordingly, this Court may properly take judicial notice of the 2020 10-K.

8

Plaintiffs alternatively request that the Court convert the Motion to Dismiss into a motion for summary judgment. Because the 2020 10-K can be properly considered within a motion to dismiss analysis, that alternative request should also be denied. *See*, *e.g.*, *id.* at \*16 ("The Court may take judicial notice of SEC filings without converting a motion to dismiss to a motion for summary judgment.").

## III.  CONCLUSION

For the foregoing reasons, the Motion to Strike and Plaintiffs' alternative request to convert the Motion to Dismiss into a motion for summary judgment should be denied.

Date:  July 13, 2021

Respectfully submitted,

/s/ Christopher J. Clark
One of the Attorneys for Defendants GoHealth, Inc., Clinton P. Jones, Brandon M. Cruz, Travis J. Matthiesen, and NVX Holdings, Inc.

Matthew Walch (ARDC No. 626308)
matthew.walch@lw.com
Jack M. McNeily (ARDC No. 6332140)
jack.mcneily@lw.com
LATHAM & WATKINS LLP
330 North Wabash Avenue, Suite 2800
Chicago, Illinois 60611
Telephone: (312) 876-7700
Facsimile: (312) 993-9767

Christopher J. Clark *(pro hac vice)*
christopher.clark@lw.com
Sandeep Savla *(pro hac vice)*
sandeep.savla@lw.com
LATHAM & WATKINS LLP
885 Third Avenue
New York, NY 10022
Telephone: (212) 906-1200
Facsimile: (212) 751-4864

*Counsel for Defendants GoHealth, Inc., Clinton P. Jones, Brandon M. Cruz, Travis J. Matthiesen, and NVX Holdings, Inc.*

9

/s/ Susan L. Saltzstein *(with consent)*

One of the Attorneys for Defendants Goldman Sachs & Co. LLC, BofA Securities, Inc., and Morgan Stanley & Co. LLC

Marcella L. Lape (ARDC No. 6286676)
marcie.lape@skadden.com
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
155 North Wacker Drive
Chicago, Illinois 60606
Telephone: (312) 407-0700
Facsimile: (312) 407-0411

Susan L. Saltzstein *(pro hac vice)*
susan.saltzstein@skadden.com
Lara A. Flath (ARDC No. 6289481)
lara.flath@skadden.com
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
One Manhattan West
New York, NY 10001-8602
Telephone: (212) 735-3000
Facsimile: (212) 735-2000

*Counsel for Defendants Goldman Sachs & Co. LLC, BofA Securities, Inc., and Morgan Stanley & Co. LLC*

10