UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| In re GOHEALTH, INC. SECURITIES LITIGATION | ) ) ) ) ) ) Case No. 20-cv-5593<br><br>Honorable Sharon Johnson Coleman |

**MEMORANDUM OPINION AND ORDER**

Lead Plaintiffs bring this action on behalf of themselves and all others similarly situated (collectively, "Plaintiffs") against GoHealth, Inc. ("GoHealth" or the "Company"), Centerbridge[1], NVX Holdings, Inc. ("NVX Holdings"), and three Individual Defendants: Clinton P. Jones ("Jones"), Brandon M. Cruz ("Cruz"), and Travis J. Matthiesen ("Matthiesen") (collectively, "Defendants"). Plaintiffs allege Defendants violated Sections 11 and 15 of the Securities Act of 1933, 15 U.S.C. §§ 77k and 77o (the "Securities Act"). Before the Court is Centerbridge's motion to dismiss Federal Rule of Civil Procedure 12(b)(6) [75]. For the following reasons, the Court grants in part and denies in part Defendant's motion to dismiss.

**Background**

The Court presumes familiarity with the facts as outlined in its April 5, 2022 ruling, denying the remaining Defendants' motion to dismiss. Centerbridge is a global private investment firm that served as the primary beneficiary and private equity sponsor of GoHealth's initial public offering ("IPO"). Prior to the IPO, Centerbridge acquired the entirety of the equity in Norvax, LLC ("Norvax"), GoHealth's operating entity. Centerbridge also entered into a stockholder agreement with GoHealth and NVX Holdings, a company controlled by GoHealth's founders (the "Founders"). The stockholder agreement required Centerbridge and NVX Holdings to vote all

---

[1] Consisting of Centerbridge Partners, L.P., CCP III AIV VII Holdings, L.P, CB Blizzard Co-Invest Holdings, L.P., Blizzard Aggregator, LLC, Centerbridge Associates III, L.P., and CCP III Cayman GP Ltd.

outstanding shares in favor of Centerbridge directors at any stockholder meeting in which directors are elected.

In July 2020, in connection with IPO, GoHealth filed its registration statement (the "Registration Statement") with the Securities and Exchange Commission ("SEC"). As explained in the Court's April 5, 2022 ruling, statements made in the Registration Statement form the basis for the Plaintiffs' allegations of liability. Relevant to Centerbridge, the Registration Statement included that, upon completion of the IPO:

> The Founders and Centerbridge will control, in the aggregate, approximately 70.8% of the voting power represented by all our outstanding classes of stock. As a result, the Founders and Centerbridge will continue to exercise significant influence over all matters requiring stockholder approval, including the election and removal of directors and the size of our board, any amendment of our amended and restated certificate of incorporation or bylaws and any approval of significant corporate transactions (including a sale of all or substantially all of our assets), and will continue to have control over our business, affairs, and policies, including the appointment of our management… We expect that members of our board will continue to be appointed by and/or affiliated with the Founders and Centerbridge who will have the ability to appoint the majority of directors… (Dkt. 76-1, at 83.)

After the IPO, GoHealth was considered a controlled company under the listing rules of the NASDAQ.

**Legal Standard**

A motion to dismiss pursuant to Rule 12(b)(6) for failure to state a claim tests the sufficiency of the complaint, not its merits. *Skinner v. Switzer*, 562 U.S. 521, 529, 131 S. Ct. 1289, 179 L. Ed. 2d 233 (2011). When considering dismissal of a complaint, the Court accepts all well-pleaded factual allegations as true and draws all reasonable inferences in favor of the plaintiff. *Erickson v. Pardus*, 551 U.S. 89, 94, 127 S. Ct. 2197, 167 L. Ed. 2d 1081 (2007) (per curiam). To survive a motion to dismiss, a plaintiff must "state a claim for relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007). A complaint is facially plausible when the plaintiff alleges enough "factual content that allows the court to draw the

reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009).

**Discussion**

Section 15 of the Securities Act "provid[es] a vehicle to hold one defendant vicariously liable for the securities violations committed by another."[2] *Donahoe v. Consol. Operating & Prod. Corp.*, 30 F.3d 907, 911 (7th Cir. 1994). To state a claim under Section 15, Plaintiffs must allege that the control person actually exercised control over the violator and possessed the ability to control the specific activity upon which the primary violation was predicated. *Harrison v. Dean Witter Reynolds, Inc.*, 974 F.2d 873, 881 (7th Cir. 1992). Control is often a question of fact not appropriate for resolution at the motion to dismiss stage. *See Flynn v. Exelon Corp.*, No. 19 C 8209, 2021 WL 1561712, at *11 (N.D. Ill. Apr. 21, 2021) (Kendall, J.) (citing *In re Spiegel, Inc. Sec. Litig.*, 382 F. Supp. 2d 989, 1029 (N.D. Ill. 2004) (Pallmeyer, J.)). The Seventh Circuit views Section 15 "as remedial, to be construed liberally, and requiring only some indirect means of discipline or influence short of actual direction to hold a 'control person' liable." *Harrison*, 974 F.2d at 880–81 (citations omitted).

