UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF ILLINOIS

EASTERN DIVISION

| | | |
|---|---|---|
| In re GOHEALTH, INC. SECURITIES LITIGATION | ) ) ) ) | Case No. 1:20-cv-05593 |
| | ) | CLASS ACTION |
| | ) | |
| This Document Relates To: | ) ) | Judge Sharon Johnson Coleman |
| ALL ACTIONS. | ) ) ) | Magistrate Judge Gabriel A. Fuentes |

**AGREED CONFIDENTIALITY AND RULE 502(d) ORDER**

The Parties[1] to this Agreed Confidentiality and Rule 502(d) Order ("Order") have agreed, by and through their undersigned counsel, to the terms of this Order[2]; accordingly, it is ORDERED:

**1.    Scope**

All materials produced or adduced in the course of discovery in the above-captioned action, *In re GoHealth, Inc. Sec. Litig.*, No. 1:20-cv-05593, including, but not limited to, initial disclosures, responses to discovery requests, deposition testimony and exhibits, information or

---

[1]    Collectively, the Parties are Lead Plaintiffs Sudhakara R. Murikinati, Jerry Nixon, Benjamin Sandmann, and Jeff S. Turnipseed and Defendants GoHealth, Inc., Clinton P. Jones, Brandon M. Cruz, Travis J. Matthiesen, NVX Holdings, Inc., CCP III AIV VII Holdings, L.P., CB Blizzard Co-Invest Holdings, L.P., Blizzard Aggregator, LLC, Goldman Sachs & Co. LLC, BofA Securities, Inc., and Morgan Stanley & Co. LLC.

[2]    The Parties are concurrently submitting a redline version comparing this Agreed Confidentiality and Rule 502(d) Order to the Court's Model Confidentiality Order (Form LR 26.2).

- 1 -

documents disclosed, provided, or produced by a Party, and information derived directly therefrom (collectively, "Discovery Material"), shall be subject to this Order. This Order is subject to the Local Rules of this District and the Federal Rules of Civil Procedure on matters of procedure and calculation of time periods.

**2.    Confidential Discovery Material**

As used in this Order, "Confidential Discovery Material" means information designated as "Confidential" by the producing party that falls within one or more of the following categories: (a) information prohibited from disclosure by statute or that is required to be kept confidential pursuant to any law or regulation; (b) information that reveals trade secrets; (c) information that is competitively sensitive or commercially sensitive, including, but not limited to, research, analysis, technical, commercial, sales, business development, marketing, or financial information that the party has maintained as confidential; (d) medical information concerning any individual; (e) personal identity information; (f) income tax returns (including attached schedules and forms), W-2 forms, and 1099 forms; (g) personnel or employment records of a person who is not a party to this action; (h) information that the producing party is under a preexisting contractual or other obligation to a third party to treat as confidential; or (i) any other category of information given confidential status by the Court. Discovery Material that is available to the public may not be designated as Confidential.

**3.    Designation**

(a)    A party may designate Discovery Material as Confidential for protection under this Order by placing or affixing the word "CONFIDENTIAL" on the document and on all copies in a manner that will not interfere with the legibility of the document, or, with respect to documents produced in native format, by producing a one-page tagged image file format place-

holder stating "Confidential." As used in this Order, "copies" includes electronic images, duplicates, extracts, summaries, or descriptions that contain the Confidential Discovery Material. The marking "CONFIDENTIAL" shall be applied prior to or at the time the Discovery Material is produced or disclosed. Applying the marking "CONFIDENTIAL" to Discovery Material does not mean that the Discovery Material has any status or protection by statute or otherwise except to the extent and for the purposes of this Order. Any copies that are made of any Discovery Material marked "CONFIDENTIAL" shall also be so marked, except that indices, electronic databases, or lists of documents that do not contain substantial portions or images of the text of marked Confidential Discovery Material and do not otherwise disclose the substance of the Confidential information are not required to be marked.

(b) The designation of Discovery Material as Confidential is a certification by an attorney or a party appearing pro se that the Discovery Material contains Confidential information as defined in this Order.[3]

4. **Depositions**

Unless all parties agree on the record at the time the deposition testimony is taken to some other designation, all deposition testimony taken in this action shall be treated as Confidential Discovery Material until the expiration of the following: no later than the 30th day after the transcript is delivered to any party or the witness, and in no event later than 60 days after the testimony was given. Within this time period, a party may serve a Notice of Designation to all parties of record as to specific portions of the testimony (and exhibits thereto) that are designated

---

[3] An attorney who reviews and designates Discovery Material as Confidential must be admitted to the Bar of at least one state but need not be admitted to practice in the Northern District of Illinois unless the lawyer is appearing generally in this action on behalf of a Party. By designating Discovery Material as Confidential pursuant to this Order, counsel submits to the jurisdiction and sanctions of this Court on the subject matter of the designation.

Confidential Discovery Material, and thereafter only those portions identified in the Notice of Designation shall be protected by the terms of this Order. The failure to serve a timely Notice of Designation shall waive any designation of testimony taken in that deposition as Confidential Discovery Material, unless otherwise ordered by the Court.

**5. Protection of Confidential Discovery Material**

(a) **General Protections**. Unless otherwise agreed by the Parties, Confidential Discovery Material shall not be used or disclosed by the Parties, counsel for the Parties, or any other persons identified in subparagraph (b) for any purpose whatsoever other than in this litigation, including any appeal thereof. Confidential Discovery Material may be disclosed only to the Court-ordered Lead Plaintiffs and not to any other member of the putative or certified class. Counsel for the Parties shall exercise reasonable care to ensure that the information and documents governed by this Order are: (i) used only for the purpose specified herein; and (ii) disclosed only to authorized persons. Nothing contained in this Order, however, will affect or restrict the rights of any party with respect to its own documents or information in this action or to documents publicly filed.

(b) **Disclosure of Confidential Discovery Material**. The Parties and counsel for the Parties shall not disclose or permit the disclosure of any Confidential Discovery Material to any third person or entity except as set forth in subparagraphs (*i*)-(*x*). Subject to these requirements, the following categories of persons may be allowed to review Confidential Discovery Material:

(i) **Counsel**. Counsel retained for this action and the paralegals, employees, and other staff of such counsel who have responsibility for this action.

(ii)     **Parties**.  The Parties to this action, including, as to any corporate Party, its directors, officers, employees (including in-house counsel), insurers, and agents to whom disclosure is reasonably necessary.

(iii)     **The Court and Its Personnel**.

(iv)     **Court Reporters and Vendors**.  Court reporters and recorders engaged for depositions and other professional vendors to whom disclosure is reasonably necessary for this action.

(v)     **Document Contractors**.  Those persons specifically engaged for the limited purpose of making copies of documents or organizing or processing documents, including outside vendors hired to process electronically stored documents.

(vi)     **Consultants and Experts**.  Consultants, investigators, or experts, along with their staff, employed by the Parties or counsel for the Parties to assist in the preparation and trial of this action but only after such persons have completed the certification contained in Attachment A, Acknowledgment of Understanding and Agreement to Be Bound.

