UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF ILLINOIS

EASTERN DIVISION

| | | |
|---|---|---|
| In re GOHEALTH, INC. SECURITIES LITIGATION | ) ) ) ) | Case No.  1:20-cv-05593 |
| | | <u>CLASS ACTION</u> |
| This Document Relates To: | ) ) ) | Judge Jeremy C. Daniel Magistrate Judge Gabriel A. Fuentes |
| ALL ACTIONS. | ) ) ) | |

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF LEAD PLAINTIFFS'
UNOPPOSED MOTION FOR PRELIMINARY APPROVAL OF
CLASS ACTION SETTLEMENT

4866-3854-3775.v1

**TABLE OF CONTENTS**

**Page**

I.     INTRODUCTION ....................................................................................................1

II.    BACKGROUND ......................................................................................................2

     A.    Procedural History ......................................................................................2

     B.    The Parties' Arm's-Length and Informed Negotiations ...........................3

     C.    The Terms of the Settlement......................................................................4

III.    THE PROPOSED SETTLEMENT WARRANTS PRELIMINARY APPROVAL............4

     A.    The Settlement Satisfies the Standards for Approval ...............................5

          1.    Lead Plaintiffs and Lead Counsel Have Adequately Represented the Class............................................................................................5

          2.    The Proposed Settlement Is the Result of Good Faith Arm's-Length Negotiations..................................................................................6

          3.    The Proposed Settlement Is Adequate in Light of the Costs and Risks of Continued Litigation.........................................................6

          4.    The Settlement Satisfies the Remaining Rule 23(e)(2) Factors...................7

     B.    The Class Satisfies the Standards for Class Certification......................................9

          1.    Rule 23(a)(1) – Numerosity .................................................................9

          2.    Rule 23(a)(2) – Commonality................................................................10

          3.    Rule 23(a)(3) – Typicality .....................................................................11

          4.    Rule 23(a)(4) – Adequacy of Representation ...........................................11

          5.    Rule 23(b)(3) – Predominance and Superiority .........................................12

IV.    THE PROPOSED NOTICE PROGRAM IS APPROPRIATE ........................................12

V.    PROPOSED SCHEDULE OF EVENTS.........................................................................14

VI.    CONCLUSION.............................................................................................................15

4866-3854-3775.v1

**TABLE OF AUTHORITIES**

**Page**

**CASES**

*Abrams v. Van Kampen Funds, Inc.*,
2002 WL 1989401 (N.D. Ill. Aug. 27, 2002) ...........................................................................10

*Am. Int'l Grp., Inc. v. ACE INA Holdings, Inc.*,
2011 WL 3290302 (N.D. Ill. July 26, 2011)................................................................................5

*Amchem Prods., Inc. v. Windsor*,
521 U.S. 591 (1997)..................................................................................................................9, 12

*Azar v. Grubhub Inc.*,
No. 1:19-cv-07665, slip op. (N.D. Ill. Oct. 14, 2022)..............................................................13

*Flynn v. Exelon Corp.*,
No. 1:19-cv-08209, slip op. (N.D. Ill. June 9, 2023).................................................................13

*In re Allstate Corp. Sec. Litig.*,
2020 WL 7490280 (N.D. Ill. Dec. 21, 2020)............................................................................12

*In re Bank One Sec. Litig./First Chi. S'holder Claims*,
2002 WL 989454 (N.D. Ill. May 14, 2002)..............................................................10, 11, 12

*In re Groupon, Inc. Sec. Litig.*,
2014 WL 5245387 (N.D. Ill. Sept. 23, 2014) ...........................................................................10

*In re IndyMac Mortg.-Backed Sec. Litig.*,
286 F.R.D. 226 (S.D.N.Y. 2012) ...............................................................................................9

*Isby v. Bayh*,
75 F.3d 1191 (7th Cir. 1996) .......................................................................................................4

*Keele v. Wexler*,
149 F.3d 589 (7th Cir. 1998) .....................................................................................................11

*Levitan v. McCoy*,
2003 WL 1720047 (N.D. Ill. Mar. 31, 2003)......................................................................10, 12

*Mortimer v. Diplomat Pharmacy, Inc.*,
No. 1:19-cv-01735, slip op. (N.D. Ill. Jan. 27, 2022)..............................................................13

*Retsky Fam. Ltd. P'ship v. Price Waterhouse LLP*,
2001 WL 1568856 (N.D. Ill. Dec. 10, 2001)..............................................................................6

*Schleicher v. Wendt*,
618 F.3d 679 (7th Cir. 2010) .......................................................................................................9

