# Exhibit A

# MAYER | BROWN

Mayer Brown LLP
700 Louisiana Street
Suite 3400
Houston, Texas 77002
United States of America

T: +1 713 238 3000
F: +1 713 238 4888

mayerbrown.com

February 16, 2024

**BY CERTIFIED MAIL**

**Jacqueline M. Vallette**
Partner
T: +1 713 238 2737
JVallette@mayerbrown.com

The Honorable Merrick B. Garland
Attorney General of the United States
United States Department of Justice
950 Pennsylvania Avenue, NW
Washington, D.C. 20530-0001

Schedule A Addressees

Re:     Notice of Proposed Class Action Settlement, *Hudson v. GoHealth, Inc. et al.*, Case No. 1:20-cv-05593

Dear Attorney General Garland and Attorneys General:

We represent GoHealth, Inc., Clinton P. Jones, Brandon M. Cruz, Travis J. Matthiesen, and NVX Holdings, Inc. (collectively "GoHealth Defendants") in the above-captioned consolidated case *Hudson v. GoHealth, Inc. et al.*, Case No. 1:20-cv-05593 (N.D. Ill.) (the "Action") pending in the United States District Court for the Northern District of Illinois before the Honorable Jeremy C. Daniel. Defendants Centerbridge Partners, L.P., CCP III AIV VII Holdings, L.P., CB Blizzard Co-Invest Holdings, L.P., Blizzard Aggregator, LLC, Centerbridge Associates III, L.P., and CCP III Cayman GP Ltd., Goldman Sachs & Co. LLC, BofA Securities, Inc., and Morgan Stanley & Co. LLC are represented by separate counsel who have reviewed this notice and consent to the distribution herein.

In accordance with the notification requirements of the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1715, this CAFA notice is to advise you that lead counsel for the representative plaintiffs in the Action filed an unopposed motion to preliminarily approve a settlement with GoHealth and the accompanying Stipulation and Agreement of Settlement (the "Settlement Agreement") on February 07, 2024.

GoHealth Defendants deny any wrongdoing or liability but have decided to settle the Action to eliminate the risk, burden, expense, inconvenience, and uncertainties of further protracted litigation, thereby putting this controversy fully to rest, and to obtain a complete dismissal of all claims asserted or sought to be asserted against GoHealth Defendants in the Action and a release of all such claims. In accordance with its obligations under 28 U.S.C. § 1715(b), GoHealth Defendants are providing to you the following documents and information on the thumb drive that is enclosed with this letter:

1.     **28 U.S.C. § 1715(b)(1) — Complaint and Related Materials**: A copy of the original class action complaint and the consolidated amended class action complaint subsequently filed

Mayer Brown LLP
February 16, 2024

in this Action, together with materials filed with those complaints, can be found on the enclosed thumb drive.

2.  **28 U.S.C. § 1715(b)(2) — Notice of Any Scheduled Judicial Hearing**: As of the date of this CAFA notice, the representative plaintiffs have noticed the court for presentment of the motion of settlement (Stipulation of Settlement and Lead Plaintiff's Unopposed Motion for Preliminary Approval of Class Action Settlement) on February 21, 2024 at 9:30 a.m. No date for a Fairness Hearing to consider final approval of the settlement and entry of final judgement has been set. Please be advised that other hearings may be scheduled, but you will not receive any further notice, other than this document, regarding the scheduling of any of the hearings referred to in this paragraph. Copies of plaintiffs' notice for presentment of motion of settlement, motion to preliminarily approve the settlement with GoHealth, and plaintiffs' memorandum of law in support of that motion, and accompanying materials, can be found on the enclosed thumb drive.

3.  **28 U.S.C. § 1715(b)(3) — Notification to Class Members**: Plaintiffs' counsel submitted a proposed Notice of Pendency and Proposed Settlement of Class Action on February 7, 2024. This Notice of Pendency and Proposed Settlement of Class Action includes the members' rights to request exclusion from the Action and a proposed settlement of the Action. The Notice of Pendency and Proposed Settlement of Class Action can be found on the enclosed thumb drive.

4.  **28 U.S.C. § 1715(b)(4) — Class Action Settlement Agreement**: A copy of the Settlement Agreement, and all related filed materials, is included on the enclosed thumb drive.

5.  **28 U.S.C. § 1715(b)(5) — Any Settlement or Other Agreement**: Please be advised that the parties to the Settlement Agreement have also entered into a confidential supplemental agreement, which is referred to in §8.4 of the Settlement Agreement. The supplemental agreement sets forth certain conditions under which GoHealth shall have the unilateral option to terminate the Settlement if a certain agreed-upon threshold of settlement class members opt out of the Settlement. As further described in the Settlement Agreement, the settling parties agreed to maintain, to the extent permitted by law, the confidentiality of the terms of the supplemental agreement which, unless otherwise ordered by the Court, shall not be filed with the Court. It is common for agreements of this nature to remain confidential because "knowledge of the specific number of opt outs that will vitiate a settlement might encourage third parties to solicit class members to opt out." Manual for Complex Litigation (4th ed.) § 21.631.

6.  **28 U.S.C. § 1715(b)(6) — Final Judgment**: Final judgment has not been entered, and no notices of dismissal have been filed.

7.  **28 U.S.C. § 1715(b)(7)(A)-(B) — Names of Class Members/Estimate of Class Members**: Because individual damages in securities class actions are complex and highly particularized, while the parties are in the process of gathering information on this issue, pursuant to 28 U.S.C. § 1715(b)(7)(A), at this time a complete list of the names of class members as well as each state of residence is not available. It is also not yet feasible to

Mayer Brown LLP
February 16, 2024

provide the reasonable estimate of the number of class members of the class residing in each state and the estimated proportionate share of the claims of such members to the entire settlement. *See id*.; *see also* 28 U.S.C. § 1715(b)(7)(B). This is because, although there is an ownership registration process, most of GoHealth's publicly-traded shares are held through nominees or in "street name" and therefore anonymously as to the actual beneficial purchasers and owners. Only after the Claims Administrator eventually calculates each Class Member's allocation of the net proceeds of the Settlement Amount pursuant to the Plan of Allocation will any proportionate recovery be subject to calculation—and even then, only based on the identity of Class Members who actually submit Proof of Claim Forms.

8.     **28 U.S.C. § 1715(b)(8) — Judicial Opinions Related to the Settlement**: There are no written judicial opinions related to the Settlement.

The foregoing information is provided based on the status of the proceedings at the time of this notification and on the information currently available to GoHealth Defendants. If for any reason you believe that the enclosed information does not fully comply with 28 U.S.C. § 1715, please contact Mayer Brown LLP so that GoHealth Defendants can address any concerns or questions you may have.

Sincerely,

Jacqueline M. Vallette
*Counsel for GoHealth, Inc., Clinton P. Jones, Brandon M. Cruz, Travis J. Matthiesen, and NVX Holdings, Inc.*

cc (w/o encl.):   Hon. Jeremy C. Daniel (via ECF)
                  Counsel of Record (via ECF)