UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF ILLINOIS

EASTERN DIVISION

| | | |
|---|---|---|
| In re GOHEALTH, INC. SECURITIES LITIGATION | ) ) ) | Case No. 1:20-cv-05593 |
| | ) | CLASS ACTION |
| | ) | |
| This Document Relates To: | ) ) | Judge Jeremy C. Daniel |
| | ) | Magistrate Judge Gabriel A. Fuentes |
| ALL ACTIONS. | ) | |
| | ) | |

DECLARATION OF SUDHAKARA R. MURIKINATI IN SUPPORT OF LEAD
PLAINTIFFS' MOTION FOR FINAL APPROVAL OF SETTLEMENT

I, SUDHAKARA R. MURIKINATI, declare as follows:

1. As set forth in the Joint Declaration filed in support of Motion for Consolidation of Related Actions, Appointment as Lead Plaintiff, and Approval of Lead Plaintiff's Selection of Lead Counsel [ECF 43-4], I work as a hardware engineer in Silicon Valley, and I reside in Fremont, California. I have several years of investing experience, and I have an electrical engineering degree from Sri Venkateswara University. I am one of the Court-appointed Lead Plaintiffs in the above-captioned class action. I submit this Declaration in support of Lead Plaintiffs' Motion for Final Approval of Class Action Settlement and Approval of Plan of Allocation and Lead Counsel's Motion for an Award of Attorneys' Fees and Expenses and Award to Lead Plaintiffs Pursuant to 15 U.S.C. §77z-1(a)(4) ("Motion for Final Approval of Settlement"). I have personal knowledge of the statements herein, and, if called as a witness, could and would testify competently thereto.

2. Since being appointed as one of the Lead Plaintiffs in December 2020, I have taken an active role in this litigation to ensure my interests and those of other potential Class members were protected. In my capacity as one of the Lead Plaintiffs, I understand my duty to serve the interests of the Class by supervising the management and prosecution of the litigation.

3. I participated in overseeing the prosecution of this case by staying fully informed regarding significant case developments and procedural matters over the course of the case. Among other things, I: (a) reviewed periodic written updates from Lead Counsel Robbins Geller Rudman & Dowd LLP ("Robbins Geller") and additional counsel Johnson Fistel LLP ("Johnson Fistel") regarding the case; (b) engaged in conferences and correspondence with attorneys from Robbins Geller and Johnson Fistel; (c) reviewed and discussed with Robbins Geller and Johnson Fistel attorneys the filing of significant pleadings and briefs, the service and progress of discovery, the issuance of Court Orders, and other case developments; (d) responded to Defendants' interrogatories and searched for, collected, and produced documents and information responsive

- 1 -

to Defendants' discovery requests; (e) reviewed and executed a declaration in support of Lead Plaintiffs' Motion for Class Certification; (f) consulted with attorneys from Robbins Geller and Johnson Fistel regarding settlement strategy, including the relative strengths of the case and its settlement value; and (g) remained informed about and discussed with Robbins Geller and Johnson Fistel attorneys the settlement negotiations and the mediator's proposal that resulted in the settlement of this litigation.

4. I have considered the settlement and have evaluated the relative strengths of the case and the risks and uncertainties of continuing the case through summary judgment, trial, and likely appeal. I believe the $29,250,000 settlement is fair and reasonable, represents an excellent recovery, and is in the bests interests of Class members.

5. Recognizing that any determination of attorneys' fees and expenses is ultimately left to the Court, I endorse Lead Counsel's request for a 30% attorneys' fee award plus expenses of up to $175,000 incurred by Lead Counsel in litigating this case. I believe that Lead Counsel's request is fair and reasonable in light of the extensive, high-quality work they performed on behalf of me, the other Lead Plaintiffs, and the Class. Robbins Geller assumed substantial financial risk by litigating this case on a contingent fee basis, and this settlement would not have been possible without Robbins Geller's diligent and aggressive prosecutorial efforts.

6. I further understand that the Court may grant a class representative's request for an award pursuant to 15 U.S.C. §§77z-1(a)(4). I conservatively estimate I spent more than 20 hours devoted to the prosecution of this case, which is time that I would have otherwise spent on my daily activities and employment. The time spent was directly related to my involvement in the litigation, including on: (a) consulting with Robbins Geller and Johnson Fistel attorneys regarding the litigation and the Court's Orders; (b) reviewing pleadings, motions, and briefs; (c) reviewing correspondence and status reports from attorneys from Robbins Geller and Johnson Fistel; (d)

responding to written discovery and searching for, collecting, and preparing documents for production; (e) reviewing and executing my declaration in support of Lead Plaintiffs' Motion for Class Certification; and (f) conferring with attorneys from Robbins Geller and Johnson Fistel regarding litigation strategy and, ultimately, the settlement negotiations. Accordingly, I respectfully request an award of $2,500 for my time expended in the prosecution of the litigation on behalf of the Class.

7. For all these reasons, and for those described in other documents that are being filed in connection with Lead Plaintiffs' Motion for Final Approval of Settlement, I respectfully request that the Court grant final approval of the settlement, approve Robbins Geller's motion for an award of attorneys' fees and expenses, and award each of the Lead Plaintiffs the sum of $2,500, pursuant to 15 U.S.C. §§77z-1(a)(4).

I declare under penalty of perjury under the law of the United States of America that the foregoing is true and correct. Executed this 03 day of April, 2024, at _Fremont, CA_____.

DocuSigned by:

SUDHAKARA MURIKINATI
75B20F0D0D0747C...
SUDHAKARA R. MURIKINATI