UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF ILLINOIS

EASTERN DIVISION

| | | |
|---|---|---|
| In re GOHEALTH, INC. SECURITIES LITIGATION | ) ) ) | Case No. 1:20-cv-05593 |
| | ) | CLASS ACTION |
| | ) | |
| This Document Relates To: | ) ) | Judge Jeremy C. Daniel |
| | ) | Magistrate Judge Gabriel A. Fuentes |
| ALL ACTIONS. | ) | |
| | ) | |

DECLARATION OF ROBERT J. ROBBINS FILED ON BEHALF OF ROBBINS GELLER RUDMAN & DOWD LLP IN SUPPORT OF APPLICATION FOR AWARD OF ATTORNEYS' FEES AND EXPENSES

4868-1526-5458.v5

I, ROBERT J. ROBBINS, declare as follows:

1.      I am a member of the firm of Robbins Geller Rudman & Dowd LLP ("Robbins Geller" or the "Firm").  I am submitting this declaration in support of the application for an award of attorneys' fees, expenses and charges ("expenses") in connection with services rendered in the above-entitled action (the "Litigation").

2.      This Firm is Lead Counsel of record for Lead Plaintiffs Sudhakara R. Murikinati, Jerry Nixon, Benjamin Sandmann, Jeff S. Turnipseed, and the Class herein.

3.      The information in this declaration regarding the Firm's time and expenses is taken from time and expense reports and supporting documentation prepared and/or maintained by the Firm in the ordinary course of business.  I am the partner who oversaw and/or conducted the day-to-day activities in the Litigation and I reviewed these reports (and backup documentation where necessary or appropriate) in connection with the preparation of this declaration.  The purpose of this review was to confirm both the accuracy of the entries as well as the necessity for, and reasonableness of, the time and expenses committed to the Litigation.  As a result of this review, reductions were made to both time and expenses in the exercise of billing judgment.  Based on this review and the adjustments made, I believe that the time reflected in the Firm's lodestar calculation and the expenses for which payment is sought herein are reasonable and were necessary for the effective and efficient prosecution and resolution of the Litigation.

4.      After the reductions referred to above, the number of hours spent on the Litigation by the Firm is 5,757.30.  A breakdown of the lodestar is provided in the attached Exhibit A.  The lodestar amount for attorney/paraprofessional time based on the Firm's current rates is $3,587,046.00.  The hourly rates shown in Exhibit A are the Firm's current rates in contingent cases set by the Firm for each individual.  These hourly rates are consistent with hourly rates submitted by the Firm to state and federal courts in other securities class action litigation.  The

- 1 -

4868-1526-5458.v5

Firm's rates are set based on periodic analysis of rates charged by firms performing comparable work both on the plaintiff and defense side. For personnel who are no longer employed by the Firm, the "current rate" used for the lodestar calculation is based upon the rate for that person in his or her final year of employment with the Firm.

5. The Firm seeks an award of $111,321.83 in expenses and charges in connection with the prosecution of the Litigation. Those expenses and charges are summarized by category in the attached Exhibit B.

6. The following is additional information regarding certain of these expenses:

(a) Filing, Witness, and Other Fees: $6,739.95. These expenses have been paid to the Court for filing fees and to attorney service firms or individuals who served process of the complaint or subpoenas. The vendors who were paid for these services are set forth in the attached Exhibit C.

(b) Business Wire: $150.00. This expense was necessary under the Private Securities Litigation Reform Act of 1995's ("PSLRA") "early notice" requirements, which provides, among other things, that:

> Not later than 20 days after the date on which the complaint is filed, the plaintiff or plaintiffs shall cause to be published, in a widely circulated national business-oriented publication or wire service, a notice advising members of the purported plaintiff class – (I) of the pendency of the action, the claims asserted therein, and the purported class period; and (II) that, not later than 60 days after the date on which the notice is published, any member of the purported class may move the court to serve as lead plaintiff of the purported class.

*See* 15 U.S.C. §77z-1(a)(3)(A)(i).

(c) Transportation, Hotels and Meals: $12,738.26. In connection with the prosecution of this case, the Firm has paid for travel expenses to, among other things, attend court hearings and attend two in-person mediation sessions with the mediator and opposing counsel. The date, destination, and purpose of each trip is set forth in the attached Exhibit D.

