UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF ILLINOIS

EASTERN DIVISION

| | | |
|---|---|---|
| In re GOHEALTH, INC. SECURITIES LITIGATION | ) ) ) | Case No. 1:20-cv-05593 |
| | ) | CLASS ACTION |
| | ) | |
| This Document Relates To: | ) ) | Judge Jeremy C. Daniel Magistrate Judge Gabriel A. Fuentes |
| ALL ACTIONS. | ) ) ) | |

**DECLARATION OF MICHAEL I. FISTEL, JR. FILED ON BEHALF OF JOHNSON FISTEL, LLP IN SUPPORT OF APPLICATION FOR AWARD OF ATTORNEYS' FEES AND EXPENSES**

I, Michael I. Fistel, Jr., declare as follows:

1. I am partner of the firm of Johnson Fistel, LLP (the "Firm"). I am submitting this declaration in support of the application for an award of attorneys' fees and expenses/charges ("expenses") in connection with services rendered in the above-entitled action.

2. This Firm is counsel of record for plaintiff Helen Hudson and lead plaintiffs Benjamin Sandmann, Jeff Turnipseed, and Sudhakara Murikinati.

3. The information in this declaration regarding the Firm's time and expenses is taken from time and expense reports and supporting documentation prepared and/or maintained by the Firm in the ordinary course of business. I am the partner who oversaw and/or conducted the day-to-day activities in the litigation and I reviewed these reports (and backup documentation where necessary or appropriate) in connection with the preparation of this declaration. The purpose of this review was to confirm both the accuracy of the entries as well as the necessity for, and reasonableness of, the time and expenses committed to the litigation. As a result of this review, reductions were made to both time and expenses in the exercise of billing judgment. Based on this review and the adjustments made, I believe that the time reflected in the Firm's lodestar calculation and the expenses for which payment is sought herein are reasonable and were necessary for the effective and efficient prosecution and resolution of the litigation.

4. After the reductions referred to above, the number of hours spent on the litigation by my Firm is 759.3. A breakdown of the lodestar is provided in Exhibit A. The lodestar amount for attorney/paraprofessional time based on the Firm's current rates is $561,161.00  The hourly rates shown in Exhibit A are consistent with hourly rates submitted by the Firm in other securities class action litigation. The Firm's rates are set based on periodic analysis of rates charged by firms performing comparable work both on the plaintiff and defense side. For personnel who are no

longer employed by the Firm, the "current rate" used for the lodestar calculation is based upon the rate for that person in his or her final year of employment with the Firm.

5.       My Firm seeks an award of $7,168.86 in expenses and charges in connection with the prosecution of the litigation.  Those expenses and charges are summarized by category in Exhibit B.

6.       The following is additional information regarding certain of these expenses:

(a)       Class Action Notices/Publish Fees: $635.00.  This expense was necessary under the Private Securities Litigation Reform Act of 1995's "early notice" requirements, which provides, among other things, that "[n]ot later than 20 days after the date on which the complaint is filed, the plaintiff or plaintiffs shall cause to be published, in a widely circulated national business-oriented publication or wire service, a notice advising members of the purported plaintiff class – (I) of the pendency of the action, the claims asserted therein, and the purported class period; and (II) that, not later than 60 days after the date on which the notice is published, any member of the purported class may move the court to serve as lead plaintiff of the purported class." *See* 15 U.S.C. §77z-1(a)(3)(A)(i).

(b)       Transportation, Hotels & Meals: $5,011.52.  In connection with the prosecution of this case, the Firm has paid for travel expenses to, among other things, attend mediations in Los Angeles, California and New York, New York, and the final approval hearing in Chicago, Illinois.  The date, destination, and purpose of each trip is set forth in Exhibit C.

(c)       Online Legal and Financial Research: $1,522.34.  This category includes vendors such as WestLaw, EverLaw, and Pacer.  These resources were used to obtain access to SEC filings, factual databases, legal research, and for cite-checking of briefs.  This expense represents the expense incurred by the Firm for use of these services in connection with this litigation.  The charges for these vendors vary depending upon the type of services requested.

- 2 -

- 3 -

7.      The expenses pertaining to this case are reflected in the books and records of the Firm.  These books and records are prepared from receipts, expense vouchers, check records, and other documents and are an accurate record of the expenses.

8.      The identification and background of my Firm and its attorneys is attached hereto as Exhibit D.

I declare under penalty of perjury that the foregoing is true and correct.  Executed this 9th day of April, 2024, at Woodstock, Georgia.

_____
MICHAEL I. FISTEL, JR.