UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF ILLINOIS

EASTERN DIVISION

| | | |
|---|---|---|
| In re GOHEALTH, INC. SECURITIES LITIGATION | ) ) ) ) | Case No. 1:20-cv-05593 |
| | | CLASS ACTION |
| This Document Relates To: | ) ) ) | Judge Jeremy C. Daniel Magistrate Judge Gabriel A. Fuentes |
| ALL ACTIONS. | ) ) | |

REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF (I) LEAD PLAINTIFFS' MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT AND APPROVAL OF PLAN OF ALLOCATION, AND (II) LEAD COUNSEL'S MOTION FOR AN AWARD OF ATTORNEYS' FEES AND EXPENSES AND AWARDS TO LEAD PLAINTIFFS PURSUANT TO 15 U.S.C. §77z-1(a)(4)

4893-3034-2845.v1

Lead Plaintiffs and Lead Counsel respectfully submit this reply in further support of (i) Lead Plaintiffs' Motion for Final Approval of Class Action Settlement and Approval of Plan of Allocation (ECF 210), and (ii) Lead Counsel's Motion for an Award of Attorneys' Fees and Expenses and Awards to Lead Plaintiffs Pursuant to 15 U.S.C. §77z-1(a)(4) (ECF 213) (the "Motions").[1]

## I.   PRELIMINARY STATEMENT

Lead Plaintiffs and Lead Counsel previously filed their opening briefs in support of final approval of the $29.25 million all-cash Settlement, the Plan of Allocation, the Lead Plaintiffs' awards, and attorneys' fees and expenses.  *See* ECF 212 ("Settlement Brief"); ECF 215 ("Fee Brief").  In addition to posting their opening briefs and supporting declarations to the Settlement website www.GoHealthSecuritiesLitigation.com, notice was sent to the Class commencing March 14, 2024, which together provided an opportunity for input from Class Members as to their support for, or opposition to, the requests.  In addition to all the reasons set forth in prior submissions, the Settlement, Plan of Allocation, Lead Plaintiffs' awards, and attorneys' fee and expense request have all received the overwhelming support of the Class.

More specifically, over 20,200 notice packets have been mailed to potential Class Members and their nominees.  *See* Supplemental Declaration of Rochelle J. Teichmiller Regarding: (A) Mailing of the Notice and Proof of Claim; and (B) Report on Requests for Exclusion and Objections, dated May 14, 2024, ¶5 ("Supp. Mailing Decl."), filed herewith.  The deadline for objections and requests for exclusions passed on May 1, 2024.  No one has objected to any aspect of the Settlement, Plan of Allocation, or requested attorneys' fees and expenses and Lead Plaintiffs' awards.  That there has been no objection confirms that Lead Plaintiffs' and Lead Counsel's requests are fair and reasonable and should be approved.  *Cf. In re: Sears, Roebuck & Co. Front-Loading Washer Prods.*

---

[1]    All capitalized terms not otherwise defined herein have the same meaning as those in the Stipulation of Settlement, dated February 7, 2024, ECF 203 (the "Stipulation").

- 1 -

4893-3034-2845.v1

- 2 -

*Liab. Litig.*, 2016 WL 772785, at *11 (N.D. Ill. Feb. 29, 2016) (holding that where three class members objected and 59 class members chose to exclude themselves from the settlement, "[t]he small number of class members who objected or opted out further supports the fairness and reasonableness of the settlement").

Thus, for the reasons set forth herein and in the Settlement Brief, Fee Brief, and previously-filed declarations, Lead Plaintiffs and Lead Counsel respectfully request that the Court grant the Motions in their entirety.

## II. THE REACTION OF THE CLASS PROVIDES OVERWHELMING SUPPORT FOR FINAL APPROVAL OF THE MOTIONS

The reaction of the Class is a significant factor in assessing the reasonableness of the Settlement and the fee and expense requests. *See, e.g.*, *Wong v. Accretive Health, Inc.*, 773 F.3d 859, 863 (7th Cir. 2014) (instructing district courts to consider "the reaction of members of the class to the settlement"). In particular, the Seventh Circuit has recognized that in securities class actions like this one, the class includes large institutional investors with "fiduciary duties to protect the beneficiaries" and incentive to object to fee awards if the requests are not fair and reasonable. *Silverman v. Motorola Solutions, Inc.*, 739 F.3d 956, 959 (7th Cir. 2013) (finding that lack of objection by any institutional investor weighed in favor of reasonableness of fee request).

Here, pursuant to the Court's Order Preliminarily Approving Settlement and Providing for Notice (ECF 206, "Notice Order"), the notice program was extensive. The Claims Administrator mailed more than 20,200 copies of the notice packet to potential Class Members and their nominees. *See* Supp. Mailing Decl., ¶5. The Notice informed Class Members of the terms of the proposed Settlement and Plan of Allocation, and that Lead Counsel would apply for an award of attorneys' fees in an amount not to exceed 30% of the Settlement Amount, payment of litigation expenses in an amount not to exceed $175,000 (larger than the $118,705.63 amount actually being requested), and

4893-3034-2845.v1

Lead Plaintiffs' awards not to exceed $2,500 each.  *See* ECF 221-2, Notice at 2.  The Notice also apprised Class Members of their right to object, by May 1, 2024, to the requests.  *See id.* at 2, 9.

