UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF ILLINOIS

EASTERN DIVISION

| | |
|---|---|
| In re GOHEALTH, INC. SECURITIES LITIGATION | ) ) ) Case No. 1:20-cv-05593 ) ) <u>CLASS ACTION</u> ) |
| This Document Relates To:<br><br>ALL ACTIONS. | ) ) Judge Jeremy C. Daniel ) Magistrate Judge Gabriel A. Fuentes ) ) ) |

FINAL JUDGMENT APPROVING SETTLEMENT

This matter came before the Court for hearing pursuant to the Order Preliminarily Approving Settlement and Providing for Notice ("Notice Order") dated February 27, 2024, on the application of the Settling Parties for approval of the settlement set forth in the Stipulation of Settlement dated February 7, 2024 (the "Stipulation"). Due and adequate notice having been given to the Class as required in said Notice Order, and the Court having considered all papers filed and proceedings had herein and otherwise being fully informed in the premises and good cause appearing therefore, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that:

1. This Judgment incorporates by reference the definitions in the Stipulation, and all terms used herein shall have the same meanings as set forth in the Stipulation, unless otherwise stated herein.

2. This Court has jurisdiction over the subject matter of the Litigation and over all Settling Parties to the Litigation, including all Members of the Class.

3. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, the Court hereby affirms its determination in the Notice Order and finally certifies, for settlement purposes only, a Class defined as: all Persons who purchased or otherwise acquired GoHealth Class A common stock pursuant or traceable to the Registration Statement, and who were damaged thereby. For avoidance of doubt, and for purposes of this Settlement only, the "Class" includes all Persons who purchased or otherwise acquired GoHealth Class A common between July 14, 2020 and January 10, 2021, inclusive. Excluded from the Class are: Defendants, the current and former officers and directors and affiliates of Defendants from July 14, 2020 through present, members of the immediate families and the legal representatives, heirs, successors, or assigns of any such excluded Person, and any entity in which Defendants have or had a controlling interest, provided, however, that any "Investment Vehicle," as defined in the Stipulation, shall not be excluded from the Class. Also excluded from the Class are those Persons who timely and validly requested exclusion from

the Class pursuant to the Notice, as identified in Exhibit 1 hereto. Pursuant to Rule 23, and for purposes of settlement only, the Court hereby affirms its determination in the Notice Order and finally certifies Lead Plaintiffs as Class Representatives, and finally appoints the law firm of Robbins Geller Rudman & Dowd LLP as Class Counsel.

4. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, the Court hereby approves the Settlement set forth in the Stipulation and finds that in light of the benefits to the Class, the complexity and expense of further litigation, and the costs of continued litigation, the Settlement is, in all respects fair, reasonable, and adequate, having considered and found that: (i) Lead Plaintiffs and Lead Counsel have adequately represented the Class; (ii) the proposal was negotiated at arm's length; (iii) the relief provided for the Class is adequate, having taken into account (a) the costs, risks, and delay of trial and appeal; (b) the effectiveness of any proposed method of distributing relief to the Class, including the method of processing Class Members' claims; (c) the terms of any proposed award of attorneys' fees, including timing of payment; and (d) any agreement required to be identified under Rule 23(e)(2); and (iv) the proposed Plan of Allocation treats Class Members equitably relative to each other.

5. The Court hereby dismisses the Litigation and all Released Claims of the Class with prejudice, without costs as to any of the Released Parties, except as and to the extent provided in the Stipulation and herein.

6. All agreements made and orders entered during the course of the Litigation relating to the confidentiality of information shall survive this Order, pursuant to their terms.

7. Upon the Effective Date hereof, Lead Plaintiffs and each of the Class Members shall be deemed to have, and by operation of this Final Judgment shall have, fully, finally, and forever released, relinquished, compromised, settled, resolved, waived, discharged, and dismissed on the merits with prejudice all Released Claims (including, without limitation, Unknown Claims)

against the Released Parties, whether or not such Class Member executes and delivers a Proof of Claim and Release or participates in the Settlement Fund.

8. Upon the Effective Date hereof, each of the Released Parties shall be deemed to have, and by operation of this Final Judgment shall have, fully, finally, and forever released, relinquished, and discharged Lead Plaintiffs, each and all of the Class Members, and their counsel, employees, successors and assigns from all claims (including, without limitation, Unknown Claims) arising out of, relating to, or in connection with the institution, prosecution, assertion, settlement, or resolution of (i) the Litigation or (ii) the Released Claims, except for those claims brought to enforce the Settlement.

9. Upon the Effective Date hereof, Lead Plaintiffs and each of the Class Members, and their heirs, executors, administrators, successors, and assigns, shall also be deemed to have, and by operation of this Judgment shall have, fully, finally, and forever released, relinquished, and discharged the Released Parties and their counsel from all Released Claims (including, without limitation, Unknown Claims) arising out of the defense, conduct, settlement, or resolution of the Litigation or the Released Claims. Claims to enforce the terms of the Stipulation are not released.