First, because the Court denied the motion to dismiss Plaintiffs' Section 11 claim, the Section 15 claim does not fail as a matter of law. (Dkt. 100.); *see also W. Palm Beach Firefighters' Pension Fund v. Conagra Brands, Inc.*, 495 F. Supp. 3d 622, 673 (N.D. Ill. 2020) (Pacold, J.). Centerbridge argues that Plaintiffs' Section 15 claim nevertheless fails for two reasons: (1) Centerbridge did not actually exercise control over the general operations of GoHealth; and (2) Centerbridge did not have the power or ability to control the acts underlying the alleged violation at issue here.

Plaintiffs sufficiently allege that Centerbridge possessed actual control over GoHealth's operations. The Registration Statement states that Centerbridge and the Founders possessed the

---

[2] The Court cites to case law analyzing control person liability under Section 20(a) of the Securities Exchange Act because "the analysis applied to [§§ 15 and 20(a)] is the same." *See Central Laborers' Pension Fund v. SIRVA, Inc.*, No. 04 C 7644, 2006 WL 2787520, at *24 (N.D. Ill. Sept. 22, 2006) (Guzman, J.) (citing *Donohoe*, 30 F.3d at 911–13).

3

ability to: control matters requiring stockholder approval; control the amendment of the certificate of incorporation or bylaws; control significant corporate transactions; and appoint members of the Company's board that may be affiliated with Centerbridge and the Founders. (*See* Dkt. 76-1, at 83.) The stockholder agreement also required that CCP III give prior approval for certain corporate actions. Centerbridge argues that this shows it merely possessed the ability to control GoHealth and Plaintiffs fail to allege any conduct evidencing actual control. To the contrary, the Registration Statement states that Centerbridge would *continue* to exercise this control over GoHealth post-IPO, permitting the reasonable inference that Centerbridge had exercised control prior to the IPO.

Next, Centerbridge argues that Plaintiffs fail to allege that Centerbridge alone exercised control over the Company because the Registration Statement refers to control exercised by both Centerbridge and the Founders. This argument too fails because more than one entity may have requisite control under Section 15. 15 U.S.C. § 77o(a) ("*Every* person who… controls any person liable under sections 77k or 77l of this title, shall also be liable jointly and severally…") (emphasis added). That Centerbridge and the Founders may have shared control does not foreclose Defendant's liability. Moreover, that CCP III became a minority shareholder after the IPO is not dispositive of Plaintiffs' claims where Plaintiffs sufficiently allege other indicia of control. *Cf. Fulton Cty. Emps. Ret. Sys. v. MGIC Inv. Corp.*, 675 F.3d 1047, 1057 (7th Cir. 2012) ("A bloc of 20% or less may be enough for working control when no one else holds a substantial portion.").

Likewise, Plaintiffs sufficiently allege that Centerbridge possessed the ability to control GoHealth's acts underlying the alleged violation, that is, the alleged misstatements and/or material omissions in the Registration Statement. In particular, the Registration Statement states that Centerbridge would continue to exercise significant control over the election, removal, and appointment of directors. Plaintiffs therefore plausibly allege that Centerbridge possessed the ability to control the Company's statements to the investing public. *See, e.g., In re Spiegel, Inc. Sec. Litig.*, 382

F. Supp. 2d at 1022 (defendant's ability to appoint associates to leadership positions supported plaintiffs' allegation that defendant had the authority to control the company's statements to the public). Plaintiffs' allegations are sufficient, and the Court shall not delve deeper into a factual inquiry at the motion to dismiss stage. *Harrison*, 974 F.2d at 880–81.

Finally, Defendants argue that Plaintiffs failed to link three entities under Centerbridge umbrella to the claims: Centerbridge Partners, Centerbridge Associates III, L.P., and CCP III Cayman GP Ltd. These entities did not directly invest in GoHealth, they are not included in the Registration Statement's description of Centerbridge, and the complaint contains no specific allegations of control as to them. Plaintiffs respond that the entities' lack of direct investment does not foreclose control person liability, but Plaintiffs fail to further respond to Defendant's argument. *See Keri v. Bd. Of Trustees of Purdue Univ.*, 458 F.3d 620, 643 n.7 (7th Cir. 2006) (failure to respond to an opposing party's argument implies concession), *overruled on other grounds by Hill v. Tangherlini*, 724 F.3d 965 (7th Cir. 2013). Defendants Centerbridge Partners, Centerbridge Associates III, L.P., and CCP III Cayman GP Ltd. are dismissed without prejudice.

**Conclusion**

For the foregoing reasons, the Court grants in part and denies in part Defendant Centerbridge's motion to dismiss [75].

IT IS SO ORDERED.

Date: 4/18/2022

Entered: _____
SHARON JOHNSON COLEMAN
United States District Judge