(vii)     **Witnesses at Depositions**.  During their depositions, witnesses in this action to whom disclosure is reasonably necessary.  Witnesses shall not retain a copy of Confidential Discovery Material, except witnesses may receive a copy of all exhibits marked at their depositions in connection with review of the transcripts.  Pages of transcribed deposition testimony or exhibits to depositions that are designated as Confidential pursuant to the process set out in this Order must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Order.

(viii)     **Author or Recipient**.  The author or recipient of the Confidential Discovery Material (not including a person who received the document in the course of litigation).

- 5 -

(ix)    **Mediator**.  Any mediator or other person engaged for the purpose of alternative dispute resolution of this action.

(x)    **Others by Consent**.  Other persons only by written consent of the producing party or upon order of the Court and on such conditions as may be agreed or ordered.

(c)    **Storage of Confidential Discovery Material**.  A receiving party shall use its best efforts to ensure that Confidential Discovery Material is stored and maintained at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.  For purposes of this Order, a secure website, or other internet-based document depository with adequate security and access limited to persons authorized under this Order, shall be deemed a secure location.

## 6.    Non-Parties

Non-parties who are requested to produce Discovery Material or provide testimony in this action may avail themselves of the provisions of this Order and may designate and produce Discovery Material as Confidential in accordance with its provisions without further action by the Court.

## 7.    Control of Discovery Material

Every person to whom Confidential Discovery Material is to be disclosed under subparagraphs (ii), (iv)-(vii), and (ix)-(x) of paragraph 5 above shall be advised that the Confidential Discovery Material is being disclosed pursuant and subject to the terms of this Order.  Counsel for the Parties shall make reasonable efforts to prevent unauthorized or inadvertent disclosure of Confidential Discovery Material.  If a receiving party learns that, by inadvertence or otherwise, it has disclosed Confidential Discovery Material to any person not authorized under this Order, the receiving party must use reasonable efforts to: (a) retrieve all copies or obtain a

- 6 -

certification of destruction of the Confidential Discovery Material; (b) inform the person or persons to whom unauthorized disclosures were made of the terms of this Order (which can be accomplished by providing a copy of this Order); and (c) inform the designating party of the disclosure. Counsel shall maintain the originals of the forms signed by persons acknowledging their obligations under this Order for a period of three years after the termination of this action.

### 8. Inadvertent Failure to Designate

An inadvertent failure to designate Discovery Material as Confidential does not, standing alone, waive the right to so designate the document; provided, however, that a failure to serve a timely Notice of Designation of deposition testimony as required by this Order, even if inadvertent, waives any protection for deposition testimony. If a party designates Discovery Material as Confidential after it was initially produced, the receiving party, on notification of the designation, must make a reasonable effort to assure that the document is treated in accordance with the provisions of this Order. No party shall be found to have violated this Order for failing to maintain the confidentiality of material during a time when that material has not been designated Confidential, even where the failure to so designate was inadvertent and where the material is subsequently designated Confidential, except that a party may be found to have violated this Order if the party fails to maintain the confidentiality of deposition testimony taken in this action during the period before the designation expiration date set forth in paragraph 4.

### 9. Privileged Material Disclosure and Rule 502(d) Order

If a producing party discloses to a receiving party information subject to a claim of attorney-client privilege or attorney work product protection that would otherwise apply, such disclosure shall not constitute or be deemed a waiver or forfeiture of any privilege or work product

protection with respect to the specific disclosed Discovery Material that is being claimed as privileged or protected.

### 10. Time for Asserting Privilege and Protection

The producing party may assert privilege or protection over produced Discovery Material at any time by notifying the receiving party in writing of the assertion of privilege or protection, except that:

(a) affirmative use (which for the avoidance of doubt shall not include production) of the Discovery Material by the producing party in this action waives privilege and protection with respect to it, and of other Discovery Material to the extent provided by Rule 502(a) of the Federal Rules of Evidence; and

(b) upon use in this action by another of Discovery Material that is being claimed as privileged or protected that was produced by a party, that producing party must promptly assert any claimed privilege and/or protection over it and request return or destruction thereof.

### 11. Disputing Claims of Privilege/Protection Over Produced Documents

Upon notification from the producing party that Discovery Material that is being claimed as privileged or protected has been produced, the receiving party will:

(a) to whatever extent it contests the assertion of privilege or protection, promptly so notify the producing party, and maintain the contested Discovery Material in confidence pending resolution of the contest by the Court (in the event of a contested assertion of privilege or protection over produced Discovery Material that cannot be resolved amicably after meeting and conferring in good faith pursuant to L.R. 37.2, either party may bring the contest to the attention of the Court by motion); and

(b)     to whatever extent the receiving party does not contest the assertion of privilege or protection, make no use of or otherwise disclose the Discovery Material that is being claimed as privileged or protected, and promptly certify in writing to the producing party that it has returned or destroyed the applicable Discovery Material, and has made reasonably diligent efforts to: (i) delete any electronic versions from any data source or any database it maintains; (ii) retrieve all electronic and paper copies provided to any third parties, including experts; and (iii) destroy any notes that reveal the substance of the claimed privileged or protected information.

## 12.     Filing of Confidential Information

This Order does not, by itself, authorize the filing of any Discovery Material under seal. Any party wishing to file Confidential Discovery Material in connection with a motion, brief, or other submission to the Court must comply with L.R. 26.2.

## 13.     No Greater Protection of Specific Documents

Except on privilege grounds not addressed by this Order, no party may withhold information from discovery on the ground that it requires protection greater than that afforded by this Order unless by agreement of the parties, or absent agreement, if the party moves for an order providing such special protection.

## 14.     Challenges by a Party to Designation as Confidential

The designation of any Discovery Material as Confidential is subject to challenge by any party. The following procedure shall apply to any such challenge.

(a)     **Meet and Confer**.  A party challenging the designation of Discovery Material as Confidential must do so in good faith and must begin the process by conferring directly with counsel for the designating party.  In conferring, the challenging party must explain the basis for its belief that the confidentiality designation was not proper and must give the designating party

an opportunity to review the designated material, to reconsider the designation, and, if no change in designation is offered, to explain the basis for the designation. The designating party must respond to the challenge within five (5) business days. The parties shall make a good faith effort to resolve any dispute concerning the designation by agreement or stipulation.

(b) **Judicial Intervention**. A party that elects to challenge a confidentiality designation may file and serve a motion that identifies the challenged material and sets forth in detail the basis for the challenge. For the avoidance of doubt, the challenging party's motion or application regarding the challenged material shall be filed under seal and identify with specificity the Confidential Discovery Material that is the subject of the motion. Each such motion must be accompanied by a competent declaration that affirms that the movant has complied with the meet-and-confer requirements of this procedure. The burden of persuasion in any such challenge proceeding shall be on the designating party. Until the Court rules on the challenge, all Parties shall continue to treat the Discovery Material as Confidential under the terms of this Order.