4866-3854-3775.v1

**Page**

*Silverman v. Motorola, Inc.*,
    259 F.R.D. 163 (N.D. Ill. 2009)................................................................11

*Suchanek v. Sturm Foods, Inc.*,
    764 F.3d 750 (7th Cir. 2014) ...................................................................10

*Tatz v. Nanophase Techs. Corp.*,
    2003 WL 21372471 (N.D. Ill. June 13, 2003) ...........................................9

*Wong v. Accretive Health, Inc.*,
    773 F.3d 859 (7th Cir. 2014) ...........................................................5, 6, 7

## STATUTES, RULES AND REGULATIONS

15 U.S.C.
    §77k.............................................................................................................2
    §77k(e) ..............................................................................................10, 11
    §77o.............................................................................................................2
    §77z-1(a)(4) .................................................................................................1
    §77z-1(a)(7) ...............................................................................................13
    §78u-4(a)(3)(B).............................................................................................2

Federal Rules of Civil Procedure
    Rule 23 .........................................................................................................9
    Rule 23(a)......................................................................................................9
    Rule 23(a)(1).................................................................................................9
    Rule 23(a)(2)...............................................................................................10
    Rule 23(a)(3)...............................................................................................11
    Rule 23(a)(4)...............................................................................................11
    Rule 23(b) .....................................................................................................9
    Rule 23(b)(3)...........................................................................................9, 12
    Rule 23(e)................................................................................................... 4-5
    Rule 23(e)(1)...............................................................................................12
    Rule 23(e)(1)(B).................................................................................4, 5, 12
    Rule 23(e)(1)(B)(ii).......................................................................................9
    Rule 23(e)(2).....................................................................................4, 5, 7, 9
    Rule 23(e)(2)(A) .......................................................................................5, 6
    Rule 23(e)(2)(B)............................................................................................6
    Rule 23(e)(2)(C)(i).........................................................................................6
    Rule 23(e)(2)(A)-(D) .....................................................................................5
    Rule 23(e)(2)(C)-(D)......................................................................................7

4866-3854-3775.v1

**Page**

## SECONDARY AUTHORITIES

David F. Herr, *Manual for Complex Litigation* (4th ed. 2019)
    §13.14.................................................................................................................................4

4866-3854-3775.v1

## I.    INTRODUCTION

Sudhakara R. Murikinati, Jerry Nixon, Benjamin Sandmann, and Jeff S. Turnipseed ("Lead Plaintiffs") submit this memorandum in support of preliminary approval of the proposed settlement of the above-captioned matter ("Litigation") on the terms set forth in the Stipulation of Settlement, dated February 7, 2024 ("Stipulation"), filed herewith.[1]  Following arm's-length negotiations, including two sessions before an experienced mediator, the Settling Parties reached an agreement to settle Lead Plaintiffs' and the Class' claims against Defendants.  The proposed Settlement provides for the payment of $29,250,000 for the benefit of the Class.

The Settlement is the result of a thorough investigation, document discovery, and well-informed, arm's-length negotiations between and among highly experienced counsel.  Lead Plaintiffs respectfully submit that the Settlement is fair, reasonable, and adequate, and therefore ask the Court to enter the accompanying [Proposed] Order Preliminarily Approving Settlement and Providing for Notice ("Notice Order").  The Notice Order will: (a) preliminarily approve the terms of the Settlement, as set forth in the Stipulation; (b) preliminarily certify the Class for settlement purposes only; (c) approve the form and method for providing notice of the Settlement to the Class; and (d) schedule a settlement hearing ("Settlement Hearing") at which the Court will consider the request for final approval of: (i) the Settlement; (ii) the Plan of Allocation of settlement proceeds among Class Members; and (iii) an award of attorneys' fees and expenses to Lead Counsel, and an award to Lead Plaintiffs pursuant to 15 U.S.C. §77z-1(a)(4).

---

[1]    All defined terms herein shall have the same meaning as set forth in the Stipulation.  Internal citations and footnotes omitted and emphasis added unless noted otherwise.

- 1 -

## II. BACKGROUND

### A. Procedural History

On September 21, 2020, the initial complaint was filed in the United States District Court for the Northern District of Illinois. ECF 1. On December 10, 2020, Judge Coleman appointed the Lead Plaintiffs pursuant to 15 U.S.C. §78u-4(a)(3)(B), and approved Lead Plaintiffs' selection of Robbins Geller Rudman & Dowd LLP ("Robbins Geller") as Lead Counsel. ECF 61.