- 2 -

4868-1526-5458.v5

(d)      Experts (Global Economics Group LLC): $24,906.06. Global Economics Group is a financial economics consulting firm through which Robbins Geller retained the services of Matthew D. Cain, Ph.D. as a consultant and potential expert witness to offer opinions and testify regarding damages related to GoHealth Class A common stock sold pursuant and/or traceable to GoHealth's IPO. Dr. Cain is a Senior Fellow at Berkeley Law School, University of California, and has provided economic analysis, consulting, and expert witness testimony on a variety of finance topics on behalf of the U.S. Securities and Exchange Commission ("SEC") and other clients, including for investigations, settlement negotiations, and trials. In this case, Dr. Cain studied the record and public information, including SEC filings and news regarding the Company, as well as arguments raised by Defendants, in order to be able to understand and consult with counsel regarding GoHealth's statements and any related price movements. Based on this work and varying assumptions derived from Defendants' arguments, Dr. Cain prepared damages models and estimates for Lead Plaintiffs' claims that were used to inform Lead Plaintiffs' litigation strategy and negotiations at the mediations that led to the Settlement.

(e)      Online Legal and Financial Research: $5,517.21. This category includes vendors such as LexisNexis Products, Refinitiv, Transunion Acquisition, and Westlaw. These resources were used to obtain access to SEC filings, factual databases, legal research, and for proofreading and "blue-booking" court filings (including checking all legal authorities cited and quoted in briefs). This category represents the expenses incurred by Robbins Geller for use of these services in connection with this Litigation. The charges for these vendors vary depending upon the type of services requested. For example, Robbins Geller has flat-rate contracts with some of these providers for use of their services. When Robbins Geller utilizes online services provided by a vendor with a flat-rate contract, access to the service is by a billing code entered for the specific case being litigated. At the end of each billing period in which such service is used,

- 3 -

4868-1526-5458.v5

Robbins Geller's costs for such services are allocated to specific cases based on the percentage of use in connection with that specific case in the billing period. As a result of the contracts negotiated by Robbins Geller with certain providers, the Class enjoys substantial savings in comparison with the "market-rate" for *a la carte* use of such services which some law firms pass on to their clients. For example, the "market-rate" charged to others by LexisNexis for the types of services used by Robbins Geller is more expensive than the rates negotiated by Robbins Geller.

(f) eDiscovery Database Hosting: $1,385.10. Robbins Geller requests $1,385.10 for hosting eDiscovery related to this Litigation. Robbins Geller has installed top tier database software, infrastructure, and security. The platform implemented, Relativity, is offered by over 100 vendors and is currently being used by 198 of the AmLaw200 firms. Over 50 servers are dedicated to Robbins Geller's Relativity hosting environment with all data stored in a secure SSAE 18 Tier III data center with automatic replication to a datacenter located in a different geographic location. By hosting in-house, Robbins Geller is able to charge a reduced, all-in rate that includes many services which are often charged as extra fees when hosted by a third-party vendor. Robbins Geller's hosting fee includes user logins, ingestion, processing, OCRing, TIFFing, bates stamping, productions, and archiving – all at no additional per unit cost. Also included is unlimited structured and conceptual analytics (*i.e.*, email threading, inclusive detection, near-dupe detection, concept searching, active learning, clustering, and more). Robbins Geller is able to provide all these services for a cost that is typically much lower than outsourcing to a third-party vendor. Utilizing a secure, advanced platform in-house has allowed Robbins Geller to prosecute actions more efficiently, utilize advanced AI technology, and has reduced the expense associated with maintaining and searching electronic discovery databases. Similar to third-party vendors, Robbins Geller uses a tiered rate system to calculate hosting charges. The amount

- 4 -

4868-1526-5458.v5

requested reflects charges for the hosting of over 63,000 pages of documents produced by parties and non-parties in this action.

(g)     Mediation Fees (Phillips ADR Enterprises, P.C.): $59,706.25.  This amount represents Lead Plaintiffs' one-half share of the fees of the mediator used during the course of the Litigation.  The parties retained David M. Murphy of Phillips ADR, who reviewed the substantial submissions by the parties in advance of the mediations, conducted numerous telephonic conferences with counsel, sent and received electronic communications with counsel for the parties, and conducted two in-person mediation sessions.  Mr. Murphy's work as mediator ultimately led to the mediator's proposal and the Settlement of the Litigation.

7.     The expenses pertaining to this case are reflected in the books and records of the Firm.  These books and records are prepared from receipts, expense vouchers, check records, and other documents and are an accurate record of the expenses.

8.     The identification and background of my Firm and its partners is attached hereto as Exhibit E.

I declare under penalty of perjury that the foregoing is true and correct.  Executed this 17th day of April, 2024, at Boca Raton, Florida.

*s/Robert J. Robbins*
ROBERT J. ROBBINS

- 5 -

4868-1526-5458.v5