In addition, as ordered by the Court and consistent with common notice practice in these cases, copies of the Notice, Proof of Claim, Stipulation, Notice Order, and other case-related documents were posted on www.GoHealthSecuritiesLitigation.com on March 14, 2024.  *See* ECF 221, ¶11.  Further, on March 18, 2024, the Claims Administrator published Summary Notice in *Investor's Business Daily* and transmitted it over *PR Newswire*, informing readers of the proposed Settlement, how to obtain copies of the notice packet, and the deadlines for the submission of claim forms, objections, and exclusion requests.  *See id.*, *¶*9.  On April 17, 2024, pursuant to the schedule approved by the Notice Order, Lead Plaintiffs and Lead Counsel filed their opening papers in support of the Motions.  Those papers – available on the public docket and the Settlement website – describe Lead Plaintiffs' and Lead Counsel's views of the Settlement, work performed in this Litigation, the strengths and weaknesses of the claims, and support for the fee and expense request. *See* ECF 210 through ECF 224.

In response to this extensive notice program, no individual Class Members objected to the Settlement, Plan of Allocation, the requested attorneys' fees and expenses, or the requested Lead Plaintiffs' awards and only one individual Member of the Class requested exclusion.  *See* Supp. Mailing Decl., ¶8 and Ex. A.  The fact that only one Class Member requested exclusion, in response to mailing over 20,200 notice packets, strongly supports final approval.  *See Sears, Roebuck & Co.,* *2016 WL 772785, at \*11* (finding that only 59 requests for exclusion supported approval).

Moreover, sophisticated institutional investors often make up large portions of securities classes and generally have the largest stake in the outcome, yet not one institutional investor has requested exclusion or objected to any aspect of the Settlement, Plan of Allocation, the requested attorneys' fees and expenses, or the requested Lead Plaintiffs' awards.  *See, e.g., Accretive*, 773 F.3d

- 3 -

at 863 (affirming settlement approval over individual objector); *Motorola*, 739 F.3d at 959 (noting lack of objection by sophisticated, institutional investors in affirming fee over objection of individual objector); *Arango v. Landry's, Inc.*, 2015 WL 5673878, at *2 (N.D. Ill. Aug. 27, 2015) ("No objections to the Settlement were made by the Class Members, and this fact likewise supports approval.").

Thus, combined with the support by the Court-appointed Lead Plaintiffs (ECF 217-220), the reaction of the Class provides overwhelming additional support for approving the Settlement, Plan of Allocation, the Lead Plaintiffs' awards, and attorneys' fees and expenses.

## III. CONCLUSION

For the reasons set forth above and in the April 17, 2024 submissions, Lead Plaintiffs and Lead Counsel respectfully request that the Court enter the (i) proposed Final Judgment Approving Settlement; (ii) proposed Order Approving Plan of Allocation; and (iii) proposed Order Awarding Attorneys' Fees and Expenses and Awards to Lead Plaintiffs Pursuant to 15 U.S.C. §77z-1(a)(4).

DATED: May 15, 2024          Respectfully submitted,

ROBBINS GELLER RUDMAN
  & DOWD LLP
ROBERT J. ROBBINS (IL Bar # 572233)
SABRINA E. TIRABASSI (IL Bar # 25521)

*s/ Robert J. Robbins*
ROBERT J. ROBBINS

225 NE Mizner Boulevard, Suite 720
Boca Raton, FL 33432
Telephone: 561/750-3000
561/750-3364 (fax)
rrobbins@rgrdlaw.com
stirabassi@rgrdlaw.com

- 4 -

4893-3034-2845.v1

ROBBINS GELLER RUDMAN
  & DOWD LLP
JAMES E. BARZ (IL Bar # 6255605)
FRANK A. RICHTER (IL Bar # 6310011)
BRIAN E. COCHRAN (IL Bar # 6329016)
200 South Wacker Drive, 31st Floor
Chicago, IL  60606
Telephone:  630/696-4107
jbarz@rgrdlaw.com
frichter@rgrdlaw.com
bcochran@rgrdlaw.com

Lead Counsel for Lead Plaintiffs

JOHNSON FISTEL, LLP
MICHAEL I. FISTEL, JR.
40 Powder Springs Street
Marietta, GA  30064
Telephone:  470/632-6000
770/200-3101 (fax)
michaelf@johnsonfistel.com

HAGENS BERMAN SOBOL SHAPIRO LLP
REED R. KATHREIN
LUCAS E. GILMORE
715 Hearst Avenue, Suite 202
Berkeley, CA  94710
Telephone:  510/725-3000
510/725-3001 (fax)
reed@hbsslaw.com
lucasg@hbsslaw.com

Additional Counsel for Lead Plaintiffs

- 5 -

4893-3034-2845.v1