10. Upon the Effective Date hereof, Lead Plaintiffs and each of the Class Members who have not validly opted out of the Class, and anyone claiming through or on behalf of them, are forever barred and enjoined from commencing, instituting, intervening in, prosecuting, or continuing to prosecute any action or proceeding in any court of law or equity, arbitration tribunal, administrative forum, or other forum of any kind, asserting any of the Released Claims against any of the Released Parties, and each of them.

11. The Notice of Pendency and Proposed Settlement of Class Action given to the Class in accordance with the Notice Order entered on February 27, 2024, was the best notice practicable under the circumstances, including the individual notice to all Members of the Class who could be

identified through reasonable effort. Said notice provided the best notice practicable under the circumstances of those proceedings and of the matters set forth therein, including the proposed Settlement set forth in the Stipulation, to all Persons entitled to such notice, and said notice fully satisfied the requirements of Federal Rule of Civil Procedure 23 and the requirements of due process.

12. Any plan of allocation submitted by Lead Counsel or any order entered regarding any attorneys' fee and expense application shall in no way disturb or affect this Judgment and shall be considered separate from this Judgment. Any order or proceeding relating to the Plan of Allocation or any order entered regarding any attorneys' fee and expense application, or any appeal from any order relating thereto or reversal or modification thereof, shall not affect or delay the finality of the Final Judgment in this Litigation.

13. Neither the Stipulation nor the Settlement contained therein, nor any act performed or document executed pursuant to or in furtherance of the Stipulation or the Settlement: (a) is or may be deemed to be or may be used as an admission of, or concession or evidence of, the validity of any Released Claim, the truth of any fact alleged in the Litigation, the deficiency of any defense that has been or could have been asserted in the Litigation, or of any alleged wrongdoing, liability, negligence, or fault of Defendants; or (b) is or may be deemed to be or may be used as an admission of, or concession or evidence of, any fault or misrepresentation or omission of, including with respect to any statement or written document attributed to, approved or made by, any Defendant; or (c) is or may be deemed to be or may be used as an admission or evidence that any claims asserted by Lead Plaintiffs were not valid or that the amount recoverable was not greater than the Settlement Amount, in any civil, criminal, or administrative proceeding in any court, administrative agency, proceeding or other forum or tribunal. The Released Parties may file the Stipulation and/or this Judgment in any action that may be brought against them in order to support

a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction, or any other theory of, without limitation, claim preclusion or issue preclusion or similar defense or counterclaim.

14. The Court shall retain jurisdiction for the purposes of enforcing the terms of this Judgment. Except as necessary to enforce the terms of this Judgment, this case is hereby dismissed with prejudice.

15. The Court finds that during the course of the Litigation, the Settling Parties and their respective counsel at all times complied with the requirements of Federal Rule of Civil Procedure 11.

16. In the event that the Effective Date does not occur, or in the event that the Settlement Fund, or any portion thereof, is returned to the Defendants, then this Judgment shall be vacated.

17. Without further order of the Court, the Settling Parties may agree to reasonable extensions of time to carry out any of the provisions of the Stipulation.

18. The Claims Administrator shall administer the claims administration process, including the calculation of claims submitted by Class Members and distribution of the Net Settlement Fund to Authorized Claimants pursuant to the Court-approved Plan of Allocation. All Class Members shall submit a Proof of Claim and Release ("Claim") under penalty of perjury by the date set forth in the Notice of Pendency and Proposed Settlement of Class Action ("Notice") sent to Class Members. Lead Counsel may, in its discretion, accept for processing late-submitted Claims so long as the distribution of the Net Settlement Fund is not materially delayed.

19. If a Claim is deficient, the Claims Administrator shall send the Class Member a deficiency letter which will give the Class Member twenty (20) days to cure the deficiency. If the Class Members fails to cure the deficiency within the twenty (20)-day period, the Claims

Administrator shall send the Class Member a letter notifying the Class Member that the Claim has been rejected. The rejection letter will advise the Class Member of the reason (s) for the rejection of the Claim and his, her, or its right to review the determination of the Claim. If the Claim is still rejected, the Class Member shall then be allowed to move this Court within twenty (20) days to have the Claim accepted by Lead Counsel and the Claims Administrator.

20. There is no just reason for delay in the entry of this Judgment and immediate entry by the Clerk of the Court is expressly directed pursuant to Rule 54(b) of the Federal Rules of Civil Procedure.

IT IS SO ORDERED.

DATED: May 22, 2024

_____
THE HONORABLE JEREMY C. DANIEL
UNITED STATES DISTRICT JUDGE

**EXHIBIT 1**
*In re GoHealth, Inc. Securities Litigation*
Case No. 1:20-cv-05593

**VALIDLY AND TIMELY**
**REQUESTED EXCLUSIONS**

1. Daniel J. Kenealy