## 15. Action by the Court

Applications to the Court for an order relating to Discovery Material designated as Confidential shall be by motion. Nothing in this Order or any action or agreement of a party under this Order limits the Court's power to make orders concerning the disclosure of documents produced in discovery or at trial.

## 16. Use of Confidential Discovery Material at Hearing or Trial

Nothing in this Order shall be construed to affect the use of any Discovery Material at any trial or hearing. A party that intends to present or that anticipates that another party may present Confidential Discovery Material at a hearing or trial shall bring that issue to the Court's and Parties' attention by motion or in a pretrial memorandum without disclosing the Confidential

- 10 -

Discovery Material.  Upon raising the issue, and if reasonably possible, the Parties shall meet and confer and promptly inform the Court whether the Parties propose an agreed way to produce or redact the Confidential Discovery Material so that the material may be offered or otherwise used by any Party.  The Court may thereafter make such orders as are necessary to govern the use of such Confidential Discovery Material at trial.

**17.** **Confidential Discovery Material Subpoenaed or Ordered Produced in Other Litigation**

(a)     If a receiving party is served with a subpoena or an order issued in other litigation that would compel disclosure of any Discovery Material designated in this action as Confidential, the receiving party must so notify the designating party, in writing, immediately and in no event more than three court days after receiving the subpoena or order.  Such notification must include a copy of the subpoena or court order.

(b)     The receiving party also must immediately inform in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is the subject of this Order.  In addition, the receiving party must deliver a copy of this Order promptly to the party in the other action that caused the subpoena to issue.

(c)     The purpose of imposing these duties is to alert the interested persons to the existence of this Order and to afford the designating party in this action an opportunity to try to protect its Confidential Discovery Material in the court from which the subpoena or order issued. The designating party shall bear the burden and the expense of seeking protection in that court of its Confidential Discovery Material, and nothing in these provisions should be construed as authorizing or encouraging a receiving party in this action to disobey a lawful directive from

another court. The obligations set forth in this paragraph remain in effect while the party has in its possession, custody, or control Confidential Discovery Material by the other party to this action.

**18.     Challenges by Members of the Public to Sealing Orders**

A party or interested member of the public has a right to challenge the sealing of particular documents that have been filed under seal, and the party asserting confidentiality will have the burden of demonstrating the propriety of filing under seal.

**19.     Obligations on Conclusion of Litigation**

(a)     **Order Continues in Force**. Even after the termination of this action, unless otherwise agreed or ordered, this Order shall remain in force until a designating party agrees otherwise in writing.

(b)     **Obligations at Conclusion of Litigation**. Within 63 days after dismissal or entry of final judgment not subject to further appeal, all Discovery Material designated as "Confidential" under this Order, including copies as defined in paragraph 3(a), shall be returned to the producing party, or destroyed, at the receiving party's discretion. In either case, the receiving party agrees it will not keep copies of any Confidential Discovery Material. At that time, each receiving party will certify to the producing party via email that they have complied with this paragraph.

(c)     **Retention of Work Product and Archival Copy**. Notwithstanding the above requirements to return or destroy documents, counsel may retain: (i) attorney work product, including an index that refers or relates to designated Confidential Discovery Material so long as that work product does not duplicate verbatim substantial portions of Confidential Discovery Material; and (ii) one complete set of all documents filed with the Court including those filed under seal. Any retained Confidential Discovery Material shall continue to be protected under this Order.

(d)    **Deletion of Documents Filed Under Seal from Electronic Case Filing (ECF) System**.  Filings under seal shall be deleted from the ECF system only upon order of the Court.

20.    **Order Subject to Modification**

This Order shall be subject to modification by the Court on its own initiative or on motion of a Party or any other person with standing concerning the subject matter.

21.    **No Prior Judicial Determination**

This Order is entered based on the representations and agreements of the Parties and for the purpose of facilitating discovery.  Nothing herein shall be construed or presented as a judicial determination that any Discovery Material by counsel or the Parties is entitled to protection under Fed. R. Civ. P. 26(c) or otherwise until such time as the Court may rule on a specific document or issue.

22.    **Persons Bound**

This Order shall take effect when entered and shall be binding upon all counsel of record and their law firms, the Parties, and persons made subject to this Order by its terms.  This Court shall retain jurisdiction over all persons subject to this Order to the extent necessary to enforce any obligations arising hereunder or to impose sanctions for any contempt thereof.

23.    **Non-waiver**

The production of Discovery Materials by a party under the terms of this Order shall not be construed to mean that the producing party has waived any objection to the relevancy or admissibility of such Discovery Material.  This Order shall not constitute a waiver of the right of any Party to claim in this action or otherwise that any Discovery Material, or any portion thereof, is privileged or otherwise non-discoverable.

- 14 -

IT IS SO ORDERED.

DATED: _____ _____

HONORABLE SHARON JOHNSON COLEMAN
UNITED STATES DISTRICT JUDGE

MAYER BROWN LLP LLP
J. GREGORY DEIS (ARDC No. 6278910)

*/s/ J. Gregory Deis*
J. GREGORY DEIS

SARA NORVAL (ARDC No. 6324420)
71 South Wacker Drive
Chicago, IL 60606
Telephone: 312/782-0600
312/701-7711 (fax)
gdeis@mayerbrown.com
snorval@mayerbrown.com

MAYER BROWN LLP
GLENN K. VANZURA (*pro hac vice*)
MATTHEW O. KUSSMAN (*pro hac vice*)
350 South Grand Avenue, #2500
Los Angeles, CA 90071
Telephone: 213/229-9500
gvanzura@mayerbrown.com
mkussman@mayerbrown.com

MAYER BROWN LLP
JACQUELINE M. VALLETTE
(*pro hac vice*)
700 Louisiana Street, Suite 3400
Houston, TX 77002
Telephone: 713/238-3000
jvallette@mayerbrown.com

*Counsel for Defendants GoHealth, Inc., Clinton P. Jones, Brandon M. Cruz, Travis J. Matthiesen, and NVX Holdings, Inc.*

SKADDEN ARPS SLATE MEAGHER
& FLOM LLP

*/s/ Marcella L. Lape*
MARCELLA L. LAPE
(ARDC No. 6286676)

155 North Wacker Drive, Suite 2700
Chicago, IL 60606
Telephone: 312/407-0700
312/407-0411 (fax)
marcie.lape@skadden.com

ROBBINS GELLER RUDMAN
& DOWD LLP
ROBERT J. ROBBINS (IL Bar #572233)

*s/ Robert J. Robbins*
ROBERT J. ROBBINS

SABRINA E. TIRABASSI (IL Bar #25521)
SAMUEL C. FELDMAN (IL Bar #326206)
MATTHEW A. RICHARD (IL Bar #1031327)
120 East Palmetto Park Road, Suite 500
Boca Raton, FL 33432
Telephone: 561/750-3000
561/750-3364 (fax)
rrobbins@rgrdlaw.com
stirabassi@rgrdlaw.com
sfeldman@rgrdlaw.com
mrichard@rgrdlaw.com