Lead Plaintiffs filed the operative Consolidated Complaint for Violations of the Securities Act of 1933 ("Complaint") on February 25, 2021. ECF 66. The Complaint alleges violations of §§11 and 15 of the Securities Act of 1933 ("Securities Act") on behalf of a class of all purchasers of GoHealth, Inc. ("GoHealth" or "Company") Class A common stock pursuant or traceable to the Registration Statement and Prospectus ("Registration Statement") issued in connection with the Company's July 14, 2020 initial public offering ("IPO"). The Complaint alleges Securities Act violations premised on Defendants' false and misleading statements that failed to disclose a strategic business shift that GoHealth implemented prior to the IPO that included rapid customer expansion and negative impacts on GoHealth's key financial metrics at the time of and after the IPO. Lead Plaintiffs allege that by failing to disclose this shift and its financial impacts, the statements in the Registration Statement that GoHealth would rapidly expand and scale its business while improving its financial metrics, were false and misleading. Lead Plaintiffs allege that as a result of the false and misleading statements and omissions in the Registration Statement, Lead Plaintiffs and Class Members are entitled to damages under the Securities Act for their purchases of GoHealth Class A common stock pursuant or traceable to the Registration Statement.

On April 26, 2021, Defendants moved to dismiss the Complaint. ECF 73-76. Following briefing (ECF 83-84, 90-91), on April 5, 2022, Judge Coleman denied GoHealth, the Individual Defendants, NVX Holdings, and the Underwriter Defendants' motions to dismiss. ECF 100. On

- 2 -

April 18, 2022, Judge Coleman denied Centerbridge's motion to dismiss in part and granted it in part, dismissing certain Centerbridge entities. ECF 104. Defendants then filed answers and affirmative defenses (ECF 124-126), which were later amended (ECF 141-143), and discovery commenced. Lead Plaintiffs moved for class certification on September 23, 2022, which Defendants opposed. ECF 164-166, 170, 179.

### B. The Parties' Arm's-Length and Informed Negotiations

In December 2022, the parties commenced mediation efforts presided over by David M. Murphy ("Mr. Murphy") of Phillips ADR Enterprises, LLC, a well-respected mediator. In addition, counsel on both sides are highly experienced in securities class action litigation. *See, e.g.*, Ex. A (Robbins Geller firm resume) attached hereto. The parties participated in two all-day, in-person mediation sessions with Mr. Murphy on February 16, 2023 and July 25, 2023, but did not reach an agreement. On November 8, 2023, following continued discussions, Mr. Murphy issued a "mediator's proposal" to settle the Litigation for $29.25 million, which the parties accepted on November 10, 2023.

At the time the Settling Parties agreed to settle, Lead Plaintiffs and Lead Counsel were well-informed about the strengths and weaknesses of the alleged claims, based on: (i) a rigorous investigation involving review and analysis of U.S. Securities and Exchange Commission filings by GoHealth, media and analyst reports, press releases and earnings calls transcripts, relevant case law and authorities, and other publicly available information; (ii) drafting the Complaint; (iii) extensive briefing on Defendants' motions to dismiss the Complaint, and careful review of the Court's orders denying same; (iv) written and document discovery with Defendants and approximately 24 third parties; (v) the exchange of mediation briefs that detailed the parties' positions on liability and damages; and (vi) two mediation sessions and multiple conferences with defense counsel and/or Mr. Murphy.

- 3 -

4866-3854-3775.v1

### C. The Terms of the Settlement

Lead Plaintiffs and Defendants agreed to settle the claims against Defendants for $29,250,000, upon the terms set forth in the Stipulation. In exchange for the payment of that amount, Class Members will release any and all claims against Defendants that have been or could have been alleged in this action that are based on, relate to, or arise out of both: (i) a Class Member's purchase or acquisition of GoHealth's Class A common stock during the Class Period; and (ii) the allegations, claims, acts, transactions, facts, events, matters, occurrences, disclosures, statements, filings, events, representations, or omissions alleged or referred to in the Litigation. The release does not include any derivative claims or claims to enforce the terms of the Settlement. Stipulation, ¶1.34.

### III. THE PROPOSED SETTLEMENT WARRANTS PRELIMINARY APPROVAL

Settlement is a strongly favored method for resolving class actions. *Isby v. Bayh*, 75 F.3d 1191, 1196 (7th Cir. 1996) ("Federal courts naturally favor the settlement of class action litigation."). Federal Rule of Civil Procedure 23(e) requires judicial approval of the settlement of class actions, which involves a two-step process: first, a "preliminary approval" order authorizing notice of the proposed settlement to be provided to the class; and second, after notice has been provided and a hearing has been held to consider the fairness, reasonableness, and adequacy of the proposed settlement, a "final approval" order or judgment. *See* David F. Herr, *Manual for Complex Litigation* §13.14 (4th ed. 2019).