ROBBINS GELLER RUDMAN
& DOWD LLP
BRIAN E. COCHRAN (IL Bar #6329016)
JAMES E. BARZ (IL Bar #6255605)
FRANK A. RICHTER (IL Bar #6310011)
200 South Wacker Drive, 31st Floor
Chicago, IL 60606
Telephone: 312/674-4674
312/674-4676 (fax)
bcochran@rgrdlaw.com
jbarz@rgrdlaw.com
frichter@rgrdlaw.com

*Lead Counsel for Lead Plaintiffs*

JOHNSON FISTEL, LLP
MICHAEL I. FISTEL, JR.
40 Powder Springs Street
Marietta, GA 30064
Telephone: 470/632-6000
770/200-3101 (fax)
michaelf@johnsonfistel.com

- 1 -

- 2 -

SKADDEN ARPS SLATE MEAGHER
   & FLOM LLP
SUSAN L. SALTZSTEIN (*pro hac vice*)
One Manhattan West
New York, NY 10001-8602
Telephone: 212/735-3000
212/735-2000 (fax)
susan.saltzstein@skadden.com

*Counsel for Defendants Goldman Sachs &*
*Co. LLC, BofA Securities, Inc., and*
*Morgan Stanley & Co. LLC*

AKIN GUMP STRAUSS HAUER
   & FELD LLP

          */s/ Michelle Reed*
      MICHELLE REED (*pro hac vice*)

2300 North Field Street, Suite 1800
Dallas, TX 75201
Telephone: 214/969-2800
214/969-4343 (fax)
mreed@akingump.com

AKIN GUMP STRAUSS HAUER
   & FELD LLP
KATHERINE R. GOLDSTEIN
(*pro hac vice*)
NATHANIEL B. BOTWINICK
One Bryant Park
New York, NY 10036
Telephone: 212/872-1000
212/872-1002 (fax)
kgoldstein@akingump.com
nbotwinick@akingump.com

MOLOLAMKEN LLP
MEGAN CUNNIFF CHURCH
300 North LaSalle Drive, Suite 5350
Chicago, IL 60654
Telephone: 312/450-6716
312/450-6701 (fax)
mchurch@mololamken.com

*Counsel for CCP III AIV VII Holdings, L.P.,*
*CB Blizzard Co-Invest Holdings, L.P.,*
*Blizzard Aggregator, LLC*

HAGENS BERMAN SOBOL SHAPIRO LLP
REED R. KATHREIN
LUCAS E. GILMORE
715 Hearst Avenue, Suite 202
Berkeley, CA 94710
Telephone: 510/725-3000
510/725-3001 (fax)
reed@hbsslaw.com
lucasg@hbsslaw.com

*Additional Counsel for Lead Plaintiffs*

**ATTACHMENT A**
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In re GOHEALTH, INC. SECURITIES LITIGATION | ) ) | Case No. 1:20-cv-05593 |
| | ) | CLASS ACTION |
| | ) | |
| This Document Relates To: | ) ) | Judge Sharon Johnson Coleman |
| ALL ACTIONS. | ) ) | |
| | ) | |

## ACKNOWLEDGMENT OF UNDERSTANDING AND AGREEMENT TO BE BOUND

The undersigned hereby acknowledges that he/she/it has read the Confidentiality and Rule 502(d) Order dated _____ in the above-captioned action and attached hereto, understands the terms thereof, and agrees to be bound by its terms. The undersigned submits to the jurisdiction of the United States District Court for the Northern District of Illinois in matters relating to the Confidentiality and Rule 502(d) Order and understands that the terms of the Confidentiality and Rule 502(d) Order obligate him/her/it to use Discovery Material designated as Confidential in accordance with the Confidentiality and Rule 502(d) Order solely for the purposes of the above-captioned action, and not to disclose any such Confidential Discovery Material to any other person, firm, or concern.

The undersigned acknowledges that violation of the Confidentiality and Rule 502(d) Order may result in penalties for contempt of court.

Name: _____

Job Title: _____

Employer: _____

Business Address: _____

_____

DATED: _____

_____
SIGNATURE

~~Form  LR 26.2~~

~~MODEL CONFIDENTIALITY~~
~~ORDER~~

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF ILLINOIS

<span style="color:green">EASTERN DIVISION</span>



| In re GOHEALTH, INC. SECURITIES LITIGATION | ) ) ) ) | Case No.  1:20-cv-05593 |
| | | CLASS ACTION |
| This Document Relates To: | ) ) ) ) | Judge Sharon Johnson Coleman |
| ALL ACTIONS. | | Magistrate Judge Gabriel A. Fuentes |

~~[Agreed]~~[+] ~~Confidentiality Order~~

1

[IF BY AGREEMENT] AGREED CONFIDENTIALITY AND RULE 502(d) ORDER

The Parties[1] to this Agreed Confidentiality and Rule 502(d) Order ("Order") have agreed, by and through their undersigned counsel, to the terms of this Order[2]; accordingly, it is ORDERED:

[if not fully agreed] A party to this action has moved that the Court enter a confidentiality order. The Court has determined that the terms set forth herein are appropriate to protect the respective interests of the parties, the public, and the Court. Accordingly, it is ORDERED:

1.      Scope

All materials produced or adduced in the course of discovery in the above-captioned action, *In re GoHealth, Inc. Sec. Litig.*, No. 1:20-cv-05593, including, but not limited to, initial disclosures, responses to discovery requests, deposition testimony and exhibits, information or documents disclosed, provided, or produced by a Party, and information derived directly therefrom (hereinafter collectively

1      Counsel should include or delete language in brackets as necessary to the specific case. Any other changes to this model order must be shown by redlining that indicates both deletions and additions to the model text. Counsel may also modify this model order as appropriate for the circumstances of the case. This model order is for the convenience of the parties and the court and not intended to create a presumption in favor of the provisions in this model order and against alternative language proposed by the parties. The court will make the final decision on the terms of any order notwithstanding the agreement of the parties.

---

[1]   Collectively, the Parties are Lead Plaintiffs Sudhakara R. Murikinati, Jerry Nixon, Benjamin Sandmann, and Jeff S. Turnipseed and Defendants GoHealth, Inc., Clinton P. Jones, Brandon M. Cruz, Travis J. Matthiesen, NVX Holdings, Inc., CCP III AIV VII Holdings, L.P., CB Blizzard Co-Invest Holdings, L.P., Blizzard Aggregator, LLC, Goldman Sachs & Co. LLC, BofA Securities, Inc., and Morgan Stanley & Co. LLC.

[2]   The Parties are concurrently submitting a redline version comparing this Agreed Confidentiality and Rule 502(d) Order to the Court's Model Confidentiality Order (Form LR 26.2).

"documents, "Discovery Material"), shall be subject to this Order concerning Confidential Information as defined below.. This Order is subject to the Local Rules of this District and the Federal Rules of Civil Procedure on matters of procedure and calculation of time periods.