The question at preliminary approval is whether the Court "will likely be able to: (i) approve the proposal under Rule 23(e)(2); and (ii) certify the class for purposes of judgment on the proposal." Fed. R. Civ. P. 23(e)(1)(B). As discussed below, the Settlement satisfies the Rule 23(e) standards for approval, and the Class satisfies the standards for certification. Thus, the Settlement should be

- 4 -

preliminarily approved and notice should be sent to the Class in advance of a final Settlement Hearing.

### A. The Settlement Satisfies the Standards for Approval

A settlement should be approved if it is "fair, reasonable, and adequate," considering whether: (1) Lead Plaintiffs and Lead Counsel adequately represented the Class; (2) the Settlement was negotiated at arm's length; (3) the relief is adequate; and (4) the Settlement treats Class Members equitably relative to each other.[2] Fed. R. Civ. P. 23(e)(2)(A)-(D). At preliminary approval, the Court's task is merely to determine whether the Settlement will "likely" satisfy the standard for final approval. *See* Fed. R. Civ. P. 23(e)(1)(B). Thus, the Court need only "'determine whether the proposed settlement is within the range of possible approval,' not to conduct a full-fledged inquiry into whether the settlement meets Rule 23(e)'s standards." *Am. Int'l Grp., Inc. v. ACE INA Holdings, Inc.*, 2011 WL 3290302, at *6 (N.D. Ill. July 26, 2011) (Gettleman, J.) (granting approval of class action settlement).

### 1. Lead Plaintiffs and Lead Counsel Have Adequately Represented the Class

Rule 23(e)(2)(A) instructs courts to consider whether "the class representatives and class counsel have adequately represented the class." Fed. R. Civ. P. 23(e)(2)(A). Lead Counsel is highly experienced in securities class action litigation, and both Lead Plaintiffs and Lead Counsel diligently prosecuted this action and considered the benefits of a negotiated resolution. Lead Plaintiffs and Lead Counsel, for example, conducted a thorough investigation, prepared and filed a detailed Complaint, prepared oppositions to Defendants' motions to dismiss which the Court substantially

---

[2] The factors set forth in Rule 23(e)(2), as amended in 2018, overlap with the Seventh Circuit's previously determined final approval factors: (1) the strength of the case, balanced against the settlement amount; (2) the defendant's ability to pay; (3) the complexity, length and expense of further litigation; (4) the amount of opposition to the settlement; (5) the presence of collusion in reaching a settlement; (6) the opinion of competent counsel; and (7) the stage of the proceedings. *See Wong v. Accretive Health, Inc.*, 773 F.3d 859, 863 (7th Cir. 2014).

4866-3854-3775.v1

denied, engaged in written and document discovery with Defendants and numerous third parties, moved for and fully briefed class certification, prepared mediation materials, participated in two in-person mediation sessions, and considered potential damages and the costs and risks of ongoing litigation. Lead Plaintiffs and Lead Counsel carefully considered the benefits of the Settlement and believe it to be fair, reasonable, and adequate. *See* Fed. R. Civ. P. 23(e)(2)(A); *see also Accretive*, 773 F.3d at 863-64 (stating "the opinion of competent counsel" is a relevant factor for settlement approval and affirming settlement where counsel – Robbins Geller – was "highly experienced").

### 2. The Proposed Settlement Is the Result of Good Faith Arm's-Length Negotiations

Rule 23(e)(2)(B) requires courts to consider whether "the proposal was negotiated at arm's length." Fed. R. Civ. P. 23(e)(2)(B). As explained above in §II.B., the Settlement was achieved after extensive arm's-length negotiations among experienced and informed counsel, two in-person mediation sessions before a well-respected mediator, and a subsequent mediator's proposal. This arm's-length process supports approval. *See Accretive*, 773 F.3d at 864 (approving settlement in light of "extensive arm's-length negotiations with an experienced third-party mediator").

### 3. The Proposed Settlement Is Adequate in Light of the Costs and Risks of Continued Litigation

Rule 23(e)(2)(C)(i) instructs courts to consider a proposed settlement's adequacy in light of "the costs, risks, and delay of trial and appeal." Fed. R. Civ. P. 23(e)(2)(C)(i). Relatedly, the Seventh Circuit instructs courts to consider "'the strength of plaintiff's case on the merits balanced against the amount offered in the settlement'" and "'the complexity, length, and expense of further litigation.'" *Accretive*, 773 F.3d at 863-64. Courts recognize that "[s]ecurities fraud litigation is long, complex and uncertain." *Retsky Fam. Ltd. P'ship v. Price Waterhouse LLP*, 2001 WL 1568856, at *2 (N.D. Ill. Dec. 10, 2001) (Darrah, J.) (collecting cases); *Accretive*, 773 F.3d at 863.