**2.      Confidential Information. Discovery Material**

As used in this Order, "Confidential InformationDiscovery Material" means information designated as "Confidential SUBJECT TO PROTECTIVE ORDER" by the producing party that falls within one or more of the following categories: (a) information prohibited from disclosure by statute or that is required to be kept confidential pursuant to any law or regulation; (b) information that reveals trade secrets; (c) information that is competitively sensitive or commercially sensitive, including, but not limited to, research, analysis, technical, commercial, sales, business development, marketing, or financial information that the party has maintained as confidential; (d) medical information concerning any individual; (e) personal identity information; (f) income tax returns (including attached schedules and forms), W-2 forms, and 1099 forms; or (g) personnel or employment records of a person who is not a party to this action; (h) information that the case[2]. Informationproducing party is under a preexisting contractual or other obligation to a third party to treat as confidential; or documents that are(i) any other category of information given confidential status by the Court. Discovery Material that is available to the public may not be designated as Confidential Information.

**2.3.    Designation.**

A party may designate a documentDiscovery Material as Confidential Information for protection under this Order by placing or affixing the words "CONFIDENTIAL SUBJECT TO PROTECTIVE ORDER" on the document and on all copies in a manner that will not interfere with the legibility of the document., or, with respect to documents produced in native format, by producing a one-page tagged image file format place-holder stating "Confidential." As used in this Order, "copies" includes electronic images, duplicates, extracts, summaries, or descriptions that contain

2 If protection is sought for any other category of information, the additional category shall be described in paragraph 2 with the additional language redlined to show the change in the proposed Order.

(a) the Confidential Information.Discovery Material. The marking "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" shall be applied prior to or at the time of the documents areDiscovery Material is produced or disclosed. Applying the marking "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" to a documentDiscovery Material does not mean that the documentDiscovery Material has any status or protection by statute or otherwise except to the extent and for the purposes of this Order. Any copies that are made of any documentsDiscovery Material marked "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" shall also be so marked, except that indices, electronic databases, or lists of documents that do not contain substantial portions or images of the text of marked documentsConfidential Discovery Material and do not otherwise disclose the substance of the Confidential information are not required to be marked.

(b) The designation of a documentDiscovery Material as Confidential Information is a certification by an attorney or a party appearing pro se that the documentDiscovery Material contains Confidential information as defined in this Order.[33]

**3.4. Depositions .[4]**

---

[3] An attorney who reviews and designates Discovery Material as Confidential must be admitted to the Bar of at least one state but need not be admitted to practice in the Northern District of Illinois unless the lawyer is appearing generally in this action on behalf of a Party. By designating Discovery Material as Confidential pursuant to this Order, counsel submits to the jurisdiction and sanctions of this Court on the subject matter of the designation.

Alternative A. Deposition testimony is protected by this Order only if designated as "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" on the record at the time the testimony is taken. Such designation shall be specific as to the portions that contain

3      An attorney who reviews the documents and designates them as CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER must be admitted to the Bar of at least one state but need not be admitted to practice in the Northern District of Illinois unless the lawyer is appearing generally in the case on behalf of a party.  By designating documents confidential pursuant to this Order, counsel submits to the jurisdiction and sanctions of this Court on the subject matter of the designation.

4      The parties or movant seeking the order shall select one alternative for handling deposition testimony and delete by redlining the alternative provision that is not chosen.

Confidential Information. Deposition testimony so designated shall be treated as Confidential Information protected by this Order until fourteen days after delivery of the transcript by the court reporter to any party or the witness. Within fourteen days after delivery of the transcript, a designating party may serve a Notice of Designation to all parties of record identifying the specific portions of the transcript that are designated Confidential Information, and thereafter those portions identified in the Notice of Designation shall be protected under the terms of this Order. The failure to serve a timely Notice of Designation waives any designation of deposition testimony as Confidential Information that was made on the record of the deposition, unless otherwise ordered by the Court.

Alternative B. Unless all parties agree on the record at the time the deposition testimony is taken to some other designation, all deposition testimony taken in this caseaction shall be treated as Confidential InformationDiscovery Material until the expiration of the following: no later than the fourteenth30th day after the transcript is delivered to any party or the witness, and in no event later than 60 days after the testimony was given,.  Within this time period, a party may serve a

5

Notice of Designation to all parties of record as to specific portions of the testimony (and exhibits thereto) that are designated Confidential ~~Information~~Discovery Material, and thereafter only those portions identified in the Notice of Designation shall be protected by the terms of this Order.  The failure to serve a timely Notice of Designation shall waive any designation of testimony taken in that deposition as Confidential ~~Information~~Discovery Material, unless otherwise ordered by the Court.

    **~~4.~~5.   Protection of Confidential Discovery Material~~.~~**

(a) **General Protections**.  Unless otherwise agreed by the Parties, Confidential InformationDiscovery Material shall not be used or disclosed by the Parties, counsel for the Parties, or any other persons identified in subparagraph (b) for any purpose whatsoever other than in this litigation, including any appeal thereof. [INCLUDE IN PUTATIVE CLASS ACTION CASE: In a putative class action, Confidential InformationDiscovery Material may be disclosed only to the named plaintiff(s)Court-ordered Lead Plaintiffs and not to any other member of the putative class unless and until a class including the putative member has beenor certified.] class.  Counsel for the Parties shall exercise reasonable care to ensure that the information and documents governed by this Order are: (i) used only for the purpose specified herein; and (ii) disclosed only to authorized persons.  Nothing contained in this Order, however, will affect or restrict the rights of any party with respect to its own documents or information in this action or to documents publicly filed.

(b) Limited Third Party Disclosures.**Disclosure of Confidential Discovery Material**.  The Parties and counsel for the Parties shall not disclose or permit the disclosure of any Confidential InformationDiscovery Material to any third person or entity except as set forth in subparagraphs (1)-(9).i)-(x).  Subject to these requirements, the following categories of persons may be allowed to review Confidential InformationDiscovery Material:

(i) **Counsel**.  Counsel retained for the partiesthis action and the paralegals, employees, and other staff of such counsel who have responsibility for theis action;.

(ii) **Parties**. Individual parties and The Parties to this action, including, as to any corporate Party, its directors, officers, employees of a party but only to the extent(including in-house counsel determines in good faith that the employee's assistance), insurers, and agents to whom disclosure is reasonably necessary to the conduct of the litigation in which the information is disclosed;.

7

(1)    (iii)    **The Court** and its personnel;

Court Reporters **and** Recorders.**Its Personnel**.

(iv)    **Court Reporters and Vendors**.  Court reporters and recorders engaged for depositions; and other professional vendors to whom disclosure is reasonably necessary for this action.

(v)    **Document Contractors**.  Those persons specifically engaged for the limited purpose of making copies of documents or organizing or processing documents, including outside vendors hired to process electronically stored documents;.

(vi)    **Consultants and Experts**.  Consultants, investigators, or experts, along with their staff, employed by the Parties or counsel for the Parties to assist in the preparation and trial of this action but only after such persons have completed the certification contained in Attachment A, Acknowledgment of Understanding and Agreement to Be Bound;.