- 6 -

4866-3854-3775.v1

While Lead Plaintiffs remain confident in their ability to ultimately prove their claims, further litigation and trial is always a costly and risky proposition. In their motions to dismiss, Defendants argued that Lead Plaintiffs did not show the challenged statements were false or misleading when made, and that many of the challenged statements were forward-looking statements of opinion or optimism. *See* ECF 74 at 23-30. In addition, the Court granted the motion to dismiss of several of the Centerbridge Defendants. ECF 104. In the opposition to class certification, which remains pending, Defendants argued the Class was not ascertainable and that any Class should end shortly after the IPO, which could limit damages. *See* ECF 170.

Although Lead Plaintiffs withstood the challenge of Defendants' motions to dismiss and the parties have engaged in written and document discovery, the costs, risks, and delays of continued litigation only increase as the parties continue to engage in additional, extensive fact discovery, expert discovery, summary judgment briefing, pre-trial litigation, trial, and appeal. *See Accretive*, 773 F.3d at 864 ( "[f]urther litigation almost certainly would have involved complex and lengthy discovery and expert testimony").

Thus, the Settlement's benefits weigh in favor of granting the motion for preliminary approval. Considering the risks of continued litigation, and the time and expense required to prosecute the action through trial, the $29.25 million Settlement is a significant and certain recovery that is in the best interests of the Class.

### 4. The Settlement Satisfies the Remaining Rule 23(e)(2) Factors

Rule 23(e)(2) further instructs courts to consider: (i) the effectiveness of the proposed method of distribution to the class; (ii) the terms and timing of any proposed attorney's fees; (iii) any other agreements between the parties; and (iv) whether the settlement "treats class members equitably relative to each other." Fed. R. Civ. P. 23(e)(2)(C)-(D). Each of these factors further supports approval of the proposed Settlement.

4866-3854-3775.v1

First, as demonstrated below in §IV, the proposed notice program is effective. The claims process is also effective and includes a standard claim form that requests the information necessary to calculate a claimant's claim amount pursuant to the Plan of Allocation, which will govern calculation of Class Members' claims and, ultimately, how money will be distributed to Authorized Claimants. The Plan of Allocation was developed by Lead Counsel's damages analyst based, in part, on information obtained from Lead Plaintiffs' damages consultant, and is based on each claimant's purchases, acquisitions and sales of GoHealth Class A common stock made pursuant or traceable to the Registration Statement.

Second, Lead Counsel will request an award of attorneys' fees not to exceed 30% of the Settlement Amount, and expenses not to exceed $175,000, plus interest that is incurred, all to be paid from the Settlement Fund. The application will be made at the time Lead Counsel moves for final approval of the Settlement, and the awarded fees and expenses shall be paid from the Settlement Fund, not Defendants, upon entry of the order awarding such fees and expenses.

Third, the Settling Parties have not entered into any other agreements other than a standard Supplemental Agreement Regarding Requests for Exclusion ("Supplemental Agreement"), which provides that if the number of shares of GoHealth Class A common stock purchased or otherwise acquired by Class Members who request exclusion equals or exceeds a certain amount ("Opt-Out Threshold"), GoHealth shall have the option to terminate the Settlement. *See* Stipulation, ¶8.4.[3] And fourth, the Settlement treats Class Members equitably because the proposed Plan of Allocation subjects all Members of the Class – including Lead Plaintiffs – to the same formulas for distribution of the Settlement.

---

[3]    As is standard, such agreements are not made public in order to avoid incentivizing the formation of a group of opt-outs for the sole purpose of leveraging the Opt-Out Threshold to exact an individual settlement. The Supplemental Agreement provides it may be submitted to the Court *in camera* or under seal.

- 8 -

In sum, the proposed Settlement satisfies each of the Rule 23(e)(2) factors and should be preliminarily approved so the Notice can be sent to potential Members of the Class.