(vii)    **Witnesses at Depositions**.  During their depositions, witnesses in this action to whom disclosure is reasonably necessary.  Witnesses shall not retain a copy of documents containing Confidential InformationDiscovery Material, except witnesses may receive a copy of all exhibits marked at their depositions in connection with review of the transcripts.  Pages of transcribed deposition testimony or exhibits to depositions that are designated as Confidential Information pursuant to the process set out in this Order must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Order.

(viii)    **Author or Recipient**.    The author or recipient of the documentConfidential Discovery Material (not including a person who received the document in the course of litigation); and).

8

(ix)    **Mediator**.  Any mediator or other person engaged for the purpose of alternative dispute resolution of this action.

(x)    **Others by Consent**.  Other persons only by written consent of the producing party or upon order of the Court and on such conditions as may be agreed or ordered.

(c)    **Storage of Confidential Discovery Material**.  A receiving party shall use its best efforts to ensure that Confidential Discovery Material is stored and maintained at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order. For purposes of this Order, a secure website, or other internet-based document depository with adequate security and access limited to persons authorized under this Order, shall be deemed a secure location.

## 6.    Non-Parties

Non-parties who are requested to produce Discovery Material or provide testimony in this action may avail themselves of the provisions of this Order and may designate and produce Discovery Material as Confidential in accordance with its provisions without further action by the Court.

## 7.    Control of ~~Documents.~~Discovery Material

Every person to whom Confidential Discovery Material is to be disclosed under subparagraphs (ii), (iv)-(vii), and (ix)-(x) of paragraph 5 above shall be advised that the Confidential Discovery Material is being disclosed pursuant and subject to the terms of this Order. Counsel for the Parties shall make reasonable efforts to prevent unauthorized or inadvertent disclosure of Confidential ~~Information.~~Discovery Material.  If a receiving party learns that, by inadvertence or otherwise, it has disclosed Confidential Discovery Material to any person not authorized under this Order, the receiving party must use reasonable efforts to: (a) retrieve all

9

copies or obtain a certification of destruction of the Confidential Discovery Material; (b) inform the person or persons to whom unauthorized disclosures were made of the terms of this Order (which can be accomplished by providing a copy of this Order); and (c) inform the designating party of the disclosure. Counsel shall maintain the originals of the forms signed by persons acknowledging their obligations under this Order for a period of three years after the termination of the casethis action.

### 5.8.    Inadvertent Failure to Designate

. An inadvertent failure to designate a documentDiscovery Material as Confidential Information does not, standing alone, waive the right to so designate the document; provided, however, that a failure to serve a timely Notice of Designation of deposition testimony as required by this Order, even if inadvertent, waives any protection for deposition testimony. If a party designates a documentDiscovery Material as Confidential Information after it was initially produced, the receiving party, on notification of the designation, must make a reasonable effort to assure that the document is treated in accordance with the provisions of this Order. No party shall be found to have violated this Order for failing to maintain the confidentiality of material during a time when that material has not been designated Confidential Information, even where the failure to so designate was inadvertent and where the material is subsequently designated Confidential Information, except that a party may be found to have violated this Order if the party fails to maintain the confidentiality of deposition testimony taken in this action during the period before the designation expiration date set forth in paragraph 4.

### 9.    Privileged Material Disclosure and Rule 502(d) Order

If a producing party discloses to a receiving party information subject to a claim of attorney-client privilege or attorney work product protection that would otherwise apply, such disclosure

10

shall not constitute or be deemed a waiver or forfeiture of any privilege or work product protection with respect to the specific disclosed Discovery Material that is being claimed as privileged or protected.

**10.  Time for Asserting Privilege and Protection**

The producing party may assert privilege or protection over produced Discovery Material at any time by notifying the receiving party in writing of the assertion of privilege or protection, except that:

(a)  affirmative use (which for the avoidance of doubt shall not include production) of the Discovery Material by the producing party in this action waives privilege and protection with respect to it, and of other Discovery Material to the extent provided by Rule 502(a) of the Federal Rules of Evidence; and

(b)  upon use in this action by another of Discovery Material that is being claimed as privileged or protected that was produced by a party, that producing party must promptly assert any claimed privilege and/or protection over it and request return or destruction thereof.

**11.  Disputing Claims of Privilege/Protection Over Produced Documents**

Upon notification from the producing party that Discovery Material that is being claimed as privileged or protected has been produced, the receiving party will:

(a)  to whatever extent it contests the assertion of privilege or protection, promptly so notify the producing party, and maintain the contested Discovery Material in confidence pending resolution of the contest by the Court (in the event of a contested assertion of privilege or protection over produced Discovery Material that cannot be resolved amicably after meeting and conferring in good faith pursuant to L.R. 37.2, either party may bring the contest to the attention of the Court by motion); and

11

(b)     to whatever extent the receiving party does not contest the assertion of privilege or protection, make no use of or otherwise disclose the Discovery Material that is being claimed as privileged or protected, and promptly certify in writing to the producing party that it has returned or destroyed the applicable Discovery Material, and has made reasonably diligent efforts to: (i) delete any electronic versions from any data source or any database it maintains; (ii) retrieve all electronic and paper copies provided to any third parties, including experts; and (iii) destroy any notes that reveal the substance of the claimed privileged or protected information.

**12.     Filing of Confidential Information**

This Order does not, by itself, authorize the filing of any ~~document~~Discovery Material under seal.  Any party wishing to file ~~a document designated as~~ Confidential ~~Information~~Discovery Material in connection with a motion, brief, or other submission to the Court must comply with ~~LR~~L.R. 26.2.

**13.     No Greater Protection of Specific Documents**

Except on privilege grounds not addressed by this Order, no party may withhold information from discovery on the ground that it requires protection greater than that afforded by this Order unless by agreement of the parties, or absent agreement, if the party moves for an order providing such special protection.

**14.     Challenges by a Party to Designation as Confidential ~~Information.~~**

The designation of any ~~material or document~~Discovery Material as Confidential ~~Information~~ is subject to challenge by any party.  The following procedure shall apply to any such challenge.

(a)     **Meet and Confer**.  A party challenging the designation of Discovery Material as Confidential ~~Information~~ must do so in good faith and must begin the process by

conferring directly with counsel for the designating party. In conferring, the challenging party must explain the basis for its belief that the confidentiality designation was not proper and must give the designating party an opportunity to review the designated material, to reconsider the designation, and, if no change in designation is offered, to explain the basis for the designation. The designating party must respond to the challenge within five (5) business days. The parties shall make a good faith effort to resolve any dispute concerning the designation by agreement or stipulation.