## B. The Class Satisfies the Standards for Class Certification

The second part of the settlement approval process is to determine whether the action may be maintained as a class action for settlement purposes under Rule 23. *See* Fed. R. Civ. P. 23(e)(1)(B)(ii). Rule 23(a) establishes four prerequisites to class certification: (i) "numerosity"; (ii) "commonality"; (iii) "typicality"; and (iv) "adequacy of representation." *Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 613 (1997). In addition, a class must meet one of the three requirements of Rule 23(b), namely here, that "questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy." Fed. R. Civ. P. 23(b)(3). The Seventh Circuit and courts in this District have made clear that when "a large, public company makes statements that are said to be false, securities[] litigation regularly proceeds as a class action" and "class certification is routine." *Schleicher v. Wendt*, 618 F.3d 679, 681-82 (7th Cir. 2010). In addition, courts routinely grant class certification of actions like this one because "suits alleging violations of Sections 11 . . . and 15 of the Securities Act are 'especially amenable' to class . . . certification and resolution." *In re IndyMac Mortg.-Backed Sec. Litig.*, 286 F.R.D. 226, 232 & n.40 (S.D.N.Y. 2012).

### 1. Rule 23(a)(1) – Numerosity

Rule 23(a)(1) requires that the class be "so numerous that joinder of all members is impracticable." Fed. R. Civ. P. 23(a)(1). Numerosity is satisfied as 43.5 million shares were sold in GoHealth's IPO, likely resulting in hundreds or thousands of geographically dispersed potential class members, which is more than sufficient to establish numerosity. *See Tatz v. Nanophase Techs. Corp.*, 2003 WL 21372471, at *6 (N.D. Ill. June 13, 2003) (Andersen, J.) (certifying class where 13

- 9 -

million company shares were outstanding and "were likely owned by hundreds of persons or entities throughout the United States"); *In re Bank One Sec. Litig./First Chi. S'holder Claims*, 2002 WL 989454, at *3 (N.D. Ill. May 14, 2002) (Andersen, J.) (finding numerosity in §11 class).

### 2. Rule 23(a)(2) – Commonality

Rule 23(a)(2) requires that there be "questions of law or fact common to the class." Fed. R. Civ. P. 23(a)(2). This commonality requirement "'is not a demanding requirement,'" as just "'one issue of fact or law common to all class members will suffice.'" *Abrams v. Van Kampen Funds, Inc.*, 2002 WL 1989401, at *3 (N.D. Ill. Aug. 27, 2002) (Hart, J.). "Courts have repeatedly held that cases like this one, which proceed primarily under Section 11 of the 1933 Act, are particularly well-suited to class treatment and satisfy the commonality requirement of Rule 23(a)(2)." *Levitan v. McCoy*, 2003 WL 1720047, at *4 (N.D. Ill. Mar. 31, 2003). "This is so because Section 11 claims require only a material misstatement or omission in a Registration statement to prove liability" and damages are "calculated via statutory formula." *Id.*

In this case, the central questions – whether the Registration Statement contained materially false statements and failed to disclose information regarding: (i) heightened customer churn; (ii) reaching the limits of the growth that could be achieved under GoHealth's existing business model, requiring the Company to substantially depart from its business strategy leading up to the IPO; and (iii) increased negative pressure on the Company's critical LTV/CAC metric – are the same for all Class Members. *See Suchanek v. Sturm Foods, Inc*., 764 F.3d 750, 756 (7th Cir. 2014) ("Where the same conduct or practice by the same defendant gives rise to the same kind of claims from all class members, there is a common question."); *In re Groupon, Inc. Sec. Litig.*, 2014 WL 5245387, at *1 (N.D. Ill. Sept. 23, 2014) (Norgle, J.). Similarly, Class-wide damages here are subject to a common methodology that is determined by statute and is readily applicable to all Class Members. *See* 15 U.S.C. §77k(e). Under §11, the measure of damages is set as the difference between the price paid

- 10 -

for a security purchased pursuant or traceable to a registration statement, and the price at the time suit was filed or the securities were sold. *See id.*

### 3. Rule 23(a)(3) – Typicality

The "typicality" requirement of Rule 23(a)(3) is satisfied because Lead Plaintiffs' claims arise from the same "'event or practice or course of conduct that gives rise to the claims of other class members and . . . are based on the same legal theory.'" *Keele v. Wexler*, 149 F.3d 589, 595 (7th Cir. 1998). Specifically, Lead Plaintiffs and Members of the Class purchased or acquired shares of GoHealth Class A common stock pursuant or traceable to the Registration Statement based on alleged false and misleading statements made in the Registration Statement, suffered damages as a result of the subsequent decline in the price of GoHealth Class A common stock, and "will use the same evidence to prove their case." *Bank One*, 2002 WL 989454, at \*4. Typicality is satisfied.