(b) **Judicial Intervention**. A party that elects to challenge a confidentiality designation may file and serve a motion that identifies the challenged material and sets forth in detail the basis for the challenge. For the avoidance of doubt, the challenging party's motion or application regarding the challenged material shall be filed under seal and identify with specificity the Confidential Discovery Material that is the subject of the motion. Each such motion must be accompanied by a competent declaration that affirms that the movant has complied with the meet-and-confer requirements of this procedure. The burden of persuasion in any such challenge proceeding shall be on the designating party. Until the Court rules on the challenge, all Parties shall continue to treat the ~~materials~~Discovery Material as Confidential ~~Information~~ under the terms of this Order.

15. **Action by the Court**

~~.~~Applications to the Court for an order relating to ~~materials or documents~~Discovery Material designated as Confidential ~~Information~~ shall be by motion. Nothing in this Order or any action or agreement of a party under this Order limits the Court's power to make orders concerning the disclosure of documents produced in discovery or at trial.

16. **Use of Confidential ~~Documents~~Discovery Material at Hearing or ~~Information~~ ~~at~~ Trial**

13

.—Nothing in this Order shall be construed to affect the use of any ~~document, material, or information~~Discovery Material at any trial or hearing.  A party that intends to present or that anticipates that another party may present Confidential ~~information~~Discovery Material at a hearing or trial shall bring that issue to the Court's and Parties' attention by motion or in a pretrial memorandum without disclosing the Confidential Discovery Material.  Upon raising the issue, and if reasonably possible, the Parties shall meet and confer and promptly inform the Court whether the Parties propose an agreed way to produce or redact the Confidential Discovery Material so that the material may be offered or otherwise used by any Party.  The Court may thereafter make such orders as are necessary to govern the use of such Confidential Discovery Material at trial.

~~the~~ 17.        Confidential ~~Information. The Court may thereafter make such orders as are necessary to govern the use of such documents or information at trial.~~

**~~Confidential Information~~Discovery Material Subpoenaed or Ordered Produced in Other Litigation~~.~~**

(a)      If a receiving party is served with a subpoena or an order issued in other litigation that would compel disclosure of any ~~material or document~~Discovery Material designated in this action as Confidential ~~Information~~, the receiving party must so notify the designating party, in writing, immediately and in no event more than three court days after receiving the subpoena or order.  Such notification must include a copy of the subpoena or court order.

(b)      The receiving party also must immediately inform in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is the subject of this Order.  In addition, the receiving party must deliver a copy of this Order promptly to the party in the other action that caused the subpoena to issue.

(c)    The purpose of imposing these duties is to alert the interested persons to the existence of this Order and to afford the designating party in this ~~case~~action an opportunity to try to protect its Confidential ~~Information~~Discovery Material in the court from which the subpoena or order issued.  The designating party shall bear the burden and the expense of seeking protection in that court of its Confidential ~~Information~~Discovery Material, and nothing in these provisions should be construed as authorizing or encouraging a receiving party in this action to disobey a lawful directive from another court.  The obligations set forth in this paragraph remain in effect while the party has in its possession, custody, or control Confidential Discovery Material by the other party to this action.

~~in this paragraph remain in effect while the party has in its possession, custody or control Confidential Information by the other party to this case.~~

18.    **Challenges by Members of the Public to Sealing Orders**

~~.~~A party or interested member of the public has a right to challenge the sealing of particular documents that have been filed under seal, and the party asserting confidentiality will have the burden of demonstrating the propriety of filing under seal.

19.    **Obligations on Conclusion of Litigation**~~.~~

(a)    **Order Continues in Force**.  Even after the termination of this action, unless otherwise agreed or ordered, this Order shall remain in force ~~after dismissal or entry of final judgment not subject to further appeal~~until a designating party agrees otherwise in writing.

~~(a)~~    (b)    **Obligations at Conclusion of Litigation**.  Within ~~sixty-three~~63 days after dismissal or entry of final judgment not subject to further appeal, all Discovery Material designated as "Confidential ~~Information and documents marked "CONFIDENTIAL~~

15

SUBJECT TO PROTECTIVE ORDER" under this Order, including copies as defined in ¶paragraph 3(a), shall be returned to the producing party unless: (1) the document has been offered into evidence or filed without restriction as to disclosure; (2) the parties agree to destruction to the extent practicable in lieu of return;[5] or (3) as to documents bearing the notations, summations, or other mental impressions of, or destroyed, at the receiving party, that party elects to destroy the documents and certifies to the producing party that it has done so.

The parties may choose to agree thatparty's discretion. In either case, the receiving party shall destroy documents containingagrees it will not keep copies of any Confidential Information and certify the fact of destruction, and that theDiscovery Material. At that time, each receiving party shall not be required to locate, isolate and return e-mails (including attachments to e-mails) that may include Confidential Information, or Confidential Information contained in deposition transcripts or drafts or final expert reportswill certify to the producing party via email that they have complied with this paragraph.

(b) (c) **Retention of Work Product** and one set of Filed Documents.

**and Archival Copy**. Notwithstanding the above requirements to return or destroy documents, counsel may retain: (1i) attorney work product, including an index that refers or relates to designated Confidential InformationDiscovery Material so long as that work product does not duplicate verbatim substantial portions of Confidential Information,Discovery Material; and (2ii) one complete set of all documents filed with the Court including those filed under seal. Any retained Confidential InformationDiscovery Material shall continue to be protected under this Order. An attorney may use his or her work product in subsequent litigation, provided that its use does not disclose or use Confidential Information.

16

(d)     **Deletion of Documents Filed Under Seal from Electronic Case Filing (ECF) System**.  Filings under seal shall be deleted from the ECF system only upon order of the Court.

**20.     Order Subject to Modification**

This Order shall be subject to modification by the Court on its own initiative or on motion of a Party or any other person with standing concerning the subject matter.

**21.     No Prior Judicial Determination**

This Order is entered based on the representations and agreements of the Parties and for the purpose of facilitating discovery.  Nothing herein shall be construed or presented as a judicial determination that any document or material designated Confidential InformationDiscovery Material by counsel or the Parties is entitled to protection under RuleFed. R. Civ. P. 26(c) of the Federal Rules of Civil Procedure or otherwise until such time as the Court may rule on a specific document or issue.

**22.     Persons Bound**

This Order shall take effect when entered and shall be binding upon all counsel of record and their law firms, the Parties, and persons made subject to this Order by its terms.  This Court shall retain jurisdiction over all persons subject to this Order to the extent necessary to enforce any obligations arising hereunder or to impose sanctions for any contempt thereof.

So Ordered.

17

Dated:

U.S. District Judge

U.S. Magistrate Judge

[Delete signature blocks if not wholly by agreement]

WE SO MOVE                                    WE SO MOVE

and agree to abide by the                     and agree to abide by the

terms of this Order                           terms of this Order


_____       _____

Signature                                     Signature


_____       _____

Printed Name                                  Printed Name


Counsel for: _____        Counsel for: _____


Dated: _____        Dated:

18

**23.     Non-waiver**

The production of Discovery Materials by a party under the terms of this Order shall not be construed to mean that the producing party has waived any objection to the relevancy or admissibility of such Discovery Material.  This Order shall not constitute a waiver of the right of any Party to claim in this action or otherwise that any Discovery Material, or any portion thereof, is privileged or otherwise non-discoverable.