### 4. Rule 23(a)(4) – Adequacy of Representation

Lead Plaintiffs also meet the "adequacy" requirement of Rule 23(a)(4) because they have and will continue to "fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4). Adequacy is met where: (i) the claims of the class representatives and other members of the class are not antagonistic; (ii) the class representatives are sufficiently interested in the outcome of the case; and (iii) experienced, competent counsel represent them. *See Silverman v. Motorola, Inc.*, 259 F.R.D. 163, 173 (N.D. Ill. 2009) (St. Eve, J.). Here, Lead Plaintiffs do not have interests antagonistic to the Class and have sufficient interest in the outcome of the case, as they purchased or acquired shares pursuant or traceable to the Registration Statement and suffered the same damages as the other Class Members. *See* Complaint, ¶30; ECF 165 at 8, 15-17. Additionally, Lead Plaintiffs demonstrated their vigorous prosecution of the claims in this Litigation and retained Lead Counsel with extensive experience and skill in litigating securities class actions. *See supra* §§II.A.-B., III.A. Adequacy is satisfied.

- 11 -

4866-3854-3775.v1

### 5. Rule 23(b)(3) – Predominance and Superiority

The Class satisfies Rule 23(b)(3)'s requirement that "questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy." Fed. R. Civ. P. 23(b)(3). The predominance inquiry focuses on the existence of common issues. As the Supreme Court recognized in *Amchem*, "[p]redominance is a test readily met in certain cases alleging . . . securities [claims]." 521 U.S. at 625. "To determine whether common questions predominate, courts look to whether there is a common nucleus of operative facts." *Levitan*, 2003 WL 1720047, at *6. "A court should direct its inquiry primarily toward the issue of liability, rather than damages, in determining whether common questions predominate." *Id.*; *see also In re Allstate Corp. Sec. Litig.*, 2020 WL 7490280, at *7 (N.D. Ill. Dec. 21, 2020) (Gettleman, J.) (finding predominance established and certifying a securities class action).

Further, resolution of this case through a class action is far superior to litigating hundreds or thousands of individual claims where the expense for a single investor could exceed the individual's loss. *See Bank One*, 2002 WL 989454, at *8 ("A class action is a superior means to adjudicate claims of class members who would be overwhelmed . . . if they attempted to prosecute their individual claims."). In sum, Lead Plaintiffs believe that the Class meets all of the requirements of Rules 23(a) and (b)(3) and should be certified in conjunction with the Settlement.

## IV. THE PROPOSED NOTICE PROGRAM IS APPROPRIATE

Under Federal Rule of Civil Procedure 23(e)(1), "[t]he court must direct notice in a reasonable manner to all class members who would be bound by the proposal." Fed. R. Civ. P. 23(e)(1)(B). Here, the parties negotiated the form of the Notice to be disseminated to Class Members whose names and addresses can be identified through GoHealth's transfer records. In addition, the Claims Administrator will engage in a standard and extensive outreach to entities that

- 12 -

commonly hold securities in "street name" for the benefit of their customers who are the beneficial purchasers of the securities. The parties further propose to supplement the mailed Notice with a Summary Notice published once in a national news publication and once over a national newswire service. The notice plan here is very similar to that approved by courts in this District. *See, e.g.*, *Flynn v. Exelon Corp.*, No. 1:19-cv-08209, slip op. at ¶¶6-9 (N.D. Ill. June 9, 2023), ECF 198 (Kendall, J.) (attached as Ex. B hereto); *Azar v. Grubhub Inc.*, No. 1:19-cv-07665, slip op. at ¶¶6-9 (N.D. Ill. Oct. 14, 2022), ECF 99 (Kennelly, J.) (attached as Ex. C hereto); *Mortimer v. Diplomat Pharmacy, Inc.*, No. 1:19-cv-01735, slip op. at ¶¶6-9 (N.D. Ill. Jan. 27, 2022), ECF 135 (Kness, J.) (attached as Ex. D hereto). The Notice and Summary Notice are attached to the Notice Order as Exhibits A-1 and A-3, respectively.

Furthermore, the Notice includes all of the information required by the Private Securities Litigation Reform Act of 1995 ("PSLRA"),[4] as well as additional relevant information in securities class actions. It describes the Settlement, the Settlement Amount, and the average recovery per potentially damaged share if claims for 100% of such shares are made ($0.42); states the parties' disagreement over damages and liability; and describes the Plan of Allocation. The Notice briefly explains the nature, history, and status of the Litigation; sets forth the definition of the Class; states the Class' claims and issues; discusses the rights of persons who fall within the definition of the Class; summarizes the reasons the parties are proposing the Settlement; and describes counsel's fee