IT IS SO ORDERED.

DATED: _____  _____

HONORABLE SHARON JOHNSON COLEMAN
UNITED STATES DISTRICT JUDGE

MAYER BROWN LLP LLP
J. GREGORY DEIS (ARDC No. 6278910)

*/s/ J. Gregory Deis*
J. GREGORY DEIS

SARA NORVAL (ARDC No. 6324420)
71 South Wacker Drive
Chicago, IL  60606
Telephone:  312/782-0600
312/701-7711 (fax)
gdeis@mayerbrown.com
snorval@mayerbrown.com

MAYER BROWN LLP
GLENN K. VANZURA (*pro hac vice*)
MATTHEW O. KUSSMAN (*pro hac vice*)
350 South Grand Avenue, #2500
Los Angeles, CA  90071
Telephone:  213/229-9500
gvanzura@mayerbrown.com
mkussman@mayerbrown.com

MAYER BROWN LLP
JACQUELINE M. VALLETTE
(*pro hac vice*)
700 Louisiana Street, Suite 3400
Houston, TX  77002
Telephone:  713/238-3000
jvallette@mayerbrown.com

*Counsel for Defendants GoHealth, Inc.,
Clinton P. Jones, Brandon M. Cruz, Travis
J. Matthiesen, and NVX Holdings, Inc.*

SKADDEN ARPS SLATE MEAGHER
 & FLOM LLP

*/s/ Marcella L. Lape*
MARCELLA L. LAPE
(ARDC No. 6286676)

155 North Wacker Drive, Suite 2700
Chicago, IL  60606
Telephone:  312/407-0700
312/407-0411 (fax)
marcie.lape@skadden.com

ROBBINS GELLER RUDMAN
 & DOWD LLP
ROBERT J. ROBBINS (IL Bar #572233)

*s/ Robert J. Robbins*
ROBERT J. ROBBINS

SABRINA E. TIRABASSI (IL Bar #25521)
SAMUEL C. FELDMAN (IL Bar #326206)
MATTHEW A. RICHARD (IL Bar #1031327)
120 East Palmetto Park Road, Suite 500
Boca Raton, FL  33432
Telephone:  561/750-3000
561/750-3364 (fax)
rrobbins@rgrdlaw.com
stirabassi@rgrdlaw.com
sfeldman@rgrdlaw.com
mrichard@rgrdlaw.com

ROBBINS GELLER RUDMAN
 & DOWD LLP
BRIAN E. COCHRAN (IL Bar #6329016)
JAMES E. BARZ (IL Bar #6255605)
FRANK A. RICHTER (IL Bar #6310011)
200 South Wacker Drive, 31st Floor
Chicago, IL  60606
Telephone:  312/674-4674
312/674-4676 (fax)
bcochran@rgrdlaw.com
jbarz@rgrdlaw.com
frichter@rgrdlaw.com

*Lead Counsel for Lead Plaintiffs*

JOHNSON FISTEL, LLP
MICHAEL I. FISTEL, JR.
40 Powder Springs Street
Marietta, GA  30064
Telephone:  470/632-6000
770/200-3101 (fax)
michaelf@johnsonfistel.com

- 1 -

- 2 -

SKADDEN ARPS SLATE MEAGHER
   & FLOM LLP
SUSAN L. SALTZSTEIN (*pro hac vice*)
One Manhattan West
New York, NY 10001-8602
Telephone: 212/735-3000
212/735-2000 (fax)
susan.saltzstein@skadden.com

*Counsel for Defendants Goldman Sachs &*
*Co. LLC, BofA Securities, Inc., and*
*Morgan Stanley & Co. LLC*

AKIN GUMP STRAUSS HAUER
   & FELD LLP

            */s/ Michelle Reed*
     MICHELLE REED (*pro hac vice*)

2300 North Field Street, Suite 1800
Dallas, TX 75201
Telephone: 214/969-2800
214/969-4343 (fax)
mreed@akingump.com

AKIN GUMP STRAUSS HAUER
   & FELD LLP
KATHERINE R. GOLDSTEIN
(*pro hac vice*)
NATHANIEL B. BOTWINICK
One Bryant Park
New York, NY 10036
Telephone: 212/872-1000
212/872-1002 (fax)
kgoldstein@akingump.com
nbotwinick@akingump.com

MOLOLAMKEN LLP
MEGAN CUNNIFF CHURCH
300 North LaSalle Drive, Suite 5350
Chicago, IL 60654
Telephone: 312/450-6716
312/450-6701 (fax)
mchurch@mololamken.com

*Counsel for CCP III AIV VII Holdings, L.P.,*
*CB Blizzard Co-Invest Holdings, L.P.,*
*Blizzard Aggregator, LLC*

HAGENS BERMAN SOBOL SHAPIRO LLP
REED R. KATHREIN
LUCAS E. GILMORE
715 Hearst Avenue, Suite 202
Berkeley, CA 94710
Telephone: 510/725-3000
510/725-3001 (fax)
reed@hbsslaw.com
lucasg@hbsslaw.com

*Additional Counsel for Lead Plaintiffs*

- 2 -

**ATTACHMENT A**
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| | ) |
| | )  ~~Civil No.~~ |
| ~~Plaintiff~~ | ) |
| | ) |
| | ) |
| | ) |
| ~~Defendant~~ | ) |

<u>EASTERN DIVISION</u>

| | |
|---|---|
| In re GOHEALTH, INC. SECURITIES LITIGATION | )  Case No.  1:20-cv-05593 |
| | ) |
| | )  <u>CLASS ACTION</u> |
| | ) |
| This Document Relates To: | )  Judge Sharon Johnson Coleman |
| | ) |
| ALL ACTIONS. | ) |
| | ) |

**ACKNOWLEDGMENT <u>OF UNDERSTANDING</u> AND AGREEMENT TO BE BOUND**

The undersigned hereby acknowledges that he/she/<u>it</u> has read the Confidentiality <u>and Rule 502(d)</u> Order dated — _____ in the above-captioned action and attached hereto, understands the terms thereof, and agrees to be bound by its terms.  The undersigned submits to the jurisdiction of the United States District Court for the Northern District of Illinois in matters relating to the Confidentiality <u>and Rule 502(d)</u> Order and understands that the terms of the Confidentiality <u>and Rule 502(d)</u> Order obligate him/her/<u>it</u> to use ~~materials~~<u>Discovery Material</u> designated as Confidential ~~Information~~ in accordance with the <u>Confidentiality and Rule 502(d)</u> Order solely for the purposes of the above-captioned action, and not to disclose any such Confidential ~~Information~~<u>Discovery Material</u> to any other person, firm, or concern.

The undersigned acknowledges that violation of the Confidentiality <u>and Rule 502(d)</u> Order may result in penalties for contempt of court.

Name: _____

Job Title: _____

Employer: _____

Business Address: _____


Date: _____     _____


Signature


Adopted 06/29/12 _____

DATED: _____


_____
SIGNATURE