---

[4] The PSLRA requires the notice of settlement to include: (a) "[t]he amount of the settlement proposed to be distributed to the parties to the action, determined in the aggregate and on an average per share basis"; (b) "[i]f the parties do not agree on the average amount of damages per share that would be recoverable if the plaintiff prevailed on each claim alleged under this subchapter, a statement from each settling party concerning the issue or issues on which the parties disagree"; (c) "a statement indicating which parties or counsel intend to make . . . an application [for attorneys' fees or costs], the amount of fees and costs that will be sought (including the amount of such fees and costs determined on an average per share basis), and a brief explanation supporting the fees and costs sought"; (d) "[t]he name, telephone number, and address of one or more representatives of counsel for the plaintiff class who will be reasonably available to answer questions from class members"; and (e) "[a] brief statement explaining the reasons why the parties are proposing the settlement." 15 U.S.C. §77z-1(a)(7).

- 13 -

and expense application. Further, the Notice includes detailed information about the process for requesting exclusion from the Class or objecting. For those Class Members who wish to participate in the Settlement, the Notice provides instructions for completing and submitting the claim form that accompanies the Notice. The Summary Notice also informs Class Members that copies of the Notice and claim form may be obtained by contacting the Claims Administrator, or by downloading them from the case specific website. Finally, the Notice sets forth the date, time, and place of the Settlement Hearing.

The contents of the Notice and Summary Notice satisfy all applicable requirements of both the Federal Rules of Civil Procedure and the PSLRA. Accordingly, Lead Plaintiffs respectfully request that the Court approve the parties' proposed form and method of giving notice to the Class.

## V.  PROPOSED SCHEDULE OF EVENTS

In connection with preliminary approval of the Settlement, the Court must set a Settlement Hearing date, dates for mailing the Notice and publishing the Summary Notice, and deadlines for requesting exclusion, objecting, filing papers in support of the Settlement and request for fees and expenses, and the submission of claim forms. Lead Plaintiffs propose the following schedule:

| | |
|---|---|
| Deadline for mailing individual Notices and claim forms ("Notice Date") | 21 calendar days after entry of Notice Order |
| Deadline for publishing Summary Notice | Within 7 calendar days of the Notice Date |
| Deadline for filing motions in support of the Settlement, the Plan of Allocation, and Lead Counsel's application for fees and expenses | 35 calendar days before the Settlement Hearing |
| Deadline for submission of requests for exclusion or objections | 21 calendar days before the Settlement Hearing |
| Deadline for filing reply papers in support of the motions | 7 calendar days before the Settlement Hearing |
| Settlement Hearing | At the Court's convenience, but no earlier than 90 calendar days after the entry of the Notice Order |

- 14 -

4866-3854-3775.v1

| Deadline for submission of claim forms | Postmarked or received no later than 90 calendar days after the Notice Date |
|---|---|

## VI.    CONCLUSION

For all of the foregoing reasons, the proposed Settlement warrants the Court's preliminary approval and the Notice Order should be entered.

DATED:  February 7, 2024

Respectfully submitted,

ROBBINS GELLER RUDMAN
  & DOWD LLP
ROBERT J. ROBBINS (IL Bar # 572233)
SABRINA E. TIRABASSI (IL Bar #25521)


                                   s/ Robert J. Robbins
                              ROBERT J. ROBBINS

225 NE Mizner Boulevard, Suite 720
Boca Raton, FL  33432
Telephone:  561/750-3000
561/750-3364 (fax)
rrobbins@rgrdlaw.com
stirabassi@rgrdlaw.com

ROBBINS GELLER RUDMAN
  & DOWD LLP
JAMES E. BARZ (IL Bar # 6255605)
FRANK A. RICHTER (IL Bar #6310011)
BRIAN E. COCHRAN (IL Bar # 6329016)
200 South Wacker Drive, 31st Floor
Chicago, IL  60606
Telephone:  630/696-4107
jbarz@rgrdlaw.com
frichter@rgrdlaw.com
bcochran@rgrdlaw.com

Lead Counsel for Lead Plaintiffs

4866-3854-3775.v1

JOHNSON FISTEL, LLP
MICHAEL I. FISTEL, JR.
40 Powder Springs Street
Marietta, GA  30064
Telephone:  470/632-6000
770/200-3101 (fax)
michaelf@johnsonfistel.com

HAGENS BERMAN SOBOL SHAPIRO LLP
REED R. KATHREIN
LUCAS E. GILMORE
715 Hearst Avenue, Suite 202
Berkeley, CA  94710
Telephone:  510/725-3000
510/725-3001 (fax)
reed@hbsslaw.com
lucasg@hbsslaw.com

Additional Counsel for Lead Plaintiffs

- 16 -

4866-3854-3775.v1